HABERBUSH, LLP
DAVID R. HABERBUSH, ESQ., SBN 107190
VANESSA M. HABERBUSH, ESQ., SBN 287044
LANE K. BOGARD, ESQ., SBN 306972
444 West Ocean Boulevard, Suite 1400
Long Beach, CA 90802
Telephone: (562) 435-3456
Facsimile:  (562) 435-6335
E-mail: lbogard@lbinsolvency.com

Attorneys for Defendants

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION

| | |
|---|---|
| In re<br><br>DAVID C. KWOK,<br><br>    Debtor and Debtor-in-Possession. | Case No. 2:18-bk-23346-BR<br><br>**Chapter 7**<br><br>Adv. Case No. 2:22-ap-01026-BR |
| SAM S. LESLIE, as Chapter 7 Trustee for the Estate of David C. Kwok,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES QUAN, an individual and ZHONG QIU LI, an individual,<br><br>    Defendants. | **MOTION FOR SANCTIONS AGAINST DAVID C. KWOK PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LANE K. BOGARD**<br><br>**[Request for Judicial Notice Filed Separately]**<br><br><u>Hearing Date</u><br>Date: July 12, 2022<br>Time: 10:00 a.m.<br>Ctrm: 1668<br>  255 E. Temple Street<br>  Los Angeles, CA 90012 |

**TO THE HONORABLE BARRY R. RUSSELL, UNITED STATES BANKRUPTCY JUDGE;**

**PLAINTIFF DAVID C. KWOK; AND ALL PARTIES IN INTEREST:**

   James Quan ("Quan") and Scarlett Qiu Li fka Zhong Qiu Li ("Li") (Quan and Li, collectively "Defendants"),[1] hereby bring a motion for a sanctions against David C. Kwok pursuant to Federal Rule

---

   [1]  All defined terms have the same meaning as those set forth in the attached Memorandum of Points and Authorities.

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  of Bankruptcy Procedure 9011 (the "Motion").

2      This Court has jurisdiction over this Motion, which constitutes a core proceeding, under 28

3  U.S.C. §§ 157(b)(2)(A).  This Motion is based on the facts and law as set forth in the attached

4  Memorandum of Points and Authorities, the Declaration of Lane K. Bogard, the separately-filed Request

5  for Judicial Notice, and such additional evidence and argument as properly may be considered by the

6  Court.

7      By the Motion, Defendants seek an award of sanctions against Plaintiff, pursuant to FRBP 9011.

8  The Second Amended Complaint is frivolous because it is not warranted by existing law or supported

9  by any credible evidence or allegations, and cannot be amended to allege any claims for relief. Even if

10 Plaintiff was not aware of the existing law at the time the Second Amended Complaint was filed,

11 Defendants served Plaintiff with a letter detailing the relief sought in this Motion and the legal authority

12 to show how and why the claims for relief in the Second Amended Complaint are not supported by the

13 Bankruptcy Code or any credible evidence.  Because Plaintiff has failed to dismiss the Second Amended

14 Complaint with prejudice and instead has continued to prosecute the Second Amended Complaint,

15 sanctions pursuant to FRBP 9011 are appropriate.

16     WHEREFORE, Defendants request that the Court grant the Motion and issue an order of

17 sanctions against Plaintiff in the sum of no less than $20,558.50 and no more than $28,058.50 pursuant

18 to FRBP 9011 and for any further relief as is just and proper.

19                              Respectfully submitted,

20                              HABERBUSH, LLP

21

22
   Dated: June 21, 2022          By:    /s/ Lane K. Bogard
23                                    LANE K. BOGARD, ESQ., Attorneys for
                                      Defendants

24

25

26

27

28

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL BACKGROUND

#### A.    Facts and Circumstances Leading to the Adversary Proceeding

##### 1.    The Shorb Bankruptcy Case and Sale of the Property

On April 4, 2017, Shorb DCE, LLC ("Shorb") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing bankruptcy case number 2:17-bk-14240-BR (the "Shorb Case"). Kwok is/was the 100% owner/member of Shorb. See Exhibit "1" to the separately-filed Request for Judicial Notice ("RJN").

On August 30, 2017 (the "Conversion Date"), the Shorb Case was converted to one under Chapter 7 of the Bankruptcy Code.  John J. Menchaca was appointed as the Chapter 7 bankruptcy trustee (the "Shorb Chapter 7 Trustee") for the Shorb bankruptcy estate. *See* Exhibit "1" to the RJN.

Prior to the Conversion Date, Shorb sought to sell its primary asset, the real property located at 910-912 West Shorb Street, Alhambra, California 91803 (the "Property"). The Property was not sold prior to the Conversion Date. *See* Exhibit 1 to the RJN.

On or about August 31, 2017, on the day after the Shorb Case was converted to Chapter 7, Defendants allegedly executed a promissory note payable to Kwok or Elke L. Coffey ("Coffey")  in the amount of $150,000 (the "Secret Kwok Note"). A true and correct copy of the Secret Kwok Note is attached to the Second Amended Complaint (defined hereinbelow) as Exhibit "1."  Pursuant to the Secret Kwok Note, Defendants were to pay Kwok and/or Coffey $150,000 upon the close of escrow of the sale of the Property.

On or about September 21, 2017, the Shorb Chapter 7 Trustee entered into an Agreement of Purchase and sale and Joint Escrow Instructions (the "Purchase Agreement"), whereby the Shorb Chapter 7 Trustee entered an agreement to sell the Shorb estate's interests in the Property, subject to Bankruptcy Court approval and overbidding. *See* Exhibit "4" to the RJN.

On or about September 28, 2017, the Shorb Chapter 7 Trustee filed a motion for sale of the Property (the "Sale Motion"). A true and correct copy of the Sale Motion is attached to the RJN as Exhibit "4." The Court held a hearing on the Sale Motion on October 24, 2017. At the hearing, the Defendants were the only bidders for the Property. The Court entered an order approving the sale of the

1    Property to Defendants on November 13, 2017. *See* Exhibit "1" to the RJN.

2        As set forth below, by the Adversary, Kwok seeks to avoid the sale of the Property after the

3    passing of more than four years) due to the Secret Kwok Note which Kwok was aware of yet failed to

4    disclose so that he alone could benefit from the Secret Kwok Note.

5            **2.**      **The Kwok Bankruptcy Case**

6        On November 13, 2018, Kwok filed a voluntary petition for relief under Chapter 13 of the

7    Bankruptcy Code, commencing bankruptcy case number 2:18-bk-23346-BR (the "Kwok Case"). *See*

8    Exhibit "2" to the RJN.

9        On February 20, 2019 (the "Conversion Date"), the Kwok Case was converted to one under

10   Chapter 7 of the Bankruptcy Code.  Sam S. Leslie was appointed as the Chapter 7 bankruptcy trustee

11   (the "Kwok Chapter 7 Trustee") for the Kwok bankruptcy estate. *See* Exhibit "2" to the RJN.

12       Kwok did not disclose the Secret Kwok Note to the Kwok Chapter 7 Trustee until January 12,

13   2022, just prior to the Kwok Chapter 7 Trustee finalizing and submitting his final report and account

14   to the United States Trustee. *See* Exhibit "2" to the RJN.

15       Upon the disclosure of the Secret Kwok Note, the Kwok Chapter 7 Trustee filed the Complaint.

16   However, after the Complaint was filed, the Kwok Chapter 7 Trustee filed a Motion for Authority to

17   Abandon Estate's Interest in: (1) an Unscheduled Promissory Note Dated August 31, 2017; and (2) an

18   Adversary Proceeding Captioned Sam S. Leslie, Chapter 7 Trustee v. James Quan and Zhong Qui Li,

19   Adv. No. 2:22-ap-01026-BR (the "Abandonment Motion"). A true and correct copy of the Abandonment

20   Motion is attached to the RJN as Exhibit "5."  The Court entered an order granting the Abandonment

21   Motion on February 18, 2022. *See* Exhibit "2" to the RJN.

22       As set forth in the Abandonment Motion, the Kwok Chapter 7 Trustee abandoned the Kwok

23   estate's interests in the Secret Kwok Note and the Adversary because (1) the Kwok Chapter 7 Trustee

24   expected there to be a 100% distribution to unsecured creditors and a surplus to Kwok and proceeding

25   to litigate may increase administrative expenses to the detriment of the estate and (2) the Kwok Chapter

26   7 Trustee did not have confidence in the Adversary due to Kwok's unclean hands.  *See* Exhibit "5" to

27   the RJN, Abandonment Motion at page 8, lines 11-26.

28       As a result of the abandonment of the Secret Kwok Note and Adversary, Kwok substituted in

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  as Plaintiff in the Adversary. As explained below, Kwok is proceeding with the Adversary despite his

2  own wrongdoings and failure to recognize that the facts and law do not support any of claims against

3  Defendant.

4      **B.**    **The Adversary Proceeding**

5      On January 19, 2022, the Kwok Chapter 7 Trustee filed a Complaint: (1) For Breach of Contract;

6  (2) to Avoid Sale or, in the Alternative for Damages Under 11 U.S.C. § 363(n); and (3) for Turnover

7  [Adversary Docket Number 1] (the "Complaint"), thereby commencing the above-captioned adversary

8  proceeding (the "Adversary"). A true and correct copy of the Complaint is attached to the RJN as

9  Exhibit "6." *See* Exhibits "3" and "6" to the RJN. The Complaint was not served on Defendants. *See*

10  Exhibits "3" and "6" to the RJN.

11      The same day that the Complaint was filed, the Kwok Chapter 7 Trustee filed a First Amended

12  Complaint: (1) For Breach of Contract; (2) to Avoid Sale or, in the Alternative for Damages Under 11

13  U.S.C. § 363(n); and (3) for Turnover [Adversary Docket Number 2] (the "First Amended Complaint").

14  A true and correct copy of the First Amended Complaint is attached to the RJN as Exhibit "7."  The First

15  Amended Complaint was not served on Defendants. *See* Exhibits "3" and "7" to the RJN.

16      On January 20, 2022, the Clerk of the Court issued a Summons and Notice of Status Conference

17  in Adversary Proceeding [LBR 7004-1] [Adversary Docket Number 3] (the "Summons"). A true and

18  correct copy of the Summons and all other documents served on the Defendants and Defendant's

19  counsel is attached to the RJN as Exhibit "8."

20      On May 9, 2022, Kwok filed Second Amended  Complaint: (1) For Breach of Contract; (2) to

21  Avoid Sale or, in the Alternative for Damages Under 11 U.S.C. § 363(n); (3) for Turnover; and (4)

22  Damages for Financial Abuse of Elderly Person (CA Welf & Inst. Code § 15600 et seq.) [Adversary

23  Docket Number 8] (the "Second Amended Complaint"). A true and correct copy of the Second

24  Amended Complaint is attached to the RJN as Exhibit "9."

25      On May 17, 2022, the Clerk of the Court issued Another Summons and Notice of Status

26  Conference in Adversary Proceeding [LBR 7004-1] [Adversary Docket Number 12] (the "Second

27  Summons"). A true and correct copy of the Second Summons is attached to the RJN as Exhibit "10."

28      Plaintiff served the Second Summons and Second Amended Complaint on Defendants on or

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

about May 20, 2022. Pursuant to the Second Summons, the deadline for Defendants to file an answer or other responsive pleading was June 16, 2022.

Because the Second Amended Complaint is frivolous, on June 16, 2022, Defendants filed a Motion to Dismiss Adversary Complaint for Failure to State a Claim Upon Which Relief may be Granted [Adversary Docket Number 14] (the "Motion to Dismiss"). The Motion to Dismiss will be heard concurrently with this Motion. *See* Exhibit "3" to the RJN.  Declaration of Lane K. Bogard at ¶ 3.

On May 27, 2022, counsel for Defendants wrote a letter to Plaintiff informing him that the claims in the Second Amended Complaint are baseless because they are not warranted by existing law and/or are not supported by evidence. A true and correct copy of this letter is attached as Exhibit "A" to the Declaration of Lane K. Bogard, which is attached to this Motion.  A copy of this Motion was served with the letter. Plaintiff did not dismiss the Second Amended  Complaint, and, in fact, has proceeded with its prosecution.  The correspondence indicated that absent a dismissal, Defendants would file the Motion for Judgment on the Pleadings and/or Motion to Dismiss.  The correspondence from Defendants' counsel to Plaintiff also indicated that sanctions would be sought against Plaintiff pursuant to Federal Bankruptcy Rule of Procedure 9011 if the Second Amended Complaint was not withdrawn. Declaration of Lane K. Bogard at ¶ 4.

## II.    LEGAL ARGUMENT

Federal Bankruptcy Rule of Procedure ("FRBP") 9011 provides in part:

(b) Representations to the Court. By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,—

(1) it is not being presented for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation;

(2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law;

(3) the allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery . . .

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  FRBP 9011(b).[2]

2      The Ninth Circuit has held that a filing is frivolous and sanctions are warranted if the filing is

3  "'both baseless and made without a reasonable and competent inquiry.'" *Holgate v. Baldwin*, 425 F.3d

4  671, 676 (9th Cir. 2005) (quoting *Moore v. Keegan Mgmt. Co* (*In re Keegan Mgmt. Co., Sec. Litig.*),

5  78 F.3d 431, 434 (9th Cir. 1996)).  This is an objective test based on what a competent attorney admitted

6  to practice in the same court would have filed.  *See  G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096,

7  1109 (9th Cir.2003); *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir.

8  2002) (a complaint is frivolous if "[a]ny reasonable lawyer would have known, upon even the most

9  casual investigation, that [the governing law] . . . would not support a claim on the[] facts").

10     Here, the Second Amended Complaint is frivolous because the claims have complete defenses,

11  which bar all of the claims and the claims are not supported by any credible evidence. As set forth in

12  the Letter and the Motion to Dismiss, the first claim for relief for breach of the Secret Kwok Note is not

13  supported by credible evidence, or allegations, because there was no consideration for the note and/or

14  there was a failure of consideration. *See Property California SCJLW One Corp. v. Leamy* 25 Cal. App.

15  5th 1155, 1165 (2018); *Brown v. Grimes*, 192 Cal. App. 4th 265 (2011); *Taliaferro v. Davis*, 216 Cal.

16  App. 2d 398, 412 (1963); Cal. Civ. Code, §1689.  In addition, there is no evidence to show that the

17  breach of contract claim is not barred by the defense of *in pari delicto* and/or unclean hands. Plaintiff

18  cannot show that there is consideration and cannot allege it, or otherwise show that this claim for relief

19  will succeed.  The second claim for relief for avoiding the sale of the Property and/or for an award of

20  monetary damages, is also not warranted by existing law because the claim is barred by the statute of

21  limitations. *See In re Int'l Nutronics, Inc.*, 28 F.3d 965, 968–69 (9th Cir. 1994) (explaining there is a

22  one-year statute of limitations period for a section 363(n) claim). In addition, there is no evidence to

23  prove the elements necessary for this claim, which Plaintiff is well aware of given that he is a party to

24  the Secret Kwok Note. Further, the second claim for relief is similarly barred by the doctrines of unclean

25  hands and/or in pari delicto. The third claim for relief for turnover pursuant to section 542 of the

26  _____

27     [2]    Because FRBP 9011 is modeled after Federal Rule of Civil Procedure 11,the Ninth
    Circuit often looks to cases involving Federal Rule of Civil Procedure 11 for guidance. *See Marsch v.*
28  *Marsch* (*In re Marsch*), 36 F.3d 825, 829 (9th Cir. 1994) ("Because FRCP 11 and Bankruptcy Rule
    9011 use virtually identical language, we often rely on cases interpreting the former when construing
    the latter.").

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  Bankruptcy Code is also not warranted by existing law because the Adversary Proceeding was

2  abandoned to Debtor. Upon abandonment, the property so abandoned reverts to the debtor or party with

3  the possessory interest. *See Ohio v. Kovacs*, 469 U.S. 274, 105 S. Ct. 705, 711, n.12 (1985). While

4  property recovered in a claim pursuant to 11 U.S.C. § 363(n) is property of the estate, *see* 11 U.S.C. §

5  541(a)(3), because the Adversary Proceeding was abandoned to Debtor there can be no property of the

6  estate to turnover. Therefore, the third claim for relief is not warranted by existing law. Finally, the

7  fourth claim for relief for financial elder abuse pursuant to Cal. Welf. & Inst. Code § 15610.30 is

8  similarly not warranted by existing law and not supported by evidence. First, this claims is barred by

9  the statute of limitations pursuant to Cal. Welf. & Inst. Code § 15657.7. In addition, Plaintiff has not

10  alleged and there is no evidence that Defendants have taken, secreted, appropriated, obtained, or retained

11  possession of Plaintiff's property for a wrongful use and/or with the intent to defraud, which is required

12  to state this claim. *Paslay v. State Farm Gen. Ins. Co.*, 248 Cal. App. 4th 639, 656 (2016). Nor can the

13  Second Amended Complaint allege such facts since the Property was Property of the Shorb Bankruptcy

14  estate and/or Kwok Bankruptcy estate at all relevant times. Consequently, this claim for relief is

15  frivolous.

16       Defendants have shown that the Second Amended Complaint is baseless and not warranted under

17  existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law.

18  Therefore, an award of sanctions is appropriate. FRBP 9011 further provides:

19           (c) Sanctions. If, after notice and a reasonable opportunity to respond, the
             court determines that subdivision (b) has been violated, the court may,
20           subject to the conditions stated below, impose an appropriate sanction
             upon the attorneys, law firms, or parties that have violated subdivision
21           (b) or are responsible for the violation.

22  FRBP 9011(c).

23       The attached Declaration of Lane K. Bogard establishes that between 36.5 and 71.5 hours have

24  been and/or will be expended in continuing to defend against the frivolous Second Amended Complaint

25  by preparing and filing the Motion to Dismiss, replying to any opposition filed to Motion to Dismiss and

26  attending the hearing on the Motion to Dismiss, and in the prosecution of this Motion for Sanctions, for

27  total attorneys' fees incurred by Defendants in the sum ranging between $20,558.50 and $28,058.50.

28  Declaration of Lane K. Bogard at ¶¶ 5-6.

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1         This Motion was served upon Plaintiff on May 27, 2022 and was not filed until after June 17,

2    2022, over twenty-one (21) days after service of the Motion, as required by FRBP 9011(c)(1)(A).

3    Declaration of Lane K. Bogard at ¶ 4.

4         Wherefore, Defendants pray for an award of sanctions against Plaintiff, of the amount between

5    $20,558.50 and $28,058.50 and for such other and further relief as this Court may deem as just and

6    proper.

7                           Respectfully Submitted,

8                           HABERBUSH, LLP

9

10   Dated: June 21, 2022        By: ___/s/ Lane K. Bogard_____
                        LANE K. BOGARD, ESQ., Attorneys for Defendants

11

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

### DECLARATION OF LANE K. BOGARD

I, Lane K. Bogard, hereby declare and state:

1.    I am an individual over the age of 18 years and have personal knowledge of the facts stated herein. If I were called as a witness I would and could testify to the following facts, under penalty of perjury.

2.    I am an attorney at law duly licensed to practice in the State of California and before this Court.  I am an associate of Haberbush, LLP, attorney for Defendants. All defined terms in this Declaration have the same meaning as set forth in the Memorandum of Points and Authorities unless otherwise defined herein.

3.    Because the Second Amended Complaint is frivolous, on June 16, 2022, Defendants filed a Motion to Dismiss Adversary Complaint for Failure to State a Claim Upon Which Relief May be Granted [Adversary Docket Number 14] (the "Motion to Dismiss"). Defendants expect Plaintiff will oppose the Motion to Dismiss and a reply to an opposition will be necessary. In addition, Defendants will be required to attend a hearing on the Motion to Dismiss.

4.    On May 27, 2022, I wrote a letter to Plaintiff informing him that the claims in the Second Amended Complaint are baseless because they are not warranted by existing law and/or are not supported by evidence. A true and correct copy of this letter is attached hereto and incorporated herein, by this reference, as Exhibit "A." Plaintiff did not dismiss the Second Amended Complaint, and, in fact, has proceeded with its prosecution.  The correspondence indicated that absent a dismissal, Defendants would file the Motion for Judgment on the Pleadings and/or Motion to Dismiss.  The correspondence from Defendants' counsel to Plaintiff also indicated that sanctions would be sought against Plaintiff pursuant to FRBP 9011 if the Second Amended Complaint was not withdrawn.  The hearing on this Motion has been set for July 12, 2022, and I served a copy of this Motion with the letter to Plaintiff on May 27, 2022 pursuant to Federal Rule of Bankruptcy Procedure 9011.

5.    As a consequence of Plaintiff's failure to dismiss or amend the Second Amended Complaint voluntarily, my clients have incurred or will incur attorneys' fees as follows:

A.    Preparation of the letter dated May 27, 2022, giving Plaintiff twenty-one (21) days to withdraw the Complaint - 1.5 hours;

1    B.    Preparation of this Motion for Sanctions- 5 hours;

2    C.    Preparing the Request for Judicial Notice in support of the Motion for Sanctions-

3    .5 hours;

4    D.    Legal research related to the Motion for Sanctions- 2.0  hours;

5    E.    Reply to an Opposition to the Motion for Sanctions- 10.0-15.0 hours;

6    F.    Anticipated Motion for Judgment on the Pleadings and/or Motion to Dismiss -

7    30.0.0-40.0 hours;

8    G.    Anticipated Reply to an Opposition to the Motion for Judgment on the Pleadings

9    and/or Motion to Dismiss Summary Judgment- 20.0 to 30.0 hours;

10    G.    Anticipated appearance at the hearing on the Motion for Judgment on the

11    Pleadings and/or Motion to Dismiss - 2.0-4.0 hours; and

12    H.    Anticipated appearance at the hearing on this Motion for Sanctions - 2.0-4.0

13    hours.

14    Total: 73.0- 102.0 hours.  All of the time indicated above was spent by me except as follows:

15    Vanessa M. Haberbush, a partner of Haberbush, LLP, spent 1.5 hours preparing the Motion for

16    Sanctions.  It is also anticipated that Ms. Haberbush will spend an additional 6 hours on an anticipated

17    reply to the opposition to Motion for Sanctions.  Vanessa M. Haberbush also anticipates spending 25-35

18    hours on the Motion for Judgment on the Pleadings and/or Motion to Dismiss and the anticipated replies

19    to the oppositions Motion for Judgment on the Pleadings and/or Motion to Dismiss.  This is a total of

20    32.5 - 42.5 hours.  David R. Haberbush, partner of Haberbush, LLP, anticipates spending 8.0 hours in

21    reviewing the Motion for Sanctions, Motions for Judgment on the Pleadings and/or Motion to Dismiss,

22    and the anticipated replies to the oppositions Motion for Judgment on the Pleadings and/or Motion to

23    Dismiss and Motion for Sanctions.

24    6.    My hourly rate is $250.00 per hour.  David R. Haberbush's hourly rate is $495.00 per

25    hour. Vanessa M. Haberbush's hourly rate is $275.00 per hour.  My hourly rate multiplied against the

26    anticipated total time expended and to be expended by me of 32.5 - 51.5 hours (for a fee of $8,125-

27    $12,875), David R. Haberbush's hourly rate multiplied against the anticipated total time expended and

28    to be expended by him of approximately 8.0 hours (for a fee of $3,496), and Vanessa M. Haberbush's

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  hourly rate multiplied against the anticipated total time expended and to be expended by her of

2  approximately 32.5 -  hours (for a fee of $8,937.50 - $11,687.50), means the amount of attorneys' fees

3  to be incurred by my clients will be between $20,558.50 and $28,058.50.

4       EXECUTED AT LONG BEACH, CALIFORNIA, THIS 21st DAY OF JUNE, 2022.

5       I declare under penalty of perjury that the foregoing is true and correct.

7                      /s/ Lane K. Bogard
8                      Lane K. Bogard, Esq.

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

444 West Ocean Boulevard, Suite 1400, Long Beach, CA 90802

A true and correct copy of the foregoing document entitled (*specify*):   **MOTION FOR SANCTIONS AGAINST DAVID C. KWOK PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF LANE K. BOGARD** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **June 21, 2022**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Lane K Bogard**    lbogard@lbinsolvency.com,
  dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,abostic@lbinsolvency.com,haberbush.assistant@gmail.com,vhaberbush@lbinsolvency.com,jborin@lbinsolvency.com
- **Sam S Leslie (TR)**    sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov

☐  Service information continued on attached page

**2.   SERVED BY UNITED STATES MAIL**:
On **June 21, 2022**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.

**David C Kwok**
1210 S Gladys Ave
San Gabriel, CA 91776

Barry Russell, JUDGE
United States Bankruptcy Court
255 E. Temple Street,
Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☐  Service information continued on attached page

**3.   SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (<u>state method for each person or entity served</u>):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.

☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| June 21, 2022 | Vanessa M. Haberbush | |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.