# HABERBUSH, LLP

ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802
HTTP://WWW.LBINSOLVENCY.COM

DAVID R. HABERBUSH
RICHARD A. BROWNSTEIN*
LOUIS H. ALTMAN
VANESSA M. HABERBUSH
LANE BOGARD
ALEXANDER H. HABERBUSH

TELEPHONE: (562) 435-3456
FACSIMILE: (562) 435-6335
LBOGARD@LBINSOLVENCY.COM
*Bankruptcy Specialist, Certified
by State Board of Legal Specialization

May 27, 2022

*VIA U.S. MAIL*

David C. Kwok
1210 S. Gladys Avenue
San Gabriel, CA 91766

**Re:**   *Kwok v. Quan, et al.*, Adversary Case No.  2:22-ap-01026-BR
*Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011*

Dear Mr. Kwok:

As you know, I represent James Quan ("Quan") and Scarlett Qiu Li fka Zhong Qiu Li ("Li") (Quan and Li, collectively "Defendants"), in the adversary proceeding *Kwok v. Quan, et al.*, Styled Case Number 2:22-ap-01026-BR, pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division (the "Adversary Proceeding").

On January 19, 2022, the Chapter 7 Trustee for your bankruptcy estate, Sam S. Leslie (the "Trustee"), filed a Complaint: (1) For Breach of Contract; (2) to Avoid Sale or, in the Alternative for Damages Under 11 U.S.C. § 363(n); and (3) for Turnover [Adversary Docket Number 1] (the "Complaint"), thereby commencing the Adversary Proceeding. The same day that the Complaint was filed, the Trustee filed a First Amended  Complaint: (1) For Breach of Contract; (2) to Avoid Sale or, in the Alternative for Damages Under 11 U.S.C. § 363(n); and (3) for Turnover [Adversary Docket Number 2] (the "First Amended Complaint").

Shortly after the First Amended Complaint was filed, the Trustee filed a Motion for Authority

David C. Kwok
May 27, 2022
Page 2

to Abandon Estate's Interest in: (1) an Unscheduled Promissory Note Dated August 31, 2017; and (2) an Adversary Proceeding Captioned *Sam S. Leslie, Chapter 7 Trustee v. James Quan and Zhong Qui Li*, Adv. No. 2:22-ap-01026-BR (the "Abandonment Motion"). The Court entered an order granting the Abandonment Motion on February 18, 2022.

As set forth in the Abandonment Motion, the Trustee abandoned the bankruptcy estate's interests in (a) the Adversary Proceeding and (b) the promissory note in the amount of $150,000 (the "Secret Kwok Note"). As a result of the abandonment, you succeeded to the Trustee and became the plaintiff in the Adversary Proceeding. Further, any recovery in the Adversary Proceeding is your property and not property of the bankruptcy estate.

Since you became the real party-in-interest, you filed a Second Amended Complaint: (1) For Breach of Contract; (2) to Avoid Sale or, in the Alternative for Damages Under 11 U.S.C. § 363(n); (3) for Turnover; and (4) Damages for Financial Abuse of Elderly Person (CA Welf & Inst. Code § 15600 et seq.) [Adversary Docket Number 8] (the "Second Amended Complaint").

The purpose of this letter is to advise you that by pursing the Adversary Proceeding and filing the Second Amended Complaint, you have violated Federal Rule of Bankruptcy Procedure ("FRBP") 9011. FRBP 9011 provides that by signing a pleading, such as the Second Amended Complaint, you certify that the "the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." *See* FRBP 9011(b). If the Bankruptcy Court determines that you, even as an unrepresented party, violated FRBP 9011(b), the court may impose sanctions upon you, which include the attorney's fees and expenses that my clients have incurred as a result of your violation(s).

The Second Amended Complaint is frivolous because it is not warranted by existing law or supported by any credible evidence for the following reasons:

1. The first claim for relief for breach of the Secret Kwok Note is not supported by credible evidence, or allegations, because there was no consideration for the note and/or there was a failure of consideration. *See Property California SCJLW One Corp. v. Leamy* 25 Cal. App. 5th 1155, 1165 (2018); *Brown v. Grimes*, 192 Cal. App. 4th 265 (2011); *Taliaferro v. Davis*, 216 Cal. App. 2d 398, 412 (1963); Cal. Civ. Code, §1689. You cannot show that there is consideration and cannot allege it, or otherwise show that this claim for relief will succeed. In addition, there is no evidence to show that the breach of contract claim is not barred by the applicable statute of limitations.

2. The second claim for relief for avoiding the sale of the real property located at 910-912 West Shorb Street, Alhambra, California 91803 (the "Property") and/or for an award of monetary damages, is not warranted by existing law because the claim

David C. Kwok
May 27, 2022
Page 3

      is barred by the statute of limitations. *See In re Int'l Nutronics, Inc.*, 28 F.3d 965, 968–69 (9th Cir. 1994) (explaining there is a one-year statute of limitations period for a section 363(n) claim). In addition, because you were a party to the Secret Kwok Note, you should know that there is no evidence to prove the elements necessary for this claim, which are: (i) there was an agreement, (ii) between potential bidders, (iii) that controlled the price at bidding and you have not alleged any such facts since such facts do not exist. Accordingly, the second claim for relief is meritless.

3.    The third claim for relief for turnover pursuant to section 542 of the Bankruptcy Code is also not warranted by existing law because the Adversary Proceeding was abandoned to you. Upon abandonment, the property so abandoned reverts to the debtor or party with the possessory interest. *See Ohio v. Kovacs*, 469 U.S. 274, 105 S. Ct. 705, 711, n.12 (1985). Property recovered in a claim pursuant to 11 U.S.C. § 363(n) is property of the estate. *See* 11 U.S.C. § 541(a)(3), because the entire adversary, including the request to avoid the sale of the Property was abandoned to you, there can be no property of the estate to turnover. Therefore, the third claim for relief is not warranted by existing law.

4.    The fourth claim for relief for financial elder abuse is similarly not warranted by existing law and not supported by evidence. First, this claims is barred by the statute of limitations pursuant to California Welfare and Institutions Code § 15657.7.  In addition, you have not alleged and there is no evidence that Defendants have taken, secreted, appropriated, obtained, or retained possession of your property for a wrongful use and/or with the intent to defraud, which is required to state this claim. *Paslay v. State Farm Gen. Ins. Co.*, 248 Cal. App. 4th 639, 656 (2016). Consequently, this claim for relief is frivolous.

      Even though the Trustee filed the initial Complaint, you have proceeded to prosecute the Adversary Proceeding and have filed the Second Amended Complaint. Further, as a result of your continued prosecution of the Second Amended Complaint, my clients will have no choice but to file a motion to dismiss the Second Amended Complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) and/or a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c).

      This letter has put you on notice of the baseless claims for relief in the Second Amended Complaint. More specifically, this letter has put you on notice that the claims for relief in the Second Amended Complaint are not supported by the Bankruptcy Code or any credible evidence.

      We are giving you notice that unless you voluntarily dismiss the Second Amended Complaint with prejudice, we will seek an award of attorneys' fees against you pursuant to FRBP 9011.

F:\H,A\clients\ACTIVE\Quan II - 1550\Letters\LKB,2,KWOK,RE,9011-5.27,22..wpd

David C. Kwok
May 27, 2022
Page 4

      Attached hereto is a Motion for Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 (the "Motion").  If you do not dismiss the Second Amended Complaint within twenty-one (21) days after service of this letter, my office will file the Motion on behalf of Defendants.

Very truly yours,

HABERBUSH, LLP

By:  /s/ Lane K. Bogard
        Lane K. Bogard, Esq.

LKB/asb

Attachments:

1.    Motion for Sanctions
2.    Request for Judicial Notice
    in Support of the Motion for Sanctions

cc: Client

F:\H A\clients\ACTIVE\Quan II - 1550\Letters\LKB 2.KWOK.RE 9011-5.27 22 wpd

1  HABERBUSH, LLP
   DAVID R. HABERBUSH, ESQ., SBN 107190
2  VANESSA M. HABERBUSH, ESQ., SBN 287044
   LANE K. BOGARD, ESQ., SBN 306972
3  444 West Ocean Boulevard, Suite 1400
   Long Beach, CA 90802
4  Telephone: (562) 435-3456
   Facsimile:  (562) 435-6335
5  E-mail: lbogard@lbinsolvency.com

6  Attorneys for Defendants

7

8

9                **UNITED STATES BANKRUPTCY COURT**

10          **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

11  In re                                    Case No. 2:18-bk-23346-BR

12  DAVID C. KWOK,                           **Chapter 7**

13          Debtor and Debtor-in-Possession.  Adv. Case No. 2:22-ap-01026-BR

14  SAM S. LESLIE, as Chapter 7 Trustee for the    **MOTION FOR SANCTIONS AGAINST**
    Estate of David C. Kwok,                       **DAVID C. KWOK PURSUANT TO**
15                                                 **FEDERAL BANKRUPTCY RULE OF**
            Plaintiff,                             **PROCEDURE 9011; MEMORANDUM OF**
16                                                 **POINTS AND AUTHORITIES;**
                                                   **DECLARATION OF LANE K. BOGARD**
    v.
17                                                 **[Request for Judicial Notice Filed**
    JAMES QUAN, an individual and ZHONG QIU        **Separately]**
18  LI, an individual,
19          Defendants.                            **Hearing Date**
                                                   Date: To be set
20                                                 Time: To be set
                                                   Ctrm: 1668
21                                                       255 E. Temple Street
                                                         Los Angeles, CA 90012
22

23  **TO THE HONORABLE BARRY R. RUSSELL, UNITED STATES BANKRUPTCY JUDGE;**

24  **PLAINTIFF DAVID C. KWOK; AND ALL PARTIES IN INTEREST:**

25          James Quan ("Quan") and Scarlett Qiu Li fka Zhong Qiu Li ("Li") (Quan and Li, collectively

26  "Defendants"),[1] hereby bring a motion for a sanctions against David C. Kwok pursuant to Federal Rule

27

28  _____
            [1]      All defined terms have the same meaning as those set forth in the attached Memorandum
    of Points and Authorities.

F:\Fi A\elieuts\ACTIVE\Quan II x 13561 wok Bankruptcy\Adversary\9011 Motion\MOTION FOR SANCTIONS 5 24 22 vmh lkb.wpd                    1                    THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit "A"                              Page 5

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  of Bankruptcy Procedure 9011 (the "Motion").

2      This Court has jurisdiction over this Motion, which constitutes a core proceeding, under 28

3  U.S.C. §§ 157(b)(2)(A).  This Motion is based on the facts and law as set forth in the attached

4  Memorandum of Points and Authorities, the Declaration of Lane K. Bogard, the separately-filed Request

5  for Judicial Notice, and such additional evidence and argument as properly may be considered by the

6  Court.

7      By the Motion, Defendants seek an award of sanctions against Plaintiff, pursuant to FRBP 9011.

8  The Second Amended Complaint is frivolous because it is not warranted by existing law or supported

9  by any credible evidence or allegations, and cannot be amended to allege any claims for relief. Even if

10  Plaintiff was not aware of the existing law at the time the Second Amended Complaint was filed,

11  Defendants served Plaintiff with a letter detailing the relief sought in this Motion and the legal authority

12  to show how and why the claims for relief in the Second Amended Complaint are not supported by the

13  Bankruptcy Code or any credible evidence.  Because Plaintiff has failed to dismiss the Second Amended

14  Complaint with prejudice and instead has continued to prosecute the Second Amended Complaint,

15  sanctions pursuant to FRBP 9011 are appropriate.

16      WHEREFORE, Defendants request that the Court grant the Motion and issue an order of

17  sanctions against Plaintiff in the sum of no less than $20,558.50 and no more than $28,058.50 pursuant

18  to FRBP 9011 and for any further relief as is just and proper.

19                          Respectfully submitted,

20                          HABERBUSH, LLP

21

22  Dated: May____, 2022              By:_____

23                              LANE K. BOGARD, ESQ., Attorneys for
                                Defendants

24

25

26

27

28

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\J A\clients\ACTIVE\Quan II - 15501\wsk Bankruptcy\Adversary\9011 Motion\MOTION FOR SANCTIONS 5 24 22 vmh lkb wpd          2          THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit "A"                    Page 6

## MEMORANDUM OF POINTS AND AUTHORITIES

I.    **FACTUAL BACKGROUND**

    A.    <u>**Facts and Circumstances Leading to the Adversary Proceeding**</u>

        1.    **The Shorb Bankruptcy Case and Sale of the Property**

On April 4, 2017, Shorb DCE, LLC ("Shorb") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code, commencing bankruptcy case number 2:17-bk-14240-BR (the "Shorb Case"). Kwok is/was the 100% owner/member of Shorb. See Exhibit "1" to the separately-filed Request for Judicial Notice ("RJN").

On August 30, 2017 (the "Conversion Date"), the Shorb Case was converted to one under Chapter 7 of the Bankruptcy Code. John J. Menchaca was appointed as the Chapter 7 bankruptcy trustee (the "Shorb Chapter 7 Trustee") for the Shorb bankruptcy estate. *See* Exhibit "1" to the RJN.

Prior to the Conversion Date, Shorb sought to sell its primary asset, the real property located at 910-912 West Shorb Street, Alhambra, California 91803 (the "Property"). The Property was not sold prior to the Conversion Date. *See* Exhibit 1 to the RJN.

On or about August 31, 2017, on the day after the Shorb Case was converted to Chapter 7, Defendants allegedly executed a promissory note payable to Kwok or Elke L. Coffey ("Coffey") in the amount of $150,000 (the "Secret Kwok Note"). A true and correct copy of the Secret Kwok Note is attached to the Second Amended Complaint (defined hereinbelow) as Exhibit "1." Pursuant to the Secret Kwok Note, Defendants were to pay Kwok and/or Coffey $150,000 upon the close of escrow of the sale of the Property.

On or about September 21, 2017, the Shorb Chapter 7 Trustee entered into an Agreement of Purchase and sale and Joint Escrow Instructions (the "Purchase Agreement"), whereby the Shorb Chapter 7 Trustee entered an agreement to sell the Shorb estate's interests in the Property, subject to Bankruptcy Court approval and overbidding. *See* Exhibit "4" to the RJN.

On or about September 28, 2017, the Shorb Chapter 7 Trustee filed a motion for sale of the Property (the "Sale Motion"). A true and correct copy of the Sale Motion is attached to the RJN as Exhibit "4." The Court held a hearing on the Sale Motion on October 24, 2017. At the hearing, the Defendants were the only bidders for the Property. The Court entered an order approving the sale of the

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1  Property to Defendants on November 13, 2017. *See* Exhibit "1" to the RJN.

2      As set forth below, by the Adversary, Kwok seeks to avoid the sale of the Property after the

3  passing of more than four years) due to the Secret Kwok Note which Kwok was aware of yet failed to

4  disclose so that he alone could benefit from the Secret Kwok Note.

5      **2.**    **The Kwok Bankruptcy Case**

6      On November 13, 2018, Kwok filed a voluntary petition for relief under Chapter 13 of the

7  Bankruptcy Code, commencing bankruptcy case number 2:18-bk-23346-BR (the "Kwok Case"). *See*

8  Exhibit "2" to the RJN.

9      On February 20, 2019 (the "Conversion Date"), the Kwok Case was converted to one under

10  Chapter 7 of the Bankruptcy Code. Sam S. Leslie was appointed as the Chapter 7 bankruptcy trustee

11  (the "Kwok Chapter 7 Trustee") for the Kwok bankruptcy estate. *See* Exhibit "2" to the RJN.

12      Kwok did not disclose the Secret Kwok Note to the Kwok Chapter 7 Trustee until January 12,

13  2022, just prior to the Kwok Chapter 7 Trustee finalizing and submitting his final report and account to

14  the United States Trustee. *See* Exhibit "2" to the RJN.

15      Upon the disclosure of the Secret Kwok Note, the Kwok Chapter 7 Trustee filed the Complaint.

16  However, after the Complaint was filed, the Kwok Chapter 7 Trustee filed a Motion for Authority to

17  Abandon Estate's Interest in: (1) an Unscheduled Promissory Note Dated August 31, 2017; and (2) an

18  Adversary Proceeding Captioned Sam S. Leslie, Chapter 7 Trustee v. James Quan and Zhong Qui Li,

19  Adv. No. 2:22-ap-01026-BR (the "Abandonment Motion"). A true and correct copy of the Abandonment

20  Motion is attached to the RJN as Exhibit "5." The Court entered an order granting the Abandonment

21  Motion on February 18, 2022. *See* Exhibit "2" to the RJN.

22      As set forth in the Abandonment Motion, the Kwok Chapter 7 Trustee abandoned the Kwok

23  estate's interests in the Secret Kwok Note and the Adversary because (1) the Kwok Chapter 7 Trustee

24  expected there to be a 100% distribution to unsecured creditors and a surplus to Kwok and proceeding

25  to litigate may increase administrative expenses to the detriment of the estate and (2) the Kwok Chapter

26  7 Trustee did not have confidence in the Adversary due to Kwok's unclean hands. *See* Exhibit "5" to

27  the RJN, Abandonment Motion at page 8, lines 11-26.

28      As a result of the abandonment of the Secret Kwok Note and Adversary, Kwok substituted in as

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1    Plaintiff in the Adversary. As explained below, Kwok is proceeding with the Adversary despite his own

2    wrongdoings and failure to recognize that the facts and law do not support any of claims against

3    Defendant.

4    **B.    The Adversary Proceeding**

5    On January 19, 2022, the Kwok Chapter 7 Trustee filed a Complaint: (1) For Breach of Contract;

6    (2) to Avoid Sale or, in the Alternative for Damages Under 11 U.S.C. § 363(n); and (3) for Turnover

7    [Adversary Docket Number 1] (the "Complaint"), thereby commencing the above-captioned adversary

8    proceeding (the "Adversary"). A true and correct copy of the Complaint is attached to the RJN as Exhibit

9    "6." *See* Exhibits "3" and "6" to the RJN. The Complaint was not served on Defendants. *See* Exhibits

10   "3" and "6" to the RJN.

11   The same day that the Complaint was filed, the Kwok Chapter 7 Trustee filed a First Amended

12   Complaint: (1) For Breach of Contract; (2) to Avoid Sale or, in the Alternative for Damages Under 11

13   U.S.C. § 363(n); and (3) for Turnover [Adversary Docket Number 2] (the "First Amended Complaint").

14   A true and correct copy of the First Amended Complaint is attached to the RJN as Exhibit "7." The First

15   Amended Complaint was not served on Defendants. *See* Exhibits "3" and "7" to the RJN.

16   On January 20, 2022, the Clerk of the Court issued a Summons and Notice of Status Conference

17   in Adversary Proceeding [LBR 7004-1] [Adversary Docket Number 3] (the "Summons"). A true and

18   correct copy of the Summons and all other documents served on the Defendants and Defendant's counsel

19   is attached to the RJN as Exhibit "8."

20   On May 9, 2022, Kwok filed Second Amended Complaint: (1) For Breach of Contract; (2) to

21   Avoid Sale or, in the Alternative for Damages Under 11 U.S.C. § 363(n); (3) for Turnover; and (4)

22   Damages for Financial Abuse of Elderly Person (CA Welf & Inst. Code § 15600 et seq.) [Adversary

23   Docket Number 8] (the "Second Amended Complaint"). A true and correct copy of the Second Amended

24   Complaint is attached to the RJN as Exhibit "9."

25   On May 17, 2022, the Clerk of the Court issued Another Summons and Notice of Status

26   Conference in Adversary Proceeding [LBR 7004-1] [Adversary Docket Number 12] (the "Second

27   Summons"). A true and correct copy of the Second Summons is attached to the RJN as Exhibit "10."

28   Plaintiff served the Second Summons and Second Amended Complaint on Defendants on or

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

1    about May 20, 2022. Pursuant to the Second Summons, the deadline for Defendants to file an answer

2    or other responsive pleading is June 16, 2022.

3        Because the Second Amended Complaint is frivolous, Defendants intend to either (a) file an

4    answer together with a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure

5    12(c) (the "Motion for Judgment on the Pleadings") or (b) file a motion to dismiss for failure to state a

6    claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss") on before June

7    16, 2022.  Declaration of Lane K. Bogard at ¶ 3.

8        On May 27, 2022, counsel for Defendants wrote a letter to Plaintiff informing him that the claims

9    in the Second Amended Complaint are baseless because they are not warranted by existing law and/or

10    are not supported by evidence. A true and correct copy of this letter is attached as Exhibit "1" to the

11    Declaration of Lane K. Bogard, which is attached to this Motion.  A copy of this Motion was served with

12    the letter. Plaintiff did not dismiss the second Amended  Complaint, and, in fact, has proceeded with its

13    prosecution.  The correspondence indicated that absent a dismissal, Defendants would file the Motion

14    for Judgment on the Pleadings and/or Motion to Dismiss.  The correspondence from Defendants' counsel

15    to Plaintiff also indicated that sanctions would be sought against Plaintiff pursuant to Federal Bankruptcy

16    Rule of Procedure ("FRBP") 9011 if the Complaint was not withdrawn. Declaration of Lane K. Bogard

17    at ¶ 4.

18    **II.    LEGAL ARGUMENT**

19        Federal Bankruptcy Rule of Procedure ("FRBP") 9011 provides in part:

20        (b) Representations to the Court. By presenting to the court (whether by signing, filing,
         submitting, or later advocating) a petition, pleading, written motion, or other paper, an
21        attorney or unrepresented party is certifying that to the best of the person's knowledge,
         information, and belief, formed after an inquiry reasonable under the circumstances,—
22

23            (1) it is not being presented for any improper purpose, such as to harass or to
             cause unnecessary delay or needless increase in the cost of litigation;

24            (2) the claims, defenses, and other legal contentions therein are warranted by
             existing law or by a nonfrivolous argument for the extension, modification, or
25            reversal of existing law or the establishment of new law;

26            (3) the allegations and other factual contentions have evidentiary support
             or, if specifically so identified, are likely to have evidentiary support after
27            a reasonable opportunity for further investigation or discovery . . .

28

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\IT A\clients\AC11VI3Quan II - 15800 work \bankruptcy\Adversary\9011 Motion\MOTION FOR SANCTIONS 5 24 22 vmh lkb wpd            6            THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit "A"                        Page 10

1  FRBP 9011(b).[2]

2      The Ninth Circuit has held that a filing is frivolous and sanctions are warranted if the filing is

3  "'both baseless and made without a reasonable and competent inquiry.'" *Holgate v. Baldwin*, 425 F.3d

4  671, 676 (9th Cir. 2005) (quoting *Moore v. Keegan Mgmt. Co* (*In re Keegan Mgmt. Co., Sec. Litig.*),

5  78 F.3d 431, 434 (9th Cir. 1996)). This is an objective test based on what a competent attorney admitted

6  to practice in the same court would have filed. *See G.C. & K.B. Invs., Inc. v. Wilson*, 326 F.3d 1096,

7  1109 (9th Cir.2003); *Truesdell v. S. California Permanente Med. Grp.*, 293 F.3d 1146, 1153 (9th Cir.

8  2002) (a complaint is frivolous if "[a]ny reasonable lawyer would have known, upon even the most

9  casual investigation, that [the governing law] . . . would not support a claim on the[] facts").

10      Here, the Second Amended Complaint is frivolous because the claims have complete defenses,

11  which bar all of the claims and the claims are not supported by any credible evidence. As set forth in the

12  Letter and the Motion to Dismiss and/or Motion for Judgment on the Pleadings, the first claim for relief

13  for breach of the Secret Kwok Note is not supported by credible evidence, or allegations, because there

14  was no consideration for the note and/or there was a failure of consideration. *See Property California*

15  *SCJLW One Corp. v. Leamy* 25 Cal. App. 5th 1155, 1165 (2018); *Brown v. Grimes*, 192 Cal. App. 4th

16  265 (2011); *Taliaferro v. Davis*, 216 Cal. App. 2d 398, 412 (1963); Cal. Civ. Code, §1689. In addition,

17  there is no evidence to show that the breach of contract claim is not barred by the applicable statute of

18  limitations. Plaintiff cannot show that there is consideration and cannot allege it, or otherwise show that

19  this claim for relief will succeed. The second claim for relief for avoiding the sale of the Property and/or

20  for an award of monetary damages, is also not warranted by existing law because the claim is barred by

21  the statute of limitations. *See In re Int'l Nutronics, Inc.*, 28 F.3d 965, 968–69 (9th Cir. 1994) (explaining

22  there is a one-year statute of limitations period for a section 363(n) claim). In addition, there is no

23  evidence to prove the elements necessary for this claim, which Plaintiff is well aware of given that he

24  is a party to the Secret Kwok Note. The third claim for relief for turnover pursuant to section 542 of the

25  Bankruptcy Code is also not warranted by existing law because the Adversary Proceeding was

26  _____

27      [2]   Because FRBP 9011 is modeled after Federal Rule of Civil Procedure 11,the Ninth Circuit often looks to cases involving Federal Rule of Civil Procedure 11 for guidance. *See Marsch v.*

28  *Marsch* (*In re Marsch*), 36 F.3d 825, 829 (9th Cir. 1994) ("Because FRCP 11 and Bankruptcy Rule 9011 use virtually identical language, we often rely on cases interpreting the former when construing the latter.").

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\II A\clients\ACTIVE\Quan II – 1559\Kwok Bankruptcy\Adversary\9011 Motion\MOTION FOR SANCTIONS 5 24 22 vmh lkb.wpd      7      THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit "A"      Page 11

1    abandoned to Debtor. Upon abandonment, the property so abandoned reverts to the debtor or party with

2    the possessory interest. *See Ohio v. Kovacs*, 469 U.S. 274, 105 S. Ct. 705, 711, n.12 (1985). While

3    property recovered in a claim pursuant to 11 U.S.C. § 363(n) is property of the estate, *see* 11 U.S.C. §

4    541(a)(3), because the Adversary Proceeding was abandoned to Debtor there can be no property of the

5    estate to turnover. Therefore, the third claim for relief is not warranted by existing law. Finally, the

6    fourth claim for relief for financial elder abuse is similarly not warranted by existing law and not

7    supported by evidence. First, this claims is barred by the statute of limitations pursuant to California

8    Welfare and Institutions Code § 15657.7. In addition, Plaintiff has not alleged and there is no evidence

9    that Defendants have taken, secreted, appropriated, obtained, or retained possession of Plaintiff's

10   property for a wrongful use and/or with the intent to defraud, which is required to state this claim. *Paslay*

11   *v. State Farm Gen. Ins. Co.*, 248 Cal. App. 4th 639, 656 (2016). Nor can the Second Amended

12   Complaint allege such facts since the Property was Property of the Shorb Bankruptcy estate and/or Kwok

13   Bankruptcy estate at all relevant times.  Consequently, this claim for relief is frivolous.

14       Defendants have shown that the Complaint is baseless and not warranted under existing law or

15   by a nonfrivolous argument for the extension, modification, or reversal of existing law. Therefore, an

16   award of sanctions is appropriate. FRBP 9011 further provides:

17           (c) Sanctions. If, after notice and a reasonable opportunity to respond, the
              court determines that subdivision (b) has been violated, the court may,
18           subject to the conditions stated below, impose an appropriate sanction
              upon the attorneys, law firms, or parties that have violated subdivision (b)
19           or are responsible for the violation.

20   FRBP 9011(c).

21       The attached Declaration of Lane K. Bogard establishes that between 36.5 and 71.5 hours have

22   been and/or will be expended in continuing to defend against the frivolous Second Amended Complaint

23   by preparing and filing the Motion for Judgment on the Pleadings and/or Motion to Dismiss, replying

24   to any opposition filed to the Motion for Judgment on the Pleadings and/or Motion to Dismiss and

25   attending the hearing on the Motion for Judgment on the Pleadings and/or Motion to Dismiss, and in the

26   prosecution of this Motion for Sanctions, for total attorneys' fees incurred by Defendants in the sum

27   ranging between $20,558.50 and $28,058.50. Declaration of Lane K. Bogard at ¶¶ 5-6.

28       This Motion was served upon Plaintiff on May 27, 2022 and was not filed until after June 15,

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\H A\clients\ACTIVE\Quan II - 1580\Kwok Bankruptcy\Adversary\9011 Motion\MOTION FOR SANCTIONS 5 24 22 vrch lkb.wpd          8          THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit "A"                          Page 12

1 2022, over twenty-one (21) days after service of the Motion, as required by FRBP 9011(c)(1)(A).

2 Declaration of Lane K. Bogard at ¶ 4.

3      Wherefore, Defendants pray for an award of sanctions against Plaintiff, of the amount between

4 $20,558.50 and $28,058.50 and for such other and further relief as this Court may deem as just and

5 proper.

6

7                                 Respectfully Submitted,

8                                 HABERBUSH, LLP

9

10 Dated: June ____, 2022            By: _____

11                       LANE K. BOGARD, ESQ., Attorneys for Defendants

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\I I A\clients\ACTIVE\Quan II - 13509\work\Bankruptcy\Adversary\9011 Motion\MOTION FOR SANCTIONS 5 24 22 vmb lkb.wpd      9      THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit "A"           Page 13

1

2

### DECLARATION OF LANE K. BOGARD

I, Lane K. Bogard, hereby declare and state:

1.      I am an individual over the age of 18 years and have personal knowledge of the facts stated herein. If I were called as a witness I would and could testify to the following facts, under penalty of perjury.

2.      I am an attorney at law duly licensed to practice in the State of California and before this Court. I am an associate of Haberbush, LLP, attorney for Defendants. All defined terms in this Declaration have the same meaning as set forth in the Memorandum of Points and Authorities unless otherwise defined herein.

3.      Because the Second Amended Complaint is frivolous, Defendants intend to either (a) file an answer together with a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) (the "Motion for Judgment on the Pleadings") or (b) file a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) (the "Motion to Dismiss") on before June 16, 2022. Defendants expect Plaintiff will oppose the Motion for Judgment on the Pleadings and/or Motion to Dismiss and a reply to an opposition will be necessary. In addition, Defendants will be required to attend a hearing on the Motion for Judgment on the Pleadings and/or Motion to Dismiss.

4.      On May 27, 2022, I wrote a letter to Plaintiff informing him that the claims in the Second Amended Complaint are baseless because they are not warranted by existing law and/or are not supported by evidence. A true and correct copy of this letter is attached hereto and incorporated herein, by this reference, as Exhibit "1." Plaintiff did not dismiss the Second Amended Complaint, and, in fact, has proceeded with its prosecution. The correspondence indicated that absent a dismissal, Defendants would file the Motion for Judgment on the Pleadings and/or Motion to Dismiss. The correspondence from Defendants' counsel to Plaintiff also indicated that sanctions would be sought against Plaintiff pursuant to FRBP 9011 if the Second Amended Complaint was not withdrawn. The hearing on this Motion has been set for _____, and I served a copy of this Motion with the letter to Plaintiff on May 27, 2022 pursuant to Federal Rule of Bankruptcy Procedure 9011.

10.      As a consequence of Plaintiff's failure to dismiss or amend the Second Amended Complaint voluntarily, my clients have incurred or will incur attorneys' fees as follows:

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\\l A\\clients\\ACTIVE\\Quan II - 1350 - week Bankruptcy\\Adversary\\9011 Motion\\MOTION FOR SANCTIONS 5 24 22 vmh lkb wpd      10      THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit "A"      Page 14

1          A.      Preparation of the letter dated May 27, 2022, giving Plaintiff twenty-one (21) days

2    to withdraw the Complaint - 1.5 hours;

3          B.      Preparation of this Motion for Sanctions- 5 hours;

4          C.      Preparing the Request for Judicial Notice in support of the Motion for Sanctions-

5    .5 hours;

6          D.      Legal research related to the Motion for Sanctions- 2.0  hours;

7          E.      Reply to an Opposition to the Motion for Sanctions- 10.0-15.0 hours;

8          F.      Anticipated Motion for Judgment on the Pleadings and/or Motion to Dismiss -

9    30.0.0-40.0 hours;

10          G.      Anticipated Reply to an Opposition to the Motion for Judgment on the Pleadings

11    and/or Motion to Dismiss Summary Judgment- 20.0 to 30.0 hours;

12          G.      Anticipated appearance at the hearing on the Motion for Judgment on the

13    Pleadings and/or Motion to Dismiss - 2.0-4.0 hours; and

14          H.      Anticipated appearance at the hearing on this Motion for Sanctions - 2.0-4.0

15    hours.

16          Total: 73.0- 102.0 hours.  All of the time indicated above was spent by me except as follows:

17    Vanessa M. Haberbush, a partner of Haberbush, LLP, spent 1.5 hours preparing the Motion for

18    Sanctions.  It is also anticipated that Ms. Haberbush will spend an additional 6 hours on an anticipated

19    reply to the opposition to Motion for Sanctions.  Vanessa M. Haberbush also anticipates spending 25-35

20    hours on the Motion for Judgment on the Pleadings and/or Motion to Dismiss and the anticipated replies

21    to the oppositions Motion for Judgment on the Pleadings and/or Motion to Dismiss.  This is a total of

22    32.5 - 42.5 hours.  David R. Haberbush, partner of Haberbush, LLP, anticipates spending 8.0 hours in

23    reviewing the Motion for Sanctions, Motions for Judgment on the Pleadings and/or Motion to Dismiss,

24    and the anticipated replies to the oppositions Motion for Judgment on the Pleadings and/or Motion to

25    Dismiss and Motion for Sanctions.

26          11.     My hourly rate is $250.00 per hour.  David R. Haberbush's hourly rate is $495.00 per

27    hour. Vanessa M. Haberbush's hourly rate is $275.00 per hour.  My hourly rate multiplied against the

28    anticipated total time expended and to be expended by me of 32.5 - 51.5 hours (for a fee of $8,125-

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\1:\\clients\ACTIVE\Quan II - 1550\week Bankruptcy\Adversary\0011 Motion\MOTION FOR SANCTIONS 5 24 22 vmh lkb wpd          11          THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit "A"                          Page 15

1  $12,875), David R. Haberbush's hourly rate multiplied against the anticipated total time expended and

2  to be expended by him of approximately 8.0 hours (for a fee of $3,496), and Vanessa M. Haberbush's

3  hourly rate multiplied against the anticipated total time expended and to be expended by her of

4  approximately 32.5 -  hours (for a fee of $8,937.50 - $11,687.50), means the amount of attorneys' fees

5  to be incurred by my clients will be between $20,558.50 and $28,058.50.

6       EXECUTED AT LONG BEACH, CALIFORNIA, THIS ___ DAY OF MAY, 2022.

7  I declare under penalty of perjury that the foregoing is true and correct.

8

9

10                                        Lane K. Bogard, Esq.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\U A\clients\ACTIVE\Quan B... 13501 book Bankruptcy\Adversary\9011 Motion\MOTION FOR SANCTIONS 5 24 22 vmh llb wpd

12

THIS DOCUMENT PREPARED ON RECYCLED PAPER

1   HABERBUSH, LLP
    DAVID R. HABERBUSH, ESQ., SBN 107190
2   VANESSA M. HABERBUSH, ESQ., SBN 287044
    LANE K. BOGARD, ESQ., SBN 306972
3   444 West Ocean Boulevard, Suite 1400
    Long Beach, CA 90802
4   Telephone: (562) 435-3456
    Facsimile:  (562) 435-6335
5   E-mail: lbogard@lbinsolvency.com

6   Attorneys for Defendants

7             **UNITED STATES BANKRUPTCY COURT**

8       **CENTRAL DISTRICT OF CALIFORNIA, LOS ANGELES DIVISION**

| | |
|---|---|
| In re | Case No. 2:18-bk-23346-BR |
| DAVID C. KWOK, | **Chapter 7** |
|       Debtor and Debtor-in-Possession. | Adv. Case No. 2:22-ap-01026-BR |
| SAM S. LESLIE, as Chapter 7 Trustee for the Estate of David C. Kwok, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF MOTION FOR SANCTIONS AGAINST DAVID C. KWOK PURSUANT TO FEDERAL BANKRUPTCY RULE OF PROCEDURE 9011** |
|       Plaintiff, | |
| v. | |
| JAMES QUAN, an individual and ZHONG QIU LI, an individual, | **Hearing Date**<br>Date: To be set<br>Time: To be set<br>Ctrm: 1668<br>      255 E. Temple Street<br>      Los Angeles, CA 90012 |
|       Defendants. | |

*(left margin:)* HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

20   **TO THE HONORABLE BARRY R. RUSSELL, UNITED STATES BANKRUPTCY JUDGE;**

21   **PLAINTIFF DAVID C. KWOK; AND ALL PARTIES IN INTEREST:**

22         James Quan ("Quan") and Scarlett Qiu Li fka Zhong Qiu Li ("Li") (Quan and Li, collectively

23   "Defendants"), hereby request that the Court take judicial notice, pursuant to Federal Rule of Evidence

24   201,[1] of the following:

25         1.     Docket Report for the bankruptcy case, *In re Shorb DCE, LLC*, bankruptcy case number

26   2:17-bk-14240-BR (the "Shorb Bankruptcy Case"), as of May 12, 2022, a true and correct copy of which

---

28       [1]     The Federal Rules of Evidence are made applicable to this adversary proceeding pursuant
to Fed. R. Evid. 1101.

F:\...\Quan II - Shorb work Bankruptcy\Adversary\9011 Motion\RJN ISO MOTION FOR SANCTIONS.wpd       1       THIS DOCUMENT PREPARED ON RECYCLED PAPER

Exhibit "A"           Page 17

1   is attached hereto and incorporated herein, by this reference, as Exhibit "1."

2       2.      Docket Report for the bankruptcy case, *In re David C. Kwok*, bankruptcy case number

3   2:18-bk-23346-BR (the "Kwok Bankruptcy Case"), as of May 12, 2022, a true and correct copy of which

4   is attached hereto and incorporated herein, by this reference, as Exhibit "2."

5       3.      Docket Report for the above-captioned adversary proceeding, as of May 12, 2022, a true

6   and correct copy of which is attached hereto and incorporated herein, by this reference, as Exhibit "3."

7       4.      Chapter 7 Trustee's Motion for Order (1) Authorizing Sale of 910-912 West Shorb Street,

8   Alhambra, California, Free and Clear of Liens, Claims, and Interests; (2) Approving Purchase and Sale

9   Agreement; (3) Assuming and Assigning Executory Contracts and Leases Relating to the Property; (4)

10  Determining That Buyers Are Good Faith Purchasers; and (5) Waiving the Fourteen (14) Day Stay

11  Prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure filed in the Shorb Bankruptcy

12  Case on September 28, 2017 [Docket Number 96 ], a true and correct copy of which is attached hereto

13  and incorporated herein, by this reference, as Exhibit "4."

14      5.      Motion for Authority to Abandon Estate's Interest in: (1) an Unscheduled Promissory

15  Note Dated August 31, 2017; and (2) an Adversary Proceeding Captioned Sam S. Leslie, Chapter 7

16  Trustee v. James Quan and Zhong Qui Li, Adv. No. 2:22-ap-01026-BR filed in the Kwok Bankruptcy

17  Case on January 25, 2022 [Docket Number 188], a true and correct copy of which is attached hereto and

18  incorporated herein, by this reference, as Exhibit "5."

19      6.      Complaint: (1) For Breach of Contract; (2) to Avoid Sale or, in the Alternative for

20  Damages Under 11 U.S.C. § 363(n); and (3) for Turnover filed in the above-captioned adversary

21  proceeding on January 19, 2022 [Adversary Docket Number 1], a true and correct copy of which is

22  attached hereto and incorporated herein, by this reference, as Exhibit "6."

23      7.      First Amended Complaint: (1) For Breach of Contract; (2) to Avoid Sale or, in the

24  Alternative for Damages Under 11 U.S.C. § 363(n); and (3) for Turnover filed in the above-captioned

25  adversary proceeding on January 19, 2022 [Adversary Docket Number 2], a true and correct copy of

26  which is attached hereto and incorporated herein, by this reference, as Exhibit "7."

27      8.      Summons and Notice of Status Conference in Adversary Proceeding [LBR 7004-1] filed

28  in the above-captioned adversary proceeding on January 20, 2022 [Adversary Docket Number 4], a true

HABERBUSH, LLP
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

THIS DOCUMENT PREPARED ON RECYCLED PAPER

F:\JI A\clients\ACTIVE\Quan II - 13509\Kwok Bankruptcy\Adversary\0011 Motion\RJN ISO MOTION FOR SANCTIONS.wpd

1  and correct copy of which is attached hereto and incorporated herein, by this reference, as Exhibit "8."

2       9.    Second Amended Complaint: (1) For Breach of Contract; (2) to Avoid Sale or, in the

3  Alternative for Damages Under 11 U.S.C. § 363(n); (3) for Turnover; and (4) Damages for Financial

4  Abuse of Elderly Person (CA Welf & Inst. Code § 15600 et seq.) filed in the above-captioned adversary

5  proceeding on May 9, 2022 [Adversary Docket Number 8], a true and correct copy of which is attached

6  hereto and incorporated herein, by this reference, as Exhibit "9."

7       10.    Another Summons and Notice of Status Conference in Adversary Proceeding [LBR

8  7004-1] filed in the above-captioned adversary proceeding on May 17, 2022 [Adversary Docket Number

9  12], a true and correct copy of which is attached hereto and incorporated herein, by this reference, as

10  Exhibit "10."

11                       Respectfully Submitted,

12                       HABERBUSH, LLP

13

14  Dated: May ___, 2022         By: _____

15                          LANE K. BOGARD, ESQ., Attorneys for Defendants

16

17

18

19

20

21

22

23

24

25

26

27

28

**HABERBUSH, LLP**
ATTORNEYS AT LAW
444 WEST OCEAN BOULEVARD, SUITE 1400
LONG BEACH, CA 90802

F:\I I A\clients\ACTIVE\Quan I I - 15509\mark Bankruptcy\Adversary\9011 Motion\RJN ISO MOTION FOR SANCTIONS.wpd

3

THIS DOCUMENT PREPARED ON RECYCLED PAPER

**CONVERTED, Repeat-cacb, CLOSED**

**U.S. Bankruptcy Court**
**Central District of California (Los Angeles)**
**Bankruptcy Petition #: 2:17-bk-14240-BR**

|  |  |
|---|---|
| *Assigned to:* Barry Russell | *Date filed:* 04/06/2017 |
| Chapter 7 | *Date converted:* 08/30/2017 |
| Previous chapter 11 | *Date terminated:* 12/23/2019 |
| Original chapter 11 | *341 meeting:* 12/20/2017 |
| Voluntary |  |
| Asset |  |

*Debtor disposition:* Discharge Not Applicable

| **Debtor** | represented by **Leslie A Cohen** |
|---|---|
| **Shorb DCE, LLC** | Leslie Cohen Law PC |
| 1210 S. Gladys Avenue | 506 Santa Monica Bl Ste 200 |
| San Gabriel, CA 91776 | Santa Monica, CA 90401 |
| LOS ANGELES-CA | 310-394-5900 |
| Tax ID / EIN: 20-8256916 | Fax : 310-394-9280 |
| | Email: leslie@lesliecohenlaw.com |
| | |
| | **Kevin Tang** |
| | Tang & Associates |
| | 17011 Beach Blvd |
| | Suite 900 |
| | Huntington Beach, CA 92647 |
| | 714-594-7022 |
| | Fax : 714-594-7024 |
| | Email: kevin@tang-associates.com |
| | *TERMINATED: 10/19/2017* |

| **Trustee** | represented by **Steven Werth** |
|---|---|
| **John J Menchaca (TR)** | SulmeyerKupetz |
| 835 Wilshire Blvd., Suite 300 | 333 South Grand Avenue |
| Los Angeles, CA 90017 | Suite 3400 |
| (213) 683-3317 | Los Angeles, CA 90071 |
| | 213-617-5210 |
| | Fax : 213-629-4520 |
| | Email: swerth@sulmeyerlaw.com |

| **U.S. Trustee** | represented by **Ron Maroko** |
|---|---|
| **United States Trustee (LA)** | 915 Wilshire Blvd., Ste 1850 |
| 915 Wilshire Blvd, Suite 1850 | Los Angeles, CA 90017 |
| Los Angeles, CA 90017 | 213-894-4520 |
| (213) 894-6811 | Fax : 213-894-2603 |
| | Email: ron.maroko@usdoj.gov |

| **Filing Date** | **#** | **Docket Text** |
|---|---|---|
| 04/06/2017 | 1 (31 pgs) | Chapter 11 Voluntary Petition Non-Individual. Fee Amount $1717 Filed by Shorb DCE, LLC (Tang, Kevin) Warning: Deficient for: Corporate Resolution Authorizing Filing of Petition due 4/20/2017. Incomplete Filings due by 4/20/2017. Modified on 4/7/2017 (Vandensteen, Nancy). (Entered: 04/06/2017) |
| 04/06/2017 | 2 (1 pg) | Electronic Filing Declaration (LBR Form F1002-1) Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) WARNING: Item subsequently amended by docket no. 3 Form is blank and |

| | | |
|---|---|---|
| | | no holographic signatures included. Modified on 4/7/2017 (Vandensteen, Nancy). (Entered: 04/06/2017) |
| 04/06/2017 | | Receipt of Voluntary Petition (Chapter 11)(2:17-bk-14240) [misc,volp11] (1717.00) Filing Fee. Receipt number 44583058. Fee amount 1717.00. (re: Doc# 1) (U.S. Treasury) (Entered: 04/06/2017) |
| 04/07/2017 | | Judge Barry Russell added to case due to related case 2:17-bk-14239-BR. Involvement of Judge Julia W. Brand Terminated (Fleming, Lachelle) (Entered: 04/07/2017) |
| 04/07/2017 | 3 (1 pg) | Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (BNC) . (Vandensteen, Nancy). Case is deficient for: Electronic Filing Declaration (LBR F1002-1)(Form is blank and no holographic signatures included) due by 4/10/2017. Modified on 4/10/2017 (Ly, Lynn). (Entered: 04/07/2017) |
| 04/07/2017 | | Set Case Commencement Deficiency Deadlines (ccdn) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Shorb DCE, LLC) Corporate Resolution Authorizing Filing of Petition due 4/20/2017. Incomplete Filings due by 4/20/2017. (Vandensteen, Nancy) (Entered: 04/07/2017) |
| 04/07/2017 | 4 (1 pg) | Case Commencement Deficiency Notice (BNC) (RE: related document(s)1 Voluntary Petition (Chapter 11) filed by Debtor Shorb DCE, LLC) (Vandensteen, Nancy) (Entered: 04/07/2017) |
| 04/07/2017 | 5 (2 pgs) | Corporate resolution authorizing filing of petitions Filed by Debtor Shorb DCE, LLC (RE: related document(s)1 Voluntary Petition (Chapter 11)). (Tang, Kevin) (Entered: 04/07/2017) |
| 04/07/2017 | | Receipt of Certification Fee - $33.00 by 03. Receipt Number 20217616. (admin) (Entered: 04/07/2017) |
| 04/09/2017 | 6 (2 pgs) | BNC Certificate of Notice (RE: related document(s)4 Case Commencement Deficiency Notice (BNC)) No. of Notices: 1. Notice Date 04/09/2017. (Admin.) (Entered: 04/09/2017) |
| 04/09/2017 | 7 (2 pgs) | BNC Certificate of Notice (RE: related document(s)3 Notice of Dismissal of Case If Required Documents Are Not Filed Within 72 Hours (VAN-197) (BNC)) No. of Notices: 2. Notice Date 04/09/2017. (Admin.) (Entered: 04/09/2017) |
| 04/10/2017 | 8 (1 pg) | Electronic Filing Declaration (LBR Form F1002-1) Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 04/10/2017) |
| 04/10/2017 | 9 (6 pgs) | Order setting deadline for filing chapter 11 disclosure statement and plan of reorganization; setting preliminary hearing on adequacy of disclosure statement and plan of reorganization (see order for details)Re: (BNC-PDF) Signed on 4/10/2017. (Fortier, Stacey) (Entered: 04/10/2017) |
| 04/11/2017 | 10 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 5/8/2017 at 11:00 AM at RM 5, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. (Ventura, Olivia) (Entered: 04/11/2017) |
| 04/12/2017 | 11 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)9 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 04/12/2017. (Admin.) (Entered: 04/12/2017) |
| 04/13/2017 | 12 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Martin, Elmer. (Martin, Elmer) (Entered: 04/13/2017) |
| 04/13/2017 | 13 (3 pgs) | BNC Certificate of Notice (RE: related document(s)10 Meeting of Creditors Chapter 11 & 12) No. of Notices: 8. Notice Date 04/13/2017. (Admin.) (Entered: 04/13/2017) |
| 04/20/2017 | | Hearing Set (RE: related document(s) 9 Order (Generic) (BNC-PDF) ) Hearing to be held on 06/27/2017 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles CA 90012. The hearing judge is Barry Russell (Fortier, Stacey) (Entered: 04/20/2017) |
| 05/02/2017 | 14 (25 pgs; 2 docs) | Motion to Use Cash Collateral *Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing and Provide Adequate* |

| | | |
|---|---|---|
| | | *Protection to Secured Lender; Declaration of David Kwok in Support Thereof* Filed by Debtor Shorb DCE, LLC (Attachments: # 1 Declaration of Electronic Filing) (Tang, Kevin) (Entered: 05/02/2017) |
| 05/02/2017 | 15 | Hearing Set (RE: related document(s)14 Motion to Use Cash Collateral filed by Debtor Shorb DCE, LLC) The Hearing date is set for 5/9/2017 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/02/2017) |
| 05/02/2017 | 16 (24 pgs) | Notice of Hearing Filed by Debtor Shorb DCE, LLC (RE: related document(s)14 Motion to Use Cash Collateral *Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing and Provide Adequate Protection to Secured Lender; Declaration of David Kwok in Support Thereof* Filed by Debtor Shorb DCE, LLC (Attachments: # 1 Declaration of Electronic Filing)). (Tang, Kevin) (Entered: 05/02/2017) |
| 05/02/2017 | 17 (22 pgs; 2 docs) | Application to Employ Tang & Associates as General Bankruptcy Counsel Filed by Debtor Shorb DCE, LLC (Attachments: # 1 Declaration of Electronic Filing) (Tang, Kevin) (Entered: 05/02/2017) |
| 05/02/2017 | 18 (24 pgs; 2 docs) | Notice of Opportunity To Request a Hearing On Motion (LBR 9013-1(o)) Filed by Debtor Shorb DCE, LLC (RE: related document(s)17 Application to Employ Tang & Associates as General Bankruptcy Counsel Filed by Debtor Shorb DCE, LLC (Attachments: # 1 Declaration of Electronic Filing)). (Attachments: # 1 Declaration of Electronic Filing) (Tang, Kevin) (Entered: 05/02/2017) |
| 05/03/2017 | 19 (2 pgs) | Notice of Hearing *Amended Notice of Hearing* Filed by Debtor Shorb DCE, LLC (RE: related document(s)14 Motion to Use Cash Collateral *Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing and Provide Adequate Protection to Secured Lender; Declaration of David Kwok in Support Thereof* Filed by Debtor Shorb DCE, LLC (Attachments: # 1 Declaration of Electronic Filing)). (Tang, Kevin) (Entered: 05/03/2017) |
| 05/04/2017 | 20 (17 pgs) | Objection (related document(s): 14 Motion to Use Cash Collateral *Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing and Provide Adequate Protection to Secured Lender; Declaration of David Kwok in Support Thereof* filed by Debtor Shorb DCE, LLC) *East West Bank's Conditional Objection to Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral* Filed by Creditor East West Bank (Martin, Elmer) (Entered: 05/04/2017) |
| 05/05/2017 | 21 (36 pgs) | Opposition to (related document(s): 14 Motion to Use Cash Collateral *Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing and Provide Adequate Protection to Secured Lender; Declaration of David Kwok in Support Thereof* filed by Debtor Shorb DCE, LLC) *with Proof of Service* Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 05/05/2017) |
| 05/08/2017 | 22 (54 pgs; 2 docs) | Reply to (related document(s): 20 Objection filed by Creditor East West Bank, 21 Opposition filed by Creditor William B. Wright) Filed by Debtor Shorb DCE, LLC (Attachments: # 1 Declaration of Electronic Filing) (Tang, Kevin) (Entered: 05/08/2017) |
| 05/09/2017 | 23 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 5/22/2017 at 02:00 PM at RM 5, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. (Maroko, Ron) (Entered: 05/09/2017) |
| 05/09/2017 | 24 (26 pgs; 2 docs) | Addendum to voluntary petition , Amended Schedule A/B Chapter 11 or Chapter 9 Cases Non-Individual:: Property (Official Form 106A/B or 206A/B) , Schedule G Chapter 11 or Chapter 9 Cases Non-Individual:: Executory Contracts and Unexpired Leases (Official Form 106G or 206G) , Schedule H Chapter 11 or Chapter 9 Cases Non-Individual:: Your Codebtors (Official Form 106H or 206H) , Statement of Financial Affairs for Chapter 11 or Chapter 9 Cases Non-Individual:: Filing for Bankruptcy (Official Form 107 or 207) , List of Equity Security Holders , Chapter 11 or Chapter 9 Cases Non-Individual:: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders (Form 104 or 204) Filed by Debtor Shorb DCE, LLC. (Attachments: # 1 Declaration of Electronic Filing) (Tang, Kevin) (Entered: 05/09/2017) |

| 05/09/2017 | 25<br>(9 pgs; 2 docs) | Amending Schedules (D) (E/F) Filed by Debtor Shorb DCE, LLC. (Attachments: # 1 Declaration of Electronic Filing) (Tang, Kevin) (Entered: 05/09/2017) |
|---|---|---|
| 05/10/2017 | | Receipt of Amending Schedules D and/or E/F (Official Form 106D, 106E/F, 206D, or 206E/F) (Fee)(2:17-bk-14240-BR) [misc,amdsch] ( 31.00) Filing Fee. Receipt number 44790338. Fee amount 31.00. (re: Doc# 25) (U.S. Treasury) (Entered: 05/10/2017) |
| 05/11/2017 | | Hearing (Bk Motion) Continued (RE: related document(s) 14 MOTION TO USE CASH COLLATERAL filed by Debtor Shorb DCE, LLC) Hearing to be held on 06/27/2017 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 14 , (Fortier, Stacey) (Entered: 05/11/2017) |
| 05/15/2017 | 26<br>(16 pgs) | Small Business Monthly Operating Report for Filing Period April 30, 2017 Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 05/15/2017) |
| 05/20/2017 | 27<br>(6 pgs) | Declaration re: *Supplemental Declaration of Kevin Tang in Support of Application to Employ Tang & Associates as General Bankruptcy Counsel* Filed by Debtor Shorb DCE, LLC (RE: related document(s)17 Application to Employ Tang & Associates as General Bankruptcy Counsel ). (Tang, Kevin) (Entered: 05/20/2017) |
| 05/22/2017 | 28<br>(5 pgs) | Notice of lodgment *regarding Order Granting Debtor's Emergency Motion for Order Authorizing Use Of Cash Collateral On An Interim Basis Pending A Final Hearing* Filed by Creditor East West Bank (RE: related document(s)14 Motion to Use Cash Collateral *Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing and Provide Adequate Protection to Secured Lender; Declaration of David Kwok in Support Thereof* Filed by Debtor Shorb DCE, LLC (Attachments: # 1 Declaration of Electronic Filing). (Martin, Elmer) (Entered: 05/22/2017) |
| 05/23/2017 | 29<br>(30 pgs) | Transcript regarding Hearing Held 05/09/17 RE: Emergency motion for order authorizing use of cash collateral. Remote electronic access to the transcript is restricted until 08/21/2017. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number 8584537590.]. Notice of Intent to Request Redaction Deadline Due By 5/30/2017. Redaction Request Due By 06/13/2017. Redacted Transcript Submission Due By 06/23/2017. Transcript access will be restricted through 08/21/2017. (Bauer, Tara) (Entered: 05/23/2017) |
| 05/25/2017 | 30 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 5/30/2017 at 11:30 AM at RM 5, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. (Maroko, Ron) (Entered: 05/25/2017) |
| 05/26/2017 | 31<br>(2 pgs) | Order Granting in Part Debtor's Emergency Motion For Order Authorizing Use of Cash Collateral on An Interim BAsis Pending A final Hearing (See roder for details) (BNC-PDF) (Related Doc # 14 ) Signed on 5/26/2017 (Fortier, Stacey) (Entered: 05/26/2017) |
| 05/28/2017 | 32<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 Order on Motion to Use Cash Collateral (BNC-PDF)) No. of Notices: 1. Notice Date 05/28/2017. (Admin.) (Entered: 05/28/2017) |
| 06/01/2017 | 33 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 6/12/2017 at 11:30 AM at RM 5, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. (Maroko, Ron) (Entered: 06/01/2017) |
| 06/06/2017 | 34<br>(19 pgs) | Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. §1112(b)(1), with Proof of Service* Fee Amount $15 Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 06/06/2017) |
| 06/06/2017 | | Receipt of Motion to Convert Case(2:17-bk-14240-BR) [motion,mconv] ( 15.00) Filing Fee. Receipt number 44963902. Fee amount 15.00. (re: Doc# 34) (U.S. Treasury) (Entered: 06/06/2017) |
| 06/07/2017 | 35<br>(32 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Debtor Shorb DCE, LLC (RE: related document(s)17 Application to Employ Tang & |

|  |  | Associates as General Bankruptcy Counsel ). (Tang, Kevin) (Entered: 06/07/2017) |
|---|---|---|
| 06/07/2017 | 36 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH CORRECT HEARING INFORMATION.** (RE: related document(s)34 Motion to Convert Case filed by Creditor William B. Wright) (Fortier, Stacey) (Entered: 06/07/2017) |
| 06/07/2017 | 37 (3 pgs) | Notice of Hearing *(with corrected time of hearing), with Proof of Service* Filed by Creditor William B. Wright (RE: related document(s)34 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. §1112(b)(1), with Proof of Service* Fee Amount $15 Filed by Creditor William B. Wright). (Unruh, Carol) (Entered: 06/07/2017) |
| 06/08/2017 | 38 | Hearing Set (RE: related document(s)34 Motion to Convert Case filed by Creditor William B. Wright) The Hearing date is set for 6/27/2017 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 06/08/2017) |
| 06/13/2017 | 39 (2 pgs) | Order Granting Application to Employ Kevin Tang as general bankruptcy counsel (BNC-PDF) (Related Doc # 17) Signed on 6/13/2017. (Toliver, Wanda) (Entered: 06/13/2017) |
| 06/13/2017 | 40 (13 pgs) | Motion *to Approve Refinancing of Secured Loans on Debtor's Property* Filed by Debtor Shorb DCE, LLC (Tang, Kevin) (Entered: 06/13/2017) |
| 06/13/2017 | 41 (9 pgs) | Opposition to (related document(s): 34 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. §1112(b)(1), with Proof of Service* Fee Amount $15 filed by Creditor William B. Wright) Filed by Debtor Shorb DCE, LLC (Tang, Kevin) (Entered: 06/13/2017) |
| 06/13/2017 | 42 (19 pgs) | Application shortening time Filed by Debtor Shorb DCE, LLC (Tang, Kevin) (Entered: 06/13/2017) |
| 06/14/2017 | 43 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 6/19/2017 at 09:00 AM at RM 5, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. (Maroko, Ron) (Entered: 06/14/2017) |
| 06/14/2017 | 44 (3 pgs) | Notice of Hearing Filed by Debtor Shorb DCE, LLC (RE: related document(s)40 Motion *to Approve Refinancing of Secured Loans on Debtor's Property* Filed by Debtor Shorb DCE, LLC). (Tang, Kevin) (Entered: 06/14/2017) |
| 06/14/2017 | 45 | Hearing Set (RE: related document(s)40 Generic Motion filed by Debtor Shorb DCE, LLC) The Hearing date is set for 6/27/2017 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 06/14/2017) |
| 06/14/2017 | 46 (21 pgs) | Declaration re: *Supplemental Declaration Of Carol G. Unruh In Support Of Motion To Convert Case To Chapter 7, with Proof of Service* Filed by Creditor William B. Wright. (Unruh, Carol) (Entered: 06/14/2017) |
| 06/15/2017 | 47 (35 pgs) | Response to (related document(s): 34 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. §1112(b)(1), with Proof of Service* Fee Amount $15 filed by Creditor William B. Wright) *East West Bank's Response to Motion of Secured Creditor William B. Wright to Convert Case to Chapter 7* Filed by Creditor East West Bank (Martin, Elmer) (Entered: 06/15/2017) |
| 06/15/2017 | 48 (7 pgs) | Declaration re: *Supplemental Declaration Of William B. Wright In Support Of Motion To Convert Case To Chapter 7, with Proof of Service* Filed by Creditor William B. Wright. (Unruh, Carol) (Entered: 06/15/2017) |
| 06/15/2017 | 49 (15 pgs) | Chapter 11 Plan of Reorganization Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 06/15/2017) |
| 06/15/2017 | 50 (15 pgs) | Chapter 11 Plan of Reorganization *Corrected Chapter 11 Plan of Reorganization* Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 06/15/2017) |

| 06/15/2017 | 51 (15 pgs) | Amended Chapter 11 Plan *First Amended Chapter 11 Plan* Filed by Debtor Shorb DCE, LLC (RE: related document(s)50 Chapter 11 Plan of Reorganization *Corrected Chapter 11 Plan of Reorganization* Filed by Debtor Shorb DCE, LLC.). (Tang, Kevin) (Entered: 06/15/2017) |
|---|---|---|
| 06/15/2017 | 52 (42 pgs) | Disclosure Statement Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 06/15/2017) |
| 06/15/2017 | 53 (5 pgs) | Status report Filed by Debtor Shorb DCE, LLC (RE: related document(s)9 Order (Generic) (BNC-PDF), Hearing (Bk Motion) Set). (Tang, Kevin) (Entered: 06/15/2017) |
| 06/15/2017 | 54 (5 pgs) | Reply to (related document(s): 41 Opposition filed by Debtor Shorb DCE, LLC) *with Proof of Service* Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 06/15/2017) |
| 06/15/2017 | 55 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)39 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 06/15/2017. (Admin.) (Entered: 06/15/2017) |
| 06/17/2017 | 56 (5 pgs) | Opposition to (related document(s): 40 Motion *to Approve Refinancing of Secured Loans on Debtor's Property* filed by Debtor Shorb DCE, LLC) *with Proof of Service* Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 06/17/2017) |
| 06/19/2017 | 57 (19 pgs) | Reply to (related document(s): 40 Motion *to Approve Refinancing of Secured Loans on Debtor's Property* filed by Debtor Shorb DCE, LLC, 51 Amended Chapter 11 Plan filed by Debtor Shorb DCE, LLC, 52 Disclosure Statement filed by Debtor Shorb DCE, LLC) *East West Bank's Comments on Debtor's Refinancing Motion, Disclosure Statement and Plan* Filed by Creditor East West Bank (Martin, Elmer) (Entered: 06/19/2017) |
| 06/20/2017 | 58 (5 pgs) | Opposition to (related document(s): 52 Disclosure Statement filed by Debtor Shorb DCE, LLC) *with Proof of Service* Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 06/20/2017) |
| 06/22/2017 | 59 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 6/26/2017 at 09:00 AM at RM 5, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. (Maroko, Ron) (Entered: 06/22/2017) |
| 06/24/2017 | 60 (10 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending Amended April 30, 2017 Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 06/24/2017) |
| 06/24/2017 | 61 (10 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending May 31, 2017 Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 06/24/2017) |
| 06/24/2017 | 62 (13 pgs) | Declaration re: *Supplemental Declaration in Support of Opposition to Motion of Secured Creditor William B. Wright To Convert Case to Chapter 7 Pursuant to 11 U.S.C. 1112(b)(1)* Filed by Debtor Shorb DCE, LLC (RE: related document(s)41 Opposition). (Tang, Kevin) (Entered: 06/24/2017) |
| 06/25/2017 | 63 (15 pgs) | Amended Chapter 11 Plan *Second Amended Plan* Filed by Debtor Shorb DCE, LLC (RE: related document(s)51 Amended Chapter 11 Plan *First Amended Chapter 11 Plan* Filed by Debtor Shorb DCE, LLC (RE: related document(s)50 Chapter 11 Plan of Reorganization *Corrected Chapter 11 Plan of Reorganization* Filed by Debtor Shorb DCE, LLC.).). (Tang, Kevin) (Entered: 06/25/2017) |
| 06/25/2017 | 64 (32 pgs) | Amended Disclosure Statement *First Amended Disclosure Statement* Filed by Debtor Shorb DCE, LLC (RE: related document(s)52 Disclosure Statement Filed by Debtor Shorb DCE, LLC.). (Tang, Kevin) (Entered: 06/25/2017) |
| 06/25/2017 | 65 (10 pgs) | Status report *Second Status Report* Filed by Debtor Shorb DCE, LLC (RE: related document(s)9 Order (Generic) (BNC-PDF)). (Tang, Kevin) (Entered: 06/25/2017) |
| 06/26/2017 | 66 (8 pgs) | Application *DEBTORS EX PARTE MOTION TO ENLARGE THE DEADLINE TO FILE DISCLOSURE STATEMENT AND PLAN AFTER THE DEADLINE SET BY THE COURT* |

| | | |
|---|---|---|
| | | *IN THE ORDER SETTING DEADLINE TO FILE THE DISCLOSURE STATEMENT* Filed by Debtor Shorb DCE, LLC (Tang, Kevin) (Entered: 06/26/2017) |
| 06/26/2017 | 67 (21 pgs) | Reply to (related document(s): 64 Amended Disclosure Statement filed by Debtor Shorb DCE, LLC) *East West Bank's Comments on Debtor's June 25, 2017 Disclosure Statement Tax Computations* Filed by Creditor East West Bank (Martin, Elmer) (Entered: 06/26/2017) |
| 06/26/2017 | 68 (6 pgs) | Declaration re: *Second Supplemental Declaration in Support of Opposition to Motion of Secured Creditor William B. Wright To Convert Case to Chapter 7 Pursuant to 11 U.S.C. 1112(b)(1)* Filed by Debtor Shorb DCE, LLC (RE: related document(s)41 Opposition). (Tang, Kevin) (Entered: 06/26/2017) |
| 06/27/2017 | 69 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. CORRECT HEARING DATE IS JUNE 27, 2017 AT 2:00 P.M..** (RE: related document(s)68 Declaration filed by Debtor Shorb DCE, LLC) (Fortier, Stacey) (Entered: 06/27/2017) |
| 06/27/2017 | | Hearing (Bk Motion) Continued (RE: related document(s) 34 MOTION TO CONVERT CASE filed by William B. Wright) Hearing to be held on 08/22/2017 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 34 , (Fortier, Stacey) (Entered: 06/27/2017) |
| 06/27/2017 | 70 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by U.S. Trustee United States Trustee (LA). 341(a) Meeting Continued to 7/17/2017 at 09:00 AM at RM 5, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. (Maroko, Ron) (Entered: 06/27/2017) |
| 07/01/2017 | 71 (16 pgs) | Notice of Motion and Motion in Individual Ch 11 Case for Order Employing Professional (LBR 2014-1): George Tisen dba Nationwide Commercial Realtors as Real Estate Broker Filed by Debtor Shorb DCE, LLC (Tang, Kevin) (Entered: 07/01/2017) |
| 07/07/2017 | 72 (6 pgs) | Notice of lodgment *of Order Following June 27, 2017 Hearing on Debtor's Motion to Approve Refinancing of Secured Loans on Debtor's Property, Preliminary Hearing on Adequacy of Debtor's Disclosure Statement and Plan of Reorganization, Debtor's Motion for Order Authorizing Use of Cash Collateral, and Creditor William B. Wright's Motion to Convert Case from Chapter 11 to 7* Filed by Creditor East West Bank (RE: related document(s)14 Motion to Use Cash Collateral *Debtor's Emergency Motion for Order Authorizing Use of Cash Collateral on an Interim Basis Pending a Final Hearing and Provide Adequate Protection to Secured Lender; Declaration of David Kwok in Support Thereof* Filed by Debtor Shorb DCE, LLC (Attachments: # 1 Declaration of Electronic Filing), 34 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. §1112(b) (1), with Proof of Service* Fee Amount $15 Filed by Creditor William B. Wright, 40 *Motion to Approve Refinancing of Secured Loans on Debtor's Property* Filed by Debtor Shorb DCE, LLC, 64 Amended Disclosure Statement *First Amended Disclosure Statement* Filed by Debtor Shorb DCE, LLC (RE: related document(s)52 Disclosure Statement Filed by Debtor Shorb DCE, LLC.).). (Martin, Elmer) (Entered: 07/07/2017) |
| 07/14/2017 | 73 (33 pgs) | Transcript regarding Hearing Held 06/27/17 RE: Hearing re motion to approve refinancing of secured loans on Debtor's property. Remote electronic access to the transcript is restricted until 10/12/2017. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Echo Reporting, Inc., Telephone number 8584537590.]. Notice of Intent to Request Redaction Deadline Due By 7/21/2017. Redaction Request Due By 08/4/2017. Redacted Transcript Submission Due By 08/14/2017. Transcript access will be restricted through 10/12/2017. (Bauer, Tara) (Entered: 07/14/2017) |
| 07/15/2017 | 74 (14 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending June 30, 2017 Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 07/15/2017) |
| 07/18/2017 | 75 (3 pgs) | Order following June 27, 2017 preliminary hearing on adequacy of debtor's disclosure statement, debtor's motion for order authorizing use of cash collateral and motion to convert case (see order for details)re: Re: (BNC-PDF) (Related Doc # 64 ) Signed on 7/18/2017 (Fortier, Stacey) (Entered: 07/18/2017) |
| 07/20/2017 | 76 | BNC Certificate of Notice - PDF Document. (RE: related document(s)75 Order (Generic) |

| | | |
|---|---|---|
| | (4 pgs) | (BNC-PDF)) No. of Notices: 1. Notice Date 07/20/2017. (Admin.) (Entered: 07/20/2017) |
| 08/01/2017 | 77 (10 pgs) | Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) Filed by Debtor Shorb DCE, LLC (Tang, Kevin) (Entered: 08/01/2017) |
| 08/01/2017 | 78 (13 pgs) | Notice of Hearing Filed by Debtor Shorb DCE, LLC (RE: related document(s)77 Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) Filed by Debtor Shorb DCE, LLC). (Tang, Kevin) (Entered: 08/01/2017) |
| 08/02/2017 | 79 | Hearing Set (RE: related document(s)77 Motion for Authority to Obtain Credit Under Section 364 filed by Debtor Shorb DCE, LLC) The Hearing date is set for 8/22/2017 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 08/02/2017) |
| 08/02/2017 | 80 (9 pgs) | Response to (related document(s): 77 Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) filed by Debtor Shorb DCE, LLC) *East West Bank's Response to Debtor's Motion for Authority to Enter into Loan to Refinance the Secured Loans on Debtor's Property* Filed by Creditor East West Bank (Martin, Elmer) (Entered: 08/02/2017) |
| 08/07/2017 | 81 (6 pgs) | Response to (related document(s): 77 Motion for Authority to Obtain Credit Under Section 364(b), Rule 4001(c) or (d) filed by Debtor Shorb DCE, LLC) *with Proof of Service* Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 08/07/2017) |
| 08/08/2017 | 82 (4 pgs) | Status report *Third Status Report* Filed by Debtor Shorb DCE, LLC (RE: related document(s)75 Order (Generic) (BNC-PDF)). (Tang, Kevin) (Entered: 08/08/2017) |
| 08/15/2017 | 83 (16 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending July 31, 2017 Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 08/15/2017) |
| 08/22/2017 | 84 (5 pgs) | Notice of lodgment *of Order Converting Case To Chapter 7, with Proof of Service* Filed by Creditor William B. Wright (RE: related document(s)34 Motion to Convert Case From Chapter 11 to 7. *Pursuant to 11 U.S.C. §1112(b)(1), with Proof of Service* Fee Amount $15 Filed by Creditor William B. Wright). (Unruh, Carol) (Entered: 08/22/2017) |
| 08/30/2017 | 85 (2 pgs) | Order Converting Case to Chapter 7 (BNC-PDF). Trustee (BNC-PDF) Signed on 8/30/2017 (RE: related document(s)34 Motion to Convert Case filed by Creditor William B. Wright). (Toliver, Wanda) (Entered: 08/30/2017) |
| 08/30/2017 | 86 (1 pg) | Notice of appointment and acceptance of trustee *and fixing of bond.* Filed by Trustee JOHN J MENCHACA. (Menchaca (TR), John) (Entered: 08/30/2017) |
| 08/31/2017 | 87 (2 pgs) | Meeting of Creditors 341(a) meeting to be held on 10/2/2017 at 10:00 AM at RM 2, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. (Toliver, Wanda) (Entered: 08/31/2017) |
| 09/01/2017 | 88 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)85 Order Converting Case to Chapter 7 (BNC-PDF)) No. of Notices: 1. Notice Date 09/01/2017. (Admin.) (Entered: 09/01/2017) |
| 09/02/2017 | 89 (3 pgs) | BNC Certificate of Notice (RE: related document(s)87 Meeting of Creditors Chapter 7 Asset) No. of Notices: 10. Notice Date 09/02/2017. (Admin.) (Entered: 09/02/2017) |
| 09/04/2017 | 90 (2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee John J Menchaca (TR). Proofs of Claims due by 12/8/2017. Government Proof of Claim due by 10/3/2017. (Menchaca (TR), John) (Entered: 09/04/2017) |
| 09/05/2017 | 91 (31 pgs) | Application to Employ SulmeyerKupetz, A Professional Corporation as General Bankruptcy Counsel to Chapter 7 Trustee *Application to Employ SulmeyerKupetz, A Professional Corporation, as General Bankruptcy Counsel; Declaration of John J. Menchaca; Statement of Disinterestedness [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 09/05/2017) |
| 09/05/2017 | 92 (5 pgs) | Notice of motion/application Filed by Trustee John J Menchaca (TR) (RE: related document(s)91 Application to Employ SulmeyerKupetz, A Professional Corporation as |

| | | |
|---|---|---|
| | | General Bankruptcy Counsel to Chapter 7 Trustee *Application to Employ SulmeyerKupetz, A Professional Corporation, as General Bankruptcy Counsel; Declaration of John J. Menchaca; Statement of Disinterestedness [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 09/05/2017) |
| 09/07/2017 | 93 (2 pgs) | BNC Certificate of Notice (RE: related document(s)90 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee John J Menchaca (TR) No. of Notices: 12. Notice Date 09/07/2017. (Admin.) (Entered: 09/07/2017) |
| 09/11/2017 | 94 (13 pgs) | Motion *Chapter 7 Trustee's Motion for Order Authorizing Operation of Debtor's Business; Memorandum of Points and Authorities; Declaration of John J. Menchaca in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 09/11/2017) |
| 09/11/2017 | 95 (5 pgs) | Notice of motion/application Filed by Trustee John J Menchaca (TR) (RE: related document(s)94 Motion *Chapter 7 Trustee's Motion for Order Authorizing Operation of Debtor's Business; Memorandum of Points and Authorities; Declaration of John J. Menchaca in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 09/11/2017) |
| 09/12/2017 | | Receipt of Certification Fee - $11.00 by 19. Receipt Number 20221682. (admin) (Entered: 09/12/2017) |
| 09/28/2017 | 96 (81 pgs) | Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Chapter 7 Trustee's Motion for Order (1) Authorizing Sale of 910-912 West Shorb Street, Alhambra, California, Free and Clear of Liens, Claims, and Interests; (2) Approving Purchase and Sale Agreement; (3) Assuming and Assigning Executory Contracts and Leases Relating to the Property; (4) Determining that Buyers are Good Faith Purchasers; and (5) Waiving the Fourteen (14) Day Stay Prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declarations John J. Menchaca, Steven F. Werth, and James Quan in Support Thereof [with Proof of Service].* Fee Amount $181, Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 09/28/2017) |
| 09/28/2017 | | Receipt of Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee(2:17-bk-14240-BR) [motion,msell] ( 181.00) Filing Fee. Receipt number 45667791. Fee amount 181.00. (re: Doc# 96) (U.S. Treasury) (Entered: 09/28/2017) |
| 09/29/2017 | 97 (22 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee John J Menchaca (TR) (RE: related document(s)94 Motion *Chapter 7 Trustee's Motion for Order Authorizing Operation of Debtor's Business; Memorandum of Points and Authorities; Declaration of John J. Menchaca in Support Thereof [with Proof of Service]*). (Werth, Steven) (Entered: 09/29/2017) |
| 09/29/2017 | 98 (40 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) Filed by Trustee John J Menchaca (TR) (RE: related document(s)91 Application to Employ SulmeyerKupetz, A Professional Corporation as General Bankruptcy Counsel to Chapter 7 Trustee *Application to Employ SulmeyerKupetz, A Professional Corporation, as General Bankruptcy Counsel; Declaration of John J. Menchaca; Stat).* (Werth, Steven) (Entered: 09/29/2017) |
| 09/29/2017 | 99 (7 pgs) | Notice of Hearing Filed by Trustee John J Menchaca (TR) (RE: related document(s)96 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Chapter 7 Trustee's Motion for Order (1) Authorizing Sale of 910-912 West Shorb Street, Alhambra, California, Free and Clear of Liens, Claims, and Interests; (2) Approving Purchase and Sale Agreement; (3) Assuming and Assigning Executory Contracts and Leases Relating to the Property; (4) Determining that Buyers are Good Faith Purchasers; and (5) Waiving the Fourteen (14) Day Stay Prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; Memorandum of Points and Authorities; Declarations John J. Menchaca, Steven F. Werth, and James Quan in Support Thereof [with Proof of Service].* Fee Amount $181, Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 09/29/2017) |
| 09/29/2017 | 100 | Hearing Set (RE: related document(s)96 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) - Fee filed by Trustee John J Menchaca (TR)) The Hearing date is set for 10/24/2017 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los |

| | | |
|---|---|---|
| | | Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 09/29/2017) |
| 10/03/2017 | 101 | Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings) 341(a) Meeting Continued to be held on 12/20/2017 at 11:00 AM at RM 2, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. 1.Trustee is further evaluating this matter. Debtor appeared. (Menchaca (TR), John) (Entered: 10/03/2017) |
| 10/04/2017 | 102 (1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by Trustee John J Menchaca (TR) (RE: related document(s) 101 Continuance of Meeting of Creditors (Rule 2003(e)) (Trustee's 341 Filings)). (Menchaca (TR), John) (Entered: 10/04/2017) |
| 10/09/2017 | 103 (15 pgs) | Application to Employ John Baer as Paraprofessional *Chapter 7 Trustee's Motion to Employ Paraprofessional in Connection with Operation of Business; Memorandum of Points and Authorities; Declarations of John J. Menchaca and John Baer in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 10/09/2017) |
| 10/10/2017 | 104 (2 pgs) | Order Granting Motion for order authorizing operation of debtor's business (BNC-PDF) (Related Doc # 94 ) Signed on 10/10/2017 (Fortier, Stacey) (Entered: 10/10/2017) |
| 10/10/2017 | 105 (10 pgs) | Opposition to (related document(s): 96 Motion to Sell Property of the Estate Free and Clear of Liens under Section 363(f) *Chapter 7 Trustee's Motion for Order (1) Authorizing Sale of 910-912 West Shorb Street, Alhambra, California, Free and Clear of Liens, Claims, and Interests; (2)* filed by Trustee John J Menchaca (TR)) with Proof of Service Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 10/10/2017) |
| 10/11/2017 | 106 (2 pgs) | Order Granting Application to Employ SulmeyerKupetz PC as general bankruptcy counsel(BNC-PDF) (Related Doc # 91) Signed on 10/11/2017. (Fortier, Stacey) (Entered: 10/11/2017) |
| 10/12/2017 | 107 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)104 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/12/2017. (Admin.) (Entered: 10/12/2017) |
| 10/13/2017 | 108 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)106 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 10/13/2017. (Admin.) (Entered: 10/13/2017) |
| 10/16/2017 | 109 (5 pgs) | Reply to (related document(s): 105 Opposition filed by Creditor William B. Wright) *Chapter 7 Trustee's Reply to Limited Opposition of Secured Creditor William B. Wright to Trustee's Motion for Order Authorizing Sale of 910-912 West Shorb St., Alhambra, California [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 10/16/2017) |
| 10/19/2017 | 110 (3 pgs) | Substitution of attorney Filed by Debtor Shorb DCE, LLC. (Cohen, Leslie) (Entered: 10/19/2017) |
| 11/08/2017 | 111 (24 pgs) | Application to Employ Menchaca & Company LLP as Accountant for Chapter 7 Trustee *Declaration of Alfred Okubo In Support Thereof; With Proof of Service.* Filed by Accountant MENCHACA & COMPANY LLP CPA (Menchaca (TR), John) (Entered: 11/08/2017) |
| 11/08/2017 | 112 (7 pgs) | Notice of motion/application *to Employ Menchaca & Company LLP as Accountant for Chapter 7 Trustee; With Proof of Service.* Filed by Accountant MENCHACA & COMPANY LLP CPA (RE: related document(s)111 Application to Employ Menchaca & Company LLP as Accountant for Chapter 7 Trustee *Declaration of Alfred Okubo In Support Thereof; With Proof of Service.* Filed by Accountant MENCHACA & COMPANY LLP CPA (Menchaca (TR), John)). (Menchaca (TR), John) (Entered: 11/08/2017) |
| 11/13/2017 | 113 (7 pgs) | Order after hearing, Granting Motion To Sell Property Free and Clear of Liens (see order for details) (BNC-PDF) (Related Doc # 96 ) Signed on 11/13/2017 (Fortier, Stacey) (Entered: 11/13/2017) |

| | | |
|---|---|---|
| 11/15/2017 | **114**<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)113 Order on Motion To Sell (BNC-PDF)) No. of Notices: 1. Notice Date 11/15/2017. (Admin.) (Entered: 11/15/2017) |
| 11/16/2017 | | Receipt of Certification Fee - $11.00 by 03. Receipt Number 20223351. (admin) (Entered: 11/16/2017) |
| 12/04/2017 | **115**<br>(30 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *With Proof of Service.* Filed by Trustee John J Menchaca (TR) (RE: related document(s)111 Application to Employ Menchaca & Company LLP as Accountant for Chapter 7 Trustee *Declaration of Alfred Okubo In Support Thereof; With Proof of Service.*). (Menchaca (TR), John) (Entered: 12/04/2017) |
| 12/18/2017 | **116**<br>(2 pgs) | Order Granting Application to Employ JOHN J MENCHACA (BNC-PDF) (Related Doc # 111) Signed on 12/18/2017. (Fortier, Stacey) (Entered: 12/18/2017) |
| 12/20/2017 | **117**<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)116 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 12/20/2017. (Admin.) (Entered: 12/20/2017) |
| 12/30/2017 | 118 | Meeting of Creditors Held and Concluded (Chapter 7 Asset) Filed by Trustee John J Menchaca (TR) (RE: related document(s)87 Meeting of Creditors 341(a) meeting to be held on 10/2/2017 at 10:00 AM at RM 2, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017.). (Menchaca (TR), John) (Entered: 12/30/2017) |
| 01/02/2018 | | Receipt of Motion Filing Fee - $181.00 by 04. Receipt Number 20224395. (admin) (Entered: 01/02/2018) |
| 01/02/2018 | **119**<br>(72 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Superior Court of California LA . Fee Amount $181, Filed by (Fortier, Stacey) (Entered: 01/03/2018) |
| 01/03/2018 | 120 | Hearing Set (RE: related document(s)119 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM) The Hearing date is set for 1/23/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 01/03/2018) |
| 01/09/2018 | **121**<br>(6 pgs) | Opposition to (related document(s): 119 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Superior Court of California LA. Fee Amount $181,) *Chapter 7 Trustee's Opposition to Motion for Relief From Stay Filed by Stephen Forde [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 01/09/2018) |
| 01/09/2018 | **122**<br>(4 pgs) | Notice *of Joinder* Filed by Debtor Shorb DCE, LLC (RE: related document(s)121 Opposition to (related document(s): 119 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Superior Court of California LA. Fee Amount $181,) *Chapter 7 Trustee's Opposition to Motion for Relief From Stay Filed by Stephen Forde [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Cohen, Leslie) (Entered: 01/09/2018) |
| 01/16/2018 | **123**<br>(12 pgs) | Reply to (related document(s): 121 Opposition filed by Trustee John J Menchaca (TR)) Filed by Other Professional Stephen Forde (Vandensteen, Nancy) (Entered: 01/17/2018) |
| 02/01/2018 | **124**<br>(7 pgs) | Notice of lodgment *Notice of Lodgment of Order Granting Relief from Automatic Stay Pursuant to 11 U.S.C. Section 362(d)(1) [Nonbankruptcy Forum] with Proof of Service* Filed by Other Professional Stephen Forde (RE: related document(s)119 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Superior Court of California LA. Fee Amount $181, Filed by). (Unruh, Carol) (Entered: 02/01/2018) |
| 02/02/2018 | **125**<br>(19 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 17 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in* |

| | | |
|---|---|---|
| | | *Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 02/02/2018) |
| 02/02/2018 | [126](#) (18 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 18 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 02/02/2018) |
| 02/02/2018 | [127](#) (18 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 19 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 02/02/2018) |
| 02/06/2018 | [128](#) (3 pgs) | Notice *Notice of Objection to Claim No.17 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[125](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 17 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 02/06/2018) |
| 02/06/2018 | [129](#) (3 pgs) | Notice *Notice of Objection to Claim No. 18 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[126](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 18 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 02/06/2018) |
| 02/06/2018 | [130](#) (3 pgs) | Notice *Notice of Objection to Claim No. 19 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[127](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 19 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 02/06/2018) |
| 02/06/2018 | 131 | Hearing Set (RE: related document(s)[125](#) Motion to Disallow Claims filed by Trustee John J Menchaca (TR) The Hearing date is set for 3/13/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 02/06/2018) |
| 02/06/2018 | 132 | Hearing Set (RE: related document(s)[126](#) Motion to Disallow Claims filed by Trustee John J Menchaca (TR) The Hearing date is set for 3/13/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 02/06/2018) |
| 02/06/2018 | 133 | Hearing Set (RE: related document(s)[127](#) Motion to Disallow Claims filed by Trustee John J Menchaca (TR) The Hearing date is set for 3/13/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 02/06/2018) |
| 02/08/2018 | [134](#) (4 pgs) | Order Granting motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # [119](#) ) Signed on 2/8/2018 (Fortier, Stacey) (Entered: 02/08/2018) |
| 02/09/2018 | [135](#) (4 pgs) | Monthly Operating Report. Operating Report Number: 1. For the Month Ending September 30, 2017 Filed by Trustee John J Menchaca (TR). (Menchaca (TR), John) (Entered: 02/09/2018) |
| 02/09/2018 | [136](#) (3 pgs) | Monthly Operating Report. Operating Report Number: 2. For the Month Ending October 31, 2017 Filed by Trustee John J Menchaca (TR). (Menchaca (TR), John) (Entered: 02/09/2018) |
| 02/09/2018 | [137](#) (4 pgs) | Monthly Operating Report. Operating Report Number: 3. For the Month Ending November 30, 2017 Filed by Trustee John J Menchaca (TR). (Menchaca (TR), John) (Entered: 02/09/2018) |
| 02/09/2018 | [138](#) (4 pgs) | Monthly Operating Report. Operating Report Number: 4. For the Month Ending December 30, 2017 Filed by Trustee John J Menchaca (TR). (Menchaca (TR), John) (Entered: |

| | | 02/09/2018) |
|---|---|---|
| 02/10/2018 | 139<br>(5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)134 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 02/10/2018. (Admin.) (Entered: 02/10/2018) |
| 02/26/2018 | 140<br>(105 pgs; 3 docs) | Opposition to (related document(s): 125 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 17 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR), 126 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 18 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR), 127 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 19 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR)) Filed by Stephen Forde (Attachments: # 1 Exhibit # 2 Exhibit) (Fortier, Stacey) (Entered: 02/27/2018) |
| 03/06/2018 | 141<br>(8 pgs) | Reply to (related document(s): 140 Opposition filed by Other Professional Stephen Forde) *Reply to Opposition of Stephen Forde to Claim Number 17, 18, 19 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 03/06/2018) |
| 03/06/2018 | 142<br>(8 pgs) | Motion for 2004 Examination of and production of documents by David Kwok and Elke Coffey in connection with debtor Filed by Other Professional Stephen Forde (Fortier, Stacey) (Entered: 03/07/2018) |
| 03/06/2018 | 143<br>(4 pgs) | Notice of motion/application Filed by Other Professional Stephen Forde (RE: related document(s)142 Motion for 2004 Examination of and production of documents by David Kwok and Elke Coffey in connection with debtor Filed by Other Professional Stephen Forde). (Fortier, Stacey) (Entered: 03/07/2018) |
| 03/08/2018 | 144<br>(2 pgs) | Order Granting Motion for 2004 Examination by David Kwok and Elke Coffey in connection with debtor (PDF-BNC) (Related Doc # 142 ) Signed on 3/8/2018 (Fortier, Stacey) (Entered: 03/08/2018) |
| 03/10/2018 | 145<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)144 Order on Motion for Examination (BNC-PDF)) No. of Notices: 1. Notice Date 03/10/2018. (Admin.) (Entered: 03/10/2018) |
| 03/21/2018 | 146<br>(6 pgs) | Notice of lodgment Filed by Trustee John J Menchaca (TR) (RE: related document(s)125 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 17 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]*). (Werth, Steven) (Entered: 03/21/2018) |
| 03/21/2018 | 147<br>(6 pgs) | Notice of lodgment Filed by Trustee John J Menchaca (TR) (RE: related document(s)126 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 18 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]*). (Werth, Steven) (Entered: 03/21/2018) |
| 03/21/2018 | 148<br>(6 pgs) | Notice of lodgment Filed by Trustee John J Menchaca (TR) (RE: related document(s)127 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 19 of Stephen Forde; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]*). (Werth, Steven) (Entered: 03/21/2018) |
| 03/22/2018 | 149<br>(3 pgs) | Proof of service Filed by Other Professional Stephen Forde (RE: related document(s)144 Order on Motion for Examination (BNC-PDF)). (Fortier, Stacey) (Entered: 03/22/2018) |
| 03/29/2018 | 150<br>(2 pgs) | Order Granting Motion To Disallow Claim No 17. (BNC-PDF) (Related Doc # 125) 17 Signed on 3/29/2018. (Toliver, Wanda) (Entered: 03/29/2018) |
| 03/29/2018 | 151<br>(2 pgs) | ORDER allowing and disallowing claim(s). Claim no. 18 of Stephen Forde is disallowed. (BNC-PDF) Signed on 3/29/2018. (Toliver, Wanda) Correction: Incorrect event code used. Correct event code is Disallowing Claim(s). Claim register has been updated. Please see remark on claim register. Modified on 3/29/2018 (Toliver, Wanda). (Entered: 03/29/2018) |

| | | |
|---|---|---|
| 03/29/2018 | 152<br>(2 pgs) | ORDER allowing and disallowing claim(s). Claim no. 19 of Stephen Forde is disallowed. (BNC-PDF) Signed on 3/29/2018. (Toliver, Wanda) Correction: Incorrect event code used. Correct event code is Disallowing Claim(s). Claim register has been updated. Please see remark on claim register. Modified on 3/29/2018 (Toliver, Wanda). (Entered: 03/29/2018) |
| 03/31/2018 | 153<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)150 Order on Motion To Disallow Claims (BNC-PDF)) No. of Notices: 1. Notice Date 03/31/2018. (Admin.) (Entered: 03/31/2018) |
| 03/31/2018 | 154<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)151 ORDER allowing and disallowing claim(s) (BNC-PDF)) No. of Notices: 1. Notice Date 03/31/2018. (Admin.) (Entered: 03/31/2018) |
| 03/31/2018 | 155<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)152 ORDER allowing and disallowing claim(s) (BNC-PDF)) No. of Notices: 1. Notice Date 03/31/2018. (Admin.) (Entered: 03/31/2018) |
| 04/05/2018 | 156<br>(23 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 5 of Curt Wang; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 04/05/2018) |
| 04/06/2018 | 157<br>(3 pgs) | Notice *Notice of Objection to Claim No. 5 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)156 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 5 of Curt Wang; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 04/06/2018) |
| 04/06/2018 | 158 | Hearing Set (RE: related document(s)156 Motion to Disallow Claims filed by Trustee John J Menchaca (TR) The Hearing date is set for 5/15/2018 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 04/06/2018) |
| 04/27/2018 | 159<br>(56 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 10 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 04/27/2018) |
| 04/27/2018 | 160<br>(56 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 11 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 04/27/2018) |
| 04/27/2018 | 161<br>(18 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 12 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 04/27/2018) |
| 04/27/2018 | 162<br>(56 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 13 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 04/27/2018) |
| 04/27/2018 | 163<br>(14 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 14 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 04/27/2018) |
| 04/27/2018 | 164<br>(14 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 15 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 04/27/2018) |

| | | |
|---|---|---|
| 04/27/2018 | [165](#)<br>(14 pgs) | Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 16 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 04/27/2018) |
| 05/01/2018 | [166](#)<br>(2 pgs) | Notice *Notice of Objection to Claim No. 10 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[159](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 10 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 05/01/2018) |
| 05/01/2018 | [167](#)<br>(2 pgs) | Notice *Notice of Objection to Claim No. 11 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[160](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 11 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 05/01/2018) |
| 05/01/2018 | [168](#)<br>(2 pgs) | Notice *Notice of Objection to Claim No. 12 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[161](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 12 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 05/01/2018) |
| 05/01/2018 | [169](#)<br>(2 pgs) | Notice *Notice of Objection to Claim No. 13 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[162](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 13 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 05/01/2018) |
| 05/01/2018 | [170](#)<br>(14 pgs) | Notice *Notice of Objection to Claim No. 14 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[163](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 14 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 05/01/2018) |
| 05/01/2018 | [171](#)<br>(2 pgs) | Notice *Notice of Objection to Claim No. 15 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[164](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 15 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 05/01/2018) |
| 05/01/2018 | [172](#)<br>(2 pgs) | Notice *Notice of Objection to Claim No. 16 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)[165](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 16 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 05/01/2018) |
| 05/01/2018 | 173 | Hearing Set (RE: related document(s)[159](#) Motion to Disallow Claims filed by Trustee John J Menchaca (TR) The Hearing date is set for 6/12/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/01/2018) |
| 05/01/2018 | 174 | Hearing Set (RE: related document(s)[160](#) Motion to Disallow Claims filed by Trustee John J Menchaca (TR) The Hearing date is set for 6/12/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/01/2018) |
| 05/01/2018 | 175 | Hearing Set (RE: related document(s)[161](#) Motion to Disallow Claims filed by Trustee John J Menchaca (TR) The Hearing date is set for 6/12/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/01/2018) |

| | | |
|---|---|---|
| 05/01/2018 | 176 | Hearing Set (RE: related document(s)162 Motion to Disallow Claims filed by Trustee John J Menchaca (TR)) The Hearing date is set for 6/12/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/01/2018) |
| 05/01/2018 | 177 | Hearing Set (RE: related document(s)163 Motion to Disallow Claims filed by Trustee John J Menchaca (TR)) The Hearing date is set for 6/12/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/01/2018) |
| 05/01/2018 | 178 | Hearing Set (RE: related document(s)164 Motion to Disallow Claims filed by Trustee John J Menchaca (TR)) The Hearing date is set for 6/12/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/01/2018) |
| 05/01/2018 | 179 | Hearing Set (RE: related document(s)165 Motion to Disallow Claims filed by Trustee John J Menchaca (TR)) The Hearing date is set for 6/12/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/01/2018) |
| 05/01/2018 | 180 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)170 Notice filed by Trustee John J Menchaca (TR)) (Fortier, Stacey) (Entered: 05/01/2018) |
| 05/01/2018 | 181 (2 pgs) | Notice *Notice of Objection to Claim No. 14 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)163 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 14 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 05/01/2018) |
| 05/11/2018 | 182 (8 pgs) | Emergency motion *For Order Authorizing Disbursement of Surplus Funds* Filed by Debtor Shorb DCE, LLC (Cohen, Leslie) (Entered: 05/11/2018) |
| 05/11/2018 | 183 | Hearing Set (RE: related document(s)182 Emergency motion filed by Debtor Shorb DCE, LLC) The Hearing date is set for 5/15/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. Written opposition is due May 15, 2018 courtesy copy to chambers by 10 am The case judge is Barry Russell (Fortier, Stacey) (Entered: 05/11/2018) |
| 05/11/2018 | 184 (4 pgs) | Notice of Hearing Filed by Debtor Shorb DCE, LLC (RE: related document(s)182 Emergency motion *For Order Authorizing Disbursement of Surplus Funds* Filed by Debtor Shorb DCE, LLC). (Cohen, Leslie) (Entered: 05/11/2018) |
| 05/14/2018 | 185 (3 pgs) | Notice *Chapter 7 Trustee's Notice of No Opposition to Debtor's Emergency Motion for Order Authorizing Disbursement of Surplus Funds [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (RE: related document(s)182 Emergency motion *For Order Authorizing Disbursement of Surplus Funds* Filed by Debtor Shorb DCE, LLC). (Werth, Steven) (Entered: 05/14/2018) |
| 05/14/2018 | 186 (5 pgs) | Notice of lodgment Filed by Debtor Shorb DCE, LLC (RE: related document(s)182 Emergency motion *For Order Authorizing Disbursement of Surplus Funds* Filed by Debtor Shorb DCE, LLC). (Cohen, Leslie) (Entered: 05/14/2018) |
| 05/14/2018 | 187 (3 pgs) | Declaration re: *Declaration of Notice and Service* Filed by Debtor Shorb DCE, LLC (RE: related document(s)184 Notice of Hearing). (Cohen, Leslie) (Entered: 05/14/2018) |
| 05/14/2018 | 188 (14 pgs) | Opposition to (related document(s): 182 Emergency motion *For Order Authorizing Disbursement of Surplus Funds* filed by Debtor Shorb DCE, LLC) *with Proof of Service* Filed by Other Professional Stephen Forde (Unruh, Carol) (Entered: 05/14/2018) |
| 05/14/2018 | 189 (5 pgs) | Response to (related document(s): 182 Emergency motion *For Order Authorizing Disbursement of Surplus Funds* filed by Debtor Shorb DCE, LLC) *with Proof of Service* |

| | | Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 05/14/2018) |
|---|---|---|
| 05/15/2018 | 190<br>(2 pgs) | Order Granting emergency motion for order authorizing disbursement of surplus funds (BNC-PDF) (Related Doc # 182 ) Signed on 5/15/2018 (Lewis, Litaun) (Entered: 05/15/2018) |
| 05/16/2018 | 191<br>(2 pgs) | Transcript Order Form , regarding Hearing Date 5/15/18 Filed by Other Professional Stephen Forde (RE: related document(s)182 Emergency motion *For Order Authorizing Disbursement of Surplus Funds*). (Toliver, Wanda) (Entered: 05/16/2018) |
| 05/16/2018 | 192 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS. For Order Number: 18-BR-25. RE Hearing Date: 5/15/18, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number 888-272-0022.] (RE: related document(s)191 Transcript Order Form (Public Request) filed by Other Professional Stephen Forde) (Toliver, Wanda) (Entered: 05/16/2018) |
| 05/17/2018 | 193<br>(15 pgs) | Transcript regarding Hearing Held 05/15/18 RE: In Re: Shorb DCE, LLC. Remote electronic access to the transcript is restricted until 08/15/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8882720022.]. Notice of Intent to Request Redaction Deadline Due By 5/24/2018. Redaction Request Due By 6/7/2018. Redacted Transcript Submission Due By 06/18/2018. Transcript access will be restricted through 08/15/2018. (Hyatt, Mitchell) (Entered: 05/17/2018) |
| 05/17/2018 | 194<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)190 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 05/17/2018. (Admin.) (Entered: 05/17/2018) |
| 05/23/2018 | 195<br>(4 pgs) | Proof of service Filed by Debtor Shorb DCE, LLC (RE: related document(s)190 Order (Generic) (BNC-PDF)). (Cohen, Leslie) (Entered: 05/23/2018) |
| 05/24/2018 | 196<br>(2 pgs) | Order Re: Disallowing portion of claim no. 5 of Curt Wang. The claim is allowed in the reduced amount of $8,978.87. (BNC-PDF) Signed on 5/24/2018 (RE: related document(s)156 Motion to Disallow Claims filed by Trustee John J Menchaca (TR)). (Toliver, Wanda) (Entered: 05/24/2018) |
| 05/25/2018 | 197<br>(7 pgs) | Notice of Appeal and Statement of Election to Bankruptcy Appellate Panel - (Official Form 417A) - Fee Amount: $298.00; filed by Other Professional Stephen Forde (RE: related document(s)190 Order (Generic) (BNC-PDF)). Appellant Designation due by 6/8/2018. (Milano, Sonny) (Entered: 05/25/2018) |
| 05/25/2018 | 198<br>(20 pgs) | Notice of Referral of Appeal to the Bankruptcy Appellate of the Ninth Circuit; with Notice of Appeal Service List. (RE: related document(s)197 Notice of Appeal and Statement of Election (Official Form 417A) filed by Other Professional Stephen Forde) (Milano, Sonny) (Entered: 05/25/2018) |
| 05/25/2018 | | Receipt of Appeal Filing Fee - $293.00 by 71. Receipt Number 20227575. (admin) (Entered: 05/25/2018) |
| 05/25/2018 | | Receipt of Noticing Fee - $5.00 by 71. Receipt Number 20227575. (admin) (Entered: 05/25/2018) |
| 05/26/2018 | 199<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)196 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 05/26/2018. (Admin.) (Entered: 05/26/2018) |
| 05/29/2018 | 200<br>(2 pgs) | Opening Letter RE: Appeal from BAP CC 18-1138 (Originally filed at BAP 05/29/2018). (RE: related document(s)197 Notice of Appeal and Statement of Election (Official Form 417A) filed by Other Professional Stephen Forde) (Milano, Sonny) (Entered: 05/29/2018) |
| 05/30/2018 | 201<br>(15 pgs) | Opposition to (related document(s): 159 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 10 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR), 160 Motion to Disallow Claims *Motion* |

| | | |
|---|---|---|
| | | *of Chapter 7 Trustee to Disallow Claim No. 11 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR), [161](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 12 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR), [162](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 13 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR), [163](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 14 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR), [164](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 15 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR), [165](#) Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 16 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]* filed by Trustee John J Menchaca (TR)) *with Proof of Service* Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 05/30/2018) |
| 06/05/2018 | [202](#)<br>(6 pgs) | Reply to (related document(s): [201](#) Opposition filed by Creditor William B. Wright) *Reply to Opposition of Creditor William B. Wright to Trustee's Objections to Claim Nos. 10, 11, 12, 13, 14, 15 and 16 [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 06/05/2018) |
| 06/08/2018 | [203](#)<br>(2 pgs) | Appellant Designation of Contents For Inclusion in Record On Appeal; filed by Stephen Forde (RE: related document(s)[197](#) Notice of Appeal and Statement of Election (Official Form 417A)). Appellee designation due by 6/22/2018. (Milano, Sonny) (Entered: 06/08/2018) |
| 06/08/2018 | [204](#)<br>(2 pgs) | Statement of Issues on Appeal; filed by Stephen Forde (RE: related document(s)[197](#) Notice of Appeal and Statement of Election (Official Form 417A)). (Milano, Sonny) (Entered: 06/08/2018) |
| 06/08/2018 | [205](#)<br>(2 pgs) | Notice of Transcripts Designated for an Appeal - Statement of Transcripts - May 15, 2018; filed by Stephen Forde (RE: related document(s)[197](#) Notice of Appeal and Statement of Election (Official Form 417A)). (Milano, Sonny) (Entered: 06/08/2018) |
| 06/13/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) [159](#) MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 07/18/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [159](#) , (Fortier, Stacey) (Entered: 06/13/2018) |
| 06/13/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) [160](#) MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 07/18/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [160](#) , (Fortier, Stacey) (Entered: 06/13/2018) |
| 06/13/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) [161](#) MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 07/18/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [161](#) , (Fortier, Stacey) (Entered: 06/13/2018) |
| 06/13/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) [162](#) MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 07/18/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [162](#) , (Fortier, Stacey) (Entered: 06/13/2018) |
| 06/13/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) [163](#) MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 07/18/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for [163](#) , (Fortier, Stacey) (Entered: 06/13/2018) |
| 06/13/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) [164](#) MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 07/18/2018 at 02:00 PM |

| | | |
|---|---|---|
| | | 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 164 , (Fortier, Stacey) (Entered: 06/13/2018) |
| 06/13/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 165 MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 07/18/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 165 , (Fortier, Stacey) (Entered: 06/13/2018) |
| 06/29/2018 | 206 (12 pgs) | Motion *Motion of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024; Declaration of Curt Wang In Support Thereof* Filed by Creditor Thomas B. Ure (Ure, Thomas) (Entered: 06/29/2018) |
| 07/02/2018 | 207 | Hearing Set (RE: related document(s)206 Generic Motion filed by Creditor Thomas B. Ure) The Hearing date is set for 7/18/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey)[MOVED to 8/1(2) Modified on 7/2/2018 (Fortier, Stacey). (Entered: 07/02/2018) |
| 07/02/2018 | 208 | Hearing Set (RE: related document(s)206 Generic Motion filed by Creditor Thomas B. Ure) The Hearing date is set for 8/1/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey). (Entered: 07/02/2018) |
| 07/03/2018 | 209 (5 pgs) | Notice *Notice of Hearing on Motion of Creditor and Interested Party Curt Wang for Relief from Judgment Granting Debtors Emergency Motion for Order Authorizing Disbursement of Surplus Funds, Pursuant to FRCP 60(b) and FRBP 9024* Filed by Creditor Thomas B. Ure (RE: related document(s)206 Motion *Motion of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024; Declaration of Curt Wang In Support Thereof* Filed by Creditor Thomas B. Ure, 208 Hearing Set (RE: related document(s)206 Generic Motion filed by Creditor Thomas B. Ure) The Hearing date is set for 8/1/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell). (Ure, Thomas) (Entered: 07/03/2018) |
| 07/05/2018 | 210 (32 pgs; 2 docs) | Declaration re: Stephen Forde in support of rule 60b motion to vacate the court's order of May 15, 2018 granting emergency relief Filed by Other Professional Stephen Forde (RE: related document(s)206 Motion *Motion of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024; Declaration of Curt Wang In Support T*). (Fortier, Stacey) Additional attachment(s) added on 12/12/2019 (Del Mundo, Wilfredo). (Entered: 07/05/2018) |
| 07/06/2018 | 211 (11 pgs) | Status report */Joint Status Report Relating to Trustee's Objections to Claim Nos. 10, 11, 12, 13, 14, 15, and 16* Filed by Trustee John J Menchaca (TR) (RE: related document(s)159 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 10 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]*, 160 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 11 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]*, 161 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 12 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]*, 162 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 13 of William B. Wright; Memorandum of Points and Authorities; Declarations of Steven F. Werth and Elke Coffey in Support Thereof [with Proof of Service]*, 163 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 14 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]*, 164 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 15 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]*, 165 Motion to Disallow Claims *Motion of Chapter 7 Trustee to Disallow Claim No. 16 of William B. Wright; Memorandum of Points and Authorities; Declaration of Steven F. Werth in Support Thereof [with Proof of Service]*). (Werth, Steven) (Entered: 07/06/2018) |
| 07/10/2018 | 212 (2 pgs) | Certificate of Readiness of Record on Appeal to BAP - Case Number: CC 18-1138. (RE: related document(s)197 Notice of Appeal and Statement of Election (Official Form 417A) filed by Other Professional Stephen Forde) (Milano, Sonny) (Entered: 07/10/2018) |

| | | |
|---|---|---|
| 07/18/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 159 MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 08/21/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 159 , (Fortier, Stacey) (Entered: 07/18/2018) |
| 07/18/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 160 MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 08/21/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 160 , (Fortier, Stacey) (Entered: 07/18/2018) |
| 07/18/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 161 MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 08/21/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 161 , (Fortier, Stacey) (Entered: 07/18/2018) |
| 07/18/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 162 MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 08/21/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 162 , (Fortier, Stacey) (Entered: 07/18/2018) |
| 07/18/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 163 MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 08/21/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 163 , (Fortier, Stacey) (Entered: 07/18/2018) |
| 07/18/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 164 MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 08/21/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 164 , (Fortier, Stacey) (Entered: 07/18/2018) |
| 07/18/2018 | | Hearing (Bk Motion) Continued (RE: related document(s) 165 MOTION TO DISALLOW CLAIMS filed by John J Menchaca (TR)) Hearing to be held on 08/21/2018 at 02:00 PM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 165 , (Fortier, Stacey) (Entered: 07/18/2018) |
| 07/18/2018 | 213 (9 pgs) | Opposition to (related document(s): 206 Motion *Motion of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024; Declaration of Curt Wang In Support T filed by Creditor Thomas B. Ure) Filed by Debtor Shorb DCE, LLC* (Cohen, Leslie) (Entered: 07/18/2018) |
| 07/24/2018 | 214 (66 pgs) | Exhibit *Exhibits A and B To Interested Party Curt Wang's Motion For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024 Filed by Creditor Thomas B. Ure* (RE: related document(s)206 Motion *Motion of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024; Declaration of Curt Wang In Support T).* (Ure, Thomas) (Entered: 07/24/2018) |
| 07/25/2018 | 215 (28 pgs) | Motion to Approve Compromise Under Rule 9019 */Motion to Approve Settlement Regarding Trustee's Objections to Claims of William Wright; Memorandum of Points and Authorities; Declaration of John J. Menchaca and Steven F. Werth [with Proof of Service]* Filed by Trustee John J Menchaca (TR) (Werth, Steven) (Entered: 07/25/2018) |
| 07/25/2018 | 216 (5 pgs) | Notice of motion/application Filed by Trustee John J Menchaca (TR) (RE: related document(s)215 Motion to Approve Compromise Under Rule 9019 */Motion to Approve Settlement Regarding Trustee's Objections to Claims of William Wright; Memorandum of Points and Authorities; Declaration of John J. Menchaca and Steven F. Werth [with Proof of Service]* Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 07/25/2018) |
| 07/25/2018 | 217 | Hearing Set (RE: related document(s)215 Motion to Approve Compromise Under Rule 9019 filed by Trustee John J Menchaca (TR)) The Hearing date is set for 8/21/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 07/25/2018) |

| | | |
|---|---|---|
| 07/30/2018 | 218<br>(7 pgs) | Notice /Notice of Fully-Executed Version of Exhibit 1 to Motion to Approve Settlement Regarding Trustee's Objections to Claims of William Wright [Docket No. 215] [with Proof of Service] Filed by Trustee John J Menchaca (TR) (RE: related document(s)215 Motion to Approve Compromise Under Rule 9019 /Motion to Approve Settlement Regarding Trustee's Objections to Claims of William Wright; Memorandum of Points and Authorities; Declaration of John J. Menchaca and Steven F. Werth [with Proof of Service] Filed by Trustee John J Menchaca (TR)). (Werth, Steven) (Entered: 07/30/2018) |
| 08/01/2018 | 219<br>(1 pg) | Transcript Order Form , regarding Hearing Date 8/1/2018 Filed by Other Professional Stephen Forde (RE: related document(s)206 Motion Motion of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024). (Toliver, Wanda) (Entered: 08/02/2018) |
| 08/02/2018 | 220 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 18-BR-33. RE Hearing Date: 8/1/18, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number (888) 272-0022.] (RE: related document(s)219 Transcript Order Form (Public Request) filed by Other Professional Stephen Forde) (Toliver, Wanda) (Entered: 08/02/2018) |
| 08/02/2018 | | Receipt of Certification Fee - $33.00 by 19. Receipt Number 20229034. (admin) (Entered: 08/02/2018) |
| 08/02/2018 | | Receipt of Photocopies Fee - $6.00 by 19. Receipt Number 20229034. (admin) (Entered: 08/02/2018) |
| 08/03/2018 | 221<br>(13 pgs) | Transcript regarding Hearing Held 08/01/18 RE: In Re: Shorb DCE, LLC. Remote electronic access to the transcript is restricted until 11/1/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8882720022.]. Notice of Intent to Request Redaction Deadline Due By 8/10/2018. Redaction Request Due By 08/24/2018. Redacted Transcript Submission Due By 09/4/2018. Transcript access will be restricted through 11/1/2018. (Hyatt, Mitchell) (Entered: 08/03/2018) |
| 08/08/2018 | 222<br>(16 pgs) | Motion For Order Authorizing Disbursement of Surplus Funds Filed by Debtor Shorb DCE, LLC (Cohen, Leslie) (Entered: 08/08/2018) |
| 08/08/2018 | 223<br>(4 pgs) | Notice of Hearing Filed by Debtor Shorb DCE, LLC (RE: related document(s)222 Motion For Order Authorizing Disbursement of Surplus Funds Filed by Debtor Shorb DCE, LLC). (Cohen, Leslie) (Entered: 08/08/2018) |
| 08/08/2018 | 224 | Hearing Set (RE: related document(s)222 Generic Motion filed by Debtor Shorb DCE, LLC) The Hearing date is set for 9/5/2018 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 08/08/2018) |
| 08/10/2018 | 225<br>(3 pgs) | Notice of lodgment Of Order In Bankruptcy Case Re: Motion Of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtors Emergency Motion For Order Authorizing Disbursement Of Surplus Funds, Pursuant To FRCP And FRCP 9024 Filed by Creditor Thomas B. Ure (RE: related document(s)206 Motion Motion of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024; Declaration of Curt Wang In Support T). (Ure, Thomas) (Entered: 08/10/2018) |
| 08/22/2018 | 226<br>(13 pgs) | Opposition to (related document(s): 222 Motion For Order Authorizing Disbursement of Surplus Funds filed by Debtor Shorb DCE, LLC) with Proof of Service Filed by Creditor William B. Wright (Unruh, Carol) (Entered: 08/22/2018) |
| 08/22/2018 | 227<br>(17 pgs) | Opposition to (related document(s): 222 Motion For Order Authorizing Disbursement of Surplus Funds filed by Debtor Shorb DCE, LLC) Filed by Other Professional Stephen Forde (Fortier, Stacey) (Entered: 08/22/2018) |

| 08/24/2018 | 228<br>(10 pgs) | Notice of lodgment Filed by Trustee John J Menchaca (TR) (RE: related document(s)215 Motion to Approve Compromise Under Rule 9019 /Motion to Approve Settlement Regarding Trustee's Objections to Claims of William Wright; Memorandum of Points and Authorities; Declaration of John J. Menchaca and Steven F. Werth [with Proof of Servi). (Werth, Steven) (Entered: 08/24/2018) |
|---|---|---|
| 08/24/2018 | 229<br>(13 pgs) | Transcript regarding Hearing Held 08/01/18 RE: In Re: Shorb DCE, LLC - CORRECTED. Remote electronic access to the transcript is restricted until 11/23/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8882720022.]. Notice of Intent to Request Redaction Deadline Due By 8/31/2018. Redaction Request Due By 09/14/2018. Redacted Transcript Submission Due By 09/24/2018. Transcript access will be restricted through 11/23/2018. (Hyatt, Mitchell) (Entered: 08/24/2018) |
| 08/30/2018 | 230<br>(11 pgs) | Opposition to (related document(s): 222 Motion For Order Authorizing Disbursement of Surplus Funds filed by Debtor Shorb DCE, LLC) Opposition To Motion For Order Authorizing Disbursement Of Surplus Funds; Declaration of Curt Wang In Support Thereof Filed by Creditor Thomas B. Ure (Ure, Thomas) (Entered: 08/30/2018) |
| 08/30/2018 | 231<br>(2 pgs) | Order Granting Request for Judicial Notice and Granting Limited Remand (Originally filed at BAP 08/30/2018). (BNC-PDF) (RE: related document(s)197 Notice of Appeal and Statement of Election (Official Form 417A) filed by Other Professional Stephen Forde). (Milano, Sonny) (Entered: 08/30/2018) |
| 08/30/2018 | 232<br>(7 pgs) | Reply to (related document(s): 226 Opposition filed by Creditor William B. Wright) Filed by Debtor Shorb DCE, LLC (Cohen, Leslie) (Entered: 08/30/2018) |
| 08/30/2018 | 233<br>(7 pgs) | Reply to (related document(s): 227 Opposition filed by Other Professional Stephen Forde) Filed by Debtor Shorb DCE, LLC (Cohen, Leslie) (Entered: 08/30/2018) |
| 08/30/2018 | 234<br>(5 pgs) | Reply to (related document(s): 230 Opposition filed by Creditor Thomas B. Ure) Filed by Debtor Shorb DCE, LLC (Cohen, Leslie) (Entered: 08/30/2018) |
| 09/01/2018 | 235<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)231 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 09/01/2018. (Admin.) (Entered: 09/01/2018) |
| 09/05/2018 | 236<br>(4 pgs) | Notice of lodgment Of Order In Bankruptcy Case Re: Motion Of Creditor And Interested Party CurtWang For Relief From Judgment Granting Debtors Emergency Motion For Order Authorizing Disbursement Of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024 Filed by Creditor Thomas B. Ure (RE: related document(s)206 Motion Of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024; Declaration of Curt Wang In Support Thereof Filed by Creditor Thomas B. Ure). (Ure, Thomas) (Entered: 09/05/2018) |
| 09/05/2018 | 237<br>(4 pgs) | Notice of lodgment Of Order In Bankruptcy Case Re: Motion For Order Authorizing Disbursement of Surplus Funds Filed by Creditor Thomas B. Ure (RE: related document(s)222 Motion For Order Authorizing Disbursement of Surplus Funds Filed by Debtor Shorb DCE, LLC). (Ure, Thomas) (Entered: 09/05/2018) |
| 09/05/2018 | 238<br>(1 pg) | Transcript Order Form , regarding Hearing Date 9/5/18 Filed by Other Professional Stephen Forde (RE: related document(s)222 Motion For Order Authorizing Disbursement of Surplus Funds). (Toliver, Wanda) (Entered: 09/06/2018) |
| 09/06/2018 | 239 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 18-BR-38. RE Hearing Date: 9/5/18, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number 888-272-0022.] (RE: related document(s)238 Transcript Order Form (Public Request) filed by Other Professional Stephen Forde) (Toliver, Wanda) (Entered: 09/06/2018) |
| 09/06/2018 | 240<br>(28 pgs) | Transcript regarding Hearing Held 09/05/18 RE: In Re: Shorb DCE, LLC. Remote electronic access to the transcript is restricted until 12/5/2018. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the |

| | | |
|---|---|---|
| | | Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8882720022.]. Notice of Intent to Request Redaction Deadline Due By 9/13/2018. Redaction Request Due By 09/27/2018. Redacted Transcript Submission Due By 10/9/2018. Transcript access will be restricted through 12/5/2018. (Hyatt, Mitchell) (Entered: 09/06/2018) |
| 09/07/2018 | 241 (6 pgs) | Order Granting Motion to Approve Compromise under Rule 9019 regarding Objections to claims of William Wright(BNC-PDF) (Related Doc # 215) Signed on 9/7/2018. (Fortier, Stacey) (Entered: 09/07/2018) |
| 09/09/2018 | 242 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)241 Order on Motion to Approve Compromise under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 09/09/2018. (Admin.) (Entered: 09/09/2018) |
| 09/12/2018 | 243 (2 pgs) | Order Granting Motion for relief from judgment granting debtor's emergency motion for order authorizing disbursement of surplus funds (see order for details) (BNC-PDF) (Related Doc # 206 ) Signed on 9/12/2018 (Fortier, Stacey) (Entered: 09/12/2018) |
| 09/12/2018 | 244 (2 pgs) | Order Denying Motion (BNC-PDF) (Related Doc # 222 ) Signed on 9/12/2018 (Fortier, Stacey) (Entered: 09/12/2018) |
| 09/14/2018 | 245 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)243 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/14/2018. (Admin.) (Entered: 09/14/2018) |
| 09/14/2018 | 246 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)244 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 09/14/2018. (Admin.) (Entered: 09/14/2018) |
| 10/16/2018 | 247 (2 pgs) | Notice of Change of Address Filed by Trustee John J Menchaca (TR). (Werth, Steven) (Entered: 10/16/2018) |
| 11/06/2018 | 248 (3 pgs) | BAP Dismissal of Appeal as Moot RE: Appeal BAP Number: CC 18-1138 (Originally filed at BAP). (RE: related document(s)197 Notice of Appeal and Statement of Election (Official Form 417A) filed by Other Professional Stephen Forde. (Milano, Sonny) (Entered: 11/06/2018) |
| 12/03/2018 | 249 (2 pgs) | Mandate on Appeal RE: Appeal BAP Number: CC 18-1138 - Ruling: Dismissed (Originally filed at BAP 12/03/2018). (RE: related document(s)248 BAP/USDC dismissal of appeal). (Milano, Sonny) (Entered: 12/03/2018) |
| 02/01/2019 | 250 (10 pgs) | Notice of Change of Address Filed by Other Professional Kevin Tang. (Tang, Kevin) (Entered: 02/01/2019) |
| 02/01/2019 | 251 (10 pgs) | Notice of Change of Address Filed by Debtor Shorb DCE, LLC. (Tang, Kevin) (Entered: 02/01/2019) |
| 03/19/2019 | 252 (24 pgs) | Motion to Reconsider order entered September 12, 2018 (related documents 243 Order on Generic Motion (BNC-PDF)) Filed by Stephen Forde (Fortier, Stacey) (Entered: 03/19/2019) |
| 03/19/2019 | 253 (6 pgs) | Motion to Reconsider (related documents 243 Order on Generic Motion (BNC-PDF)) Filed by Bruce Menke (Fortier, Stacey) (Entered: 03/19/2019) |
| 03/20/2019 | 254 (4 pgs) | Notice of motion/application Filed by Other Professional Stephen Forde (RE: related document(s)252 Motion to Reconsider order entered September 12, 2018 (related documents 243 Order on Generic Motion (BNC-PDF)) Filed by Stephen Forde). (Fortier, Stacey) (Entered: 03/21/2019) |
| 03/20/2019 | 256 (4 pgs) | Notice of motion/application Filed by Creditor Bruce Menke ; with proof of service - not signed (RE: related document(s)253 Motion to Reconsider (related documents 243 Order on |

| | | |
|---|---|---|
| | | Generic Motion (BNC-PDF)) Filed by Bruce Menke. (Fortier, Stacey) (Entered: 03/21/2019) |
| 03/21/2019 | 255 | Hearing Set (RE: related document(s)252 Motion to Reconsider filed by Other Professional Stephen Forde) The Hearing date is set for 4/23/2019 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 03/21/2019) |
| 03/25/2019 | 257 (5 pgs) | Notice of motion/application for relief from order entered September 12, 2018, pursuant to FRCP 60(b) and FRBP 9024 with proof of service Filed by Bruce Menke (RE: related document(s)253 Motion to Reconsider (related documents 243 Order on Generic Motion (BNC-PDF)) Filed by Bruce Menke). (Fortier, Stacey) (Entered: 03/25/2019) |
| 03/25/2019 | 258 | Hearing Set (RE: related document(s)253 Motion to Reconsider filed by Creditor Bruce Menke) The Hearing date is set for 4/23/2019 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 03/25/2019) |
| 04/05/2019 | 259 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Israel, Eric. (Israel, Eric) (Entered: 04/05/2019) |
| 04/05/2019 | 260 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by de Leest, Aaron. (de Leest, Aaron) (Entered: 04/05/2019) |
| 04/09/2019 | 261 (4 pgs) | Statement *Chapter 7 Trustee's Statement Regarding: (1) Motion of Stephen Forde For Relief From Order Entered September 12, 2018 Pursuant to FRCP 60(b) and FRBP 9024 [Docket No. 252]; and (2) Motion of Bruce R. Menke For Relief From Order Entered September 12, 2018 Pursuant to FRCP 60(b) and FRBP 9024 [Docket No. 253], with proof of service,* Filed by Trustee John J Menchaca (TR). (Werth, Steven) (Entered: 04/09/2019) |
| 04/09/2019 | 262 (7 pgs) | Response to (related document(s): 252 Motion to Reconsider (related documents 243 Order on Generic Motion (BNC-PDF)) filed by Other Professional Stephen Forde, 253 Motion to Reconsider (related documents 243 Order on Generic Motion (BNC-PDF)) filed by Creditor Bruce Menke *Kwok Trustee's Response To Motion Of Stephen Forde And Motion Of Bruce Menke For Relief From The Order Of September 12, 2018; Memorandum Of Points And Authorities, And Request For Judicial Notice In Support Thereof* with Proof of Service Filed by Interested Party Sam Leslie (de Leest, Aaron) (Entered: 04/09/2019) |
| 04/10/2019 | 263 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED NOTICE OF MOTION/HEARING WITH THE CORRECT COURTROOM INFORMATION.** (RE: related document(s)262 Response filed by Interested Party Sam Leslie) (Fortier, Stacey) (Entered: 04/10/2019) |
| 04/10/2019 | 264 (3 pgs) | Errata *Notice of Errata re: Kwok Trustee's Response To Motion Of Stephen Forde And Motion Of Bruce Menke For Relief From The Order Of September 12, 2018; Memorandum Of Points And Authorities, And Request For Judicial Notice In Support Thereof* with Proof of Service Filed by Interested Party Sam Leslie (RE: related document(s)262 Response). (de Leest, Aaron) (Entered: 04/10/2019) |
| 04/16/2019 | 265 (6 pgs) | Reply to (related document(s): 253 Motion to Reconsider (related documents 243 Order on Generic Motion (BNC-PDF)) filed by Creditor Bruce Menke, 261 Statement filed by Trustee John J Menchaca (TR), 262 Response filed by Interested Party Sam Leslie) Filed by Creditor Bruce Menke (Halavais, Coby) (Entered: 04/16/2019) |
| 04/16/2019 | 266 (6 pgs) | Motion to Continue Hearing On (related documents 253 Motion to Reconsider) Filed by Creditor Bruce Menke (Halavais, Coby) (Entered: 04/16/2019) |
| 04/16/2019 | 267 (4 pgs) | Notice of lodgment Filed by Creditor Bruce Menke (RE: related document(s)266 Motion to Continue Hearing On (related documents 253 Motion to Reconsider) Filed by Creditor Bruce Menke). (Halavais, Coby) (Entered: 04/16/2019) |
| 04/16/2019 | 268 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Halavais, Coby. (Halavais, Coby) (Entered: 04/16/2019) |

| 04/16/2019 | 269<br>(4 pgs) | Substitution of attorney / *Association of Counsel* Filed by Creditor Bruce Menke. (Halavais, Coby) (Entered: 04/16/2019) |
|---|---|---|
| 04/29/2019 | 270<br>(6 pgs) | Notice of lodgment *, with proof of service,* Filed by Trustee John J Menchaca (TR) (RE: related document(s)206 Motion *Motion Of Creditor And Interested Party Curt Wang For Relief From Judgment Granting Debtor's Emergency Motion For Order Authorizing Disbursement of Surplus Funds, Pursuant To FRCP 60(b) And FRBP 9024; Declaration of Curt Wang In Support Thereof* Filed by Creditor Thomas B. Ure). (Werth, Steven) (Entered: 04/29/2019) |
| 04/29/2019 | 271<br>(6 pgs) | Notice of lodgment *, with proof of service,* Filed by Trustee John J Menchaca (TR) (RE: related document(s)252 Motion to Reconsider order entered September 12, 2018 (related documents 243 Order on Generic Motion (BNC-PDF) Filed by Stephen Forde). (Werth, Steven) (Entered: 04/29/2019) |
| 04/29/2019 | 272<br>(6 pgs) | Notice of lodgment *, with proof of service,* Filed by Trustee John J Menchaca (TR) (RE: related document(s)253 Motion to Reconsider (related documents 243 Order on Generic Motion (BNC-PDF)) Filed by Bruce Menke). (Werth, Steven) (Entered: 04/29/2019) |
| 05/10/2019 | 273<br>(2 pgs) | Order Granting Motion for relief from order entered 9/12/2018, and vacating order (BNC-PDF) (Related Doc # 252) Signed on 5/10/2019. (Fortier, Stacey) (Entered: 05/10/2019) |
| 05/10/2019 | 274<br>(2 pgs) | Order Granting Motion for relief from order entered 9/12/2018, and vacating order (BNC-PDF) (Related Doc # 253) Signed on 5/10/2019. (Fortier, Stacey) (Entered: 05/10/2019) |
| 05/10/2019 | 275<br>(2 pgs) | Amended order granting motion for relief from judgment granting debtor's emergency motion for order authorizing disbursement of surplus funds (see order for details) (BNC-PDF) (Related Doc # 206 ) Signed on 5/10/2019 (Fortier, Stacey) (Entered: 05/10/2019) |
| 05/12/2019 | 276<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)273 Order on Motion To Reconsider (BNC-PDF)) No. of Notices: 1. Notice Date 05/12/2019. (Admin.) (Entered: 05/12/2019) |
| 05/12/2019 | 277<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)274 Order on Motion To Reconsider (BNC-PDF)) No. of Notices: 1. Notice Date 05/12/2019. (Admin.) (Entered: 05/12/2019) |
| 05/12/2019 | 278<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)275 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 05/12/2019. (Admin.) (Entered: 05/12/2019) |
| 06/04/2019 | 279<br>(10 pgs) | Motion *-Kwok Trustee's Notice of Motion and Motion for Order Authorizing and Directing Distribution of Any Surplus to the Kwok Estate; Memorandum of Points and Authorities, and Declaration of Sam Leslie and Request for Judicial Notice in Support Thereof; proof of service* Filed by Interested Party Sam Leslie (de Leest, Aaron) (Entered: 06/04/2019) |
| 06/05/2019 | 280 | Hearing Set (RE: related document(s)279 Generic Motion filed by Interested Party Sam Leslie) The Hearing date is set for 7/2/2019 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 06/05/2019) |
| 06/06/2019 | 281<br>(4 pgs) | Non-Opposition *Chapter 7 Trustee's Statement Regarding Kwok Trustee's Notice Of Motion and Motion For Order Authorizing and Directing Distribution of Any Surplus to The Kwok Estate, with proof of service,* Filed by Trustee John J Menchaca (TR). (Werth, Steven) (Entered: 06/06/2019) |
| 06/18/2019 | 282<br>(15 pgs) | Response to (related document(s): 279 Motion *-Kwok Trustee's Notice of Motion and Motion for Order Authorizing and Directing Distribution of Any Surplus to the Kwok Estate; Memorandum of Points and Authorities, and Declaration of Sam Leslie and Request for Judicial Notice in Support filed by Interested Party Sam Leslie) Conditional Non-Opposition To Kwok Trustee's Motion for Order Authorizing and Directing Distribution of any Surplus to the Kwok Estate; Declaration of Leslie Cohen* Filed by Debtor Shorb DCE, LLC (Cohen, Leslie) (Entered: 06/18/2019) |
| 06/21/2019 | 283<br>(1 pg) | Notice of Change of Address Filed by Debtor Shorb DCE, LLC. (Cohen, Leslie) (Entered: 06/21/2019) |
| 06/25/2019 | 284 | Reply to (related document(s): 282 Response filed by Debtor Shorb DCE, LLC) *-Kwok Trustee's* |

| | (13 pgs) | *Reply Memorandum of Points and Authorities in Support of Motion for Order Authorizing and Directing Distribution of Any Surplus to the Kwok Estate; Declaration of Aaron E. de Leest in Support Thereof; proof of service* Filed by Interested Party Sam Leslie (de Leest, Aaron) (Entered: 06/25/2019) |
| 06/26/2019 | 285 (7 pgs) | Statement *Chapter 7 Trustee's Report of Sale; With Proof of Service Property: 910-912 W Shorb Street, Alhambra, California 91803* Filed by Trustee John J Menchaca (TR). (Menchaca (TR), John) (Entered: 06/26/2019) |
| 07/08/2019 | 286 (6 pgs) | Notice of lodgment *of Order in Bankruptcy Case; proof of service* Filed by Interested Party Sam Leslie (RE: related document(s)279 Motion -*Kwok Trustee's Notice of Motion and Motion for Order Authorizing and Directing Distribution of Any Surplus to the Kwok Estate; Memorandum of Points and Authorities, and Declaration of Sam Leslie and Request for Judicial Notice in Support Thereof; proof of service* Filed by Interested Party Sam Leslie (de Leest, Aaron)). (de Leest, Aaron) (Entered: 07/08/2019) |
| 07/16/2019 | 287 (2 pgs) | Order granting Kwok Trustee's motion for order authorizing and directing distribution of any surplus to the Kwok Estate (BNC-PDF) (Related Doc # 279 ) Signed on 7/16/2019 (Fortier, Stacey) (Entered: 07/16/2019) |
| 07/18/2019 | 288 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)287 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 07/18/2019. (Admin.) (Entered: 07/18/2019) |
| 07/24/2019 | 289 (4 pgs) | Notice to professionals to file application for compensation *With Proof of Service.* Filed by Accountant JOHN J MENCHACA. (Menchaca (TR), John) (Entered: 07/24/2019) |
| 07/24/2019 | 290 (1 pg) | Request for court costs Filed by Trustee John J Menchaca (TR). (Menchaca (TR), John) (Entered: 07/24/2019) |
| 07/24/2019 | 291 | Notice to Pay Court Costs Due Sent To: John J Menchaca, Total Amount Due $0 . (Fortier, Stacey) (Entered: 07/24/2019) |
| 08/13/2019 | 292 (58 pgs) | Application for Compensation *First and Final Fee Application of SulmeyerKupetz, A Professional Corporation, Attorneys for Chapter 7 Trustee; Declarations of Steven F. Werth and John J. Menchaca, Chapter 7 Trustee, in Support Thereof, with proof of service,* for SulmeyerKupetz PC, Trustee's Attorney, Period: 8/30/2017 to 8/13/2019, Fee: $99,942.50, Expenses: $1,277.15. Filed by Attorney SulmeyerKupetz PC (Werth, Steven) (Entered: 08/13/2019) |
| 08/14/2019 | 293 (26 pgs) | Application for Compensation for Kevin Tang, Debtor's Attorney, Period: 4/6/2017 to 8/15/2017, Fee: $27,108.00, Expenses: $0.00. Filed by Attorney Kevin Tang (Tang, Kevin) (Entered: 08/14/2019) |
| 08/14/2019 | 294 (31 pgs) | Application for Compensation *(First and Final) with Proof of Service* for MENCHACA & COMPANY LLP CPA, Accountant, Period: 10/26/2017 to 8/14/2019, Fee: $39,704.50, Expenses: $70.40. Filed by Accountant MENCHACA & COMPANY LLP CPA. (Menchaca, John) (Entered: 08/14/2019) |
| 08/16/2019 | 295 (15 pgs) | Notice of Motion and Motion Under LBR 2016-2 For Approval of Cash Disbursements by the Trustee; Opportunity to Request Hearing; and Declaration of Trustee *With Proof of Service.* Filed by Trustee John J Menchaca (TR). (Menchaca (TR), John) (Entered: 08/16/2019) |
| 09/06/2019 | 296 (19 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *With Proof of Service.* Filed by Trustee John J Menchaca (TR) (RE: related document(s)295 Notice of Motion and Motion Under LBR 2016-2 For Approval of Cash Disbursements by the Trustee; Opportunity to Request Hearing; and Declaration of Trustee *With Proof of Service.*). (Menchaca (TR), John) (Entered: 09/06/2019) |
| 09/10/2019 | 297 (2 pgs) | Order Granting Motion For Approval of Cash Disbursements by the Trustee Under LBR 2016-2 (BNC-PDF) (Related Doc # 295 ) Signed on 9/10/2019 (Fortier, Stacey) (Entered: 09/10/2019) |
| 09/12/2019 | 298 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)297 Order on Motion For Approval of Cash Disbursements by the Trustee Under LBR 2016-2 (BNC-PDF)) No. of Notices: 1. Notice Date 09/12/2019. (Admin.) (Entered: 09/12/2019) |

| | | |
|---|---|---|
| 09/17/2019 | 299<br>(5 pgs) | Notice of Change of Address -*Notice of Attorney Change of Address or Law Firm*. (de Leest, Aaron) (Entered: 09/17/2019) |
| 09/30/2019 | 300<br>(23 pgs) | Chapter 7 Trustee's Final Report, Application for Compensation and Application(s) for Compensation of Professionals filed on behalf of Trustee John J. Menchaca. The United States Trustee has reviewed the Chapter 7 Trustee's Final Report. Filed by United States Trustee. (united states trustee (pg)) (Entered: 09/30/2019) |
| 09/30/2019 | 301<br>(6 pgs) | Notice of Trustee's Final Report and Applications for Compensation (BNC-PDF) Filed by United States Trustee (RE: related document(s)300). (united states trustee (pg)) (Entered: 09/30/2019) |
| 10/03/2019 | 302<br>(8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)301 Notice of Trustee's Final Report and Applications for Compensation (NFR) (BNC-PDF)) No. of Notices: 15. Notice Date 10/03/2019. (Admin.) (Entered: 10/03/2019) |
| 10/23/2019 | 303<br>(5 pgs) | Declaration re: *DECLARATION RE: ATTEMPTS TO CONTACT PRESIDENT/OFFICER OF SHORB DCE, LLC IN CONNECTION TO TANG & ASSOCIATES FINAL FEE APPLICATION FOR COMPENSATION FOR LEGAL SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES* Filed by Debtor Shorb DCE, LLC (RE: related document(s)293 Application for Compensation for Kevin Tang, Debtor's Attorney, Period: 4/6/2017 to 8/15/2017, Fee: $27,108.00, Expenses: $0.00.). (Tang, Kevin) (Entered: 10/23/2019) |
| 11/08/2019 | 304<br>(3 pgs) | Order of Distribution for Tang & Associates, Debtor's Attorney, Period: to , Fees awarded: $27108, Expenses awarded: $0; for JOHN J MENCHACA, Trustee, Period: to , Fees awarded: $83403.87, Expenses awarded: $557.80; for MENCHACA & COMPANY LLP CPA, Accountant, Period: to , Fees awarded: $39704.50, Expenses awarded: $70.40; for SulmeyerKupetz PC, Trustee's Attorney, Period: to , Fees awarded: $99942.50, Expenses awarded: $1277.15; Awarded on 11/8/2019 (BNC-PDF) Signed on 11/8/2019. (Toliver, Wanda) (Entered: 11/08/2019) |
| 11/10/2019 | 305<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)304 Order of Distribution (BNC-PDF) filed by Accountant MENCHACA & COMPANY LLP CPA, Accountant JOHN J MENCHACA, Attorney SulmeyerKupetz PC, Attorney Tang & Associates) No. of Notices: 1. Notice Date 11/10/2019. (Admin.) (Entered: 11/10/2019) |
| 11/22/2019 | 306<br>(5 pgs) | Notice of Change of Address *or Law Firm*. (de Leest, Aaron) (Entered: 11/22/2019) |
| 11/22/2019 | 307<br>(7 pgs) | Notice of Change of Address *(Firm Name and Email Address)*. (Israel, Eric) (Entered: 11/22/2019) |
| 12/23/2019 | 308<br>(22 pgs) | Chapter 7 Trustee's Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged filed on behalf of Trustee John J. Menchaca. The United States Trustee has reviewed the Final Account, Certification that the Estate has been Fully Administered and Application of Trustee to be Discharged. The United States Trustee does not object to the relief requested. Filed by United States Trustee. (united states trustee (pg)) (Entered: 12/23/2019) |
| 12/23/2019 | 309 | Bankruptcy Case Closed - CHAPTER 7 ASSET. Pursuant to the Trustee's Final Account and Distribution Report Certification that the Estate has been Fully Administered and Application to be Discharged, it is ordered that the above case be closed. No objections having been made by the United States Trustee, the trustee is discharged and the bond is exonerated. (Fortier, Stacey) (Entered: 12/23/2019) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/12/2022 13:30:39 | | |
| **PACER Login:** | lkbogard | **Client Code:** Quan II |

| **Description:** | Docket Report | **Search Criteria:** | 2:17-bk-14240-BR Fil or Ent: filed From: 1/1/2017 To: 5/12/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 30 | **Cost:** | 3.00 |

CONVERTED, Pln13F, DEFER

**U.S. Bankruptcy Court**
**Central District of California (Los Angeles)**
**Bankruptcy Petition #: 2:18-bk-23346-BR**

|  |  |
|---|---|
| *Assigned to:* Barry Russell | *Date filed:* 11/13/2018 |
| Chapter 7 | *Date converted:* 02/20/2019 |
| Previous chapter 13 | *Debtor discharged:* 07/23/2021 |
| Original chapter 13 | *341 meeting:* 03/28/2019 |
| Voluntary | *Deadline for filing claims:* 07/31/2019 |
| Asset | *Deadline for filing claims (govt.):* 10/29/2019 |
|  | *Deadline for objecting to discharge:* 05/28/2019 |
|  | *Deadline for financial mgmt. course:* 05/28/2019 |

*Debtor disposition:* Standard Discharge

| | |
|---|---|
| ***Debtor*** | represented by **Edmond Richard McGuire** |
| **David C Kwok** | Shamrock Legal, apc |
| 1210 S. Gladys Ave | 2828 Cochran St. |
| San Gabriel, CA 91776 | Suite 350 |
| LOS ANGELES-CA | simi valley, CA 93065 |
| SSN / ITIN: xxx-xx-6655 | 805-478-2611 |
| | Fax : 805-980-7097 |
| | Email: richard@shamrock-legal.com |

***Trustee***
**Kathy A Dockery (TR)**
801 Figueroa Street, Suite 1850
Los Angeles, CA 90017
(213) 996-4400
*TERMINATED: 02/20/2019*

| | |
|---|---|
| ***Trustee*** | represented by **Aaron E DE Leest** |
| **Sam S Leslie (TR)** | Danning, Gill, Israel & Krasnoff, LLP |
| 1130 South Flower Street, Suite 312 | 1901 Avenue of the Stars |
| Los Angeles, CA 90015 | Suite 450 |
| 323-987-5780 | Los Angeles, CA 90067-6006 |
| | 310-277-0077 |
| | Fax : 310-277-5735 |
| | Email: adeleest@DanningGill.com |
| | |
| | **Eric P Israel** |
| | Danning Gill Israel & Krasnoff, LLP |
| | 1901 Avenue of the Stars, Suite 450 |
| | Los Angeles, CA 90067-6006 |
| | 310-277-0077 |
| | Fax : 310-277-5735 |
| | Email: eisrael@DanningGill.com |

***U.S. Trustee***
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| | | |

| 11/13/2018 | 1<br>(50 pgs) | Chapter 13 Voluntary Petition Individual . Fee Amount $310 Filed by David C Kwok (McGuire, Edmond) (Entered: 11/13/2018) |
|---|---|---|
| 11/13/2018 | 2<br>(14 pgs) | Chapter 13 Plan (LBR F3015-1) Filed by Debtor David C Kwok. (McGuire, Edmond) (Entered: 11/13/2018) |
| 11/13/2018 | 3<br>(6 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor David C Kwok. (McGuire, Edmond) (Entered: 11/13/2018) |
| 11/13/2018 | 4<br>(1 pg) | Certificate of Credit Counseling Filed by Debtor David C Kwok. (McGuire, Edmond) (Entered: 11/13/2018) |
| 11/13/2018 | 5 | Statement About Your Social Security Number (Official Form 121) Filed by Debtor David C Kwok. (McGuire, Edmond) (Entered: 11/13/2018) |
| 11/13/2018 | 6<br>(2 pgs) | Declaration by Debtor as to Whether Debtor(s) Received Income From an Employer Within 60 Days of Petition (LBR Form F1002-1) Filed by Debtor David C Kwok. (McGuire, Edmond) (Entered: 11/13/2018) |
| 11/13/2018 | 7<br>(3 pgs) | Meeting of Creditors with 341(a) meeting to be held on 12/21/2018 at 10:00 AM at RM 1, 915 Wilshire Blvd., 10th Floor, , Los Angeles, CA 90017. Confirmation hearing to be held on 01/10/2019 at 10:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 01/22/2019. (McGuire, Edmond) (Entered: 11/13/2018) |
| 11/15/2018 | | Receipt of Voluntary Petition (Chapter 13)(2:18-bk-23346) [misc,volp13] ( 310.00) Filing Fee. Receipt number 48052040. Fee amount 310.00. (re: Doc# 1) (U.S. Treasury) (Entered: 11/15/2018) |
| 11/15/2018 | 8<br>(3 pgs) | Declaration RE Filing of Tax Returns and Payment of Domestic Support Obligations (Preconfirmation) Filed by Debtor David C Kwok. (McGuire, Edmond) (Entered: 11/15/2018) |
| 11/15/2018 | 9<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)7 Meeting (AutoAssign Chapter 13)) No. of Notices: 6. Notice Date 11/15/2018. (Admin.) (Entered: 11/15/2018) |
| 11/20/2018 | 10<br>(1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Delmotte, Joseph. (Delmotte, Joseph) (Entered: 11/20/2018) |
| 12/03/2018 | 11<br>(19 pgs; 2 docs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor David C Kwok. (Attachments: # 1 Exhibit A - Original Filed Plan) (McGuire, Edmond) (Entered: 12/03/2018) |
| 12/21/2018 | 12<br>(3 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 12/21/2018) |
| 12/26/2018 | 13 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by. 341(a) Meeting Continued to 2/1/2019 at 11:00 AM at RM 1, 915 Wilshire Blvd., 10th Floor,, Los Angeles, CA 90017. (Dockery (TR), Kathy) (Entered: 12/26/2018) |
| 12/31/2018 | 14<br>(56 pgs) | Objection to Confirmation of Plan *with Proof of Service* Filed by Creditor JPMorgan Chase Bank, National Association (RE: related document(s)2 Chapter 13 Plan (LBR F3015-1) Filed by Debtor David C Kwok.). (Graff, Arnold) (Entered: 12/31/2018) |
| 01/16/2019 | 15<br>(1 pg) | Withdrawal re: Filed by Creditor JPMorgan Chase Bank, National Association (related document(s)14 Objection to Confirmation of the Plan filed by Creditor JPMorgan Chase Bank, National Association). (Graff, Arnold) (Entered: 01/16/2019) |
| 01/17/2019 | 16<br>(37 pgs) | Motion to Convert Case From Chapter 13 to 7. *with Proof of Service* Fee Amount $25 Filed by Creditor Stephen Forde (Unruh, Carol) (Entered: 01/17/2019) |
| 01/17/2019 | | Receipt of Motion to Convert Case(2:18-bk-23346-SK) [motion,mconv] ( 25.00) Filing Fee. Receipt number 48376205. Fee amount 25.00. (re: Doc# 16) (U.S. Treasury) (Entered: 01/17/2019) |

| | | |
|---|---|---|
| 01/17/2019 | 17<br>(3 pgs) | Notice of Hearing *on Motion To Convert Case To Chapter 7, with Proof of Service* Filed by Creditor Stephen Forde (RE: related document(s)16 Motion to Convert Case From Chapter 13 to 7. *with Proof of Service* Fee Amount $25 Filed by Creditor Stephen Forde). (Unruh, Carol) (Entered: 01/17/2019) |
| 01/18/2019 | | Hearing Set (RE: related document(s) 16 Motion to Convert Case filed by Stephen Forde) Hearing to be held on 02/07/2019 at 09:00 AM 255 E. Temple St. Courtroom 1575 Los Angeles, CA 90012. The hearing judge is Sandra Klein (Pennington-Jones, Patricia) (Entered: 01/18/2019) |
| 01/22/2019 | 18<br>(9 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: . Fee Amount $181, Filed by Creditor Stephen Forde (Pennington-Jones, Patricia) (Entered: 01/22/2019) |
| 01/22/2019 | | Hearing Set (RE: related document(s) 18 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Stephen Forde) Hearing to be held on 02/13/2019 at 08:30 AM 255 E. Temple St. Courtroom 1575 Los Angeles, CA 90012. The hearing judge is Sandra Klein (Pennington-Jones, Patricia) (Entered: 01/22/2019) |
| 01/22/2019 | 19<br>(37 pgs) | Supplemental points and authorities in support of motion of secured creditor Stephen Forde for relief from the automatic stay Filed by Creditor Stephen Forde . (Pennington-Jones, Patricia). Related document(s) 18 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE:. Fee Amount $181, filed by Creditor Stephen Forde. Modified on 1/22/2019 (Pennington-Jones, Patricia). (Entered: 01/22/2019) |
| 01/22/2019 | | Receipt of Motion Filing Fee - $181.00 by 03. Receipt Number 20232380. (admin) (Entered: 01/22/2019) |
| 01/23/2019 | 20<br>(47 pgs; 3 docs) | Opposition to (related document(s): 16 Motion to Convert Case From Chapter 13 to 7. *with Proof of Service* Fee Amount $25 filed by Creditor Stephen Forde) Filed by Debtor David C Kwok (Attachments: # 1 Exhibit A - Claims Filed in Previous Case # 2 Exhibit B - Deed upon Foreclosure) (McGuire, Edmond) (Entered: 01/23/2019) |
| 01/30/2019 | 21<br>(41 pgs; 4 docs) | Opposition to (related document(s): 18 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE:. Fee Amount $181, filed by Creditor Stephen Forde, 19 Supplemental filed by Creditor Stephen Forde) Filed by Debtor David C Kwok (Attachments: # 1 Exhibit A - Chapter 7 Trustee's Motion to sell free and clear # 2 Exhibit B - Deed upon Foreclosure # 3 Exhibit C - Hourly billing) (McGuire, Edmond) (Entered: 01/30/2019) |
| 01/31/2019 | 22<br>(22 pgs) | Reply to (related document(s): 20 Opposition filed by Debtor David C Kwok) *with Proof of Service* Filed by Creditor Stephen Forde (Unruh, Carol) (Entered: 01/31/2019) |
| 02/01/2019 | 23<br>(5 pgs) | Errata - *Attachment Page 3A To Motion For Relief From The Automatic Stay Inadvertently Omitted From Original Motion, with Proof of Service* Filed by Creditor Stephen Forde (RE: related document(s)18 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE:. Fee Amount $181,). (Unruh, Carol) (Entered: 02/01/2019) |
| 02/04/2019 | 24 | Notice to Filer of Error and/or Deficient Document **of Mismatch between filed document and docket event. THE FILER IS INSTRUCTED TO FILE A NOTICE OF WITHDRAWAL USING WITHDRAWAL DOCKET EVENT AND REFILE THE DOCUMENT USING THE CORRECT DOCKET EVENT THAT MATCHES THE DOCUMENT.** (RE: related document(s)23 Errata filed by Creditor Stephen Forde) (May, Thais D.) (Entered: 02/04/2019) |
| 02/06/2019 | 25 | Continuance of Meeting of Creditors (Rule 2003(e)) Filed by. 341(a) Meeting Continued to 2/22/2019 at 11:00 AM at RM 1, 915 Wilshire Blvd., 10th Floor,, Los Angeles, CA 90017. (Dockery (TR), Kathy) (Entered: 02/06/2019) |
| 02/06/2019 | 26<br>(24 pgs) | Reply to (related document(s): 21 Opposition filed by Debtor David C Kwok) , *with Proof of Service* Filed by Creditor Stephen Forde (Unruh, Carol) (Entered: 02/06/2019) |

| 02/06/2019 | 27<br>(3 pgs) | Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) (BNC). (AutoDocket, User) (Entered: 02/06/2019) |
| 02/07/2019 | 28<br>(4 pgs) | Notice of Hearing Filed by. (Dockery (TR), Kathy) (Entered: 02/07/2019) |
| 02/09/2019 | 29<br>(4 pgs) | BNC Certificate of Notice (RE: related document(s)27 Notice of Requirement to Complete Course in Financial Management (Auto VAN-105) BNC)) No. of Notices: 1. Notice Date 02/09/2019. (Admin.) (Entered: 02/09/2019) |
| 02/13/2019 | 30<br>(6 pgs; 2 docs) | Notice of lodgment *order granting motion to convert* Filed by Debtor David C Kwok (RE: related document(s)16 Motion to Convert Case From Chapter 13 to 7. *with Proof of Service* Fee Amount $25). (Attachments: # 1 Exhibit Filed order and declaration) (McGuire, Edmond) (Entered: 02/13/2019) |
| 02/14/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 18 MOTION FOR RELIEF FROM STAY - ACTION IN NON-BANKRUPTCY FORUM filed by Stephen Forde) Hearing to be held on 03/13/2019 at 08:30 AM 255 E. Temple St. Courtroom 1575 Los Angeles, CA 90012 for 18 , (May, Thais D.) (Entered: 02/14/2019) |
| 02/19/2019 | 31<br>(1 pg) | Transcript Order Form , regarding Hearing Date 2/7/2019 Filed by Creditor Stephen Forde . (Francis, Dawnette) (Entered: 02/19/2019) |
| 02/19/2019 | 32 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 19-SK-04. RE Hearing Date: 02/07/19, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number 888-272-0022.] (RE: related document(s)31 Transcript Order Form (Public Request) filed by Creditor Stephen Forde) (Francis, Dawnette) (Entered: 02/19/2019) |
| 02/19/2019 | 33<br>(4 pgs) | Declaration re: *compliance with Court's Order re: Lodgement of order converting case* Filed by Debtor David C Kwok (RE: related document(s)16 Motion to Convert Case From Chapter 13 to 7. *with Proof of Service* Fee Amount $25, 18 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE:. Fee Amount $181,, Hearing (Bk Motion) Set, Hearing (Bk Motion) Continued). (McGuire, Edmond) (Entered: 02/19/2019) |
| 02/20/2019 | 34<br>(2 pgs) | Order Granting Motion To Convert Chapter 13 Case To Chapter 7 Pursuant To 11 U.S.C. §1307(c) (BNC-PDF). Trustee Kathy A Dockery (TR) removed from the case. Trustee Sam S Leslie (TR) added to the case. (BNC-PDF) Signed on 2/20/2019 (RE: related document(s)7 Meeting (AutoAssign Chapter 13), 16 Motion to Convert Case filed by Creditor Stephen Forde). (Francis, Dawnette) (Entered: 02/20/2019) |
| 02/20/2019 | 35<br>(3 pgs) | Meeting of Creditors 341(a) meeting to be held on 3/28/2019 at 09:00 AM at RM 2, 915 Wilshire Blvd., 10th Floor, Los Angeles, CA 90017. Cert. of Financial Management due by 5/28/2019. Last day to oppose discharge or dischargeability is 5/28/2019. (Francis, Dawnette) (Entered: 02/20/2019) |
| 02/20/2019 | 36<br>(22 pgs) | Transcript regarding Hearing Held 02/07/19 RE: In Re: David C. Kwok. Remote electronic access to the transcript is restricted until 05/21/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8882720022.]. Notice of Intent to Request Redaction Deadline Due By 2/27/2019. Redaction Request Due By 03/13/2019. Redacted Transcript Submission Due By 03/25/2019. Transcript access will be restricted through 05/21/2019. (Hyatt, Mitchell) (Entered: 02/20/2019) |
| 02/22/2019 | 37<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)35 Meeting of Creditors Chapter 7 No Asset) No. of Notices: 7. Notice Date 02/22/2019. (Admin.) (Entered: 02/22/2019) |
| 02/22/2019 | 38<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)34 Order Converting Case to Chapter 7 (BNC-PDF)) No. of Notices: 1. Notice Date 02/22/2019. (Admin.) (Entered: 02/22/2019) |

| | | |
|---|---|---|
| 02/26/2019 | 39<br>(20 pgs; 3 docs) | Application for Compensation *pursuant to LBR 3015-1(q)(6)(i)* for Edmond Richard McGuire, Debtor's Attorney, Period: 11/13/2018 to 2/7/2019, Fee: $6900, Expenses: $. Filed by Attorney Edmond Richard McGuire (Attachments: # 1 Exhibit A - RARA # 2 Exhibit B - Billing Sheet) (McGuire, Edmond) (Entered: 02/26/2019) |
| 02/27/2019 | 40<br>(3 pgs) | Notice of continued hearing on motion for relief from the automatic stay (RE: related document(s)18 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Stephen Forde) (Jones, Phyllis R.) (Entered: 02/27/2019) |
| 02/28/2019 | 41<br>(12 pgs; 2 docs) | Motion *and notice of motion to reassign case to Judge Barry Russel* Filed by Debtor David C Kwok (Attachments: # 1 Exhibit A - Judge Klein's Tentative Ruling) (McGuire, Edmond) (Entered: 02/28/2019) |
| 03/05/2019 | 42<br>(11 pgs) | Reply to (related document(s): 26 Reply filed by Creditor Stephen Forde) Filed by Debtor David C Kwok (McGuire, Edmond) (Entered: 03/05/2019) |
| 03/06/2019 | 43<br>(31 pgs) | Opposition to (related document(s): 18 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE:. Fee Amount $181, filed by Creditor Stephen Forde, 19 Supplemental filed by Creditor Stephen Forde) -*Trustee's Opposition to Motion of Stephen Forde for Relief from the Automatic Stay; Memorandum of Points and Authorities, Declaration of Sam Leslie, and Request for Judicial Notice in Support Thereof; proof of service* Filed by Trustee Sam S Leslie (TR) (de Leest, Aaron) (Entered: 03/06/2019) |
| 03/07/2019 | 44<br>(6 pgs) | Original signature page Declaration of Sam Leslie *re Trustee's Opposition to Motion of Stephen Ford for Relief from the Automatic Stay; proof of service 43* Filed by Trustee Sam S Leslie (TR). (de Leest, Aaron) (Entered: 03/07/2019) |
| 03/08/2019 | 45<br>(31 pgs) | Notice of Opposition And Request For A Hearing (related document(s): 41 Motion *and notice of motion to reassign case to Judge Barry Russel* Filed by Debtor David C Kwok) Filed by Creditor Stephen Forde (Francis, Dawnette) (Entered: 03/08/2019) |
| 03/11/2019 | 46<br>(4 pgs) | Notice of Hearing Filed by Debtor David C Kwok (RE: related document(s)41 Motion *and notice of motion to reassign case to Judge Barry Russel* Filed by Debtor David C Kwok (Attachments: # 1 Exhibit A - Judge Klein's Tentative Ruling)). (McGuire, Edmond) (Entered: 03/11/2019) |
| 03/11/2019 | 47 | Hearing Set (RE: related document(s)41 Generic Motion filed by Debtor David C Kwok) The Hearing date is set for 4/3/2019 at 09:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (May, Thais D.) (Entered: 03/11/2019) |
| 03/11/2019 | 48<br>(9 pgs) | Notice of Opposition and Request for a Hearing (related document(s): 39 Application for Compensation *pursuant to LBR 3015-1(q)(6)(i)* for Edmond Richard McGuire, Debtor's Attorney, Period: 11/13/2018 to 2/7/2019, Fee: $6900, Expenses: $. filed by Debtor David C Kwok) Filed by Creditor Stephen Forde (Jones, Phyllis R.) (Entered: 03/12/2019) |
| 03/12/2019 | 49<br>(7 pgs) | Reply Of Secured Creditor Stephen Forde To Opposition Of The Chapter 7 Trustee To Motion For Relief From The Automatic Stay (related document(s): 43 Opposition filed by Trustee Sam S Leslie (TR) Filed by Creditor Stephen Forde (Francis, Dawnette) (Entered: 03/12/2019) |
| 03/13/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 18 MOTION FOR RELIEF FROM STAY - ACTION IN NON-BANKRUPTCY FORUM filed by Stephen Forde) Hearing to be held on 03/13/2019 at 01:00 PM 255 E. Temple St. Courtroom 1575 Los Angeles, CA 90012 for 18 , (May, Thais D.) (Entered: 03/13/2019) |
| 03/14/2019 | 50<br>(4 pgs) | Notice of Hearing Filed by Debtor David C Kwok (RE: related document(s)39 Application for Compensation *pursuant to LBR 3015-1(q)(6)(i)* for Edmond Richard McGuire, Debtor's Attorney, Period: 11/13/2018 to 2/7/2019, Fee: $6900, Expenses: $. Filed by Attorney Edmond Richard McGuire (Attachments: # 1 Exhibit A - RARA # 2 Exhibit B - Billing Sheet)). (McGuire, Edmond) (Entered: 03/14/2019) |
| 03/15/2019 | 51 | Hearing Set (RE: related document(s)39 Application for Compensation filed by Debtor |

| | | |
|---|---|---|
| | | David C Kwok) The Hearing date is set for 4/4/2019 at 09:00 AM at Crtrm 1575, 255 E Temple St., Los Angeles, CA 90012. The case judge is Sandra R. Klein (May, Thais D.) (Entered: 03/15/2019) |
| 03/15/2019 | 52 (2 pgs) | Order reassigning bankruptcy case to Honorable Barry Russell Re: 1 (BNC-PDF) Signed on 3/15/2019. (Fortier, Stacey) (Entered: 03/15/2019) |
| 03/15/2019 | | Judge Barry Russell added to case (Fortier, Stacey) (Entered: 03/15/2019) |
| 03/15/2019 | 53 (1 pg) | Notice of reassignment of case (BNC) (Fortier, Stacey) (Entered: 03/15/2019) |
| 03/15/2019 | 54 (2 pgs) | Notice of continued hearing to April 2, 2019 at 10 am (RE: related document(s)18 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Stephen Forde) (Fortier, Stacey) (Entered: 03/15/2019) |
| 03/15/2019 | 55 | Hearing Set (RE: related document(s)18 Motion for Relief from Stay - ACTION IN NON-BANKRUPTCY FORUM filed by Creditor Stephen Forde) The Hearing date is set for 4/2/2019 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 03/15/2019) |
| 03/17/2019 | 56 (3 pgs) | BNC Certificate of Notice (RE: related document(s)53 Notice of reassignment of case (BNC)) No. of Notices: 9. Notice Date 03/17/2019. (Admin.) (Entered: 03/17/2019) |
| 03/17/2019 | 57 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)52 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 03/17/2019. (Admin.) (Entered: 03/17/2019) |
| 03/20/2019 | 58 (23 pgs) | Application to Employ Danning, Gill, Diamond & Kollitz, LLP as General Bankruptcy Counsel *Chapter 7 Trustee's Notice Of Application And Application To Employ Danning, Gill, Diamond & Kollitz, LLP As General Bankruptcy Counsel, with Proof of Service* Filed by Trustee Sam S Leslie (TR) (Israel, Eric) (Entered: 03/20/2019) |
| 03/20/2019 | 59 (27 pgs) | Supplemental Declaration of Stephen Forde in support of Motion for relief from automatic stay. Filed by Debtor David C Kwok . (Toliver, Wanda) (Entered: 03/21/2019) |
| 03/26/2019 | 60 (14 pgs; 2 docs) | Reply to (related document(s): 48 Opposition filed by Creditor Stephen Forde) Filed by Debtor David C Kwok (Attachments: # 1 Exhibit A - Certified Copy Order Quashing) (McGuire, Edmond) (Entered: 03/26/2019) |
| 03/26/2019 | 61 | Notice to Filer of Error and/or Deficient Document **Incorrect hearing date/time/location was selected. THE FILER IS INSTRUCTED TO FILE AN AMENDED PLEADING WITH THE CORRECT HEARING INFORMATION.** (RE: related document(s)60 Reply filed by Debtor David C Kwok) (Fortier, Stacey)[ENTERED IN ERROR] Modified on 3/26/2019 (Fortier, Stacey). (Entered: 03/26/2019) |
| 03/28/2019 | 62 (14 pgs; 2 docs) | Reply to (related document(s): 48 Opposition filed by Creditor Stephen Forde) Filed by Debtor David C Kwok (Attachments: # 1 Exhibit A - Certified Minute Order) (McGuire, Edmond) (Entered: 03/28/2019) |
| 04/02/2019 | 63 (1 pg) | Transcript Order Form , regarding Hearing Date 4/2/19 Filed by Creditor Stephen Forde . (Toliver, Wanda) (Entered: 04/02/2019) |
| 04/02/2019 | 64 | Transcript Record Transmittal (Court transcript records have been uploaded to FDS). For Order Number: 19-BR-12. RE Hearing Date: 4/2/19, [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt, Telephone number (888) 272-0022,,] (RE: related document(s)63 Transcript Order Form (Public Request) filed by Creditor Stephen Forde) (Toliver, Wanda) (Entered: 04/02/2019) |
| 04/02/2019 | 65 (6 pgs) | Notice of lodgment *With Proof of Service* Filed by Trustee Sam S Leslie (TR) (RE: related document(s)18 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE:. Fee Amount $181, Filed by Creditor Stephen Forde). (de Leest, Aaron) (Entered: 04/02/2019) |
| | | |

| 04/03/2019 | 66<br>(34 pgs) | Application to Employ LEA Accountancy, LLP as Accountant Filed by Accountant LEA Accountancy, LLP. (Leslie, Sam) (Entered: 04/03/2019) |
| 04/03/2019 | 67<br>(9 pgs) | Notice of motion/application *to Employ LEA Accountancy, LLP as Accountant* Filed by Accountant LEA Accountancy, LLP (RE: related document(s)66 Application to Employ LEA Accountancy, LLP as Accountant Filed by Accountant LEA Accountancy, LLP.). (Leslie, Sam) (Entered: 04/03/2019) |
| 04/04/2019 | 68<br>(5 pgs; 2 docs) | Notice of lodgment Filed by Debtor David C Kwok (RE: related document(s)39 Application for Compensation *pursuant to LBR 3015-1(q)(6)(i)* for Edmond Richard McGuire, Debtor's Attorney, Period: 11/13/2018 to 2/7/2019, Fee: $6900, Expenses: $. Filed by Attorney Edmond Richard McGuire (Attachments: # 1 Exhibit A - RARA # 2 Exhibit B - Billing Sheet)). (Attachments: # 1 Exhibit A - Order) (McGuire, Edmond) (Entered: 04/04/2019) |
| 04/05/2019 | 69<br>(5 pgs; 2 docs) | Notice of lodgment Filed by Debtor David C Kwok (RE: related document(s)39 Application for Compensation *pursuant to LBR 3015-1(q)(6)(i)* for Edmond Richard McGuire, Debtor's Attorney, Period: 11/13/2018 to 2/7/2019, Fee: $6900, Expenses: $. Filed by Attorney Edmond Richard McGuire (Attachments: # 1 Exhibit A - RARA # 2 Exhibit B - Billing Sheet)). (Attachments: # 1 Exhibit A - filed order UPDATED) (McGuire, Edmond) (Entered: 04/05/2019) |
| 04/09/2019 | 70<br>(2 pgs) | Order Granting Application For Allowance Of Fees And Expenses Following Dismissal Of Chapter 13 Case Subject To A Rights And Responsibilities Agreement (BNC-PDF) (Related Doc # 39) for Edmond Richard McGuire, fees awarded: $6,900.00, expenses awarded: $0.00 Signed on 4/9/2019. (Francis, Dawnette) (Entered: 04/09/2019) |
| 04/10/2019 | 71<br>(10 pgs) | Transcript regarding Hearing Held 04/02/19 RE: In Re: David C. Kwok. Remote electronic access to the transcript is restricted until 07/9/2019. The transcript may be viewed at the Bankruptcy Court Clerk's Office on a public terminal **or** purchased through the Transcription Service Provider before the transcript access restriction has ended. [TRANSCRIPTION SERVICE PROVIDER: Ben Hyatt Corporation, Telephone number 8882720022.]. Notice of Intent to Request Redaction Deadline Due By 4/17/2019. Redaction Request Due By 05/1/2019. Redacted Transcript Submission Due By 05/13/2019. Transcript access will be restricted through 07/9/2019. (Hyatt, Mitchell) (Entered: 04/10/2019) |
| 04/10/2019 | 72<br>(2 pgs) | Order Denying motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF) (Related Doc # 18 ) Signed on 4/10/2019 (Fortier, Stacey) (Entered: 04/10/2019) |
| 04/10/2019 | 73<br>(28 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *with Proof of Service* Filed by Trustee Sam S Leslie (TR) (RE: related document(s)58 Application to Employ Danning, Gill, Diamond & Kollitz, LLP as General Bankruptcy Counsel *Chapter 7 Trustee's Notice Of Application And Application To Employ Danning, Gill, Diamond & Kollitz, LLP As General Bankruptcy Counsel, with Proof of Serv). (Israel, Eric) (Entered: 04/10/2019)* |
| 04/11/2019 | 74<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)70 Order on Application for Compensation (BNC-PDF)) No. of Notices: 1. Notice Date 04/11/2019. (Admin.) (Entered: 04/11/2019) |
| 04/12/2019 | 75<br>(5 pgs) | Notice of Intent to File Trustees Final Report and Account - Chapter 13 Dismissed/Converted . (Dockery (TR), Kathy) (Entered: 04/12/2019) |
| 04/12/2019 | 76<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)72 Motion for relief from automatic stay ACTION IN NON-BANKRUPTCY FORUM (BNC-PDF)) No. of Notices: 1. Notice Date 04/12/2019. (Admin.) (Entered: 04/12/2019) |
| 04/14/2019 | 77<br>(1 pg) | Personal Financial Management Course Certificate for Debtor 1 (Official Form 423) (Geving, Allison) (Entered: 04/14/2019) |
| 04/19/2019 | 78<br>(1 pg) | Declaration re: non-receipt of obj to trustee's final report (Dismissed/Converted Chapter 13 Cases) Filed by. (Dockery (TR), Kathy) (Entered: 04/19/2019) |

| 04/19/2019 | 79<br>(2 pgs) | Order Granting Application to Employ Danning Gill Diamond & Kollitz LLP (BNC-PDF) (Related Doc # 58) Signed on 4/19/2019. (Fortier, Stacey) (Entered: 04/19/2019) |
| 04/21/2019 | 80<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)79 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 04/21/2019. (Admin.) (Entered: 04/21/2019) |
| 04/25/2019 | 81<br>(48 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *Trustee's Application to Employ LEA Accountancy, LLP as Accountant* Filed by Trustee Sam S Leslie (TR) (RE: related document(s)66 Application to Employ LEA Accountancy, LLP as Accountant ). (Leslie (TR), Sam) (Entered: 04/25/2019) |
| 04/25/2019 | 82<br>(4 pgs) | Chapter 13 Trustee's Final Report and Account . (Dockery (TR), Kathy) (Entered: 04/25/2019) |
| 04/25/2019 | 83<br>(1 pg) | Notice of continued meeting of creditors and appearance of debtor (11 USC 341(a)) Filed by. (Leslie (TR), Sam) (Entered: 04/25/2019) |
| 05/01/2019 | 84<br>(2 pgs; 2 docs) | Notice of Assets filed by trustee and court's notice of possible dividend (BNC) Filed by Trustee Sam S Leslie (TR). Proofs of Claims due by 7/31/2019. Government Proof of Claim due by 10/29/2019. (Leslie (TR), Sam) (Entered: 05/01/2019) |
| 05/01/2019 | 85<br>(2 pgs) | Order Granting Application to Employ LEA Accountancy as accountants (BNC-PDF) (Related Doc # 66) Signed on 5/1/2019. (Toliver, Wanda) (Entered: 05/01/2019) |
| 05/03/2019 | 86<br>(3 pgs) | BNC Certificate of Notice (RE: related document(s)84 Notice of Assets filed by trustee and court's notice of possible dividend (BNC) filed by Trustee Sam S Leslie (TR)) No. of Notices: 9. Notice Date 05/03/2019. (Admin.) (Entered: 05/03/2019) |
| 05/03/2019 | 87<br>(3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)85 Order on Application to Employ (BNC-PDF)) No. of Notices: 1. Notice Date 05/03/2019. (Admin.) (Entered: 05/03/2019) |
| 05/30/2019 | 88<br>(1 pg) | Notice of Change of Address Filed by Debtor David C Kwok. (McGuire, Edmond) (Entered: 05/30/2019) |
| 08/06/2019 | 89<br>(53 pgs) | Motion *Notice of Request and Request for Payment of Fees and Costs Pursuant to Court Instruction; Declaration of Leslie Cohen* Filed by Creditor Leslie Cohen Law PC (Cohen, Leslie) (Entered: 08/06/2019) |
| 08/20/2019 | 90<br>(8 pgs) | Opposition to (related document(s): 89 Motion *Notice of Request and Request for Payment of Fees and Costs Pursuant to Court Instruction; Declaration of Leslie Cohen* filed by Creditor Leslie Cohen Law PC) *Trustee's Notice of Opposition and Request for Hearing on Request for Payment of Fees and Costs Pursuant to Court Instruction, Memorandum of Points and Authorities and Request for Judicial Notice in Support Thereof, With Proof of Service* Filed by Trustee Sam S Leslie (TR) (de Leest, Aaron) (Entered: 08/20/2019) |
| 08/20/2019 | 91<br>(20 pgs; 2 docs) | Opposition to (related document(s): 89 Motion *Notice of Request and Request for Payment of Fees and Costs Pursuant to Court Instruction; Declaration of Leslie Cohen* filed by Creditor Leslie Cohen Law PC) Filed by Debtor David C Kwok (Attachments: # 1 Exhibit A - Lexis printout) (McGuire, Edmond) (Entered: 08/20/2019) |
| 08/21/2019 | 92<br>(6 pgs) | Errata -*Notice of Errata re Trustee's Notice of Opposition and Request for Hearing on Request for Payment of Fees and Costs pursuant to Court Instruction; proof of service* Filed by Trustee Sam S Leslie (TR) (RE: related document(s)90 Opposition). (de Leest, Aaron) (Entered: 08/21/2019) |
| 08/21/2019 | 93<br>(4 pgs) | Notice of Hearing Filed by Creditor Leslie Cohen Law PC (RE: related document(s)89 Motion *Notice of Request and Request for Payment of Fees and Costs Pursuant to Court Instruction; Declaration of Leslie Cohen* Filed by Creditor Leslie Cohen Law PC). (Cohen, Leslie) (Entered: 08/21/2019) |
| 08/21/2019 | 94 | Hearing Set (RE: related document(s)89 Generic Motion filed by Creditor Leslie Cohen Law |

| | | |
|---|---|---|
| | | PC) The Hearing date is set for 10/2/2019 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 08/21/2019) |
| 09/05/2019 | 95 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Ure, Thomas. (Ure, Thomas) (Entered: 09/05/2019) |
| 09/17/2019 | 96 (5 pgs) | Notice of Change of Address -*Notice of Attorney Change of Address or Law Firm*. (de Leest, Aaron) (Entered: 09/17/2019) |
| 09/25/2019 | 97 (11 pgs) | Reply to (related document(s): 89 Motion *Notice of Request and Request for Payment of Fees and Costs Pursuant to Court Instruction; Declaration of Leslie Cohen* filed by Creditor Leslie Cohen Law PC Filed by Creditor Leslie Cohen Law PC (Cohen, Leslie) (Entered: 09/25/2019) |
| 10/02/2019 | | Hearing (Bk Motion) Continued (RE: related document(s) 89 GENERIC MOTION filed by Leslie Cohen Law PC) Hearing to be held on 11/26/2019 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 89 , (Fortier, Stacey) (Entered: 10/02/2019) |
| 10/02/2019 | 98 (5 pgs) | Notice of lodgment Filed by Creditor Leslie Cohen Law PC (RE: related document(s)89 Motion *Notice of Request and Request for Payment of Fees and Costs Pursuant to Court Instruction; Declaration of Leslie Cohen* Filed by Creditor Leslie Cohen Law PC). (Cohen, Leslie) (Entered: 10/02/2019) |
| 10/11/2019 | 99 (2 pgs) | Order on request for payment of fees and costs pursuant to court instruction (BNC-PDF) (Related Doc # 89 ) Signed on 10/11/2019 (Fortier, Stacey) (Entered: 10/11/2019) |
| 10/13/2019 | 100 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)99 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/13/2019. (Admin.) (Entered: 10/14/2019) |
| 10/15/2019 | 101 (3 pgs) | Proof of service Filed by Creditor Leslie Cohen Law PC (RE: related document(s)99 Order on Generic Motion (BNC-PDF)). (Cohen, Leslie) (Entered: 10/15/2019) |
| 10/15/2019 | 102 (5 pgs) | Proof of service Filed by Creditor Leslie Cohen Law PC (RE: related document(s)99 Order on Generic Motion (BNC-PDF)). (Cohen, Leslie) (Entered: 10/15/2019) |
| 10/16/2019 | 103 (73 pgs; 3 docs) | Application for Compensation *First Interim Application For Award of Compensation and Reimbursement of Expenses of Danning, Gill, Diamond & Kollitz, LLP, as General Counsel for Chapter 7 Trustee; and Declarations of Eric P. Israel and Sam S. Leslie in Support Thereof, With Proof of Service* for Danning Gill Diamond & Kollitz LLP, General Counsel, Period: 2/27/2019 to 9/30/2019, Fee: $48,648.50, Expenses: $523.35. Filed by Attorney Danning Gill Diamond & Kollitz LLP (Attachments: # 1 Exhibits 1 thru 9 # 2 Proof of Service) (Israel, Eric) (Entered: 10/16/2019) |
| 10/16/2019 | 104 (15 pgs; 2 docs) | Motion *Request for Hearing on First Interim Application For Award of Compensation and Reimbursement of Expenses of Danning, Gill, Diamond & Kollitz, LLP, as General Counsel for Chapter 7 Trustee; Declaration of Eric P. Israel in Support Thereof, With Proof of Service* Filed by Attorney Danning Gill Diamond & Kollitz LLP (Attachments: # 1 Proof of Service) (Israel, Eric) (Entered: 10/16/2019) |
| 10/17/2019 | 105 (2 pgs) | Order Granting Motion for hearing on first interim application for compensation and reimbursement of expenses by Danning, Gill, Diamond & Kollitz, LLP as general counsel to chapter 7 trustee(BNC-PDF) (Related Doc # 104 ) Signed on 10/17/2019 (Fortier, Stacey) (Entered: 10/17/2019) |
| 10/17/2019 | 106 | Hearing Set (RE: related document(s)103 Application for Compensation filed by Attorney Danning Gill Diamond & Kollitz LLP) The Hearing date is set for 12/17/2019 at 10:00 AM at Crtrm 1675, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 10/17/2019) |
| 10/19/2019 | 107 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)105 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/19/2019. (Admin.) (Entered: 10/19/2019) |

| 10/25/2019 | 108 (4 pgs) | Notice *To Professionals Of Scheduled Hearing Date For Interim Fee Applications, with Proof of Service* Filed by Trustee Sam S Leslie (TR). (Israel, Eric) (Entered: 10/25/2019) |
|---|---|---|
| 10/29/2019 | 109 (22 pgs) | Motion to Approve Compromise Under Rule 9019 *Trustee's Notice Of Motion And Motion To Approve Compromise With Leslie Cohen Law, PC; Memorandum of Points and Authorities, Declaration of Sam S. Leslie And Request for Judicial Notice in Support Thereof, with Proof of Service* Filed by Trustee Sam S Leslie (TR) (de Leest, Aaron) (Entered: 10/29/2019) |
| 10/29/2019 | 110 (6 pgs) | Notice of motion/application *Trustee's Notice Of Motion To Approve Compromise with Leslie Cohen Law, PC, with Proof of Service* Filed by Trustee Sam S Leslie (TR) (RE: related document(s)109 Motion to Approve Compromise Under Rule 9019 *Trustee's Notice Of Motion And Motion To Approve Compromise With Leslie Cohen Law, PC; Memorandum of Points and Authorities, Declaration of Sam S. Leslie And Request for Judicial Notice in Support Thereof, with Proof of Service* Filed by Trustee Sam S Leslie (TR) (de Leest, Aaron)). (de Leest, Aaron) (Entered: 10/29/2019) |
| 10/30/2019 | 111 | Hearing Set (RE: related document(s)109 Motion to Approve Compromise Under Rule 9019 filed by Trustee Sam S Leslie (TR)) The Hearing date is set for 11/19/2019 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 10/30/2019) |
| 11/05/2019 | 112 (23 pgs) | Motion *Trustee's Notice Of Motion And Motion Re Interim Distribution; Memorandum Of Points And Authorities, And Declaration Of Sam Leslie And Request For Judicial Notice In Support Thereof, with Proof of Service* Filed by Trustee Sam S Leslie (TR) (de Leest, Aaron) (Entered: 11/05/2019) |
| 11/05/2019 | 113 | Hearing Set (RE: related document(s)112 Generic Motion filed by Trustee Sam S Leslie (TR)) The Hearing date is set for 11/26/2019 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 11/05/2019) |
| 11/12/2019 | 114 (6 pgs) | Response to (related document(s): 112 Motion *Trustee's Notice Of Motion And Motion Re Interim Distribution; Memorandum Of Points And Authorities, And Declaration Of Sam Leslie And Request For Judicial Notice In Support Thereof, with Proof of Service* filed by Trustee Sam S Leslie (TR)) Filed by Creditor Stephen Forde (Fortier, Stacey) (Entered: 11/12/2019) |
| 11/22/2019 | 115 (5 pgs) | Notice of Change of Address *or Law Firm*. (de Leest, Aaron) (Entered: 11/22/2019) |
| 11/22/2019 | 116 (7 pgs) | Notice of Change of Address *(Firm Name and Email Address)*. (Israel, Eric) WARNING: See docket entry no. 117 for corrective actions. Modified on 11/26/2019 (Cowan, Sarah). (Entered: 11/22/2019) |
| 11/26/2019 | 117 | Notice to Filer of Error and/or Deficient Document **Other -Please update your attorney online user profile to reflect the correct name, address, firm and other information.** (RE: related document(s)116 Notice of Change of Address (multi)) (Cowan, Sarah) (Entered: 11/26/2019) |
| 11/26/2019 | 118 (23 pgs) | Application for Compensation *of Interim Fees and/or Expenses* for LEA Accountancy, LLP, Accountant, Period: 3/15/2019 to 11/22/2019, Fee: $4,403.00, Expenses: $0.00. Filed by Accountant LEA Accountancy, LLP. (Leslie, Sam) (Entered: 11/26/2019) |
| 11/26/2019 | 119 (31 pgs) | Application for Compensation *First Supplement To First Interim Application For Award Of Compensation And Reimbursement Of Expenses Of Danning, Gill, Israel & Krasnoff, LLP, As General Counsel For Chapter 7 Trustee [Doc No. 103]; And Declarations Of Eric P. Israel And Sam S. Leslie In Support Thereof, with Proof of Service* for Danning, Gill, Israel & Krasnoff, LLP, General Counsel, Period: 10/1/2019 to 10/31/2019, Fee: $21,305.50, Expenses: $55.90. Filed by Attorney Danning, Gill, Israel & Krasnoff, LLP (Israel, Eric) (Entered: 11/26/2019) |
| 11/26/2019 | 120 | Notice of Hearing *On Interim Applications For Compensation And Reimbursement Of* |

| | | |
|---|---|---|
| | (5 pgs) | *Expenses By Professionals, with Proof of Service* Filed by Trustee Sam S Leslie (TR) (RE: related document(s)119 Application for Compensation *First Supplement To First Interim Application For Award Of Compensation And Reimbursement Of Expenses Of Danning, Gill, Israel & Krasnoff, LLP, As General Counsel For Chapter 7 Trustee [Doc No. 103]; And Declarations Of Eric P. Israel And Sam S. Leslie In Support Thereof, with Proof of Service*H for Danning, Gill, Israel & Krasnoff, LLP, General Counsel, Period: 10/1/2019 to 10/31/2019, Fee: $21,305.50, Expenses: $55.90. Filed by Attorney Danning, Gill, Israel & Krasnoff, LLP). (Israel, Eric) (Entered: 11/26/2019) |
| 11/27/2019 | 121 (3 pgs) | Declaration re: *Support of the First Interim Fee Application for LEA Accountancy, LLP (Client Statement)* Filed by Accountant LEA Accountancy, LLP (RE: related document(s)118 Application for Compensation *of Interim Fees and/or Expenses* for LEA Accountancy, LLP, Accountant, Period: 3/15/2019 to 11/22/2019, Fee: $4,403.00, Expenses: $0.00. Filed by Accountant LEA Accountancy, LLP). (Leslie, Sam) (Entered: 11/27/2019) |
| 11/27/2019 | 122 | Hearing Set (RE: related document(s)118 Application for Compensation filed by Accountant LEA Accountancy, LLP) The Hearing date is set for 12/17/2019 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 11/27/2019) |
| 11/27/2019 | 123 | Hearing Set (RE: related document(s)119 Application for Compensation) The Hearing date is set for 12/17/2019 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 11/27/2019) |
| 12/02/2019 | 124 (2 pgs) | Order Granting Motion to Approve Compromise under Rule 9019 (BNC-PDF) (Related Doc # 109) Signed on 12/2/2019. (Fortier, Stacey) (Entered: 12/02/2019) |
| 12/02/2019 | 125 (4 pgs) | Original signature page Of Sam S. Leslie To First Supplement To First Interim Application For Award Of Compensation And Reimbursement Of Expenses Of Danning, Gill, Israel & Krasnoff, LLP As General Counsel For Chapter 7 Trustee [Doc No. 103], And Declarations Of Eric P. Israel And Sam S. Leslie In Support Thereof [Doc No. 119], with Proof of Service Filed by Attorney Danning, Gill, Israel & Krasnoff, LLP. (Israel, Eric) (Entered: 12/02/2019) |
| 12/03/2019 | 126 (7 pgs; 2 docs) | Reply to (related document(s): 103 Application for Compensation *First Interim Application For Award of Compensation and Reimbursement of Expenses of Danning, Gill, Diamond & Kollitz, LLP, as General Counsel for Chapter 7 Trustee; and Declarations of Eric P. Israel and Sam S. Leslie in* filed by Attorney Danning Gill Diamond & Kollitz LLP, 119 *Application for Compensation First Supplement To First Interim Application For Award Of Compensation And Reimbursement Of Expenses Of Danning, Gill, Israel & Krasnoff, LLP, As General Counsel For Chapter 7 Trustee [Doc No. 103]; And Declarations Of E) and request for payment of allowed fees* Filed by Debtor David C Kwok (Attachments: # 1 *Exhibit A - Order re: fee application) (McGuire, Edmond) (Entered: 12/03/2019)* |
| 12/04/2019 | 127 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)124 Order on Motion to Approve Compromise Under Rule 9019 (BNC-PDF)) No. of Notices: 1. Notice Date 12/04/2019. (Admin.) (Entered: 12/04/2019) |
| 12/19/2019 | 128 (2 pgs) | Order of Distribution for Edmond Richard McGuire, Debtor's Attorney, Period: to , Fees awarded: $0, Expenses awarded: $0; Awarded on 12/19/2019 (REFER TO DOCKET 70) (BNC-PDF) Signed on 12/19/2019. (Fortier, Stacey) (Entered: 12/19/2019) |
| 12/19/2019 | 129 (2 pgs) | Order of Distribution for LEA Accountancy, Accountant, Period: to , Fees awarded: $4403.00, Expenses awarded: $0; Awarded on 12/19/2019 (BNC-PDF) Signed on 12/19/2019. (Fortier, Stacey) (Entered: 12/19/2019) |
| 12/19/2019 | 130 (2 pgs) | Order of Distribution for Danning, Gill, Israel & Krasnoff, LLP, Trustee's Attorney, Period: to , Fees awarded: $69954.00, Expenses awarded: $579.25; Awarded on 12/19/2019 (BNC-PDF) Signed on 12/19/2019. (Fortier, Stacey) (Entered: 12/19/2019) |
| 12/21/2019 | 131 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)128 Order of Distribution (BNC-PDF)) No. of Notices: 1. Notice Date 12/21/2019. (Admin.) (Entered: 12/21/2019) |
| 12/21/2019 | 132 | BNC Certificate of Notice - PDF Document. (RE: related document(s)129 Order of |

| | | |
|---|---|---|
| | (3 pgs) | Distribution (BNC-PDF) filed by Accountant LEA Accountancy) No. of Notices: 1. Notice Date 12/21/2019. (Admin.) (Entered: 12/21/2019) |
| 12/21/2019 | 133 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)130 Order of Distribution (BNC-PDF) filed by Attorney Danning, Gill, Israel & Krasnoff, LLP) No. of Notices: 1. Notice Date 12/21/2019. (Admin.) (Entered: 12/21/2019) |
| 03/16/2020 | 134 (8 pgs) | Amended Schedule A/B for Individual: Property (Official Form 106A/B or 206A/B) , Amended Schedule C: The Property You Claimed as Exempt (Official Form 106C) Filed by Debtor David C Kwok. (McGuire, Edmond) (Entered: 03/16/2020) |
| 03/16/2020 | 135 | Notice to Filer of Correction Made/No Action Required: Other - [Judge's initials are BR, not NB] THIS ENTRY IS PROVIDED FOR FUTURE REFERENCE. (RE: related document(s)134 Schedule A/B: Property (Official Form 106A/B or 206A/B) filed by Debtor David C Kwok, Schedule C: The Property You Claimed as Exempt (Official Form 106C)) (Fortier, Stacey) (Entered: 03/16/2020) |
| 06/09/2020 | 136 (5 pgs) | Notice of Proposed Abandonment of Property of the Estate - *Trustee's Notice of Intent to Abandon Appeal Entitled Harvest Credit Management VII, LLC and Stephen Forde v. David C. Kwok, Appeal No. BV032693; proof of service* Filed by Trustee Sam S Leslie (TR). (de Leest, Aaron) (Entered: 06/09/2020) |
| 06/29/2020 | 137 | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *136; proof of service* Filed by Trustee Sam S Leslie (TR). (de Leest, Aaron). Warning: See docket entry no 138 for corrective actions. PDF document was not flattened prior to filing. This entry has been restricted from the public view. Modified on 6/30/2020 (Ly, Lynn). (Entered: 06/29/2020) |
| 06/29/2020 | 138 | Notice to Filer of Error and/or Deficient Document **Incorrect/incomplete/unreadable PDF was attached to the docket entry. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.- NEED TO FLATTEN** (RE: related document(s)137 Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) filed by Trustee Sam S Leslie (TR)) (Fortier, Stacey) (Entered: 06/29/2020) |
| 06/29/2020 | 139 (9 pgs) | Declaration That No Party Requested a Hearing on Motion (LBR 9013-1(o)(3)) *136; proof of service* Filed by Trustee Sam S Leslie (TR). (de Leest, Aaron) (Entered: 06/29/2020) |
| 07/07/2020 | 140 (2 pgs) | Order authorizing trustee's abandonment of appeal entitled Harvest Credit Management VII, LLC and Stephen Forde V David C. Kwok, appeal no BV03693 Order Re: (BNC-PDF) (Related Doc # 136 ) Signed on 7/7/2020 (Fortier, Stacey) (Entered: 07/07/2020) |
| 07/09/2020 | 141 (3 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)140 Order (Generic) (BNC-PDF)) No. of Notices: 1. Notice Date 07/09/2020. (Admin.) (Entered: 07/09/2020) |
| 08/20/2020 | 142 (20 pgs) | Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Harvest Credit Mgt vii vs Stepehn Forde v Kwok, David . Fee Amount $181, Filed by Creditor Stephen Forde [CORRECTION: Hearing date was not approved by the court, case is a chapter 7, not a chapter 13, notified Mr. Forde to amend motion to include no hearing date, and correct case chapter] (Fortier, Stacey) (Entered: 08/20/2020) |
| 08/20/2020 | 143 (13 pgs) | Amended Motion (related document(s): 142 Notice of motion and motion for relief from automatic stay with supporting declarations ACTION IN NON-BANKRUPTCY FORUM RE: Harvest Credit Mgt vii vs Stepehn Forde v Kwok, David. Fee Amount $181, filed by Creditor Stephen Forde) Filed by Creditor Stephen Forde (Fortier, Stacey) (Entered: 08/20/2020) |
| 08/20/2020 | | Receipt of Motion Filing Fee - $181.00 by 01. Receipt Number 20241325. (admin) (Entered: 08/20/2020) |
| 08/24/2020 | 144 | Hearing Set (RE: related document(s)143 Amended Motion filed by Creditor Stephen Forde) The Hearing date is set for 9/22/2020 at 02:00 PM at Crtrm 1668, 255 E Temple St., |

| | | Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 08/24/2020) |
|---|---|---|
| 08/24/2020 | 145 (9 pgs) | Exhibit 1 and 2 to amended motion for relief from automatic stay Filed by Creditor Stephen Forde (RE: related document(s)143 Amended Motion (Fortier, Stacey) (Entered: 08/24/2020) |
| 08/24/2020 | 146 (4 pgs) | Notice of Hearing on amended motion for relief from automatic stay Filed by Creditor Stephen Forde (RE: related document(s)143 Amended Motion The Hearing date is set for 9/22/2020 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 08/24/2020) |
| 08/28/2020 | 147 (3 pgs) | Non-Opposition *-Notice of Non-Opposition; proof of service* Filed by Trustee Sam S Leslie (TR). (de Leest, Aaron) (Entered: 08/28/2020) |
| 09/29/2020 | 148 (4 pgs) | Order Granting Motion for relief from the automatic stay (BNC-PDF) (Related Doc # 143) Signed on 9/29/2020. (Fortier, Stacey) (Entered: 09/29/2020) |
| 10/01/2020 | 149 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)148 Order on Amended Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/01/2020. (Admin.) (Entered: 10/01/2020) |
| 10/16/2020 | 150 (75 pgs) | Application for Compensation *Second Interim Application For Award Of Compensation And Reimbursement Of Expenses Of Danning, Gill, Israel & Krasnoff, LLP, As General Counsel For Chapter 7 Trustee; And Declarations Of Eric P. Israel and Sam S. Leslie In Support Thereof, with Proof of Service* for Danning, Gill, Israel & Krasnoff, LLP, General Counsel, Period: 11/1/2019 to 9/30/2020, Fee: $28,460.50, Expenses: $206.85. Filed by Attorney Danning, Gill, Israel & Krasnoff, LLP (Israel, Eric) (Entered: 10/16/2020) |
| 10/16/2020 | 151 (14 pgs) | Motion *Request For Hearing On Second Interim Application For Compensation And Reimbursement Of Expenses By Danning, Gill, Israel & Krasnoff, LLP As General Counsel To Chapter 7 Trustee; Declaration Of Eric P. Israel In Support Thereof, with Proof of Service* Filed by Trustee Sam S Leslie (TR) (Israel, Eric) (Entered: 10/16/2020) |
| 10/20/2020 | 152 (2 pgs) | Order Granting Motion for hearing on interim applications for compensation and reimbursement of expenses (see order for details) (BNC-PDF) (Related Doc # 151) Signed on 10/20/2020 (Fortier, Stacey) (Entered: 10/20/2020) |
| 10/21/2020 | 153 (4 pgs) | Notice *To Professionals Of Scheduled Hearing Date For Interim Fee Applications, with Proof of Service* Filed by Trustee Sam S Leslie (TR). (Israel, Eric) (Entered: 10/21/2020) |
| 10/21/2020 | 154 (7 pgs) | Notice *Amended Notice To Professionals Of Scheduled Hearing Date For Interim Fee Applications, with Proof of Service* Filed by Trustee Sam S Leslie (TR). (Israel, Eric) (Entered: 10/21/2020) |
| 10/21/2020 | 155 | Hearing Set (RE: related document(s)150 Application for Compensation filed by Attorney Danning, Gill, Israel & Krasnoff, LLP) The Hearing date is set for 12/8/2020 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 10/21/2020) |
| 10/22/2020 | 156 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)152 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 10/22/2020. (Admin.) (Entered: 10/22/2020) |
| 11/17/2020 | 157 (5 pgs) | Notice of Hearing *On Interim Applications For Compensation And Reimbursement Of Expenses By Professionals, with Proof of Service* Filed by Trustee Sam S Leslie (TR) (RE: related document(s)150 Application for Compensation *Second Interim Application For Award Of Compensation And Reimbursement Of Expenses Of Danning, Gill, Israel & Krasnoff, LLP, As General Counsel For Chapter 7 Trustee; And Declarations Of Eric P. Israel And Sam S. Leslie In Support Thereof, with Proof of Service* for Danning, Gill, Israel & Krasnoff, LLP, General Counsel, Period: 11/1/2019 to 9/30/2020, Fee: $28,460.50, Expenses: $206.85. Filed by Attorney Danning, Gill, Israel & Krasnoff, LLP). (Israel, Eric) (Entered: 11/17/2020) |

| 11/17/2020 | 158<br>(22 pgs) | Application for Compensation *of 2nd Interim Fees and/or Expenses* for LEA Accountancy, Accountant, Period: 11/23/2019 to 8/23/2020, Fee: $8,695.00, Expenses: $208.25. Filed by Accountant LEA Accountancy. (Leslie, Sam) (Entered: 11/17/2020) |
|---|---|---|
| 11/18/2020 | 159 | Hearing Set (RE: related document(s)158 Application for Compensation filed by Accountant LEA Accountancy) The Hearing date is set for 12/8/2020 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 11/18/2020) |
| 11/19/2020 | 160<br>(3 pgs) | Declaration re: *Support of the Second Interim Fee Application for LEA Accountancy, LLP (Client Statement)* Filed by Accountant LEA Accountancy (RE: related document(s)158 Application for Compensation *of 2nd Interim Fees and/or Expenses* for LEA Accountancy, Accountant, Period: 11/23/2019 to 8/23/2020, Fee: $8,695.00, Expenses: $208.25. Filed by Accountant LEA Accountancy.). (Leslie, Sam) (Entered: 11/19/2020) |
| 12/02/2020 | 161<br>(21 pgs) | Motion to approve compromise *-Trustee's Notice of Motion and Motion to Approve Compromise with Curtis Wang; Memorandum of Points and Authorities, Declaration of Sam S. Leslie in Support and Request for Judicial Notice in Support Thereof; proof of service* Filed by Trustee Sam S Leslie (TR) (de Leest, Aaron) (Entered: 12/02/2020) |
| 12/02/2020 | 162 | Hearing Set (RE: related document(s)161 Motion to approve compromise filed by Trustee Sam S Leslie (TR)) The Hearing date is set for 1/12/2021 at 10:00 AM by zoom. Website: zoomgov.com, Meeting ID: 161 816 4058, Password: 123456 The case judge is Barry Russell (Fortier, Stacey) Modified on 12/22/2020 (Fortier, Stacey). (Entered: 12/02/2020) |
| 12/09/2020 | 163<br>(2 pgs) | Order of Distribution for LEA Accountancy, Accountant, Period: to , Fees awarded: $8695.00, Expenses awarded: $208.25; Awarded on 12/9/2020 (BNC-PDF) Signed on 12/9/2020. (Toliver, Wanda) (Entered: 12/09/2020) |
| 12/09/2020 | 164<br>(2 pgs) | Order of Distribution for Danning, Gill, Israel & Krasnoff, LLP, Trustee's Attorney, Period: to , Fees awarded: $28460.50, Expenses awarded: $206.85; Awarded on 12/9/2020 (BNC-PDF) Signed on 12/9/2020. (Toliver, Wanda) (Entered: 12/09/2020) |
| 12/11/2020 | 165<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)163 Order of Distribution (BNC-PDF) filed by Accountant LEA Accountancy) No. of Notices: 1. Notice Date 12/11/2020. (Admin.) (Entered: 12/11/2020) |
| 12/11/2020 | 166<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)164 Order of Distribution (BNC-PDF) filed by Attorney Danning, Gill, Israel & Krasnoff, LLP) No. of Notices: 1. Notice Date 12/11/2020. (Admin.) (Entered: 12/11/2020) |
| 12/29/2020 | 167<br>(6 pgs) | Limited Opposition to trustee's motion to approve compromise with Curtis Wang filed by Stephen Forde (related document(s): 161 Motion to approve compromise [Fortier, Stacey] (Entered: 12/29/2020) |
| 01/05/2021 | 168<br>(13 pgs) | Reply to (related document(s): 167 Opposition filed by Creditor Stephen Forde) *- Trustee's Reply Memorandum of Points and Authorities in Support of Motion to Approve Compromise with Curtis Wang; Supplemental Declaration of Sam S. Leslie in Support Thereof; proof of service* Filed by Trustee Sam S Leslie (TR) (de Leest, Aaron) (Entered: 01/05/2021) |
| 01/13/2021 | 169<br>(6 pgs) | Notice of lodgment *of Order in Bankruptcy Case; proof of service* Filed by Trustee Sam S Leslie (TR) (RE: related document(s)161 Motion to approve compromise *-Trustee's Notice of Motion and Motion to Approve Compromise with Curtis Wang; Memorandum of Points and Authorities, Declaration of Sam S. Leslie and Request for Judicial Notice in Support Thereof; proof of service* Filed by Trustee Sam S Leslie (TR) (de Leest, Aaron)). (de Leest, Aaron) (Entered: 01/13/2021) |
| 01/22/2021 | 170<br>(2 pgs) | Order Granting Motion to Approve Compromise (BNC-PDF) (Related Doc # 161 ) Signed on 1/22/2021 (Toliver, Wanda) (Entered: 01/22/2021) |
| 01/24/2021 | 171<br>(4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)170 Order on Motion to Approve Compromise (BNC-PDF)) No. of Notices: 1. Notice Date 01/24/2021. (Admin.) (Entered: 01/24/2021) |

| | | |
|---|---|---|
| 07/23/2021 | [172](#)<br>(2 pgs) | DISCHARGE OF DEBTORS (BNC) (autouser) (Entered: 07/23/2021) |
| 07/25/2021 | [173](#)<br>(5 pgs) | BNC Certificate of Notice (RE: related document(s)172 ORDER OF DISCHARGE - Chapter 7 (CACB ADI-AutoDischarge per Flag) (BNC) No. of Notices: 11. Notice Date 07/25/2021. (Admin.) (Entered: 07/25/2021) |
| 08/13/2021 | [174](#)<br>(1 pg) | Request for court costs Filed by Trustee Sam S Leslie (TR). (Leslie (TR), Sam) (Entered: 08/13/2021) |
| 08/13/2021 | [175](#)<br>(2 pgs) | Notice to professionals to file application for compensation Filed by Trustee Sam S Leslie (TR). (Leslie (TR), Sam) (Entered: 08/13/2021) |
| 08/13/2021 | 176 | Notice to Pay Court Costs Due Sent To: Sam Leslie trustee, Total Amount Due $0 . (Fortier, Stacey) (Entered: 08/13/2021) |
| 09/22/2021 | [177](#)<br>(30 pgs) | Application for Compensation *of Final Fees and/or Expenses* for LEA Accountancy, LLP, Accountant, Period: 11/23/2019 to 9/16/2021, Fee: $7,985.50, Expenses: $316.30. Filed by Accountant LEA Accountancy, LLP. (Leslie, Sam) (Entered: 09/22/2021) |
| 09/22/2021 | [178](#)<br>(3 pgs) | Declaration re: *Support of the Second and Final Fee Application for LEA Accountancy, LLP (Client Statement)* Filed by Accountant LEA Accountancy (RE: related document(s)177 Application for Compensation *of Final Fees and/or Expenses* for LEA Accountancy, LLP, Accountant, Period: 11/23/2019 to 9/16/2021, Fee: $7,985.50, Expenses: $316.30. Filed by Accountant LEA Accountancy, LLP.). (Leslie, Sam) (Entered: 09/22/2021) |
| 09/27/2021 | [179](#)<br>(71 pgs) | Application for Compensation *Third And Final Application For Award Of Compensation And Reimbursement Of Expenses Of Danning, Gill, Israel & Krasnoff, LLP, As General Counsel For Chapter 7 Trustee; And Declarations Of Eric P. Israel And Sam S. Leslie In Support Thereof, with Proof of Service* for Danning, Gill, Israel & Krasnoff, LLP, General Counsel, Period: 10/1/2020 to 9/27/2021, Fee: $28,604.50, Expenses: $586.52. Filed by Attorney Danning, Gill, Israel & Krasnoff, LLP (Israel, Eric) (Entered: 09/27/2021) |
| 10/13/2021 | [180](#)<br>(2 pgs) | Notice *of Receipt of Prompt Determination of Tax Liability* Filed by Trustee Sam S Leslie (TR). (Leslie (TR), Sam) (Entered: 10/13/2021) |
| 10/18/2021 | [181](#)<br>(4 pgs) | Errata *Notice of Errata to: Third and Final Application for Award of Compensation and Reimbursement of Expenses of Danning, Gill, Israel & Krasnoff, as General Counsel for Chapter 7 Trustee; and Declarations of Eric P. Israel and Sam S. Leslie, With Proof of Service* Filed by Attorney Danning, Gill, Israel & Krasnoff, LLP (RE: related document(s)179 Application for Compensation *Third And Final Application For Award Of Compensation And Reimbursement Of Expenses Of Danning, Gill, Israel & Krasnoff, LLP, As General Counsel For Chapter 7 Trustee; And Declarations Of Eric P. Israel And Sam S. Leslie). (Israel, Eric) (Entered: 10/18/2021)* |
| 01/10/2022 | [182](#)<br>(3 pgs; 3 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Stephen Forde (Claim No. 6) To Stephen Forde Fee Amount $26 To Buchalter, a Professional Corp. 1000 Wilshire Blvd., 15th Floor Los Angeles, CA 90017 Attn: Robert S. Cooper, Esq. Filed by Creditor Stephen Forde. (Attachments: # [1](#) NOTICE OF TRANSFER OF CLAIM OTHER THAN FOR SECURITY) (Napolitano, Anthony) (Entered: 01/10/2022) |
| 01/10/2022 | | Receipt of Transfer of Claim (Fee)( [2:18-bk-23346-BR](#)) [claims,trclm] ( 26.00) Filing Fee. Receipt number A53783229. Fee amount 26.00. (re: Doc# 182) (U.S. Treasury) (Entered: 01/10/2022) |
| 01/12/2022 | [183](#)<br>(2 pgs) | Withdrawal re: *Notice of Withdrawal of Transfer of Claim Other Than for Security (and Notice of Transfer of Claim Other Than for Security)* Filed by Creditor Stephen Forde (related document(s)182 Transfer of Claim (Fee) filed by Creditor Stephen Forde). (Napolitano, Anthony) (Entered: 01/12/2022) |
| 01/12/2022 | [184](#)<br>(3 pgs; 3 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Stephen Forde (Claim No. 6) To Buchalter, a Professional Corporation Fee Amount $26 To Buchalter, a Professional Corporation Attn: Robert Cooper 1000 Wilshire Boulevard, Suite 1500 Los Angeles, CA |

| | | |
|---|---|---|
| | | 90017 Filed by Creditor Stephen Forde. (Attachments: # 1 Notice of Transfer of Claim Other Than for Security) (Napolitano, Anthony) (Entered: 01/12/2022) |
| 01/12/2022 | | Receipt of Transfer of Claim (Fee)( 2:18-bk-23346-BR) [claims,trclm] ( 26.00) Filing Fee. Receipt number A53791792. Fee amount 26.00. (re: Doc# 184) (U.S. Treasury) (Entered: 01/12/2022) |
| 01/13/2022 | 185 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)182 Transfer of Claim (Fee) filed by Creditor Stephen Forde) No. of Notices: 1. Notice Date 01/13/2022. (Admin.) (Entered: 01/13/2022) |
| 01/15/2022 | 186 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)184 Transfer of Claim (Fee) filed by Creditor Stephen Forde) No. of Notices: 1. Notice Date 01/15/2022. (Admin.) (Entered: 01/15/2022) |
| 01/19/2022 | 187 (13 pgs) | Adversary case 2:22-ap-01026. Complaint by Sam S. Leslie, Chapter 7 Trustee against James Quan, Zhong Qiu Li. ($350.00 Fee Charge To Estate). -*Chapter 7 Trustee's Complaint: (1) For Breach of Contract; (2) To Avoid Sale or, In the Alternative, for Damages under 11 U.S.C. Section 363(n); and (3) For Turnover* Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))), (11 (Recovery of money/property - 542 turnover of property)) (DE Leest, Aaron) (Entered: 01/19/2022) |
| 01/25/2022 | 188 (32 pgs) | Motion *Trustees Notice of Motion and Motion for Authority to Abandon Estates Interest in: (1) an Unscheduled Promissory Note Dated August 31, 2017; and (2) an Adversary Proceeding Captioned Sam S. Leslie, Chapter 7 Trustee v James Quan and Zhong Qiu Li, Adv. No. 2:22-ap-01026-BR; Memorandum of Points Authorities, Declaration of Sam S. Leslie; and Request For Judicial Notice in Support Thereof, With Proof of Service* Filed by Trustee Sam S Leslie (TR) (DE Leest, Aaron) (Entered: 01/25/2022) |
| 01/25/2022 | 189 | Hearing Set (RE: related document(s)188 Generic Motion filed by Trustee Sam S Leslie (TR)) The Hearing date is set for 2/15/2022 at 02:00 PM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 01/25/2022) |
| 02/14/2022 | 190 (6 pgs) | Amended Schedule A/B for Individual: Property (Official Form 106A/B or 206A/B) *amended to disclose written agreement* Filed by Debtor David C Kwok. (McGuire, Edmond) (Entered: 02/14/2022) |
| 02/18/2022 | 191 (2 pgs) | Order Granting Trustee's motion for authority to abandon estate's interest in: (1) an unscheduled promissory note dated AUGUST 31, 2017; and (2) an adversary proceeding captioned SAM S. LESLIE, CHAPTER 7 TRUSTEE V. JAMES QUAN AND ZHONG QIU LI, ADV. NO. 2:22-ap-01026-BR (BNC-PDF) (Related Doc # 188 ) Signed on 2/18/2022 (Fortier, Stacey) (Entered: 02/18/2022) |
| 02/20/2022 | 192 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)191 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 02/20/2022. (Admin.) (Entered: 02/20/2022) |
| 02/25/2022 | 193 (1 pg) | Request for court costs Filed by Trustee Sam S Leslie (TR). (Leslie (TR), Sam) (Entered: 02/25/2022) |
| 02/25/2022 | 194 (1 pg) | Notice to Pay Court Costs Due Sent To: Sam Leslie Trustee, Total Amount Due $350 . (Fortier, Stacey) (Entered: 02/25/2022) |
| 02/27/2022 | 195 (3 pgs) | BNC Certificate of Notice (RE: related document(s)194 Notice to Pay Court Costs Due (BNC Option)) No. of Notices: 1. Notice Date 02/27/2022. (Admin.) (Entered: 02/27/2022) |
| 03/14/2022 | 196 (39 pgs) | Application for Compensation *First Supplement To Third And Final Application For Compensation And Reimbursement Of Expenses By Danning, Gill, Israel & Krasnoff, LLP, As General Counsel To Chapter 7 Trustee [Doc No. 179]; And Declarations Of Eric P. Israel And Brad D. Krasnoff In Support Thereof, with Proof of Service* for Danning, Gill, Israel & Krasnoff, LLP, General Counsel, Period: 9/27/2021 to 3/14/2022, Fee: $34,830.00, Expenses: $218.21. Filed by Attorney Danning, Gill, Israel & Krasnoff, LLP (Israel, Eric) (Entered: 03/14/2022) |
| 04/01/2022 | 197 | Notice of Change of Address . (Cohen, Leslie) (Entered: 04/01/2022) |

(4 pgs)

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/12/2022 13:29:51 | | | |
| **PACER Login:** | lkbogard | **Client Code:** | Quan II |
| **Description:** | Docket Report | **Search Criteria:** | 2:18-bk-23346-BR Fil or Ent: filed From: 1/11/2018 To: 5/12/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 17 | **Cost:** | 1.70 |

**DEFER**

**U.S. Bankruptcy Court**
**Central District of California (Los Angeles)**
**Adversary Proceeding #: 2:22-ap-01026-BR**

*Assigned to:* Barry Russell
*Lead BK Case:* 18-23346
*Lead BK Title:* David C Kwok
*Lead BK Chapter:* 7
*Demand:*

*Date Filed:* 01/19/22

*Nature[s] of Suit:* 02 Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy)
11 Recovery of money/property - 542 turnover of property

**Plaintiff**
------------------------
**Sam S. Leslie, Chapter 7 Trustee**
*TERMINATED: 02/18/2022*

represented by **Aaron E DE Leest**
Danning, Gill, Israel & Krasnoff, LLP
1901 Avenue of the Stars
Suite 450
Los Angeles, CA 90067-6006
310-277-0077
Fax : 310-277-5735
Email: adeleest@DanningGill.com
*TERMINATED: 02/18/2022*

**Eric P Israel**
Danning Gill Israel & Krasnoff, LLP
1901 Avenue of the Stars, Suite 450
Los Angeles, CA 90067-6006
310-277-0077
Fax : 310-277-5735
Email: eisrael@DanningGill.com
*TERMINATED: 02/18/2022*

**Plaintiff**
------------------------
**David C Kwok**
1210 S Gladys Ave
San Gabriel, CA 91776
SSN / ITIN: xxx-xx-6655

represented by **David C Kwok**
PRO SE

V.

**Defendant**
------------------------
**James Quan**

represented by **James Quan**
PRO SE

**Defendant**
------------------------

represented by **Zhong Qiu Li**

**Zhong Qiu Li**                                                          PRO SE


*Trustee*
-----------------------
**Sam S Leslie (TR)**
1130 South Flower Street, Suite 312
Los Angeles, CA 90015
323-987-5780


*U.S. Trustee*
-----------------------
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 01/19/2022 | 1 (13 pgs) | Adversary case 2:22-ap-01026. Complaint by Sam S. Leslie, Chapter 7 Trustee against James Quan, Zhong Qiu Li. ($350.00 Fee Charge To Estate). -*Chapter 7 Trustee's Complaint: (1) For Breach of Contract; (2) To Avoid Sale or, In the Alternative, for Damages under 11 U.S.C. Section 363(n); and (3) For Turnover* Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))),(11 (Recovery of money/property - 542 turnover of property)) (DE Leest, Aaron) (Entered: 01/19/2022) |
| 01/19/2022 | 2 (11 pgs) | Amended Complaint -*Chapter 7 Trustee's First Amended Complaint: (1) For Breach of Contract; (2) To Avoid Sale or, In the Alternative, for Damages under 11 U.S.C. Section 363(n); and (3) For Turnover* by Aaron E DE Leest on behalf of Sam S. Leslie, Chapter 7 Trustee against all defendants. (RE: related document(s)1 Adversary case 2:22-ap-01026. Complaint by Sam S. Leslie, Chapter 7 Trustee against James Quan, Zhong Qiu Li. ($350.00 Fee Charge To Estate). -*Chapter 7 Trustee's Complaint: (1) For Breach of Contract; (2) To Avoid Sale or, In the Alternative, for Damages under 11 U.S.C. Section 363(n); and (3) For Turnover* Nature of Suit: (02 (Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy))),(11 (Recovery of money/property - 542 turnover of property)) (DE Leest, Aaron) filed by Plaintiff Sam S. Leslie, Chapter 7 Trustee). (DE Leest, Aaron) (Entered: 01/19/2022) |
| 01/19/2022 | 3 (1 pg) | Request for courtesy Notice of Electronic Filing (NEF) Filed by Israel, Eric. (Israel, Eric) (Entered: 01/19/2022) |
| 01/20/2022 | 4 (7 pgs; 2 docs) | Summons Issued on Zhong Qiu Li Date Issued 1/20/2022, Answer Due 2/22/2022; James Quan Date Issued 1/20/2022, Answer Due 2/22/2022 (RE: related document(s)2 Amended Complaint filed by Plaintiff Sam S. Leslie, Chapter 7 Trustee) Status hearing to be held on 3/22/2022 at 10:00 AM at Crtrm 1668, 255 E Temple St., Los Angeles, CA 90012. The case judge is Barry Russell (Fortier, Stacey) (Entered: 01/20/2022) |
| 03/17/2022 | 5 (4 pgs) | Motion/Request for a continuance on initial status conference in adversary proceeding Filed by Plaintiff David C Kwok (Fortier, Stacey) (Entered: 03/17/2022) |
| 03/18/2022 | 6 (1 pg) | Order Denying Request to continue initial status conference (BNC-PDF) (Related Doc # 5 ) Signed on 3/18/2022 (Fortier, Stacey) (Entered: 03/18/2022) |
| 03/20/2022 | 7 (2 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)6 Order on Generic Motion (BNC-PDF)) No. of Notices: 1. Notice Date 03/20/2022. (Admin.) (Entered: 03/20/2022) |
| 03/23/2022 | | Hearing Rescheduled/Continued (Other) (AP Case) (RE: related document(s) 2 AMENDED COMPLAINT filed by Sam S. Leslie, Chapter 7 Trustee) Status Hearing to be held on |

| | | |
|---|---|---|
| | | 05/24/2022 at 10:00 AM 255 E. Temple St. Courtroom 1668 Los Angeles, CA 90012 for 2 , (Fortier, Stacey) (Entered: 03/23/2022) |
| 05/09/2022 | 8 (19 pgs) | Second Amended Complaint by David C Kwok against all defendants. (SF) (Entered: 05/09/2022) |
| 05/09/2022 | 9 (5 pgs) | Status report Filed by Plaintiff David C Kwok (SF) (Entered: 05/09/2022) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/12/2022 13:28:26 | | | |
| **PACER Login:** | lkbogard | **Client Code:** | Quan II |
| **Description:** | Docket Report | **Search Criteria:** | 2:22-ap-01026-BR Fil or Ent: filed From: 1/1/2022 To: 5/12/2022 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

1 | Howard M. Ehrenberg (CA State Bar No. 125527)
    *hehrenberg@sulmeyerlaw.com*
2 | Steven F. Werth (CA State Bar No. 205434)
    *swerth@sulmeyerlaw.com*
3 | **Sulmeyer**Kupetz
    A Professional Corporation
4 | 333 South Hope Street, Thirty-Fifth Floor
    Los Angeles, California 90071-1406
5 | Telephone: 213.626.2311
    Facsimile: 213.629.4520
6 |
    Attorneys for
7 | John J. Menchaca, Chapter 7 Trustee

8 | **UNITED STATES BANKRUPTCY COURT**

9 | **CENTRAL DISTRICT OF CALIFORNIA**

10 | **LOS ANGELES DIVISION**

11 | In re                                    Case No. 2:17-bk-14240-BR

12 | SHORB DCE, LLC,                          Chapter 7

13 |      Debtor.                             **CHAPTER 7 TRUSTEE'S MOTION FOR
                                             ORDER (1) AUTHORIZING SALE OF 910-**
14 |                                         **912 WEST SHORB STREET, ALHAMBRA,
                                             CALIFORNIA, FREE AND CLEAR OF**
15 |                                         **LIENS, CLAIMS, AND INTERESTS; (2)
                                             APPROVING PURCHASE AND SALE**
16 |                                         **AGREEMENT; (3) ASSUMING AND
                                             ASSIGNING EXECUTORY CONTRACTS**
17 |                                         **AND LEASES RELATING TO THE
                                             PROPERTY; (4) DETERMINING THAT**
18 |                                         **BUYERS ARE GOOD FAITH PURCHASERS;
                                             AND (5) WAIVING THE FOURTEEN (14)**
19 |                                         **DAY STAY PRESCRIBED BY RULE 6004(h)
                                             OF THE FEDERAL RULES OF**
20 |                                         **BANKRUPTCY PROCEDURE;
                                             MEMORANDUM OF POINTS AND**
21 |                                         **AUTHORITIES; DECLARATIONS OF JOHN
                                             J. MENCHACA, STEVEN F. WERTH, AND**
22 |                                         **JAMES QUAN IN SUPPORT THEREOF**

23 |                                         [11 U.S.C. §§ 363(b)(1), 541; Fed. R. Bankr. P.
                                             6004]
24 |
25 |                                         DATE:   To Be Set
                                             TIME:
26 |                                         PLACE:  Courtroom 1668
                                                     Roybal Federal Building
27 |                                                 255 East Temple Street
                                                     Los Angeles, California 90012
28 |

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SFW\ 2606395.3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................5

I. INTRODUCTION .....................................................................................................5

II. BACKGROUND ......................................................................................................5

    A.    Introductory Facts ..........................................................................................5

    B.    The Property ...................................................................................................6

    C.    The Buyer ......................................................................................................6

    D.    Liens And Encumbrances Against The Property And Their Proposed
        Treatment Through The Sale..........................................................................6

    E.    Sale And Disposition of Proceeds ..................................................................7

    F.    The Proposed Sale Is Not Subject To Overbid ...............................................8

III. THE SALE IS IN THE BEST INTERESTS OF THE ESTATE ...................................9

    A.    Sale of the Property Free and Clear of Liens Under 11 U.S.C. § 363(f) ................10

    B.    Assumption And Assignment Of Leases And Executory Contracts........................10

    C.    Waiver of the Fourteen-Day Period for Effectiveness of Sale Order .....................11

    D.    Good Faith Purchaser Determination ..........................................................11

    E.    Tax Consequences ......................................................................................12

IV. THE SALE ENABLES THE TRUSTEE TO PROPERLY DISCHARGE HIS
      FIDUCIARY DUTY TO UNSECURED CREDITORS ....................................................12

V. CONCLUSION ........................................................................................................12

DECLARATION OF JOHN J. MENCHACA......................................................................14

DECLARATION OF STEVEN F. WERTH..........................................................................16

DECLARATION OF JAMES QUAN ................................................................................18

## TABLE OF AUTHORITIES

**Page**

**CASES**

Darby v. Zimmerman (In re Popp)
    323 B.R. 260 (B.A.P. 9th Cir. 2005) ................................................................ 10

**STATUTES**

11 U.S.C.
    § 363(b) ........................................................................................................ 11

11 U.S.C.
    § 363(b)(1) ...................................................................................................... 3

11 U.S.C.
    § 363(f)(3) ...................................................................................................... 10

11 U.S.C.
    § 363(m) ...................................................................................................... 3, 11

11 U.S.C.
    § 704(1) ........................................................................................................ 12

**RULES**

Fed. R. Bankr. P.
    Rule 6004 ..................................................................................................... 3, 11

Fed. R. Bankr. P.
    Rule 6006 ......................................................................................................... 3

L. Bankr. R.
    Rule 6004-1(c)(2)(B) ...................................................................................... 8

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1   **TO THE HONORABLE BARRY RUSSELL, UNITED STATES BANKRUPTCY JUDGE,**

2   **THE OFFICE OF THE UNITED STATES TRUSTEE, THE DEBTOR AND ITS**

3   **COUNSEL, CREDITORS WITH LIENS SECURED BY THE PROPERTY PROPOSED**

4   **TO BE SOLD, ALL CREDITORS, AND PARTIES ENTITLED TO NOTICE:**

5       John J. Menchaca, ("Trustee") the duly-appointed and acting Chapter 7 trustee of the

6   bankruptcy estate ("Estate") of Shorb DCE, LLC ("Trustee"), hereby submits his "Chapter 7

7   Trustee's Motion For Order (1) Authorizing Sale Of 910-912 West Shorb Street, Alhambra,

8   California, Free And Clear Of Liens, Claims, And Interests; (2) Approving Purchase And Sale

9   Agreement; (3) Assuming And Assigning Executory Contracts And Leases Relating To The

10  Property; (4) Determining That Buyers Are Good Faith Purchasers; And (5) Waiving The

11  Fourteen (14) Day Stay Prescribed By Rule 6004(h) Of The Federal Rules Of Bankruptcy

12  Procedure" ("Motion"), and respectfully represents as follows:

13      Through the Motion, the Trustee seeks an order approving the sale ("Sale") of the Estate's

14  sole material asset:  its right, title and interest in real property located at 910-912 West Shorb

15  Street, Alhambra, California 91803 [APN 5350-016-033] ("Property"), and related rights,

16  including security deposits made by tenants at the Property, furniture and fixtures located at the

17  Property, and other personal property located on the Property.  The Trustee seeks to sell the

18  Property on the terms and conditions stated in the "Agreement Of Purchase And Sale And Joint

19  Escrow Instructions," ("Purchase Agreement") between the Trustee and James Quan and Zhong

20  Qiu Li, husband and wife (collectively, "Buyer"), for $2,450,000.00 ("Purchase Price").  A true

21  and correct copy of the Purchase Agreement is attached hereto as **Exhibit 1**.

22      The Sale is not subject to overbid.  The Sale will result in proceeds sufficient to pay all

23  claims in this case, and costs of administration and trustee fees, in full.

24      The Trustee seeks to sell the Property free and clear of all liens, claims, and interests, with

25  said liens, claims, and interests attaching to the Sale proceeds in the amounts set forth in this

26  Motion, which will be paid full out of escrow upon close of the Sale.  The Property is being sold

27  on an "as is, where is" basis, with no warranties, recourse, contingencies, or representations of any

28  kind.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    The Trustee also seeks an order (i) assuming and assigning all leases relating to the

2    Property to the Buyer (the Property is an 11-unit apartment building which is currently fully

3    occupied by tenants) (ii) determining that the Buyer is entitled to 11 U.S.C. § 363(m) protection;

4    (iii) authorizing payment of costs of Sale from escrow, and (iv) waiving the fourteen (14) day stay

5    prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure.

6    This Motion is made pursuant to 11 U.S.C. § 363(b)(1) and Federal Rules of Bankruptcy

7    Procedure 6004 and 6006 on the grounds that, as set forth in the attached Declaration of John J.

8    Menchaca, the Trustee believes the Sale is in the best interests of the Estate.  In support of this

9    Motion, the Trustee will rely on these moving papers, the accompanying Memorandum of Points

10    and Authorities, the declarations of John J. Menchaca, Steven F. Werth, and James Quan attached

11    hereto, the exhibits attached to this Motion, the notice of Motion that will be filed when the

12    Trustee learns from the Court the date and time of the hearing on the Motion, Local Rule Form

13    6004-2, the record in this case, all facts and documents that are judicially noticeable and any other

14    or further evidence or arguments presented to the Court prior to or at the hearing on the Motion.

15    Accordingly, the Trustee respectfully requests that this Court enter an order:

16    1.    Granting the Motion;

17    2.    Approving the Sale to the Buyer free and clear of all liens, claims, and

18    encumbrances, with creditors' liens, encumbrances, and claims attaching to the Sale proceeds in

19    the amounts set forth in this Motion;

20    3.    Assuming and assigning all executory contracts and leases relating to the Property

21    to the Buyer;

22    4.    Finding that the Buyer purchased the Property in "good faith," as defined in 11

23    U.S.C. § 363(m);

24    5.    Authorizing the Trustee to execute any documents necessary to implement the

25    terms of the Sale;

26    6.    Providing that the notice given by the Trustee in connection with the Sale and the

27    hearing thereon is proper and complies with all applicable provisions of the Bankruptcy Code and

28    Federal Rules of Bankruptcy Procedure;

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

7. Authorizing the payment of the valid liens against the Property in the amounts set forth in the Motion, any unpaid property taxes, and related Sale costs directly from escrow;

8. Waiving the 14-day stay prescribed by Rule 6004(h) of the Federal Rules of Bankruptcy Procedure; and

9. Granting such other and further relief as is just and appropriate.

DATED: September 28, 2017                    Respectfully submitted,

                                             **Sulmeyer**Kupetz
                                             A Professional Corporation


                                             By: _____
                                                 Steven F. Werth
                                                 Attorneys for John J. Menchaca
                                                 Chapter 7 Trustee

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The Trustee seeks an order approving the sale of the Estate's interest in the Property—an 11-unit apartment complex.  The Property, and the rents the Trustee obtains from operating the Property, are the sole material asset of the Estate.  The Trustee does not seek to sell the Property subject to overbid, but seeks to sell the Property to the Buyer for the fixed price of $2.45 million.  The Trustee has investigated the claims against the Estate and believes that the Sale will result in sufficient proceeds to pay all claims against the Estate in full, after payment of all costs of administration as well as the Trustee's fee, with a balance remaining to go to the Debtor after the Sale closes and the Trustee closes this case.  The Trustee has not received a higher and better offer to acquire the Property from any party.

Based on the foregoing, the Trustee submits that the Sale is in the best interests of the Estate and its creditors.  The Trustee believes all prerequisites for approval of the Sale under applicable provisions of the Bankruptcy Code have been satisfied and respectfully requests that the Court grant the Motion.

## II.

## BACKGROUND

### A.    Introductory Facts

On April 4, 2017, the Debtor filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code.  On June 6, 2017, creditor William B. Wright filed his "Motion Of Secured Creditor William B. Wright To Convert Case To Chapter 7 Pursuant To 11 U.S.C. §1112(b)(1)" [Docket No. 34], which this Court granted on August 30, 2017 [Docket No. 85].  On August 30, 2017, John J. Menchaca was appointed as interim Chapter 7 Trustee of the Debtor's bankruptcy estate (see Docket No. 86), in which capacity he continues to act.

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

**B.**   **The Property**

2      The Debtor filed schedules in this case together with its voluntary petition, on April 6,

3   2017 (Docket No. 1, "Schedules").[1]   The Schedules identify the Debtor's interest in the Property

4   and value it at $2.6 million.   The Schedules do not identify any other assets.

5      Through his investigation of the Property, his communications with bankruptcy counsel for

6   the Debtor, and his review of relevant documents including the Debtor's Monthly Operating

7   Reports filed in this case, the Trustee has learned that the Property is an 11-unit apartment

8   complex which is fully occupied, and that the Debtor rents the Property to tenants ("Tenants") and

9   collects approximately $10,100 per month from them.   Pending the Sale, the Trustee is operating

10  the Property, but seeks to conduct the Sale as soon as possible to minimize the amount of time that

11  he must operate it.

12

**C.**   **The Buyer**

13      Upon his appointment, the Debtor informed the Trustee that the Debtor had identified the

14  Buyer as interested in acquiring the Property.   The Debtor and the Buyer had not entered into a

15  purchase agreement, however.   The Trustee prepared the Purchase Agreement and that agreement

16  has now been approved by the Buyer as well as A&A Escrow Services, Inc. ("Escrow").   The

17  Trustee is informed and believes that James Quan and Zhong Qiu Li have no connection to the

18  Debtor other than their interest in acquiring the Property and their communications with the

19  Debtor about acquiring the Property.

20

**D.**   **Liens And Encumbrances Against The Property And Their Proposed**

21      **Treatment Through The Sale**

22      The following chart sets forth the liens and encumbrances against the Property as detailed

23  in the Updated Preliminary Title Report dated as of September 6, 2017 ("Title Report"), a true and

24

25

26

---

27  [1]      The Trustee requests that the Court take judicial notice of the Schedules pursuant to Federal Rule
of Evidence 201.

28

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SFW\ 2606395.3

6

correct copy of which is attached as **Exhibit 2**, and the proposed treatment of the liens and

encumbrances through the Sale:

| Creditor | Description | Estimated Amount Owing | Treatment of Lien Through Sale |
|---|---|---|---|
| Metro United Bank/East West Bank | Deed of Trust Recorded March 16, 2007 in the Official Records of Los Angeles County, Instrument No. 07-589536 | $1,124,064 | Upon closing of Sale, lien will be paid in full from Escrow. |
| William B. Wright | Deed of Trust Recorded December 10, 2014 in the Official Records of Los Angeles County, Instrument No. 14-1339689 | $163,655 | Upon closing of Sale, lien will be paid in full from Escrow. |
| James Wang | Deed of Trust Recorded September 29, 2015 in the Official Records of Los Angeles County, Instrument No. 15-1205624 | $71,500 | Upon closing of Sale, lien will be paid in full from Escrow. |
| The Wright Trust Dated 11-19-1984 | Deed of Trust Recorded June 3, 2016 in the Official Records of Los Angeles County, Instrument No. 16-641824 | $13,485 | Upon closing of Sale, lien will be paid in full from Escrow. |
| Los Angeles County Treasurer And Tax Collector | Property Tax Liens | $40,791 | Upon closing of Sale, unpaid tax liens will be paid in full from Escrow. |
| **TOTAL** | | $1,413,495 | |

### E.    Sale And Disposition of Proceeds

The Buyer has already delivered a deposit of $100,000 to Escrow. The deposit is only

refundable to the Buyer under certain circumstances. The Sale shall be free and clear of all liens,

claims and other encumbrances. The sale shall close within thirty days of entry of an order

approving the Motion, should such approval be obtained. The sale is on an "as is, where is" basis

without any warranties or representations from the Trustee. For more details on the proposed sale,

the Trustee encourages parties and creditors to review the Purchase Agreement, **Exhibit 1**.

**SulmeyerKupetz,** A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

The Trustee anticipates that the Sale will generate proceeds sufficient to pay all claims in this case, even after costs of administration, which the Trustee estimates as follows:

| Description | Amount |
|---|---|
| Sale Price | $2,450,000 |
| | |
| Administrative Expense:  Trustee Fee Estimate[2] | $70,400 |
| Administrative Expense:  Trustee's Legal Fees And Costs[3] | $40,000 |
| Administrative Expense:  Accounting Fees[4] | $10,000 |
| | |
| **Estimated Net Proceeds To Estate** | $2,329,600 |

**F.    The Proposed Sale Is Not Subject To Overbid**

Local Bankruptcy Rule 6004-1(c)(2)(B) requires the Trustee certify that he has not been contacted by any potential overbidder and that there are no viable alternative purchasers.  The Trustee has been contacted by one party interested in acquiring the Property, however the proposed purchase price was less than $2.45 million.  The Trustee has not been contacted by any party willing to bid more than $2.45 million for the Property.  Further, the Sale will result in proceeds substantially in excess of those needed to pay all claims against the Estate, as shown in the chart below:

| Purchase Price | $2,450,000 |
|---|---|

---

[2]    The Trustee's commission will not be paid from the Sale, but only after approval by the Bankruptcy Court upon application by the Trustee.

[3]    The Trustee's legal fees and costs will not be paid from the Sale, but only after approval of such fees and costs by the Bankruptcy Court upon application by the Trustee's counsel.

[4]    The Trustee's accounting fees and costs will not be paid from the Sale, but only after approval of such fees and costs by the Bankruptcy Court upon application by the Trustee's accountant.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

| Liens Paid Through Escrow (see II.D. above) | $1,413,495 |
|---|---|
| Costs Of Administration (see II.E. above) | $120,000 |
| Unsecured Claims:  Scheduled Claims | $0.00 |
| Unsecured Claims:  Filed Claims[5] | Approximately $4,600 |
| Unsecured Claims:  Claims Anticipated To Be Filed: | Approximately $180,000 |
| Remaining After Above Payments Are Made | Approximately $730,000 |

The Property possesses substantial equity, far above the amount of claims filed against this Estate or even anticipated to be filed.  As such, the Trustee submits that overbidding is not necessary for the Sale to be in the best interests of the Estate, and that the Sale to the Buyer without overbid is justified under the circumstances.

**III.**

**THE SALE IS IN THE BEST INTERESTS OF THE ESTATE**

The Trustee will give notice of the Motion to the Debtor, the United States Trustee, all known creditors, all creditors who have asserted liens against the Property, the Tenants, and the Buyer.  The Trustee submits that such service constitutes adequate and reasonable notice. Moreover, notice of the sale of the Property will be published on the website for the United States Bankruptcy Court for the Central District of California.

The Sale of the Property was negotiated at arm's length.  There is no fraud, collusion, or insider transaction present here, and the Buyer received no special treatment or consideration.

---

[5] The Franchise Tax Board has filed a proof of claim in the amount of $2,651.87.  The Internal Revenue Service has filed a claim in the amount of $2,000.00.  Other filed claims are identified as secured claims and are already considered in that category.  The Trustee is aware of at least one asserted creditor, Curt Wang, who has informed the Trustee that he will file a proof of claim in the amount of approximately $180,000.

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

**A.    Sale of the Property Free and Clear of Liens Under 11 U.S.C. § 363(f)**

The Trustee seeks authority to complete the Sale free and clear of all liens, claims, and interests that are not being paid in full or by agreement.  11 U.S.C. § 363(f) allows a trustee to sell property of the bankruptcy estate "free and clear of any interest in such property of an entity," if any one of the following five conditions is met:

> (1)    Applicable non-bankruptcy law permits a sale of such property free and clear of such interest;
>
> (2)    Such entity consents;
>
> (3)    Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4)    Such interest is in bona fide dispute; or
>
> (5)    Such entity could be compelled, in a legal or equitable proceeding, to accept money satisfaction of such interest.

11 U.S.C. § 363(f).

The Trustee conducted a search of purported holders of liens against the Property in conjunction with the proposed Sale.  The Trustee served or will serve such purported lienholders with notice of the Motion, and will serve notice of any Sale order approving the relief requested by the Motion.  As set forth in detail in Section II.D above, there are numerous known liens on the Property.  All such liens will be paid in full from Escrow, upon close of the Sale.

The Trustee may sell the Property free and clear of these liens pursuant to 11 U.S.C. § 363(f)(3), as they will be paid in full from escrow on the transaction closing date.  *See* Darby v. Zimmerman (In re Popp), 323 B.R. 260 (B.A.P. 9th Cir. 2005) ("Section 363(f)(3) recognizes that a lien holder has an interest in a sale of its collateral, and can successfully oppose the sale if the proceeds do not pay the full amount of debt secured by the property being sold.").

**B.    Assumption And Assignment Of Leases And Executory Contracts**

The Property is an 11-unit apartment complex which is fully leased by the Tenants.  The Debtor has entered into lease agreements with the Tenants, and through the Sale, the Trustee seeks to assume and assign all of these leases to the Buyer.  The Trustee is not aware of any cure

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    amounts that will be required to be paid in order to assign these leases.  The Debtor may also be

2    party to certain executory contracts relating to utility services being provided to the Property.  The

3    Trustee seeks to assign these contracts as well, to the extent the Buyer desires to acquire them in

4    connection with the Sale.

5        **C.    Waiver of the Fourteen-Day Period for Effectiveness of Sale Order**

6        Rule 6004(h) provides that "An order authorizing the use, sale, or lease of property other

7    than cash collateral is stayed until the expiration of 14 days after entry of the order, unless the

8    court orders otherwise." FRBP 6004(h).  The legislative history to Rule 6004 provides:

> The court may, in its discretion, order that Rule 6004(g) [now
> 6004(h)] is not applicable so that the property may be used, sold, or
> leased immediately in accordance with the order entered by the
> court.  Alternatively, the court may order that the stay under Rule
> 6004(g) [now 6004(h)] is for a fixed period less than 10 [now 14]
> days.

13        Given the notice and full opportunity to object to the Motion, the Trustee believes that,

14   unless there are objections to the Motion that are not consensually resolved, it is appropriate and

15   good cause exists for the Court to order that Rule 6004(h) is not applicable, and the Property may

16   be sold immediately.  The Trustee's goal is to sell the Property as quickly as possible to minimize

17   the time he must operate it.  An expedient conclusion to the Sale process will inure to the benefit

18   of the Estate and its creditors, and minimize the risk that exists whenever a trustee operates a

19   debtor's business pending a sale.

20       **D.    Good Faith Purchaser Determination**

21       The proposed Buyer is a good faith purchaser entitled to the protections of § 363(m).  The

22   Trustee negotiated at arm's length with the Buyer regarding the terms of the Purchase Agreement,

23   which the Buyer had not previously agreed to (other than the Sale price) when communicated with

24   the Debtor regarding purchase of the Property.  The proposed Sale is not predicated on fraud or

25   collusion, and the Buyer is not an insider.  Based upon the foregoing, the Trustee submits that the

26   Motion satisfies the standards for approval of a Sale of the Property outside of the ordinary course

27   of business pursuant to § 363(b), and good cause exists to make a finding that the Buyer is

28   purchasing the Property in "good faith" pursuant to § 363(m).

**SulmeyerKupetz**, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SFW\2606395.3

11

**E.** **Tax Consequences**

As the Debtor is a limited liability company, all income taxes arising as a result of the Sale will be paid by the Debtor's owners, and will not become a liability to the Estate. The Debtor will be liable for an LLC Tax of $800 and an LLC Fee of $6,000.

**IV.**

**THE SALE ENABLES THE TRUSTEE TO PROPERLY DISCHARGE HIS FIDUCIARY**

**DUTY TO UNSECURED CREDITORS**

Section 704 of the Bankruptcy Code requires the Trustee to do the following:

> collect and reduce to money the property of the estate
> for which such trustee serves, and close such estate as
> expeditiously as is compatible with the best interests
> of parties in interest.

11 U.S.C. § 704(1). With this goal in mind, the Trustee determined that the proposed Sale is the best option to pay claims of the Estate in full and promptly. Additionally, the Trustee believes that the Purchase Price is fair and reasonable. For the foregoing reasons, the Trustee respectfully submits that the Sale is in the best interests of the Estate and the creditors.

**V.**

**CONCLUSION**

Based on the foregoing, the Trustee respectfully requests that the Court enter an order as follows:

1. Granting the Motion;

2. Approving the Sale of the Property to Buyer free and clear of all liens, encumbrances, and claims, with creditors' liens, encumbrances and claims attaching to the Sale proceeds;

3. Assuming and assigning all executory contracts and leases relating to the Property to the Buyer;

4. Finding that the Buyer or the successful overbidder purchased the Property in "good faith," as defined in 11 U.S.C. § 363(m);

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    5.    Providing that the Trustee is authorized to execute and deliver on behalf of the

2  Estate any documents as may be necessary to implement the terms of the Sale;

3    6.    Providing that the notice given by the Trustee in connection with the Sale and the

4  hearing thereon is adequate and complies with all applicable provisions of the Bankruptcy Code

5  and Federal Rules of Bankruptcy Procedure;

6    7.    Authorizing the payment directly from escrow of the liens against the Property.

7    8.    Authorizing the payment of any unpaid property taxes and related Sale costs

8  directly from escrow;

9    9.    Waiving the 14-day stay prescribed by Rule 6004(h) of the Federal Rules of

10  Bankruptcy Procedure; and

11    10.    Granting such other and further relief as is just and appropriate.

12

13  DATED:  September 28, 2017          Respectfully submitted,

14                                     **Sulmeyer**Kupetz
                                       A Professional Corporation
15

16                                     By:  _____

17                                         Steven F. Werth
                                           Attorneys for John J. Menchaca
18                                         Chapter 7 Trustee

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SFW\ 2606395.3                          13

1

### DECLARATION OF JOHN J. MENCHACA

2    I, John J. Menchaca, declare as follows:

3    1.    I am an individual over the age of eighteen, and I am the duly appointed, qualified

4 and acting Chapter 7 trustee of the bankruptcy estate of Shorb DCE, LLC.

5    2.    Unless otherwise stated, the facts set forth in this declaration are personally known

6 to me and if called as a witness, I could and would competently testify thereto.

7    3.    I make this declaration in support of the "Chapter 7 Trustee's Motion For Order (1)

8 Authorizing Sale Of 910-912 West Shorb Street, Alhambra, California, Free And Clear Of Liens,

9 Claims, And Interests; (2) Approving Purchase And Sale Agreement; (3) Assuming And

10 Assigning Executory Contracts And Leases Relating To The Property; (4) Determining That

11 Buyers Are Good Faith Purchasers; And (5) Waiving The Fourteen (14) Day Stay Prescribed By

12 Rule 6004(h) Of The Federal Rules Of Bankruptcy Procedure" (the "Motion").  Capitalized terms

13 not defined in this declaration have the meaning given them in the Motion.

14    4.    Through my investigation of the Property, my communications with the Debtor,

15 and my review of relevant documents including the Debtor's Monthly Operating Reports filed in

16 this case, the Trustee I have learned that the Property is an 11-unit apartment complex which is

17 fully occupied, and that the Debtor rents the Property to tenants and collects approximately

18 $10,100 per month from them.  Pending the Sale, I am operating the Property, but I seek to

19 conduct the Sale as soon as possible to minimize the amount of time that I must do so.

20    5.    Upon my appointment, the Debtor informed me that the Buyer was interested in

21 acquiring the Property.  There was no written purchase agreement between the Buyer and the

22 Debtor at the time of my appointment.

23    6.    As the Debtor is a limited liability company, all income taxes arising as a result of

24 the Sale will be paid by the Debtor's owners, and will not become a liability to the Estate.  The

25 Debtor will be liable for an LLC Tax of $800 and an LLC Fee of $6,000.

26    7.    To the best of my knowledge, I do not have any connection or relationship with the

27 Buyer.

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SFW\ 2606395.3

14

8.      To the best of my knowledge, Buyer does not have any connection or relationship with the Debtor or me.

9.      I believe that it is in the best interest of the Estate to proceed with the Sale to the Buyer for the sum of $2,450,000.00, without overbid.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed September 27, 2017, at Los Angeles, California.

John J. Menchaca
Chapter 7 Trustee

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SFW\2606395.3

15

**<u>DECLARATION OF STEVEN F. WERTH</u>**

I, Steven F. Werth, declare as follows:

1.      I am over the age of eighteen.  I have personal knowledge of the information contained herein and if called upon to testify, I could and would competently testify thereto.

2.      Unless otherwise stated, the facts set forth in this declaration are personally known to me and if called as a witness, I could and would competently testify thereto.

3.      I make this declaration in support of the "Chapter 7 Trustee's Motion For Order (1) Authorizing Sale Of 910-912 West Shorb Street, Alhambra, California, Free And Clear Of Liens, Claims, And Interests; (2) Approving Purchase And Sale Agreement; (3) Assuming And Assigning Executory Contracts And Leases Relating To The Property; (4) Determining That Buyers Are Good Faith Purchasers; And (5) Waiving The Fourteen (14) Day Stay Prescribed By Rule 6004(h) Of The Federal Rules Of Bankruptcy Procedure" (the "<u>Motion</u>").  Capitalized terms not defined in this declaration have the meaning given them in the Motion.

4.      I am one of the attorneys at **Sulmeyer**Kupetz, A Professional Corporation, primarily involved in representing the Trustee in this bankruptcy case.  I am familiar with the facts of the Sale and have communicated with the Debtor through his proposed counsel and with the Buyer regarding the Property, the Sale, and the terms of the Sale.

5.      I prepared the Purchase Agreement.  A true and correct copy of the Purchase Agreement is attached hereto as **<u>Exhibit 1</u>**.

6.      I have reviewed all the scheduled and filed claims in this case, and have communicated with the Trustee regarding potential administrative claims and other costs of administration that could arise in this case.  The amounts of those claims, and costs, to the best of my understanding, are as set forth in the Motion.  Based upon these claims, the Sale will result in a significant amount of excess proceeds even after payment of all claims, administrative expenses, and trustee fees.

7.      I have spoken on numerous occasions with James Quan.  Certain of those discussions involved the terms of the Purchase Agreement, and I made certain changes to the Purchase Agreement based upon Mr. Quan's requests.  I believe, based on those communications,

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1  that the Buyer has no connection to the Debtor other than their interest in acquiring the Property
2  and their communications with the Debtor about acquiring the Property.

3      8.    I am aware of one other person who has expressed an interest in acquiring the
4  Property.  Curt Wang offered to purchase the Property, but for less than the amount that the Buyer
5  offered to purchase the Property.  I have not communicated with any other party interested in
6  acquiring the Property, and I am not aware of any other person or entity who has made an offer to
7  acquire the Property.

8      9.    I have reviewed the Title Report, a true and correct copy of which is attached as
9  **Exhibit 2**, and believe that the Motion accurately identifies all holders of liens against the
10 Property.  To the extent that additional liens are discovered prior to the hearing on the Motion,
11 those will be identified prior to the hearing on the Motion.

12     10.   I am informed and believe that the Tenants have entered into leases relating to the
13 Property.  I am also informed and believe that these Tenants have made security deposits relating
14 to these leases, and that the Buyer by the Purchase Agreement seeks to acquire both the leases
15 (through an assignment) as well as the Tenants' security deposits.

16     I declare under penalty of perjury under the laws of the United States of America that the
17 foregoing is true and correct.

18     Executed September 28, 2017, at Los Angeles, California.

19

20                                    _____
                                       Steven F. Werth
21

22

23

24

25

26

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1

### DECLARATION OF JAMES QUAN

2      I, James Quan, declare as follows:

3      1.      I am over the age of eighteen.  I have personal knowledge of the information

4  contained herein and if called upon to testify, I could and would competently testify thereto.

5      2.      I make this declaration in support of the "Chapter 7 Trustee's Motion For Order (1)

6  Authorizing Sale Of 910-912 West Shorb Street, Alhambra, California, Free And Clear Of Liens,

7  Claims, And Interests; (2) Approving Purchase And Sale Agreement; (3) Assuming And

8  Assigning Executory Contracts And Leases Relating To The Property; (4) Determining That

9  Buyers Are Good Faith Purchasers; And (5) Waiving The Fourteen (14) Day Stay Prescribed By

10  Rule 6004(h) Of The Federal Rules Of Bankruptcy Procedure" (the "Motion").  Capitalized terms

11  not defined in this declaration have the meaning given them in the Motion.

12      3.      My wife and I desire to purchase the Property, as set forth in the Purchase

13  Agreement.  My wife and I have executed the Purchase Agreement, a true and correct copy of

14  which is attached hereto as Exhibit 1.

15      4.      Neither I nor may wife are a relative of any officer, director, owner, or affiliate of

16  the Debtor.  Prior to communicating with the Debtor regarding my interest in acquiring the

17  Property, I had never spoken to the Debtor before.

18      5.      I have not communicated with any other prospective or actual bidders in

19  connection with my purchase of the Property.  I have not communicated with any party in an effort

20  to prevent other parties from making an offer to acquire the Property.

21      6.      I have not entered into any arrangement that is not disclosed in the Motion or the

22  Purchase Agreement, with any party, relating to the Sale.  I have not entered into any agreement

23  with any officer, director, owner, or affiliate of the Debtor regarding the Property other than that

24  which is disclosed in the Purchase Agreement.

25      I declare under penalty of perjury under the laws of the United States of America that the

26  foregoing is true and correct.

27

28

SulmeyerKupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

1    Executed September 28, 2017, at Los Angeles, California.

2

3                _____

4                James Quan

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Sulmeyer**Kupetz, A Professional Corporation
333 SOUTH HOPE STREET, THIRTY-FIFTH FLOOR
LOS ANGELES, CALIFORNIA 90071-1406
TEL 213.626.2311 • FAX 213.629.4520

SFW\ 2606395.3

# EXHIBIT 1

## AGREEMENT OF PURCHASE AND SALE
## AND
## <u>JOINT ESCROW INSTRUCTIONS</u>

TO:   A&A Escrow Services, Inc.  
     415 N. Crescent Drive, Suite 320  
     Beverly Hills, CA 90210  
     ("***Escrow Holder***")

Escrow No.: _____  
Escrow Officer: _____  
Title Order No. _____  
Title Officer: _____

THIS AGREEMENT OF PURCHASE AND SALE AND JOINT ESCROW INSTRUCTIONS ("***Agreement***"), dated for reference September 21, 2017 ("***Effective Date***"), is made by and among John J. Menchaca, in his sole and limited capacity as chapter 7 trustee  ("***Trustee***" or "***Seller****")* for the estate of the debtor Shorb DCE, LLC ("***Debtor***"), and James Quan and Zhong Qiu Li, husband and wife (collectively, "***Buyer***"), with reference to the following:

     A.     Trustee is the trustee in chapter 7 Case No.: 2:17-bk-14240-BR ("***Case***"), which is pending in the United States Bankruptcy Court, Central District of California, Los Angeles Division ("***Bankruptcy Court***").  In connection with the Case, the Debtor owns improved real property located in the State of California, County of Los Angeles, consisting of land ("***Land***" which is described on **<u>Exhibit A</u>** attached hereto) bearing APN No. 5350-016-033, commonly known as and located at 910-912 West Shorb Street, Alhambra, California, 91803, improved with a +/- 9,017 square foot, 11-unit apartment building on 13,733 square feet of land, associated parking areas, and all other improvements located thereon or appurtenant thereto (the "***Improvements***"), together with all rights and appurtenances including:  (a) any easements, right-of-ways, rights of ingress or egress and other interests in, on or to any land, highway, street, road or avenue, open or proposed in, on, across from, in front of, abutting or adjoining the Land; (b) all plans, drawings, surveys and reports pertaining to the Land and Improvements which were or shall be prepared by consultants, agents, architects, engineers or surveyors for the inspection, testing, investigation, design, planning or development of the Land or Improvements (collectively herein referred to as the "***Plans and Reports***"); (c) any valid and enforceable leases (the "***Leases***") including any security deposits therefor and any prepaid rents; (d) all easements, licenses, development rights, entitlements, permits (grading, foundation, building or otherwise), and air rights, water and water rights to the extent that any such items are appurtenant to the Land; and (e) all furniture, fixtures, appliances, equipment, machinery, furnishings, supplies and any and all other personal property owned by Seller, located on the Land, or which are used exclusively in connection with the Land or Improvements (the "***Personal Property***", and together with the Land, Improvements, Plans and Reports, and Leases, the "***Property***.").

1

B.    Seller desires to sell all of Seller's right, title, and interest in and to the Property to Buyer and Buyer desires to purchase all of Seller's right, title, and interest in and to the Property from Seller upon the terms and subject to the conditions hereinafter set forth.

**NOW THEREFORE**, in consideration of the mutual covenants and agreements herein contained and for other good and valuable consideration the receipt and sufficiency of which are hereby acknowledged, Seller and Buyer hereby agree that the terms and conditions of this Agreement and the instructions to Escrow Holder with regard to the escrow (the "***Escrow***") created pursuant hereto are as follows:

## AGREEMENT

1.    **Purchase and Sale.**    Subject to the entry of the Approval Order (as defined below) by the Bankruptcy Court, Seller agrees to sell, transfer, and convey to Buyer, and Buyer agrees to purchase from Seller all of Seller's right, title, and interest in and to the Property on an "as-is, where is" basis, upon the terms and conditions of this Agreement, subject to Conditions of Title (as defined below).  Seller also agrees to assign the Leases to the Buyer as of the Closing Date.

2.    **Purchase Price; Payment of Purchase Price.**    The purchase price ("***Purchase Price***") for the Property shall be the sum of Two Million Four Hundred Fifty Thousand Dollars, and Zero Cents ($2,450,000.00). The Purchase Price for the Property shall be paid by Buyer as follows:

(a)    Within two (2) Business Days (as defined at Section 20(m) below) after execution of this Agreement, to the extent the Buyer has not already done so, Buyer shall deposit or cause to be deposited with Escrow Holder the sum of One Hundred Thousand Dollars and Zero Cents ($100,000.00) in immediately available funds; such sum, along with all interest accrued thereon, shall be referred to herein as the "***Deposit***." The Deposit shall be deposited by Escrow Holder in an interest bearing account and shall be refundable to Buyer if Buyer terminates this Agreement in accordance with Buyer's right to do so under Section 16 below.  The Deposit shall be applicable to the Purchase Price upon the Closing (as defined in Section 3(b) below).

**BUYER AND SELLER AGREE THAT BASED UPON THE CIRCUMSTANCES NOW EXISTING, KNOWN OR UNKNOWN, IT WOULD BE IMPRACTICAL OR EXTREMELY DIFFICULT TO ESTABLISH SELLER'S DAMAGE BY REASON OF BUYER'S DEFAULT**

2

**UNDER THIS AGREEMENT AND FAILURE TO CLOSE ESCROW. ACCORDINGLY, BUYER AND SELLER AGREE THAT IN THE EVENT OF DEFAULT AND FAILURE TO CLOSE ESCROW BY BUYER UNDER THIS AGREEMENT, IT WOULD BE REASONABLE AT SUCH TIME TO AWARD SELLER, AS SELLER'S SOLE AND EXCLUSIVE REMEDY AT LAW, "LIQUIDATED DAMAGES" EQUAL TO THE AMOUNT REPRESENTED BY THE DEPOSIT.    THEREFORE, IF BUYER COMMITS A DEFAULT UNDER THIS AGREEMENT AND FAILS TO CLOSE ESCROW, SELLER MAY INSTRUCT ESCROW HOLDER TO CANCEL THE ESCROW WHEREUPON ESCROW HOLDER SHALL IMMEDIATELY PAY OVER TO SELLER THE DEPOSIT HELD BY ESCROW HOLDER AND SELLER SHALL BE RELIEVED FROM ALL OBLIGATIONS AND LIABILITIES HEREUNDER, AND, PROMPTLY FOLLOWING    ESCROW    HOLDER'S    RECEIPT    OF    SUCH INSTRUCTION, ESCROW HOLDER SHALL CANCEL THE ESCROW.**

Seller Initials                    Buyer Initials

(b)    On or prior to Closing, Buyer shall deposit or cause to be deposited with Escrow Holder in immediately available funds the sum of Two Million Three Hundred Fifty Thousand Dollars ($2,350,000), plus Escrow Holder's estimate of Buyer's share of closing costs, prorations and charges payable pursuant to this Agreement.

3.    <u>Escrow.</u>

(a)    <u>Opening of Escrow</u>.    For purposes of this Agreement, Escrow shall be deemed opened on the date Escrow Holder shall have received a fully executed original or originally executed counterparts of this Agreement from Seller and Buyer (the "***Opening of Escrow***"), and Escrow Holder shall notify Buyer and Seller, in writing, of the date Escrow is opened and provide each of the parties hereto with a full set of signature pages to this Agreement.    Buyer and Seller agree to execute, deliver and be bound by any reasonable and customary supplemental escrow instructions of Escrow Holder or other instruments as may reasonably be required by Escrow Holder in order to consummate the transaction contemplated by this Agreement; provided, however, that any such supplemental instructions shall not conflict with, amend or supersede any portions of this Agreement.    To the extent of any inconsistency between the provisions of such supplemental instructions and the provisions of this Agreement, the provisions of this Agreement shall control.

3

(b)    <u>Closing</u>.    For purposes of this Agreement, the "***Closing***" shall be defined as the date that the grant deed ("***Grant Deed***"), the form of which is attached hereto as **<u>Exhibit B</u>**, is recorded in the Official Records of the Los Angeles County, California Recorder's Office (the "***Official Records***").    This Escrow shall close on or before thirty (30) days after entry of the Approval Order (the "***Closing Date***"), provided the Approval Order is not subject to a stay.    If the Approval Order is subject to a stay, the Closing Date shall occur on or before fifteen (15) calendar days from the date the stay is lifted.

**4.    <u>Title Review; Condition of Title</u>.**

(a)    <u>Title Review</u>.    Within three (3) Business Days after the Opening of Escrow, Seller shall deliver or cause Escrow Holder to deliver to Buyer a preliminary title report for the Property, together with copies of all instruments and documents referred to therein and all easements plotted (the preliminary title report together with such other instruments is herein collectively called the "***Preliminary Report***").    On or before 15 calendar days after the Effective Date (the "***Title Objection Date***"), Buyer shall approve or disapprove the title matters as set forth in the Preliminary Report. Buyer shall determine whether or not the Preliminary Report is acceptable in Buyer's sole discretion.    If Buyer fails to give notice of its disapproval of the Preliminary Report or its election pursuant to the foregoing sentence on or before the Title Objection Date, then Buyer shall be deemed to have approved of the Preliminary Report in whole.

(b)    <u>Condition of the Property</u>.    Buyer acknowledges having had the opportunity to review and investigate, in its sole discretion, all aspects as to the condition of the Property, including the Improvements, the soil, groundwater, and suitability for Buyer's intended use, and Buyer expressly acknowledges and agrees that Buyer is purchasing the Property on an "as is, where is" basis, that neither Seller or any Person has made any representations, warranties, covenants or agreements of whatsoever kind and nature concerning the Property, including, without limitation, its merchantability, condition or use, which are not expressly set forth herein.    As such, there are no such conditions to Buyer's obligation to consummate the transaction contemplated herein.    Buyer further acknowledges and agrees that Buyer has retained independent counsel and advisors, and has had the opportunity to review and discuss this Agreement and the other Transaction Documents (as defined below), and understands the terms and conditions set forth in the Transaction Documents and the status and condition of the Property, all prior to entering into this Agreement and the other Transaction Documents. To the extent that Buyer has not undertaken investigations or other forms of due diligence in

4

regard to the condition of the Property, Buyer hereby expressly acknowledges that Buyer is relying solely on Buyer's own due diligence and investigations, and further expressly waives any and all claims and causes of action of whatsoever kind and nature as to any matters which may have been disclosed if such investigations were undertaken.

**5.**     **Conditions to Closing.**

(a)     <u>Conditions to Buyer's Obligations</u>.   Buyer's obligation to consummate the transaction contemplated by this Agreement is subject to the satisfaction of the following conditions for Buyer's benefit (or Buyer's waiver thereof, it being agreed that Buyer may waive any or all of such conditions) on or prior to the dates designated below for the satisfaction of such conditions.

(i)     The Bankruptcy Court shall have entered the Approval Order (defined below), which order shall not be subject to any stay, approving the Sale Motion (as defined below) and approving and authorizing Seller to implement this Agreement and the other Transaction Documents.  Seller shall upon execution of this Agreement file a motion seeking authorization of, among other things, the sale of the Property pursuant to this Agreement (the "***Sale Motion***").  Seller must obtain an order on the Sale Motion (the "***Approval Order***"), which shall not be subject to a stay, in a form that, among other things, (A) authorizes Buyer and Seller to enter into such documents and agreements as may be necessary to implement such transaction (the "***Transaction Documents***"); (B) approves and authorizes pursuant to Sections 105, 363, 365 and any other applicable provisions of the Bankruptcy Code the sale and transfer of the Property to Buyer free and clear of liens, liabilities, adverse claims of ownership and other interests of any kind and nature, with such liens, liabilities, adverse claims of ownership and other interests, if any, to attach to the proceeds of the sale; and (C) contains a finding that Buyer's purchase of the Property constitutes a purchase in good faith within the meaning of Section 363(m) of the Bankruptcy Code and that Buyer is entitled to have the protections afforded by that section.

(ii)     Escrow Holder in its capacity as title insurer ("***Title Company***") shall be irrevocably committed to issue an ALTA extended coverage owner's policy of title insurance ("***Title Policy***"), dated the day and time of the Closing, with liability in an amount equal to the Purchase Price, showing title to the Land vested in Buyer.

5

      (iii)     All representations and warranties of Seller expressly set forth in this Agreement are true and correct as of the Closing Date; and

      (iv)     Seller shall have delivered to or for the benefit of Buyer all of Seller's Deliverables (as defined at Section 6 below), and otherwise timely performed all of the obligations required by the terms of this Agreement to be performed by Seller.

    (b)    <u>Conditions to Seller's Obligations.</u> Seller's obligation to consummate the transaction contemplated by this Agreement is subject to the satisfaction of the following conditions for Seller's benefit (or Seller's waiver thereof, it being agreed that Seller may waive any or all of such conditions) on or prior to the dates designated below for the satisfaction of such conditions.

      (i)     The Bankruptcy Court shall have entered the Approval Order which shall not be subject to any stay.

      (ii)     No action, suit or other proceeding shall be pending before any court, tribunal or governmental authority restraining or prohibiting the consummation of the transaction contemplated by this Agreement, or seeking to obtain substantial damages in respect thereof;

      (iii)     All representations and warranties of Buyer expressly set forth in this Agreement are true and correct as of the Closing Date; and

      (iv)     Buyer shall have performed all of the obligations required by the terms of this Agreement.

**6.**    **<u>Deposits by Seller.</u>** At or prior to the Closing, Seller shall deposit or cause to be deposited with Escrow Holder the following documents and instruments ("***Seller's Deliverables***"), each of which shall have been duly executed and, where applicable, acknowledged and/or sworn on behalf of Seller and shall be dated as of the Closing Date:

    (a)    the Grant Deed in the form of **<u>Exhibit B</u>** attached hereto;

    (b)    the Seller Certificate in the form of **<u>Exhibit C</u>** attached hereto;

    (c)    an Assignment and Assumption of Leases (the "***Assignment of Leases***") in the form of **<u>Exhibit F</u>** attached hereto;

6

(d)     a Bill of Sale and Assignment Agreement (the "***Bill of Sale***") in the form of __**Exhibit E**__ attached hereto pursuant to which Seller transfers and assigns to Buyer all right, title and interest of Seller in and to all tangible and intangible Personal Property associated with the Property free and clear of liens and encumbrances; and

(e)     any other documents reasonably required by the Title Company.

7.     __**Deposits by Buyer.**__     At or prior to the Closing, (a) Buyer shall deposit or cause to be deposited with Escrow Holder the amounts as set forth in Section 2(a) and 2(b) above, (b) Buyer shall execute and deliver for the benefit of Seller the Buyer's Certificate, the form of which is attached hereto as __**Exhibit D**__, (c) Buyer shall deposit or cause to be deposited with Escrow Holder a duly executed Assignment of Leases in the form of __**Exhibit F**__ attached hereto, and (d) Buyer shall deposit or cause to be deposited with Escrow Holder a duly executed Bill of Sale in the form of __**Exhibit E**__ attached hereto.

8.     __**Taxes; Costs and Expenses.**__     The cost of the Title Policy and all documentary transfer taxes and recording fees payable in connection with the recordation of the Grant Deed, and all taxes, fees, charges, costs and liabilities due in connection with the sale of the Property (other than income taxes due by Seller in connection with said sale) shall be the obligation of and promptly paid by Seller.  The escrow fee of Escrow Holder shall be shared equally by Seller and Buyer.  Buyer and Seller shall pay, respectively, the Escrow Holder's reasonable and customary charges to buyers and sellers for document drafting and miscellaneous charges, which charges have been approved in advance in writing by each of Buyer and Seller prior to the Closing.

9.     __**Allocation; Fair Consideration**__.  If requested by Buyer, within thirty (30) days following the Closing Date, Seller shall allocate the Purchase Price among the Land and Improvements, and provide Buyer with a copy of such allocation (the "***Purchase Price Allocation***").  Seller and Buyer shall be bound by such allocation for all purposes, shall prepare and file (or cause to be prepared and filed) all tax returns in a manner consistent with such allocations, including the United States Internal Revenue Service (the "***IRS***") Form 8594, and shall not take any position inconsistent with such allocations in any tax return, proceeding before any governmental authority or otherwise.  The parties acknowledge and agree that the Purchase Price represents fair consideration and reasonable equivalent value for the sale and transfer of the Property, and the transactions, covenants, and agreements set forth in this Agreement, which consideration was agreed upon as the result of arm's-length good-faith negotiations among the parties and their respective representatives.

7

10.   **Prorations.**  Real property taxes and assessments, utilities, and the like, shall be prorated as of Closing Date.  Within a reasonable time not to exceed thirty (30) days from the Closing Date, Buyer shall pay to Seller in immediately available funds the balance of the amounts owing with respect to such prorations.

11.   **Disbursements and Other Actions by Escrow Holder.**   Upon the Closing, Escrow Holder shall promptly undertake all of the following in the manner indicated:

   (a)   Recording.   Cause the Grant Deed and any other documents which the parties hereto may mutually direct, to be recorded in the Official Records, in the order directed by such parties.

   (b)   Closing Statement.  Escrow Holder shall generate and circulate to each of Buyer and Seller a written closing statement ("***Closing Statement***"), listing, among other things, the flow of funds, and require that each of the Buyer and Seller execute and deliver said Closing Statement as a condition of Closing.

   (c)   Funds.  Pursuant to the Closing Statement, disburse to Seller (or such other parties as Seller may direct Escrow Holder) all funds deposited by Buyer with Escrow Holder towards payment of the Purchase Price.

   (c)   Title Policy.   Direct the Title Company to issue the Title Policy to Buyer.

12.   **Seller Representations and Warranties.**   In consideration of Buyer entering into this Agreement and as an inducement to Buyer to purchase the Property from Seller subject to the terms and conditions hereof, Seller hereby makes the following representations and warranties to Buyer as of the Effective Date of this Agreement:

   (a)   Subject to the Approval Order, Seller (i) has the power and authority to enter into this Agreement and to consummate the transactions contemplated herein, (ii) this Agreement and all instruments, documents and agreements to be executed by Seller in connection therewith are or when delivered will be duly authorized, executed and delivered by Seller and will be valid, binding and enforceable obligations of Seller, and (iii) to Seller's knowledge, no other action by Seller is requisite to the valid and binding execution, delivery and performance by Seller of its obligations under this Agreement, except as expressly set forth in this Agreement and/or the Approval Order, and

   (b)   Subject to the Approval Order, and to Seller's knowledge, there is no pending or threatened litigation, proceedings, or special assessments, investigations, or

8

condemnation or eminent domain proceedings excepting the Case pending in the Bankruptcy Court, affecting Seller or the Property, which would materially and adversely affect Buyer's ownership of the Property.

As used herein, the phrase or term: *"To Seller's knowledge"* means the actual (and not constructive or imputed) knowledge, without independent investigation or inquiry, of John J. Menchaca, solely in his capacity as chapter 7 trustee.

13.    **<u>Buyer's Representations and Warranties.</u>**    In consideration of Seller entering into this Agreement and as an inducement to Seller to consummate the transactions contemplated herein, Buyer hereby makes the following representations and warranties to Seller as of the Effective Date of this Agreement:

(a)    This Agreement and such other Transaction Documents have been duly and validly executed and delivered on behalf of Buyer and constitute the valid and legally binding obligations of Buyer and are enforceable, subject to the Approval Order and general equity principles, in accordance with their respective terms.

(b)    Neither the execution and delivery of this Agreement or such Transaction Documents, nor the consummation of the transactions hereby or thereby contemplated, will constitute a violation or breach of any provision of any contract or other instrument to which Buyer is a party or by which any of the assets of such Buyer may be affected or secured, or any order, writ, injunction, decree, statute, rule, or regulation to which Buyer is subject, or will result in the creation of any lien, charge, or encumbrance on any of the assets of Seller or Buyer (other than a lien arising from and after the Closing recorded against the Property).

(c)    The execution and delivery by Buyer of this Agreement and the other Transaction Documents, and the consummation of the transactions contemplated hereby and thereby in accordance with the Approval Order, will not, to such Buyer's knowledge, require the consent, approval or action of, or any filing with or notice to, any Person or any public, governmental, judicial, or regulatory authority, other than the Bankruptcy Court.

(d)    Buyer expressly acknowledges and agrees that Buyer has the necessary liquid funds to make the payment identified in Section 2(a), and that it anticipates that it will have the funds necessary to make the payment identified in Section 2(b).

9

(e)    There are no actions, suits, claims, investigations, hearings, or proceedings of any type pending (or, to the knowledge of Buyer, threatened), at law or in equity, that might affect Buyer's ability to close the transaction contemplated hereby.

(f)    **IT IS UNDERSTOOD AND AGREED THAT SELLER IS NOT MAKING AND HAS NOT AT ANY TIME MADE ANY WARRANTIES OR REPRESENTATIONS OF ANY KIND WITH RESPECT TO THE PROPERTY AND/OR THE CONDITIONS OF TITLE. BUYER ACKNOWLEDGES AND AGREES THAT, UPON THE CLOSING, SELLER SHALL SELL AND CONVEY TO BUYER, AND BUYER SHALL ACCEPT, THE PROPERTY SUBJECT TO THE CONDITIONS OF TITLE, <u>"AS IS, WHERE IS, WITH ALL FAULTS."</u> FURTHER, BUYER HAS NOT RELIED AND WILL NOT RELY ON, AND SELLER IS NOT LIABLE FOR OR BOUND BY, ANY EXPRESS OR IMPLIED WARRANTIES, GUARANTEES, STATEMENTS, REPRESENTATIONS OR INFORMATION PERTAINING TO THE PROPERTY, OR RELATING THERETO, MADE OR FURNISHED BY SELLER OR HIS REPRESENTATIVES, TO WHOMEVER MADE OR GIVEN, DIRECTLY OR INDIRECTLY, ORALLY OR IN WRITING, EXCEPT AS EXPRESSLY STATED HEREIN. BUYER ALSO ACKNOWLEDGES THAT THE PURCHASE PRICE REFLECTS AND TAKES INTO ACCOUNT THAT THE PROPERTY IS BEING TRANSFERRED HEREUNDER SUBJECT TO THE CONDITIONS OF TITLE ON AN <u>"AS IS, WHERE IS, WITH ALL FAULTS BASIS."</u>**

(g)    **BUYER ACKNOWLEDGES TO SELLER THAT PRIOR TO THE EFFECTIVE DATE BUYER HAD THE OPPORTUNITY TO CONDUCT, AND WILL HAVE FIFTEEN (15) BUSINESS DAYS AFTER THE EFFECTIVE DATE THE OPPORTUNITY TO CONDUCT, SUCH INSPECTIONS, DUE DILIGENCE, AND INVESTIGATIONS OF THE PROPERTY AND/OR CONDITIONS OF TITLE AS BUYER DEEMS NECESSARY OR DESIRABLE TO SATISFY ITSELF AS TO THE PROPERTY AND ITS ACQUISITION THEREOF AND THE OBLIGATIONS IN CONNECTION THEREWITH (THE "*INITIAL REVIEW PERIOD*"), IN BUYER'S SOLE AND ABSOLUTE DISCRETION. BUYER FURTHER WARRANTS AND REPRESENTS TO SELLER THAT BUYER WILL RELY SOLELY ON ITS OWN REVIEW AND OTHER INSPECTIONS AND INVESTIGATIONS IN THIS TRANSACTION AND NOT UPON THE INFORMATION PROVIDED BY OR ON BEHALF OF SELLER, OR ITS REPRESENTATIVES OR ANY OTHER PERSON WITH**

10

**RESPECT THERETO. BUYER HEREBY ASSUMES THE RISK THAT ADVERSE MATTERS INCLUDING, BUT NOT LIMITED TO, LATENT OR PATENT DEFECTS, ADVERSE PHYSICAL OR OTHER ADVERSE MATTERS, MAY NOT HAVE BEEN REVEALED BY BUYER'S REVIEW AND INSPECTIONS AND INVESTIGATIONS. BUYER EXPRESSLY ACKNOWLEDGES THAT IF IT FAILS TO TERMINATE THE AGREEMENT PRIOR TO THE EXPIRATION OF THE INITIAL REVIEW PERIOD, THE DEPOSIT BECOMES NONREFUNDABLE.**

15.  **Brokers.**  Each party warrants and represents to the other that neither Seller nor Buyer have hired or employed any broker, finder or other intermediary entitled to a commission, finder's fee or other compensation based upon the transaction contemplated hereby.

16.  **Termination.**

   (a)  This Agreement may be terminated at any time prior to or on the Closing Date as follows:

   (1)  By mutual written consent of the parties;

   (2)  Automatically and without any action by either Buyer or Seller, if the Bankruptcy Court does not enter the Approval Order.

   (3)  By Buyer if Seller breaches, in any material respect, its representations or warranties or fails to perform in any material respect its covenants and agreements set forth in this Agreement or in the other Transaction Documents, subject to prior written notice and a fifteen (15) calendar day cure period, if and only if such breach is subject to cure (provided, however, that Buyer is not otherwise in default under this Agreement and/or the other Transaction Documents);

   (4)  By Seller if Buyer does not tender the Deposit in accordance with this Agreement;

   (5)  By Seller if the Closing does not occur by the Closing Date, or such other date agreed to in writing by Seller;

   (6)  By Buyer or Seller if the Approval Order is subject to a stay that is not lifted within fifteen (15) calendar days from the date the Bankruptcy Court enters its Approval Order;

11

(7)    By Seller if Buyer breaches, in any material respect, its representations or warranties or fails to perform in any material respect its covenants or agreements set forth in this Agreement; and

(8)    By Buyer if any the conditions to Closing set forth in Section 5(a) above, have not been satisfied or waived by Buyer as of the Closing Date.

(b)    Buyer shall notify Seller of any unacceptable title exceptions, or other impediments to the transaction contemplated by this Agreement, prior to the expiration of the Initial Review Period. Buyer shall have the absolute right to terminate the Agreement at any time within or prior to the expiration of the Initial Review Period if, in its sole discretion, the results of its due diligence review are not satisfactory. Upon such termination, the Deposit and any interest accrued thereon shall be immediately refundable to Buyer.

(c)    Upon termination of this Agreement as set forth in Section 16(a) and (b) above, Escrow Holder shall promptly distribute the Deposit as expressly provided in Section 16(d) below, and except as otherwise expressly provided for in this Agreement, Seller and Buyer shall retain any and all of their rights and remedies against each other.

(d)    With respect to the Deposit:

(1)    Except as otherwise provided in Section 16(d)(2) below, the Deposit is nonrefundable and shall be applied against the Purchase Price at Closing. Upon the termination of this Agreement pursuant to Section 16(a)(5) or (7), Escrow Holder shall promptly distribute the Deposit to Seller.

(2)    In the event that this Agreement is terminated pursuant to Sections 16(a)(1), 16(a)(2), 16(a)(3), 16(a)(6), 16(a)(8), or 16(b) above, Escrow Holder shall promptly refund the Deposit to Buyer, without the need for further instruction or executed documents of any party; provided, however, in the event this Agreement has been terminated in accordance with Section 16(a)(3), then upon receipt of demand by Buyer for a return of the Deposit, Escrow Holder may request written confirmation from Seller that it authorizes such disbursement. Seller shall respond to such request within five (5) Business Days of receipt either authorizing disbursement to Buyer or setting forth the reasons the Deposit should not be returned to Buyer. Seller's failure to respond within such time period shall be deemed Seller's affirmative acquiescence to the Deposit being returned to Buyer. The parties acknowledge and agree that should any dispute arise over the

12

disbursement of the Deposit, the Bankruptcy Court shall retain jurisdiction over such matter.

(3)    Upon distribution or refund of the Deposit and all other funds received and/or held by Escrow Holder in the Escrow, Escrow Holder shall close the Escrow. The parties acknowledge and agree that the Bankruptcy Court shall retain jurisdiction over such matters.

17.    **Notices.**  All notices or other communications required or permitted hereunder shall be in writing, and shall be personally delivered or delivered by facsimile or email (with a copy sent via pre-paid, first class, certified or registered air mail (or the functional equivalent in any country), return receipt requested, to the intended recipient thereof at its email, and/or facsimile number set out below) or by overnight courier such as FedEx, Express Mail, etc., for the next Business Day delivery, and shall be deemed received upon the earlier of (i) if personally delivered or sent via facsimile or email, the Business Day of delivery to the address of the person to receive such notice, or (ii) if delivered by overnight courier, the next Business Day.

| | |
|---|---|
| If to Seller: | John J. Menchaca, Trustee |
| | 835 Wilshire Boulevard, Suite 300 |
| | Los Angeles, California 90017 |
| | |
| With a copy to: | Steven F. Werth |
| | **Sulmeyer**Kupetz, A Professional Corporation |
| | 333 South Hope Street, 35th Floor |
| | Los Angeles, California 90071-1406 |
| | swerth@sulmeyerlaw.com |
| | |
| If to Buyer: | James Quan and Zhong Qiu Li |
| | P.O. Box 1624 |
| | Rosemead, CA 91770 |
| | |
| If to Escrow Holder: | Antonia Delgado |
| | A&A Escrow Services, Inc. |
| | 415 N. Crescent Drive, Suite 320 |
| | Beverly Hills, California 90210 |

Notice of change of address shall be given by written notice in the manner detailed in this Section 17. Rejection or other refusal to accept or the inability to deliver because of

13

changed address of which no notice was given shall be deemed to constitute receipt of the notice, demand, request or communication sent.

18.  **Assignment**.  This Agreement may not be assigned, nor may the obligations be delegated by, the parties hereto without the prior written consent of the other party or parties hereto.

19.  **Miscellaneous.**

(a)  Survival of Covenants.  The covenants, representations and warranties of Seller and Buyer set forth in this Agreement shall survive the recordation of the Grant Deed and the Close of Escrow, and shall be deemed merged into the Grant Deed upon its recordation.

(b)  Time of Essence.  Time is of the essence of each and every term, condition, obligation and provision hereof.

(c)  Captions.  Any captions or headings of the sections, subsections, paragraphs or subparagraphs of this Agreement are solely for the convenience of the parties hereto, are not a part of this Agreement, and shall not be used for the interpretation or determination of the validity of this Agreement or any provision hereof.

(d)  No Obligation to Third Parties.  Except as otherwise expressly provided herein, the execution and delivery of this Agreement shall not be deemed to confer any rights upon nor obligate either of Buyer or Seller to, any person or entity other than the parties hereto.

(e)  Exhibits.  The Exhibits attached hereto are hereby incorporated herein by this reference for all purposes.

(f)  Amendment to this Agreement.  The terms of this Agreement may not be modified or amended except by an instrument in writing executed by each of the parties hereto.

(g)  Waiver.  Any term or condition of this Agreement may be waived at any time by the party that is entitled to the benefit thereof, but only if such waiver is evidenced by a writing signed by such party.

(h)  Governing Law.  This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of California without regards to the rules of such state relating to the conflict of laws. Subject to Section 20(i) below, the

14

parties hereto hereby submit to personal jurisdiction in the State of California, County of Los Angeles.

(i) <u>Bankruptcy Court Jurisdiction</u>.  The parties hereto agree that the Bankruptcy Court shall have exclusive jurisdiction over all disputes and other matters relating to the interpretation and enforcement of this Agreement and the other Transaction Documents (and/or any ancillary document executed pursuant hereto) and/or the Property.

(j) <u>Fees and Other Expenses</u>.  In the event of the bringing of any action or suit by a party hereto against another party hereunder by reason of any breach of any of the covenants or agreements or any material inaccuracies in any of the representations and warranties on the part of the other party arising out of this Agreement, then in that event, the prevailing party in such action or dispute, whether by final judgment, or out of court settlement shall be entitled to have and recover of and from the other party all costs and expenses of suit, including reasonable attorneys' fees.  Any judgment or order entered in any final judgment shall contain a specific provision providing for the recovery of all costs and expenses of suit, including reasonable attorneys' fees incurred in enforcing, perfecting and executing such judgment.  Except as otherwise provided in this Section 20(j) or Section 8 above, each of the parties shall pay its own fees and expenses in connection with the negotiation and preparation of this Agreement.

(k) <u>Entire Agreement</u>.  This Agreement supersedes any prior agreements, negotiations and communications, oral or written, and contains the entire agreement between Buyer and Seller as to the subject matter hereof; provided, however, that this Agreement and the other Transaction Documents remains subject to the Approval Order.

(l) <u>Successors and Assigns</u>.  This Agreement shall be binding upon and shall inure to the benefit of the successors and permitted assigns of the parties hereto.

(m) <u>Business Days</u>.  As used in this Agreement, the term "***Business Day***" or "***Business Days***" shall be defined as any day on which national banking institutions in Los Angeles County, California, are open for the transaction of banking business (excepting any Saturday or Sunday).

(n) <u>Signatures by Email</u>.  With the exception of the Grant Deed, any and all documents to be executed by any party hereto (including this Agreement) may when executed be transmitted to the other party and to Escrow Holder (as applicable) by email and

15

such email transmission shall constitute delivery of such document, provided, however, that the original of such document bearing the original signature(s) is sent on the date of the email transmission to the recipient via overnight courier for the next Business Day delivery.

(o)    Counterparts.  This Agreement may be executed in multiple counterparts, each of which shall be deemed an original, but all of which, together, shall constitute one and the same instrument.

(p)    Partial Invalidity.  All rights and restrictions contained herein may be exercised and shall be applicable and binding only to the extent that they do not violate any applicable laws, and are intended to be limited to the extent necessary to render this Agreement legal, valid and enforceable.   If any term of this Agreement, or part thereof, not essential to the commercial purpose of this Agreement shall be held to be illegal, invalid or unenforceable by a court of competent jurisdiction, it is the intention of the parties that the remaining terms hereof, or part thereof shall constitute their agreement with respect to the subject matter hereof and all such remaining terms, or parts thereof, shall remain in full force and effect.   To the extent legally permissible, any illegal, invalid or unenforceable provision of this Agreement shall be replaced by a valid provision that will implement the commercial purpose of the illegal, invalid or unenforceable provision.

//

//

//

//

//

//

//

//

16

(q)     <u>No Construction Against Preparer</u>.  No provision of this Agreement or the other Transaction Documents shall be construed against or interpreted to the disadvantage of any party by any court or other governmental or judicial authority by reason of such party's having or being deemed to have prepared or imposed such provision.

**IN WITNESS WHEREOF**, the Parties hereto have executed this Agreement of Purchase and Sale and Joint Escrow Instructions effective as of the Effective Date.

Buyer:

James Quan

Zhong Qiu Li

Seller:

JOHN J. MENCHACA, in his sole and limited capacity as Chapter 7 Trustee for Shorb DCE, LLC

17

## JOINDER

Reference is made to that certain "Agreement of Purchase and Sale and Joint Escrow Instructions" dated for reference September 21, 2017 (the "*Effective Date*"), made by and among John J. Menchaca, in his sole and limited capacity as chapter 7 trustee (herein "*Trustee*" or "*Seller*") for the estate of the debtor Shorb DCE, LLC ("*Debtor*"), and James Quan and Zhong Qiu Li, husband and wife (collectively, "*Buyer*"), as such may be amended from time to time (the "*Purchase Agreement*").  Unless otherwise provided herein, all capitalized terms shall have the meanings as set forth in the Purchase Agreement.

1.     The undersigned has read and understands the terms and conditions of the Purchase Agreement and other Transaction Documents, has been advised to consult with, and has had the opportunity to consult with, independent legal counsel, concerning the Purchase Agreement and other Transaction Documents and this Joinder, and the terms and conditions thereof and hereof, and is entering into this Joinder knowingly and voluntarily.

2.     The undersigned hereby enters into this Joinder for the purpose of agreeing to act as Escrow Holder as contemplated in the Purchase Agreement as if an original party thereto.  In connection therewith, the undersigned expressly agrees to perform and discharge completely, and be bound by, all obligations of Escrow Holder under the Purchase Agreement and other Transaction Documents in accordance with their respective terms and conditions, subject to the Approval Order or other order of the Bankruptcy Court.  Without limiting the generality of the foregoing, Escrow Holder shall (a) form and maintain the Escrow, (b) confirm receipt of the Deposit, (c) prepare the Closing Statement pursuant to the terms of the Purchase Agreement, (d) issue the Title Policy, (e) refund or distribute the Deposit and other funds as expressly provided in the Purchase Agreement and other Transaction Documents, and (f) take such other actions, and execute and deliver such other documents, certificates, instruments and agreements as reasonable and appropriate to consummate the transactions contemplated in the Purchase Agreement and other Transaction Documents.

3.     The undersigned will provide Seller and its authorized agents and representatives with all notices, documentation, evidences of funding and other materials concerning the formation of the Escrow, the compliance by the undersigned and Buyer with the terms and conditions of the Purchase Agreement and the other Transaction Documents, communications with Buyer and all activity concerning the Escrow, and provide Seller and its authorized agents and representatives with reasonable access during regular business hours to review, inspect and copy all such documentation and materials.

4.     The undersigned has all requisite consent and authority to enter into this Joinder, and perform its obligations in connection herewith, and that, upon the execution and delivery of this

Joinder by the undersigned, this Joinder shall be a valid and binding obligation of the undersigned in accordance with its terms and conditions.

5.      The undersigned will not enter into any agreement, contract or arrangement which modifies or amends, whether in whole or in part, any term of the Purchase Agreement or other Transaction Documents.  In addition, the undersigned agrees that any dispute or issue with respect to this Joinder and the undersigned's obligations hereunder shall be governed exclusively by the terms and conditions of the Purchase Agreement as if the undersigned was an original party thereto.

6.      The undersigned acknowledges and agrees that this Joinder shall inure to the benefit of Buyer and Seller and, for purposes hereof, both Buyer and Seller and their respective permitted successors and assigns shall be deemed third party beneficiaries of this Joinder.

**IN WITNESS WHEREOF,** the undersigned has caused this Joinder to be duly executed as of the Effective Date.

ESCROW HOLDER

By: _____
Title: _____

## Exhibit A

## LEGAL DESCRIPTION OF LAND

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

PARCEL 1:

THAT PORTION OF LOT 1 IN BLOCK 18 OF RAMONA, IN THE CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12 PAGES 53 ET SEQ. OF MISCELLANEOUS RECORDS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING NORTHERLY OF THE WESTERLY PROLONGATION OF THE NORTHERLY LINE OF LOT 11 OF TRACT NO. 9849, IN THE CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 138 PAGES 55 AND 56 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT FROM THE ABOVE DESCRIBED PROPERTY THE WESTERLY 150.00 FEET THEREOF.

PARCEL 2:

THAT PORTION OF LOT 1 IN BLOCK 18 OF RAMONA, IN THE CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12 PAGE 53 ET SEQ., OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, INCLUDED WITHIN THE FOLLOWING DESCRIBED BOUNDARIES:

BEGINNING AT THE NORTHWESTERLY CORNER OF LOT 11 OF TRACT NO. 9849, IN THE CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 138 PAGES 55 AND 56 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; THENCE WESTERLY ALONG THE PROLONGATION OF THE NORTHERLY LINE OF SAID LOT 11, A DISTANCE OF 28.56 FEET; THENCE SOUTHERLY PARALLEL WITH THE WESTERLY LINE OF SAID LOT 1, A DISTANCE OF 35 FEET, ALONG A LINE WHICH PRODUCED SOUTHERLY WOULD INTERSECT THE NORTHEAST CORNER OF A ONE STORY BRICK BUILDING, AS IT EXISTED IN 1949; THENCE EASTERLY, PARALLEL WITH THE PROLONGATION OF THE NORTHERLY LINE OF SAID LOT 11, TO THE WESTERLY LINE OF SAID LOT 11; THENCE NORTHERLY, ALONG WESTERLY LINE, 35 FEET TO THE POINT OF BEGINNING.

PARCEL 3:

THAT PORTION OF LOT 1 IN BLOCK 18 OF RAMONA, IN THE CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 12 PAGE 53 ET SEQ., OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

COMMENCING AT THE NORTHWESTERLY CORNER OF SAID LOT 11 OF TRACT NO. 9849, IN THE CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 138 PAGES 55 AND 56 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY; THENCE WESTERLY ALONG THE WESTERLY PROLONGATION OF THE NORTHERLY LINE OF SAID LOT 1, A DISTANCE OF 28.56 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTHERLY PARALLEL WITH THE WESTERLY LINE OF SAID LOT 1, A DISTANCE OF 35 FEET TO A POINT ALONG A LINE WHICH PRODUCED SOUTHERLY WOULD INTERSECT THE NORTHEAST CORNER OF A ONE STORY BRICK BUILDING, AS IT EXISTED IN 1949, SAID LAST MENTIONED POINT BEING THE NORTHERLY LINE OF THE LAND DESCRIBED IN THE DEED TO THE CITY OF ALHAMBRA, RECORDED ON JANUARY 22, 1954, AS INSTRUMENT NO. 1929, IN BOOK 43655 PAGE 32, OFFICIAL RECORDS; THENCE WESTERLY ALONG SAID LAST MENTIONED NORTHERLY LINE 21.44 FEET, MORE OR LESS, TO THE EAST LINE OF THE WESTERLY 150.00 FEET OF SAID LOT 1; THENCE NORTHERLY ALONG SAID EAST LINE, 35 FEET, MORE OR LESS, WESTERLY PROLONGATION; THENCE EASTERLY ALONG SAID PROLONGATION 21.44 FEET, MORE OR LESS, TO THE TRUE POINT OF BEGINNING.

PARCEL 4:

THAT PORTION OF LOT 11 OF TRACT NO. 9849, IN THE CITY OF ALHAMBRA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 138 PAGES 55 AND 56 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, LYING NORTHERLY OF THE NORTHERLY LINE OF THE LAND DESCRIBED IN DEED TO THE IN THE CITY OF ALHAMBRA, RECORDED ON JANUARY 22, 1954 AS INSTRUMENT NO. 1929, IN BOOK 43655 PAGE 32 OF OFFICIAL RECORDS, IN THE SAID OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THAT PORTION OF SAID LAND, LYING EASTERLY OF THE WESTERLY LINE OF THE LAND DESCRIBED IN THE DEED TO NATHAN F. GOLDBERG, ET AL., RECORDED ON FEBRUARY 10, 1959 AS INSTRUMENT NO. 1351, IN BOOK D-7 PAGE 842, OFFICIAL RECORDS.

APN: 5350-016-033

## EXHIBIT B

RECORDING REQUESTED BY:


WHEN RECORDED MAIL TO:
MAIL TAX STATEMENTS TO:

_____

APN: _____        SPACE ABOVE THIS LINE RESERVED FOR RECORDER'S USE


The Documentary Transfer Tax is not for public record.

## GRANT DEED

For valuable consideration, receipt of which is hereby acknowledged, John J. Menchaca, in his sole and limited capacity as chapter 7 trustee (herein "***Trustee***" or "***Seller***") for the estate of the debtor Shorb DCE, LLC (the "***Grantor***") hereby grants to James Quan and Zhong Qiu Li, husband and wife (collectively, "***Grantee***") all of Grantor's right, title and interest in and to the real property located in the State of California, County of Los Angeles, City of Alhambra, described in <u>Exhibit A</u> attached hereto (the "***Property***"), together with all Grantor's right, title and interest, of, in and to all structures and improvements now located on the Property, pursuant to the terms and conditions of that certain "Agreement of Purchase and Sale and Joint Escrow Instructions" dated as of September 21, 2017, between Grantor and Grantee.

In witness whereof, Grantor has caused this Grant Deed to be executed as of the date below.


Dated: October ____, 2017

                                        _____
                                        JOHN J. MENCHACA, in his sole and limited
                                        capacity as Chapter 7 Trustee for the estate of the
                                        debtor Shorb DCE, LLC

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California                                    )
County of Los Angeles                                 )


On _____, before me, _____, a Notary Public, personally appeared _____, who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.



Signature    _____



SFW\ 2605053.5 9/22/2017 (9:46 AM)

## EXHIBIT C

## SELLER'S CERTIFICATE

Pursuant to Section 6(b) of that certain "Agreement of Purchase and Sale and Joint Escrow Instructions" (the "*Agreement*"), by and between John J. Menchaca, in his sole and limited capacity as chapter 7 trustee (herein "*Trustee*" or "*Seller*") for the estate of the debtor Shorb DCE, LLC ("*Debtor*"), and James Quan and Zhong Qiu Li, husband and wife (collectively, "*Buyer*"), Seller hereby certifies to Buyer that all of Seller's representations and warranties set forth in Section 12 of the Agreement are true, correct, and complete in all material respects as of the Closing Date (as defined in the Agreement) as if then made, subject to the following:

Dated: September 22, 2017

Seller:    _____

JOHN J. MENCHACA, in his sole and
limited capacity as Chapter 7 Trustee for the estate
of the debtor Shorb DCE, LLC

SFW\ 2605053.5 9/20/2017 (5:47 PM)

## EXHIBIT D

## BUYER'S CERTIFICATE

Pursuant to Section 7(b) of that certain "Agreement of Purchase and Sale and Joint Escrow Instructions" (the "*Agreement*"), by and between John J. Menchaca, in his sole and limited capacity as chapter 7 trustee ("*Seller*") for the estate of the debtor Shorb DCE, LLC, and James Quan and Zhong Qiu Li, husband and wife (collectively, "*Buyer*"), Buyer hereby certifies to Seller that all of Buyer's representations and warranties set forth in Section 13 of the Agreement are true, correct, and complete in all material respects as of the Closing Date (as defined in the Agreement) as if then made.

Dated: September _____ , 2017

Buyer:

_____
By:  James Quan

_____
By:  Zhong Qiu Li

SFW\ 2605053.5 9/20/2017 (5:47 PM)

## EXHIBIT E

### BILL OF SALE

For good and valuable consideration, the receipt of which is hereby acknowledged, John J. Menchaca, in his sole and limited capacity as chapter 7 trustee (herein "***Trustee***" or "***Seller***") for the estate of the debtor Shorb DCE, LLC ("***Debtor***"), and James Quan and Zhong Qiu Li, husband and wife (collectively, "***Buyer***"), do hereby, as of this ___ day of September____, 2017, agree as follows:

Buyer and Seller have entered into that certain "Agreement of Purchase and Sale and Joint Escrow Instructions" (the "***Agreement***"), whereby Seller shall sell and convey to Buyer that certain real property located at 910-912 W. Shorb Street, Alhambra, California 91803 (the "***Property***"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

In connection with the Agreement, Seller hereby absolutely and unconditionally sells, transfers, conveys and delivers to Buyer, without recourse or warranty any and all of Seller's right, title and interest in the furniture, fixtures, appliances, equipment, machinery, furnishings, supplies and any and all other personal property (the "***Personal Property***") in which Seller has an interest and is used exclusively in connection with the operation of the Property.

Buyer acknowledges that the sale of the Personal Property is specifically made "as-is" and "where-is," without any representations or warranties express or implied, including, without limitation, implied warranties of fitness for any particular purpose or merchantability or any other warranties whatsoever.  Buyer has not relied and will not rely on, and Seller is not liable for or bound by, any express or implied warranties, guaranties, statements, representations or information pertaining to the personal property or relating thereto made or furnished by Seller, or any agent or real estate broker representing or purporting to represent Seller, to whomever made or given, directly or indirectly, orally or in writing.  Seller specifically disclaims and makes no representation or warranty whatsoever as to any right or claim that may be asserted by any tenant or third party pertaining to any of the Personal Property and/or Intangible Rights.

This Bill of Sale may be executed in any number of counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.

[SIGNATURES ON FOLLOWING PAGE]

SFW\ 2605053.5 9/20/2017 (5:47 PM)

**IN WITNESS WHEREOF,** Buyer and Seller have executed this Bill of Sale the day and year first written above.

Buyer:

By: James Quan

By: Zhong Qiu Li

Seller:

JOHN J. MENCHACA, in his sole and limited capacity as Chapter 7 Trustee for Shorb DCE, LLC

## EXHIBIT G

### ASSIGNMENT OF LEASES

This "Assignment of Leases (the "***Assignment***") is made and entered into as of this __ day of September, 2017, by and between John J. Menchaca, in his sole and limited capacity as chapter 7 trustee (herein "***Seller***" or "***Assignor***") for the estate of the debtor Shorb DCE, LLC ("***Debtor***"), and James Quan and Zhong Qiu Li, husband and wife ("***Buyer***" or "***Assignee***").

**A.**     Assignor and Assignee have entered into that certain "Agreement of Purchase and Sale and Joint Escrow Instructions" ("***Agreement***"), whereby Seller shall sell and convey to Buyer that certain real property located at 910-912 W. Shorb Street, Alhambra, CA 91803 (the "***Property***"). Capitalized terms used herein and not otherwise defined shall have the meanings ascribed to them in the Agreement.

**B.**     In his capacity as trustee, Assignor is the lessor under certain leases executed with respect to the residential occupancy of tenants at the Property (the "***Leases***").

**C.**     Assignor desires to assign its interest, if any, as lessor in all of the Leases to Assignee without representation or warranty whatsoever, except as otherwise expressly set forth in the Agreement, and Assignee desires to accept the assignment thereof and to assume Assignor's obligations thereunder.

**NOW THEREFORE**, in consideration of the promises and conditions contained herein, the parties hereby agree as follows:

### Terms

    1.     Effective as of the date of recordation of the Grant Deed transferring the Property from Assignor to Assignee (the "***Recording Date***"), Assignor hereby assigns and delegates to Assignee, without any representation or warranty whatsoever, except as otherwise set forth in the Agreement, all of its right, title and interest in and to the Leases, if any, and all of its duties and obligations of performance under the Leases.

    2.     Effective as of the Recording Date, Assignee hereby assumes and agrees to perform all of Assignor's obligations under the Leases.

    3.     If either party hereto fails to perform any of its obligations under this Assignment or if a dispute arises between the parties hereto concerning the meaning or interpretation of any provision of this Assignment, and an action is filed, the prevailing party in any such action shall be entitled to recover from the other party, in addition to any other relief that may be granted, its court costs and reasonable attorneys' fees and disbursements, including such fees incurred in connection with any appeal. Any such attorneys' fees and other expenses incurred by either party in enforcing a judgment in its favor under this Assignment shall be recoverable separately from and in addition to any other amount included in such judgment, and such attorneys' fees obligation

is intended to be severable from the other provisions of this Assignment and to survive and not be merged into any such judgment.

4.    This Assignment may be signed in counterparts and all counterparts so executed shall constitute one contract, binding on all parties, hereto, even though all parties are not signatory to the same counterpart.

5.    This Assignment shall be binding on and inure to the benefit of the parties hereto, their heirs, executors, administrators, successors-in-interest and assigns.

6.    This Assignment shall be governed by and construed in accordance with the laws of the state of California.

**IN WITNESS WHEREOF**, Assignor and Assignee have executed this Assignment the day and year first written above.

Assignee:

By:  James Quan

By:  Zhong Qiu Li

Assignor:

JOHN J. MENCHACA, in his sole and
limited capacity as Chapter 7 Trustee
for Shorb DCE, LLC

# EXHIBIT 2



Lawyers Title Company
7530 N. Glenoaks Blvd.
Burbank, CA 91504
Phone: (818) 767-2000
Fax: (818) 504-4937

A & A ESCROW SERVICES                    Title Officer: Ralph J. Mason, Jr.--So
415 N. CRESCENT DRIVE, SUITE # 320        email: tu08@ltic.com
BEVERLY HILLS, CA 90210                   Phone No.: (818) 252-6040
                                          Fax No.: (818) 252-3732
Attn: ANTONIA DELGADO                     File No.:  117082431

Your Reference No: 910 W SHORB ST

Property Address:   910 West Shorb Street, Alhambra, California

---

# PRELIMINARY REPORT

Dated as of September 6, 2017 at 7:30 a.m.

In response to the application for a policy of title insurance referenced herein, Lawyers Title Company hereby reports that it is prepared to issue, or cause to be issued, as of the date hereof, a policy or policies of title insurance describing the land and the estate or interest therein hereinafter set forth, insuring against loss which may be sustained by reason of any defect, lien or encumbrance not shown or referred to as an exception herein or not excluded from coverage pursuant to the printed Schedules, Conditions and Stipulations or Conditions of said policy forms.

The printed Exceptions and Exclusions from the coverage and Limitations on Covered Risks of said policy or policies are set forth in Attachment One. The policy to be issued may contain an arbitration clause. When the Amount of Insurance is less than that set forth in the arbitration clause, all arbitrable matters shall be arbitrated at the option of either the Company or the Insured as the exclusive remedy of the parties. Limitation on Covered Risks applicable to the CLTA and ALTA Homeowner's Policies of Title Insurance which establish a Deductible Amount and a Maximum Dollar Limit of Liability for certain coverages are also set forth in Attachment One. Copies of the policy forms should be read. They are available from the office which issued this report.

The policy(s) of title insurance to be issued hereunder will be policy(s) of **Commonwealth Land Title Insurance Company.**

***Please read the exceptions shown or referred to below and the exceptions and exclusions set forth in Attachment One of this report carefully. The exceptions and exclusions are meant to provide you with notice of matters which are not covered under the terms of the title insurance policy and should be carefully considered. It is important to note that this preliminary report is not a written representation as to the condition of title and may not list all liens, defects, and encumbrances affecting title to the land.***

This report (and any supplements or amendments hereto) is issued solely for the purpose of facilitating the issuance of a policy of title insurance and no liability is assumed hereby. If it is desired that liability be assumed prior to the issuance of a policy of title insurance, a Binder or Commitment should be requested.

CLTA Preliminary Report Form – Modified (11-17-06)

File No:  117082431

# SCHEDULE A

The form of policy of title insurance contemplated by this report is:

CLTA Standard Owners

The estate or interest in the land hereinafter described or referred to covered by this report is:

**A FEE**

Title to said estate or interest at the date hereof is vested in:

Shorb DCE LLC, a California limited liability company

Subject to proceedings pending in the bankruptcy court where a petition for relief was filed.

Name of Debtor:          Shorb DCE, LLC
Date of Filing:           April 6, 2017
U.S. District Court:      Central
Case No:                  17-14240-BR

The land referred to herein is situated in the County of Los Angeles, State of California, and is described as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF**

CLTA Preliminary Report Form – Modified (11-17-06)

Page 2

File No: 117082431

# EXHIBIT "A"

All that certain real property situated in the County of Los Angeles, State of California, described as follows:

Parcel 1:

That portion of Lot 1 in Block 18 of Ramona, in the City of Alhambra, County of Los Angeles, State of California, as per map recorded in Book 12, Pages 53 through 56, of Miscellaneous Records, in the Office of the County Recorder of said County, lying Northerly of the Westerly prolongation of the Northerly line of Lot 11 of Tract No. 9849, in the City of Alhambra, County of Los Angeles, State of California, as per map recorded in Book 138, Pages 55 and 56 of Maps, in the office of the County Recorder of said County.

EXCEPT from the above described property, the Westerly 150.00 feet thereof.

Parcel 2:

That portion of Lot 1 in Block 18 of Ramona, in the City of Alhambra, County of Los Angeles, State of California, as per map recorded in Book 12, Pages 53 through 56, of Miscellaneous Records, in the Office of the County Recorder of said County, included within the following described boundaries:

Beginning at the Northwesterly corner of Lot 11 of Tract No. 9849, in the City of Alhambra, County of Los Angeles, State of California, as per map recorded in Book 138, Pages 55 and 56 of Maps, in the office of the County Recorder of said County; thence Westerly along the prolongation of the Northerly line of said Lot 1, a distance of 28.56 feet; thence Southerly parallel with the Westerly line of said Lot 1, a distance of 35 feet, along a line which produced Southerly would intersection the Northeast corner of a one story brick building, as it existed in 1949; thence Easterly, parallel with the prolongation of the Northerly line of said lot 11, to the Westerly line of said Lot 11; thence Northerly, along the Westerly line, 35 feet to the point of beginning.

Parcel 3:

That portion of Lot 1 in Block 18 of Ramona, in the City of Alhambra, County of Los Angeles, State of California, as per map recorded in Book 12, Pages 53 through 56, of Miscellaneous Records, in the Office of the County Recorder of said County, described as follows:

Beginning at the Northwesterly corner of Lot 11 of Tract No. 9849, in the City of Alhambra, County of Los Angeles, State of California, as per map recorded in Book 138, Pages 55 and 56 of Maps, in the office of the County Recorder of said County; thence Westerly along the Westerly prolongation of the Northerly line of said Lot 1, a distance of 28.56 feet to the true point of beginning; thence Southerly parallel with the Westerly line of said Lot 1, a distance of 35 feet to a point along a line which produced Southerly would intersection the Northeast corner of a one story brick building, as it existed in 1949, said last mentioned point being the Northerly line of the land described in the Deed to the City of Alhambra, recorded on January 22, 1954 as Instrument No. 1929, in Book 43655, Page 32, of Official Records; thence Westerly along said last mentioned Northerly line 21.44 feet, more or less, to the East line of the Westerly 150.00 feet of said Lot 1; thence Northerly along said East line, 35 feet, more or less, to said Westerly prolongation; thence Easterly along said prolongation 21.44 feet, more or less, to the true point of beginning.

Parcel 4:

File No: 117082431

That portion of Lot 11 of Tract No. 9849, in the City of Alhambra, County of Los Angeles, State of California, as per map recorded in Book 138, Pages 55 and 56 of Maps, in the office of the County Recorder of said County, lying Northerly of the Northerly line of the land described in Deed to the City of Alhambra, recorded on January 22, 1954 as Instrument No. 1929, in Book 43655, Page 32, of Official Records, in the Office of the County Recorder of said County.

EXCEPT that portion of said land lying Easterly of the Westerly line of the land described in the Deed to Nathan F. Goldberg, et al., recorded on February 10, 1959 as Instrument No. 1351, in Book D-7, Page 842, of Official Records.

Assessor's Parcel Number:   5350-016-033

File No:  117082431

# SCHEDULE B

At the date hereof Exceptions to coverage in addition to the printed exceptions and exclusions in said policy form would be as follows:

A.    Property taxes, which are a lien not yet due and payable, including any assessments collected with taxes to be levied for the fiscal year 2017-2018.

B.    Property taxes, including any personal property taxes and any assessments collected with taxes, are as follows:

Tax Identification No.:          5350-016-033
Fiscal Year:                     2016 - 2017
1st Installment:                 $5,933.76, paid.
2nd Installment:                 $5,917.41, Not paid-Delinquent (Delinquent after April 10)
Penalty and Cost:                $601.74
Homeowners Exemption:            $0
Code Area:                       01797

C.    Said property has been declared tax defaulted for non-payment of delinquent taxes for the fiscal year 2015 - 2016.

APN No:                          5350-016-033

Amounts to redeem for the above-stated fiscal year (and subsequent years if any) are:

Amount:        $22,374.80, by September 30, 2017
Amount:        $22,639.77, by October 31, 2017

Said amount to pay includes delinquent tax amounts as shown above.

D.    The lien of supplemental or escaped assessments of property taxes, if any, made pursuant to the provisions of Chapter 3.5 (commencing with Section 75) or Part 2, Chapter 3, Articles 3 and 4, respectively, of the Revenue and Taxation Code of the State of California as a result of the transfer of title to the vestee named in Schedule A; or as a result of changes in ownership or new construction occurring prior to date of policy.

1.    Water rights, claims or title to water, whether or not disclosed by the public records.

2.    Covenants, conditions and restrictions but omitting any covenants or restrictions, if any, including but not limited to those based upon race, color, religion, sex, sexual orientation, familial status, marital status, disability, handicap, national origin, citizenship, immigration status, primary language, ancestry, source of income, gender, gender identity, gender expression, medical condition or genetic information, as set forth in applicable state or federal laws, except to the extent that said covenant or restriction is permitted by applicable law, as set forth in the document

Recording No:                    in Book 3663, Page 73, of Deeds

Said covenants, conditions and restrictions provide that a violation thereof shall not defeat the lien of any mortgage or deed of trust made in good faith and for value.

3.    A deed of trust to secure an indebtedness in the amount shown below,

CLTA Preliminary Report Form – Modified (11-17-06)

File No:  117082431

| | |
|---|---|
| Amount: | $850,000.00 |
| Dated: | March 5, 2007 |
| Trustor/Grantor | Shorb DCE LLC, a California limited liability company |
| Trustee: | Financial Title Company |
| Beneficiary: | Metro United Bank |
| Loan No.: | 0370219886 |
| Recording Date: | March 16, 2007 |
| Recording No: | 20070589536, of Official Records |

An agreement to modify the terms and provisions of said deed of trust as therein provided with an additional advance to be secured by said deed of trust, as disclosed by an instrument:

| | |
|---|---|
| Recording Date: | June 5, 2014 |
| Recording No: | 20140582036, of Official Records |

Loan balance increased to $1,090,000.00.

A substitution of trustee under said deed of trust which names, as the substituted trustee, the following

| | |
|---|---|
| Trustee: | East West Investment Inc. |
| Recording Date: | June 3, 2016 |
| Recording No: | 20160636267, of Official Records |

A notice of default under the terms of said trust deed

| | |
|---|---|
| Executed by: | T.D. Service Company |
| Recording Date: | December 12, 2016 |
| Recording No: | 20161571985, of Official Records |

A notice of trustee's sale under said deed of trust

| | |
|---|---|
| Executed by: | T.D. Service Company |
| Time and Place of Sale: | April 12, 2017 at 10:00 A.M. Behind the fountain located in Civic Center Plaza, 400 Civic Center Plaza, Pomona, California 91766 |
| Recording Date: | March 15, 2017 |
| Recording No: | 20170296731, of Official Records |

4.  An assignment of all the moneys due, or to become due as rental, as additional security for the obligations secured by deed of trust shown

| | |
|---|---|
| Recording Date: | March 16, 2007 |
| Recording No: | 20070589537, of Official Records |
| Assigned to: | Metro United Bank |

5.  The matters contained in a document entitled **"Hazardous Substances Certificate and Indemnity Agreement"** recorded March 16, 2007 as Instrument No. 20070589538, of Official Records.

Reference is made to said document for full particulars.

6.  A financing statement as follows:

| | |
|---|---|
| Debtor: | Shorb DCE LLC, a California limited liability company |
| Secured Party: | Metro United Bank |
| Recording Date: | March 16, 2007 |
| Recording No: | 20070589539, of Official Records |

7.  A deed of trust to secure an indebtedness in the amount shown below,

CLTA Preliminary Report Form – Modified (11-17-06)

File No: 117082431

| | |
|---|---|
| Amount: | $39,000.00 |
| Dated: | November 18, 2014 |
| Trustor/Grantor | Shorb DCE LLC.  David C. Kwok/Elke L. Coffey as members |
| Trustee: | Old Republic Title Company, a California Corporation |
| Beneficiary: | William B. Wright |
| Loan No.: | None shown |
| Recording Date: | December 10, 2014 |
| Recording No: | 20141339689, of Official Records |

This Company will require that the original note, the original deed of trust and a properly executed request for full reconveyance together with appropriate documentation (i.e., copy of trust, partnership agreement or corporate resolution) be in this office prior to the close of this transaction if the above-mentioned item is to be paid through this transaction or deleted from a policy of title insurance.

Any demands submitted to us for payoff must be signed by all beneficiaries as shown on said deed of trust, and/or any assignments thereto. In the event said demand is submitted by an agent of the beneficiary(s), we will require the written approval of the demand by the beneficiary(s). Servicing agreements do not constitute approval for the purposes of this requirement.

If no amounts remain due under the obligation a zero balance demand will be required along with the reconveyance documents.

In addition, we require the written approval of said demand by the trustor(s) on said deed of trust or the current owners if applicable.

8.    A deed of trust to secure an indebtedness in the amount shown below,

| | |
|---|---|
| Amount: | $60,000.00 |
| Dated: | September 19, 2015 |
| Trustor/Grantor | Shorb DCE LLC |
| Trustee: | Chicago Title Company, a California Corporation |
| Beneficiary: | James Wang |
| Loan No.: | None shown |
| Recording Date: | September 29, 2015 |
| Recording No: | 20151205624, of Official Records |

This Company will require that the original note, the original deed of trust and a properly executed request for full reconveyance together with appropriate documentation (i.e., copy of trust, partnership agreement or corporate resolution) be in this office prior to the close of this transaction if the above-mentioned item is to be paid through this transaction or deleted from a policy of title insurance.

Any demands submitted to us for payoff must be signed by all beneficiaries as shown on said deed of trust, and/or any assignments thereto. In the event said demand is submitted by an agent of the beneficiary(s), we will require the written approval of the demand by the beneficiary(s). Servicing agreements do not constitute approval for the purposes of this requirement.

If no amounts remain due under the obligation a zero balance demand will be required along with the reconveyance documents.

In addition, we require the written approval of said demand by the trustor(s) on said deed of trust or the current owners if applicable.

9.    A deed of trust to secure an indebtedness in the amount shown below,

CLTA Preliminary Report Form – Modified (11-17-06)

File No:  117082431

| | |
|---|---|
| Amount: | $10,800.00 |
| Dated: | March 6, 2015 |
| Trustor/Grantor | Shorb DCE LLC., Elke L. Coffey and David C. Kwok as members |
| Trustee: | First American Title Insurance Company |
| Beneficiary: | The Wright Trust dated 11-19-1984 |
| Loan No.: | None shown |
| Recording Date: | June 3, 2016 |
| Recording No: | 20160641824, of Official Records |

This Company will require that the original note, the original deed of trust and a properly executed request for full reconveyance together with appropriate documentation (i.e., copy of trust, partnership agreement or corporate resolution) be in this office prior to the close of this transaction if the above-mentioned item is to be paid through this transaction or deleted from a policy of title insurance.

Any demands submitted to us for payoff must be signed by all beneficiaries as shown on said deed of trust, and/or any assignments thereto. In the event said demand is submitted by an agent of the beneficiary(s), we will require the written approval of the demand by the beneficiary(s). Servicing agreements do not constitute approval for the purposes of this requirement.

If no amounts remain due under the obligation a zero balance demand will be required along with the reconveyance documents.

In addition, we require the written approval of said demand by the trustor(s) on said deed of trust or the current owners if applicable.

10.  A tax lien for the amount shown and any other amounts due, in favor of the United States of America, assessed by the District Director of Internal Revenue.

| | |
|---|---|
| Federal Serial No.: | 455159808 |
| Taxpayer: | David Kwok |
| Amount: | $9,815.09 |
| Recording Date: | July 14, 2008 |
| Recording No: | 20081246443, of Official Records |

11.  Matters which may be disclosed by an inspection and/or by a correct ALTA/ACSM Land Title Survey of said Land that is satisfactory to the Company, and/or by inquiry of the parties in possession thereof.

12.  Any rights of the parties in possession of a portion of, or all of, said Land, which rights are not disclosed by the public records.

The Company will require, for review, a full and complete copy of any unrecorded agreement, contract, license and/or lease, together with all supplements, assignments and amendments thereto, before issuing any policy of title insurance without excepting this item from coverage.

The Company reserves the right to except additional items and/or make additional requirements after reviewing said documents.

13.  Any easements not disclosed by the public records as to matters affecting title to real property, whether or not said easements are visible and apparent.

14.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other matters which a correct survey would disclose and which are not shown by the public records.

CLTA Preliminary Report Form – Modified (11-17-06)

Page 8

File No: 117082431

**END OF SCHEDULE B EXCEPTIONS**

**PLEASE REFER TO THE "NOTES AND REQUIREMENTS SECTION" WHICH FOLLOWS FOR
INFORMATION NECESSARY TO COMPLETE THIS TRANSACTION**

File No:  117082431

# REQUIREMENTS SECTION:

Req. No. 1:     In order to complete this report, the Company requires a Statement of Information to be completed by the following party(s),

Party(s):  All parties

The Company reserves the right to add additional items or make further requirements after review of the requested Statement of Information.

NOTE:   The Statement of Information is necessary to complete the search and examination of title under this order. Any title search includes matters that are indexed by name only, and having a completed Statement of Information assists the Company in the elimination of certain matters which appear to involve the parties but in fact affect another party with the same or similar name. Be assured that the Statement of Information is essential and will be kept strictly confidential to this file.

Req. No. 2:     The Company will require the following documents for review prior to the issuance of any title insurance predicated upon a conveyance or encumbrance from the entity named below:

Limited Liability Company:        Shorb DCE LLC

a)        A copy of its operating agreement, if any, and any and all amendments, supplements and/or modifications thereto, certified by the appropriate manager or member

b)        If a domestic Limited Liability Company, a copy of its Articles of Organization and all amendments thereto with the appropriate filing stamps

c)        If the Limited Liability Company is member-managed, a full and complete current list of members certified by the appropriate manager or member

d)        A current dated certificate of good standing from the proper governmental authority of the state in which the entity was created

e)        If less than all members, or managers, as appropriate, will be executing the closing documents, furnish evidence of the authority of those signing.

The Company reserves the right to add additional items or make further requirements after review of the requested documentation.

Req. No. 3:     Furnish for review a full and complete copy of any unrecorded agreement, contract, license and/or lease together with all supplements, assignments and amendments thereto, prior to the close of this transaction.

The Company reserves the right to add additional items or make further requirements after review of the requested documentation.

Req. No. 4:     The Company will require that the attached "Owner's Information Statement" be completed by the owner of the estate described or referred to in Schedule A immediately prior to the close of this transaction and be returned to us.

CLTA Preliminary Report Form – Modified (11-17-06)

File No:  117082431

The purposes of the Owner's Information Statement is to provide the Company with certain information that cannot necessarily be ascertained by making a physical inspection of the land.

CLTA Preliminary Report Form – Modified (11-17-06)

File No:  117082431

# INFORMATIONAL NOTES SECTION

Note No. 1:     The information on the attached plat is provided for your convenience as a guide to the general location of the subject property.  The accuracy of this plat is not guaranteed, nor is it a part of any policy, report or guarantee to which it may be attached.

Note No. 2:     California insurance code section 12413.1 regulates the disbursement of escrow and sub-escrow funds by title companies. The law requires that funds be deposited in the title company escrow account and available for withdrawal prior to disbursement. Funds deposited with the company by wire transfer may be disbursed upon receipt. Funds deposited with the company via cashier's check or teller's check drawn on a California based bank may be disbursed on the next business day after the day of deposit. If funds are deposited with the company by other methods, recording and/or disbursement may be delayed.  All escrow and sub-escrow funds received by the company will be deposited with other escrow funds in one or more non-interest bearing escrow accounts of the company in a financial institution selected by the company. The company may receive certain direct or indirect benefits from the financial institution by reason of the deposit of such funds or the maintenance of such accounts with such financial institution, and the company shall have no obligation to account to the depositing party in any manner for the value of, or to pay to such party, any benefit received by the company. Those benefits may include, without limitation, credits allowed by such financial institution on loans to the company or its parent company and earnings on investments made with the proceeds of such loans, accounting, reporting and other services and products of such financial institution. Such benefits shall be deemed additional compensation of the company for its services in connection with the escrow or sub-escrow.

**For wiring Instructions please contact your Title Officer or Title Company Escrow officer.**

Note No. 3:     Lawyers Title is a division of Commonwealth Land Title Insurance Company.  The insurer in policies of title insurance, when issued in this transaction, will be Commonwealth Land Title Insurance Company.

Note No. 4:     Notice: Please be aware that due to the conflict between federal and state laws concerning the cultivation distribution, manufacture or sale of marijuana, the Company is not able to close or insure any transaction involving Land that is associated with these activities.

Note No. 5:     None of the items shown in this report will cause the Company to decline to attach CLTA Endorsement Form 100 to an ALTA Loan Policy, when issued.

Note No. 6:     The following information will be included in the CLTA Form 116 or ALTA Form 22-06 Endorsement to be issued pursuant to this order:

There is located on said Land:    a Multiple family residence
Known as:        910 West Shorb Street, Alhambra, California

Note No. 7:     There are no conveyances affecting said Land recorded within 24 months of the date of this report.

Note No. 8:     The Company requires current beneficiary demands prior to closing. If the demand is expired and a current demand cannot be obtained, our requirements will be as follows:

a)     If the Company accepts a verbal update on the demand, we may hold an amount equal to one monthly mortgage payment. This hold will be in addition to the verbal hold the lender may have stipulated.

b)     If the Company cannot obtain a verbal update on the demand, we will either pay off the expired demand or wait for the amended demand, at our discretion.

c)     All payoff figures are verified at closing. If the customer's last payment was made within 15 days of closing, our Payoff Department may hold one month's payment to insure the check has cleared the bank (unless a copy of the cancelled check is provided, in which case there will be no hold).

Processor:  sm
Date Typed: September 22, 2017

CLTA Preliminary Report Form – Modified (11-17-06)

File No: 117082431

**Attachment One (Revised 06-05-14)**

**CALIFORNIA LAND TITLE ASSOCIATION
STANDARD COVERAGE POLICY – 1990**

**EXCLUSIONS FROM COVERAGE**

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1.  (a)   Any law, ordinance or governmental regulation (including but not limited to building or zoning laws, ordinances, or regulations) restricting, regulating, prohibiting or relating (i) the occupancy, use, or enjoyment of the land; (ii) the character, dimensions or location of any improvement now or hereafter erected on the land; (iii) a separation in ownership or a change in the dimensions or area of the land or any parcel of which the land is or was a part; or (iv) environmental protection, or the effect of any violation of these laws, ordinances or governmental regulations, except to the extent that a notice of the enforcement thereof or a notice of a defect, lien, or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

    (b)   Any governmental police power not excluded by (a) above, except to the extent that a notice of the exercise thereof or notice of a defect, lien or encumbrance resulting from a violation or alleged violation affecting the land has been recorded in the public records at Date of Policy.

2.  Rights of eminent domain unless notice of the exercise thereof has been recorded in the public records at Date of Policy, but not excluding from coverage any taking which has occurred prior to Date of Policy which would be binding on the rights of a purchaser for value without knowledge.

3.  Defects, liens, encumbrances, adverse claims or other matters:

    (a)   whether or not recorded in the public records at Date of Policy, but created, suffered, assumed or agreed to by the insured claimant;

    (b)   not known to the Company, not recorded in the public records at Date of Policy, but known to the insured claimant and not disclosed in writing to the Company by the insured claimant prior to the date the insured claimant became an insured under this policy;

    (c)   resulting in no loss or damage to the insured claimant;

    (d)   attaching or created subsequent to Date of Policy; or

    (e)   resulting in loss or damage which would not have been sustained if the insured claimant had paid value for the insured mortgage or for the estate or interest insured by this policy.

4.  Unenforceability of the lien of the insured mortgage because of the inability or failure of the insured at Date of Policy, or the inability or failure of any subsequent owner of the indebtedness, to comply with the applicable doing business laws of the state in which the land is situated.

5.  Invalidity or unenforceability of the lien of the insured mortgage, or claim thereof, which arises out of the transaction evidenced by the insured mortgage and is based upon usury or any consumer credit protection or truth in lending law.

6.  Any claim, which arises out of the transaction vesting in the insured the estate of interest insured by this policy or the transaction creating the interest of the insured lender, by reason of the operation of federal bankruptcy, state insolvency or similar creditors' rights laws.

File No:  117082431

## EXCEPTIONS FROM COVERAGE - SCHEDULE B, PART I

This policy does not insure against loss or damage (and the Company will not pay costs, attorneys' fees or expenses) which arise by reason of:

1.  Taxes or assessments which are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the public records.

    Proceedings by a public agency which may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the public records.

2.  Any facts, rights, interests, or claims which are not shown by the public records but which could be ascertained by an inspection of the land or which may be asserted by persons in possession thereof.

3.  Easements, liens or encumbrances, or claims thereof, not shown by the public records.

4.  Discrepancies, conflicts in boundary lines, shortage in area, encroachments, or any other facts which a correct survey would disclose, and which are not shown by the public records.

5.  (a)  Unpatented mining claims;  (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof;  (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b) or (c) are shown by the public records.

6.  Any lien or right to a lien for services, labor or material not shown by the public records.

## CLTA HOMEOWNER'S POLICY OF TITLE INSURANCE (12-02-13)
## ALTA HOMEOWNER'S POLICY OF TITLE INSURANCE

### EXCLUSIONS

 In addition to the Exceptions in Schedule B, You are not insured against loss, costs, attorneys' fees, and expenses resulting from:

1.  Governmental police power, and the existence or violation of those portions of any law or government regulation concerning:

    a.  building;
    b.  zoning;
    c.  land use;
    d.  improvements on the Land;
    e.  land division; and
    f.  environmental protection.

This Exclusion does not limit the coverage described in Covered Risk 8.a., 14, 15, 16, 18, 19, 20, 23 or 27.

2.  The failure of Your existing structures, or any part of them, to be constructed in accordance with applicable building codes. This Exclusion does not limit the coverage described in Covered Risk 14 or 15.

3.  The right to take the Land by condemning it.  This Exclusion does not limit the coverage described in Covered Risk 17.

4.  Risks:

    a.  that are created, allowed, or agreed to by You, whether or not they are recorded in the Public Records;
    b.  that are Known to You at the Policy Date, but not to Us, unless they are recorded in the Public Records at the Policy Date;
    c.  that result in no loss to You; or
    d.  that first occur after the Policy Date - this does not limit the coverage described in Covered Risk 7, 8.e., 25, 26, 27 or 28.

5.  Failure to pay value for Your Title.

CLTA Preliminary Report Form – Modified (11-17-06)

File No: 117082431

6.  Lack of a right:

    a.    to any land outside the area specifically described and referred to in paragraph 3 of Schedule A; and
    b.    in streets, alleys, or waterways that touch the Land.

    This Exclusion does not limit the coverage described in Covered Risk 11 or 21.

7.  The transfer of the Title to You is invalid as a preferential transfer or as a fraudulent transfer or conveyance under federal bankruptcy, state insolvency, or similar creditors' rights laws.

8.  Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

9.  Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any other substances.

## LIMITATIONS ON COVERED RISKS

Your insurance for the following Covered Risks is limited on the Owner's Coverage Statement as follows:

- For Covered Risk 16, 18, 19, and 21 Your Deductible Amount and Our Maximum Dollar Limit of Liability shown in Schedule A.

The deductible amounts and maximum dollar limits shown on Schedule A are as follows:

| | Your Deductible Amount | Our Maximum Dollar Limit of Liability |
|---|---|---|
| Covered Risk 16: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 10,000.00 |
| Covered Risk 18: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 19: | 1.00% of Policy Amount Shown in Schedule A or $5,000.00 (whichever is less) | $ 25,000.00 |
| Covered Risk 21: | 1.00% of Policy Amount Shown in Schedule A or $2,500.00 (whichever is less) | $ 5,000.00 |

## 2006 ALTA LOAN POLICY (06-17-06)

## EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.  (a)  Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

    (i)    the occupancy, use, or enjoyment of the Land;
    (ii)    the character, dimensions, or location of any improvement erected on the Land;
    (iii)    the subdivision of land; or
    (iv)    environmental protection;

    or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

    (b)    Any governmental police power. This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.  Rights of eminent domain.  This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

CLTA Preliminary Report Form – Modified (11-17-06)

File No: 117082431

3.    Defects, liens, encumbrances, adverse claims, or other matters

    (a)    created, suffered, assumed, or agreed to by the Insured Claimant;

    (b)    not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

    (c)    resulting in no loss or damage to the Insured Claimant;

    (d)    attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 13 or 14); or

    (e)    resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

4.    Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.    Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury or any consumer credit protection or truth-in-lending law.

6.    Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

    (a)    a fraudulent conveyance or fraudulent transfer, or

    (b)    a preferential transfer for any reason not stated in Covered Risk 13(b) of this policy.

7.    Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the Insured Mortgage in the Public Records.  This Exclusion does not modify or limit the coverage provided under Covered Risk 11(b).

The above policy form may be issued to afford either Standard Coverage or Extended Coverage.  In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

## EXCEPTIONS FROM COVERAGE

[Except as provided in Schedule B - Part II,[ t[or T]his policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses, that arise by reason of:

## [PART I

[The above policy form may be issued to afford either Standard Coverage or Extended Coverage.  In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1.    (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency  that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2.    Any facts, rights, interests, or claims that are not shown by the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by  persons in possession of the Land.

3.    Easements, liens or encumbrances, or claims thereof, not shown  by the Public Records.

4.    Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and not shown by the Public Records.

5.    (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

CLTA Preliminary Report Form – Modified (11-17-06)

File No: 117082431

6.    Any lien or right to a lien for services, labor or material not shown by the Public Records.

## PART II

In addition to the matters set forth in Part I of this Schedule, the Title is subject to the following matters, and the Company insures against loss or damage sustained in the event that they are not subordinate to the lien of the Insured Mortgage:]

### 2006 ALTA OWNER'S POLICY (06-17-06)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy, and the Company will not pay loss or damage, costs, attorneys' fees, or expenses that arise by reason of:

1.    (a)    Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

        (i)    the occupancy, use, or enjoyment of the Land;

        (ii)    the character, dimensions, or location of any improvement erected on the Land;

        (iii)    the subdivision of land; or

        (iv)    environmental protection;

        or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk 5.

    (b)    Any governmental police power.  This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 6.

2.    Rights of eminent domain.  This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3.    Defects, liens, encumbrances, adverse claims, or other matters

    (a)    created, suffered, assumed, or agreed to by the Insured Claimant;

    (b)    not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

    (c)    resulting in no loss or damage to the Insured Claimant;

    (d)    attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 9 and 10); or

    (e)    resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Title.

4.    Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction vesting the Title as shown in Schedule A, is

    (a)    a fraudulent conveyance or fraudulent transfer; or

    (b)    a preferential transfer for any reason not stated in Covered Risk 9 of this policy.

5.    Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching between Date of Policy and the date of recording of the deed or other instrument of transfer in the Public Records that vests Title as shown in Schedule A.

    The above policy form may be issued to afford either Standard Coverage or Extended Coverage.  In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

### EXCEPTIONS FROM COVERAGE

This policy does not insure against loss or damage, and the Company will not pay costs, attorneys' fees or expenses,  that arise by reason of:

CLTA Preliminary Report Form – Modified (11-17-06)

File No:  117082431

[The above policy form may be issued to afford either Standard Coverage or Extended Coverage.  In addition to the above Exclusions from Coverage, the Exceptions from Coverage in a Standard Coverage policy will also include the following Exceptions from Coverage:

1. (a) Taxes or assessments that are not shown as existing liens by the records of any taxing authority that levies taxes or assessments on real property or by the Public Records; (b) proceedings by a public agency  that may result in taxes or assessments, or notices of such proceedings, whether or not shown by the records of such agency or by the Public Records.

2. Any facts, rights, interests, or claims that are not shown in the Public Records but that could be ascertained by an inspection of the Land or that may be asserted by persons in possession of the Land.

3. Easements, liens or encumbrances, or claims thereof, not shown by the Public Records.

4. Any encroachment, encumbrance, violation, variation, or adverse circumstance affecting the Title that would be disclosed by an accurate and complete land survey of the Land and that are not shown by the Public Records.

5. (a) Unpatented mining claims; (b) reservations or exceptions in patents or in Acts authorizing the issuance thereof; (c) water rights, claims or title to water, whether or not the matters excepted under (a), (b), or (c) are shown by the Public Records.

6. Any lien or right to a lien for services, labor or material not shown by the Public Records.

7. [Variable exceptions such as taxes, easements, CC&R's, etc. shown here.]

## ALTA EXPANDED COVERAGE RESIDENTIAL LOAN POLICY (12-02-13)

### EXCLUSIONS FROM COVERAGE

The following matters are expressly excluded from the coverage of this policy and the Company will not pay loss or damage, costs, attorneys' fees or expenses which arise by reason of:

1. (a) Any law, ordinance, permit, or governmental regulation (including those relating to building and zoning) restricting, regulating, prohibiting, or relating to

    (i) the occupancy, use, or enjoyment of the Land;

    (ii) the character, dimensions, or location of any improvement erected on the Land;

    (iii) the subdivision of land; or

    (iv) environmental protection;

    or the effect of any violation of these laws, ordinances, or governmental regulations.  This Exclusion 1(a) does not modify or limit the coverage provided under Covered Risk  5, 6, 13(c), 13(d), 14 or 16.

    (b) Any governmental police power.  This Exclusion 1(b) does not modify or limit the coverage provided under Covered Risk 5, 6, 13(c), 13(d), 14 or 16.

2. Rights of eminent domain. This Exclusion does not modify or limit the coverage provided under Covered Risk 7 or 8.

3. Defects, liens, encumbrances, adverse claims, or other matters

    (a) created, suffered, assumed, or agreed to by the Insured Claimant;

    (b) not Known to the Company, not recorded in the Public Records at Date of Policy, but Known to the Insured Claimant and not disclosed in writing to the Company by the Insured Claimant prior to the date the Insured Claimant became an Insured under this policy;

    (c) resulting in no loss or damage to the Insured Claimant;

    (d) attaching or created subsequent to Date of Policy (however, this does not modify or limit the coverage provided under Covered Risk 11, 16, 17, 18, 19, 20, 21, 22, 23, 24, 27 or 28); or

    (e) resulting in loss or damage that would not have been sustained if the Insured Claimant had paid value for the Insured Mortgage.

CLTA Preliminary Report Form – Modified (11-17-06)

File No: 117082431

4.  Unenforceability of the lien of the Insured Mortgage because of the inability or failure of an Insured to comply with applicable doing-business laws of the state where the Land is situated.

5.  Invalidity or unenforceability in whole or in part of the lien of the Insured Mortgage that arises out of the transaction evidenced by the Insured Mortgage and is based upon usury, or any consumer credit protection or truth-in-lending law.  This Exclusion does not modify or limit the coverage provided in Covered Risk 26.

6.  Any claim of invalidity, unenforceability or lack of priority of the lien of the Insured Mortgage as to Advances or modifications made after the Insured has Knowledge that the vestee shown in Schedule A is no longer the owner of the estate or interest covered by this policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11.

7.  Any lien on the Title for real estate taxes or assessments imposed by governmental authority and created or attaching subsequent to Date of Policy. This Exclusion does not modify or limit the coverage provided in Covered Risk 11(b) or 25.

8.  The failure of the residential structure, or any portion of it, to have been constructed before, on or after Date of Policy in accordance with applicable building codes.  This Exclusion does not modify or limit the coverage provided in Covered Risk 5 or 6.

9.  Any claim, by reason of the operation of federal bankruptcy, state insolvency, or similar creditors' rights laws, that the transaction creating the lien of the Insured Mortgage, is

    (a)  a fraudulent conveyance or fraudulent transfer, or

    (b)  a preferential transfer for any reason not stated in Covered Risk 27(b) of this policy.

10. Contamination, explosion, fire, flooding, vibration, fracturing, earthquake, or subsidence.

11. Negligence by a person or an Entity exercising a right to extract or develop minerals, water, or any  other substances.

CLTA Preliminary Report Form – Modified (11-17-06)

File No: 117082431



Lawyers Title Company
7530 N. Glenoaks Blvd.
Burbank, CA 91504
Phone: (818) 767-2000
Fax: (818) 504-4937

Order No. 117082431

# Notice of Available Discounts

Pursuant to Section 2355.3 in Title 10 of the California Code of Regulations Fidelity National Financial, Inc. and its subsidiaries ("FNF") must deliver a notice of each discount available under our current rate filing along with the delivery of escrow instructions, a preliminary report or commitment. Please be aware that the provision of this notice does not constitute a waiver of the consumer's right to be charged the filed rate. As such, your transaction may not qualify for the below discounts.

You are encouraged to discuss the applicability of one or more of the below discounts with a Company representative. These discounts are generally described below; consult the rate manual for a full description of the terms, conditions and requirements for such discount. These discounts only apply to transactions involving services rendered by the FNF Family of Companies. This notice only applies to transactions involving property improved with a one-to-four family residential dwelling.

**FNF Underwritten Title Company**
LTC – Lawyers Title Company

**FNF Underwriter**
CLTIC – Commonwealth Land Title Insurance Co.

**Available Discounts**

**DISASTER LOANS (CLTIC)**
The charge for a Lender's Policy (Standard or Extended coverage) covering the financing or refinancing by an owner of record, within 24 months of the date of a declaration of a disaster area by the government of the United States or the State of California on any land located in said area, which was partially or totally destroyed in the disaster, will be 50% of the appropriate title insurance rate.

**EMPLOYEE RATE (LTC and CLTIC)**
No charge shall be made to employees (including employees on approved retirement) of the Company or its underwritten, subsidiary or affiliated title companies for policies or escrow services in connection with financing, refinancing, sale or purchase of the employees' bona fide home property. Waiver of such charges is authorized only in connection with those costs which the employee would be obligated to pay, by established custom, as a party to the transaction.

Notice of Available Discount

Mod. 10/21/2011

# FIDELITY NATIONAL FINANCIAL
## PRIVACY NOTICE

At Fidelity National Financial, Inc., we respect and believe it is important to protect the privacy of consumers and our customers. This Privacy Notice explains how we collect, use, and protect any information that we collect from you, when and to whom we disclose such information, and the choices you have about the use of that information. A summary of the Privacy Notice is below, and we encourage you to review the entirety of the Privacy Notice following this summary. You can opt-out of certain disclosures by following our opt-out procedure set forth at the end of this Privacy Notice.

| | |
|---|---|
| **Types of Information Collected.** You may provide us with certain personal information about you, like your contact information, addressdemographic information, social security number (SSN), driver's license, passport, other government ID numbers and/or financial information. We may also receive browsing information from your Internet browser, computer and/or mobile device if you visit or use our websites or applications. | **How Information is Collected.** We may collect personal information from you via applications, forms, and correspondence we receive from you and others related to our transactions with you. When you visit our websites from your computer or mobile device, we automatically collect and store certain information available to us through your Internet browser or computer equipment to optimize your website experience. |
| **Use of Collected Information.** We request and use your personal information to provide products and services to you, to improve our products and services, and to communicate with you about these products and services. We may also share your contact information with our affiliates for marketing purposes. | **When Information Is Disclosed.** We may disclose your information to our affiliates and/or nonaffiliated parties providing services for you or us, to law enforcement agencies or governmental authorities, as required by law, and to parties whose interest in title must be determined. |
| **Choices With Your Information.** Your decision to submit information to us is entirely up to you. You can opt-out of certain disclosure or use of your information or choose to not provide any personal information to us. | **Information From Children.** We do not knowingly collect information from children who are under the age of 13, and our website is not intended to attract children. |
| **Privacy Outside the Website.** We are not responsible for the privacy practices of third parties, even if our website links to those parties' websites. | **International Users.** By providing us with you information, you consent to its transfer, processing and storage outside of your country of residence, as well as the fact that we will handle such information consistent with this Privacy Notice. |
| **The California Online Privacy Protection Act.** Some FNF companies provide services to mortgage loan servicers and, in some cases, their websites collect information on behalf of mortgage loan servicers. The mortgage loan servicer is responsible for taking action or making changes to any consumer information submitted through those websites. | |
| **Your Consent To This Privacy Notice.** By submitting information to us or by using our website, you are accepting and agreeing to the terms of this Privacy Notice. | **Access and Correction; Contact Us.** If you desire to contact us regarding this notice or your information, please contact us at privacy@fnf.com or as directed at the end of this Privacy Notice. |

Effective May 1, 2015; Last updated March 1, 2017    Copyright © 2017. Fidelity National Financial, Inc. All Rights Reserved.

## FIDELITY NATIONAL FINANCIAL
## PRIVACY NOTICE

Fidelity National Financial, Inc. and its majority-owned subsidiary companies providing title insurance, real estate- and loan-related services (collectively, "FNF", "our" or "we") respect and are committed to protecting your privacy. We will take reasonable steps to ensure that your Personal Information and Browsing Information will only be used in compliance with this Privacy Notice and applicable laws. This Privacy Notice is only in effect for Personal Information and Browsing Information collected and/or owned by or on behalf of FNF, including Personal Information and Browsing Information collected through any FNF website, online service or application (collectively, the "Website").

### Types of Information Collected

We may collect two types of information from you: Personal Information and Browsing Information.

Personal Information. FNF may collect the following categories of Personal Information:
• contact information (*e.g.*, name, address, phone number, email address);
• demographic information (*e.g.*, date of birth, gender, marital status);
• social security number (SSN), driver's license, passport, and other government ID numbers;
• financial account information; and
• other personal information needed from you to provide title insurance, real estate- and loan-related services to you.

Browsing Information. FNF may collect the following categories of Browsing Information:
• Internet Protocol (or IP) address or device ID/UDID, protocol and sequence information;
• browser language and type;
• domain name system requests;
• browsing history, such as time spent at a domain, time and date of your visit and number of clicks;
• http headers, application client and server banners; and
• operating system and fingerprinting data.

### How Information is Collected

In the course of our business, we may collect *Personal Information* about you from the following sources:
• applications or other forms we receive from you or your authorized representative;
• the correspondence you and others send to us;
• information we receive through the Website;
• information about your transactions with, or services performed by, us, our affiliates or nonaffiliated third parties; and
• information from consumer or other reporting agencies and public records maintained by governmental entities that we obtain directly from those entities, our affiliates or others.

If you visit or use our Website, we may collect *Browsing Information* from you as follows:
• Browser Log Files. Our servers automatically log each visitor to the Website and collect and record certain browsing information about each visitor. The Browsing Information includes generic information and reveals nothing personal about the user.
• Cookies. When you visit our Website, a "cookie" may be sent to your computer. A cookie is a small piece of data that is sent to your Internet browser from a web server and stored on your computer's hard drive. When you visit a website again, the cookie allows the website to recognize your computer. Cookies may store user preferences and other information. You can choose whether or not to accept cookies by changing your Internet browser settings, which may impair or limit some functionality of the Website.

### Use of Collected Information

Information collected by FNF is used for three main purposes:
• To provide products and services to you or any affiliate or third party who is obtaining services on your behalf or in connection with a transaction involving you.
• To improve our products and services.
• To communicate with you and to inform you about our, our affiliates' and third parties' products and services, jointly or independently.

Effective May 1, 2015; Last updated March 1, 2017      Copyright © 2017. Fidelity National Financial, Inc. All Rights Reserved.

**When Information Is Disclosed**

We may provide your Personal Information (excluding information we receive from consumer or other credit reporting agencies) and Browsing Information to various individuals and companies, as permitted by law, without obtaining your prior authorization. Such laws do not allow consumers to restrict these disclosures. Please see the section "Choices With Your Personal Information" to learn how to limit the discretionary disclosure of your Personal Information and Browsing Information.

Disclosures of your Personal Information may be made to the following categories of affiliates and nonaffiliated third parties:

• to third parties to provide you with services you have requested, and to enable us to detect or prevent criminal activity, fraud, material misrepresentation, or nondisclosure;
• to our affiliate financial service providers for their use to market their products or services to you;
• to nonaffiliated third party service providers who provide or perform services on our behalf and use the disclosed information only in connection with such services;
• to nonaffiliated third party service providers with whom we perform joint marketing, pursuant to an agreement with them to market financial products or services to you;
• to law enforcement or other governmental authority in connection with an investigation, or civil or criminal subpoena or court order;
• to lenders, lien holders, judgment creditors, or other parties claiming an interest in title whose claim or interest must be determined, settled, paid, or released prior to closing; and
• other third parties for whom you have given us written authorization to disclose your Personal Information.

We may disclose Personal Information and/or Browsing Information when required by law or in the good-faith belief that such disclosure is necessary to:

• comply with a legal process or applicable laws;
• enforce this Privacy Notice;
• investigate or respond to claims that any material, document, image, graphic, logo, design, audio, video or any other information provided by you violates the rights of a third party; or
• protect the rights, property or personal safety of FNF, its users or the public.

We maintain reasonable safeguards to keep your Personal Information secure. When we provide Personal Information to our affiliates or third party service providers as discussed in this Privacy Notice, we expect that these parties process such information in compliance with our Privacy Notice or in a manner that is in compliance with applicable privacy laws. The use of your information by a business partner may be subject to that party's own Privacy Notice. Unless permitted by law, we do not disclose information we collect from consumer or credit reporting agencies with our affiliates or others without your consent.

We reserve the right to transfer your Personal Information, Browsing Information, and any other information, in connection with the sale or other disposition of all or part of the FNF business and/or assets, or in the event of our bankruptcy, reorganization, insolvency, receivership or an assignment for the benefit of creditors. You expressly agree and consent to the use and/or transfer of the foregoing information in connection with any of the above described proceedings. We cannot and will not be responsible for any breach of security by a third party or for any actions of any third party that receives any of the information that is disclosed to us.

**Choices With Your Information**

Whether you submit Personal Information or Browsing Information to FNF is entirely up to you. If you decide not to submit Personal Information or Browsing Information, FNF may not be able to provide certain services or products to you. The uses of your Personal Information and/or Browsing Information that, by law, you cannot limit, include:

• for our everyday business purposes – to process your transactions, maintain your account(s), to respond to law enforcement or other governmental authority in connection with an investigation, or civil or criminal subpoenas or court orders, or report to credit bureaus;
• for our own marketing purposes;
• for joint marketing with financial companies; and
• for our affiliates' everyday business purposes – information about your transactions and experiences.

Effective May 1, 2015; Last updated March 1, 2017    Copyright © 2017. Fidelity National Financial, Inc. All Rights Reserved.

You may choose to prevent FNF from disclosing or using your Personal Information and/or Browsing Information under the following circumstances ("opt-out"):

- for our affiliates' everyday business purposes – information about your creditworthiness; and
- for our affiliates to market to you.

To the extent permitted above, you may opt-out of disclosure or use of your Personal Information and Browsing Information by notifying us by one of the methods at the end of this Privacy Notice. We do not share your personal information with non-affiliates for their direct marketing purposes.

For California Residents: We will not share your Personal Information and Browsing Information with nonaffiliated third parties, except as permitted by California law. Currently, our policy is that we do not recognize "do not track" requests from Internet browsers and similar devices.

For Nevada Residents: You may be placed on our internal Do Not Call List by calling (888) 934-3354 or by contacting us via the information set forth at the end of this Privacy Notice. Nevada law requires that we also provide you with the following contact information: Bureau of Consumer Protection, Office of the Nevada Attorney General, 555 E. Washington St., Suite 3900, Las Vegas, NV 89101; Phone number: (702) 486-3132; email: BCPINFO@ag.state.nv.us.

For Oregon Residents:  We will not share your Personal Information and Browsing Information with nonaffiliated third parties for marketing purposes, except after you have been informed by us of such sharing and had an opportunity to indicate that you do not want a disclosure made for marketing purposes.

For Vermont Residents: We will not share your Personal Information and Browsing Information with nonaffiliated third parties, except as permitted by Vermont law, such as to process your transactions or to maintain your account. In addition, we will not share information about your creditworthiness with our affiliates except with your authorization.  For joint marketing in Vermont, we will only disclose your name, contact information and information about your transactions.

## Information From Children

The Website is meant for adults and is not intended or designed to attract children under the age of thirteen (13).We do not collect Personal Information from any person that we know to be under the age of thirteen (13) without permission from a parent or guardian. By using the Website, you affirm that you are over the age of 13 and will abide by the terms of this Privacy Notice.

## Privacy Outside the Website

The Website may contain links to other websites. FNF is not and cannot be responsible for the privacy practices or the content of any of those other websites.

## International Users

FNF's headquarters is located within the United States. If you reside outside the United States or are a citizen of the European Union, please note that we may transfer your Personal Information and/or Browsing Information outside of your country of residence or the European Union for any of the purposes described in this Privacy Notice. By providing FNF with your Personal Information and/or Browsing Information, you consent to our collection and transfer of such information in accordance with this Privacy Notice.

Effective May 1, 2015; Last updated March 1, 2017    Copyright © 2017. Fidelity National Financial, Inc. All Rights Reserved.

**The California Online Privacy Protection Act**

For some FNF websites, such as the Customer CareNet ("CCN"), FNF is acting as a third party service provider to a mortgage loan servicer. In those instances, we may collect certain information on behalf of that mortgage loan servicer via the website. The information which we may collect on behalf of the mortgage loan servicer is as follows:

• first and last name;
• property address;
• user name and password;
• loan number;
• social security number - masked upon entry;
• email address;
• three security questions and answers; and
• IP address.


The information you submit through the website is then transferred to your mortgage loan servicer by way of CCN. **The mortgage loan servicer is responsible for taking action or making changes to any consumer information submitted through this website. For example, if you believe that your payment or user information is incorrect, you must contact your mortgage loan servicer.**


CCN does not share consumer information with third parties, other than (1) those with which the mortgage loan servicer has contracted to interface with the CCN application, or (2) law enforcement or other governmental authority in connection with an investigation, or civil or criminal subpoenas or court orders. All sections of this Privacy Notice apply to your interaction with CCN, except for the sections titled "Choices with Your Information" and "Access and Correction." If you have questions regarding the choices you have with regard to your personal information or how to access or correct your personal information, you should contact your mortgage loan servicer.


<u>**Your Consent To This Privacy Notice**</u>

By submitting Personal Information and/or Browsing Information to FNF, you consent to the collection and use of the information by us in compliance with this Privacy Notice. Amendments to the Privacy Notice will be posted on the Website. Each time you provide information to us, or we receive information about you, following any amendment of this Privacy Notice will signify your assent to and acceptance of its revised terms for all previously collected information and information collected from you in the future. We may use comments, information or feedback that you submit to us in any manner that we may choose without notice or compensation to you.


<u>**Accessing and Correcting Information; Contact Us**</u>

If you have questions, would like to access or correct your Personal Information, or want to opt-out of information sharing with our affiliates for their marketing purposes, please send your requests to privacy@fnf.com or by mail or phone to:

Fidelity National Financial, Inc.
601 Riverside Avenue
Jacksonville, Florida 32204
Attn: Chief Privacy Officer
(888) 934-3354

Effective May 1, 2015; Last updated March 1, 2017        Copyright © 2017. Fidelity National Financial, Inc. All Rights Reserved.





This map/plat is being furnished as an aid in locating the herein described Land in relation to adjoining streets, natural boundaries and other land, and is not a survey of the land depicted. Except to the extent a policy of title insurance is expressly modified by endorsement, if any, the Company does not insure dimensions, distances, location of easements, acreage or other matters shown thereon.

Order: 117082431                     Page 1 of 1           Requested By: sandra.m, Printed: 9/22/2017 9:58 AM
Doc: CALOSA:MASS 5350-00016

# OWNER'S INFORMATION STATEMENT

STATE OF CALIFORNIA

COUNTY OF _____ } ss

To:   Commonwealth Land Title Insurance Company
Re:   Title Order 117082431 - LTLA - Ralph J. Mason, Jr.--So

The undersigned, first being duly sworn, deposes and says:

1). That I/we are the owner(s) of that certain real property located in the County of Los Angeles described in the report referenced above:

> That the land is improved by a:
> ☐ Single Family residence:    ☐ one to four family residence
> ☐ Apartment building
> ☐ Office building
> ☐ Commercial building
> ☐ Combination office and commercial building
> ☐ Industrial building
> ☐ _____

2). That there have been no repairs, work of improvement or materials furnished to the premises within the last 12 months, except

_____

> That the work of improvement or repairs, if any:
> ☐ Started on _____
> ☐ Was completed on _____
> ☐ Will be completed on _____

3). There are no unpaid bills for labor of material because of any improvements or repairs made to the above premises; except

_____

4). That there is no one in possession of or has access to the premises other than:
> ☐ the undersigned
> ☐ tenants based only on month-to-month rental agreements
> ☐ lessees based upon existing leases, copies of which are attached hereto*
> ☐ _____

5). That no person(s) other those mentioned above have any rights, easements, licenses, or agreements allowing them to use, encroach on, or travel over said real property except
_____(enter "none" if such is true)

6). That the undersigned has not received any supplemental tax bill which is unpaid.

7). That this declaration is given for the purpose of inducing the Company and Commonwealth Land Title Insurance Company to issue its policy(ies) of title insurance under the above referenced title order which may provide coverage as to the items mentioned above and that the statements made herein are true and correct of my/our knowledge.

*Declarant(s), please remember to attach copies.

Executed under penalty of perjury on the _____ day of _____, 2_____.


_____     _____
Signature                              Signature

Owner's Information Statement
(11/02)

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

333 South Hope Street, Thirty-Fifth Floor, Los Angeles, California 90071-1406

A true and correct copy of the foregoing document entitled (*specify*):  **CHAPTER 7 TRUSTEE'S MOTION FOR ORDER (1) AUTHORIZING SALE OF 910-912 WEST SHORB STREET, ALHAMBRA, CALIFORNIA, FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS; (2) APPROVING PURCHASE AND SALE AGREEMENT; (3) ASSUMING AND ASSIGNING EXECUTORY CONTRACTS AND LEASES RELATING TO THE PROPERTY; (4) DETERMINING THAT BUYERS ARE GOOD FAITH PURCHASERS; AND (5) WAIVING THE FOURTEEN (14) DAY STAY PRESCRIBED BY RULE 6004(h) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE;  MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATIONS OF JOHN J. MENCHACA, STEVEN F. WERTH, AND JAMES QUAN IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 28, 2017, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- **Ron Maroko**    ron.maroko@usdoj.gov
- **Elmer D Martin**    elmermartin@gmail.com
- **John J Menchaca (TR)**    jmenchaca@menchacacpa.com, ca87@ecfcbis.com;igaeta@menchacacpa.com
- **Kevin Tang**    tangkevin911@gmail.com
- **United States Trustee (LA)**    ustpregion16.la.ecf@usdoj.gov
- **Carol G Unruh**    cgunruh@sbcglobal.net
- **Steven Werth**    swerth@sulmeyerlaw.com, asokolowski@sulmeyerlaw.com;kmccamey@sulmeyerlaw.com;asokolowski@ecf.inforuptcy.com;swerth@ecf.inforuptcy.com

☐ Service information continued on attached page

**2**.  **SERVED BY UNITED STATES MAIL**:
On September 28, 2017, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Honorable Barry Russell
United States Bankruptcy Court
Central District of California
Edward R. Roybal Federal Building and Courthouse
255 E. Temple Street, Suite 1660 / Courtroom 1668
Los Angeles, CA 90012

☒ Service information continued on attached page

SFW\ 2605022.1 9/28/2017 (9:48 AM) This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                    **F 9013-3.1.PROOF.SERVICE**

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 28, 2017, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

Leslie Cohen, Esq.  -  leslie@lesliecohenlaw.com
J'aime Williams, Esq.  -  jaime@lesliecohenlaw.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 28, 2017 | Kelli Mccamey | /s/ Kelli Mccamey |
|---|---|---|
| Date | Printed Name | Signature |

2. **SERVED BY UNITED STATES MAIL**:

Shorb DCE, LLC
910 Shorb St Unit F
Alhambra, CA  91803-2448

Kevin Tang, Esq.
601 S Figueroa St Ste 4050
Los Angeles, CA  90017-5879

United States Trustee
915 Wilshire Blvd Ste 1850
Los Angeles, CA  90017-3560

Curt Wang
802 E Mission Rd
San Gabriel, CA  91776-2716

East West Bank
1001 Fair Oaks Ave
South Pasadena, CA  91030-3309

East West Bank
135 N Los Robles
Pasadena, CA  91101-1758

Elke Coffey
912 Shorb St Unit A
Alhambra, CA  91803-2445

Franchise Tax Board
Bankruptcy Section MS A340
PO Box 2952
Sacramento, CA  95812-2952

Internal Revenue Service
Centralized Insolvency Operations
PO Box 7346
Philadelphia, PA  19101-7346

James Wang
802 E Mission Rd
San Gabriel, CA  91776-2716

Los Angeles County Treasurer and
Tax Collector
PO Box 54110
Los Angeles, CA  90054-0110

Los Angeles County Tax Collector
225 N Hill St
Los Angeles, CA  90012-3253

Law Offices of Tom C Tsay Inc
208 E Valley Blvd Ste C
San Gabriel, CA  91776-6514

William Wright
404 North Del Mar Ave
San Gabriel , CA  91775-2926

SFW\ 2605022.1 9/28/2017 (9:48 AM) This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

EXHIBIT "4"                                        Page 132

Exhibit "A"                                        Page 148

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:   (310) 277-0077
5  Facsimile:    (310) 277-5735

6  Attorneys for Sam S. Leslie,
   Chapter 7 Trustee
7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11

12  In re                              Case No. 2:18-bk-23346-BR

13  DAVID C. KWOK,                     Chapter 7

14                                     **TRUSTEE'S NOTICE OF MOTION AND
                                       MOTION FOR AUTHORITY TO**
15                                     **ABANDON ESTATE'S INTEREST IN: (1)
                                       AN UNSCHEDULED PROMISSORY**
16                                     **NOTE DATED AUGUST 31, 2017; AND (2)
                                       AN ADVERSARY PROCEEDING**
17                                     **CAPTIONED SAM S. LESLIE, CHAPTER
                  Debtor.             7 TRUSTEE V. JAMES QUAN AND**
18                                     **ZHONG QIU LI, ADV. NO.
                                       2:22-ap-01026-BR; MEMORANDUM OF**
19                                     **POINTS AUTHORITIES,
                                       DECLARATION OF SAM S. LESLIE; ,**
20                                     **AND REQUEST FOR JUDICIAL NOTICE
                                       IN SUPPORT THEREOF**
21
                                       Date:      February 15, 2022
22                                     Time:      2:00 p.m.
                                       Place:     Courtroom "1668"
23                                                 255 E. Temple Street
                                                   Los Angeles, California 90012
24

25

26

27

28

1673540.1  26884                       1

**TO ALL CREDITORS AND INTERESTED PARTIES:**

PLEASE TAKE NOTICE THAT on February 15, 2022, at 2:00 p.m., before the Honorable Barry Russell, United States Bankruptcy Judge, in Courtroom 1668 of the above-entitled Court at 255 E. Temple Street, Los Angeles, California 90012, Sam S. Leslie, as the Chapter 7 trustee (the "Trustee") for the bankruptcy estate of David C. Kwok (the "Debtor"), will and hereby does move the Court (the "Motion") for entry of an order authorizing the Trustee to abandon the estate's interest in: (1) an unscheduled promissory note dated August 31, 2017, in the amount of $150,000, in favor of the David C. Kwok or Elke L. Coffey and payable by James Quan and Zhong Qiu Li (the "Secret Kwok Note"); and (2) claims in the adversary proceeding captioned *Sam S. Leslie, Chapter 7 Trustee v. James Quan and Zhong Qiu Li,* Adv. No. 2:22-ap-01026- BR pending in the United States Bankruptcy Court for the Central District of California (the "Adversary Proceeding").

The Motion is based upon this notice and Motion, the Declaration of Sam S. Leslie and Request for Judicial Notice appended hereto, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE that if you intend to appear at the hearing on the Motion you must check the Court's tentative ruling no later than 24 hours prior to the hearing in order to determine whether the hearing will be held in person or via ZoomGov.**

PLEASE TAKE FURTHER NOTICE that pursuant to Local Bankruptcy Rule 9013-1(f), each interested party opposing, joining, or responding to the Motion must, not later than 14 days before the date of the hearing, file with the Clerk of the Bankruptcy Court and serve upon the Trustee's general counsel, Aaron E. de Leest, Danning, Gill, Isreal & Krasnoff, LLP, 1901 Avenue of the Stars, Suite 450, Los Angeles, California 90067-6006, and the United States Trustee, 915 Wilshire Blvd., Suite 1850, Los Angeles, CA 90017, either: (i) a complete written statement of all reasons in opposition thereto or in support or joinder thereof, declarations and copies of all photographs and documentary evidence on which the responding party intends to rely, and any responding memorandum of points and authorities; or (ii) a written statement that the Motion will not be opposed.

1673540.1  26884

2

1          Pursuant to Local Bankruptcy Rule 9013-1(h), failure to timely file and serve papers may

2    be deemed by the Court to be consent to the granting or denial of the Motion, as the case may be.

3

4    DATED:  January 15, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

5

6                                          By:    _____/s/ Aaron E. de Leest_____
                                                  AARON E. DE LEEST
7                                                 Attorneys for Sam S. Leslie, Chapter 7 Trustee

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1673540.1  26884                                  3

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### <u>STATEMENT OF FACTS</u>

**A.    <u>The Shorb Bankruptcy Case</u>**

On or about April 4, 2017, Shorb DCE, LLC ("Shorb") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code bearing case no. 2:17-bk-14240-BR (the "Shorb Case").

David C. Kwok ("Kwok" or the "Debtor"), the debtor herein, is the sole 100% member of Shorb.

Pursuant to an order entered by the Court on or about August 30, 2017, the Shorb Case converted to one under Chapter 7.

Thereafter, on August 30, 2017, John J. Menchaca was appointed as the Chapter 7 bankruptcy trustee (the "Shorb Trustee") for the Shorb bankruptcy estate.

The primary asset in the Shorb estate was its 100% ownership interest in real property located at 910-912 West Shorb Street, Alhambra, California 91803, improved with an 11 unit apartment building (the "Property").

On or about September 28, 2017, the Shorb Trustee filed his motion for authority to sell the Property to James Quan and Zhong Qiu Li (the "Buyers"), for $2,450,000, subject to overbid (the "Sale Motion").

In connection with the Sale Motion, James Quan signed a declaration under penalty of perjury, stating in part that:

> 6.      I have not entered into any arrangement that is not disclosed in the Motion or the Purchase Agreement, with any party, relating to the Sale. I have not entered into any agreement with any officer, director, owner, or affiliate of the Debtor regarding the Property other than that which is disclosed in the Purchase Agreement.

The Sale Motion and underlying purchase agreement did not disclose any agreements between the Kwok and the Buyers.

The Buyers were the only bidders on the Property and there were no overbidders at the hearing on the Sale Motion.

Pursuant to an ordered entered by the Court in the Shorb Case on or about November 13,

1673540.1  26884

4

1    2017 (the "Sale Order"), the Shorb Trustee's sale of the Property to the Buyers for $2,450,000.00

2    (the "Purchase Price") was approved by the Court.

3        The Sale Order contained a finding that "[t]he Buyer [i.e., the Buyers] is a good faith

4    purchaser entitled to the protections under 11 U.S.C. § 363(m)."

5        The Shorb Trustee's sale to the Buyers closed on or about December 11, 2017.

6        The Shorb estate received approximately $1,091,347.03 of net sale proceeds from the sale

7    of the Property.

8

9    **B.    The Secret Kwok Note**

10        On or about August 31, 2017, after the Shorb Trustee's appointment and less than 30 days

11    before the Buyers entered into the purchase agreement with the Shorb Trustee, the Buyers signed a

12    written promissory note payable to Kwok or Elke L. Coffey (Kwok's girlfriend) in the amount of

13    $150,000.00 (the "Secret Kwok Note").  A true and correct copy of the Secret Kwok Note is

14    attached hereto as Exhibit "1."

15        The Secret Kwok Note states that it was valid upon completion of the Buyers' purchase of

16    the Property.

17        The Secret Kwok Note further states that it was due and payable in full 45 days after the

18    close of escrow on the Property – i.e., on January 25, 2018 (45 days after from the closing on

19    December 11, 2017).

20        The Secret Kwok Note was not disclosed to the Court by any party in connection with the

21    sale of the Property or at any time during the Shorb Trustee's administration of the Shorb Case.

22        The Buyers did not pay any amount to Kwok or Elke L. Coffey on the Secret Kwok Note.

23

24    **C.    The Kwok Bankruptcy Case**

25        On or about November 13, 2018, Kwok commenced an individual bankruptcy case by filing

26    a voluntary petition for relief under Chapter 13.  Kwok did not list the Secret Kwok Note in his

27    schedules.

28        The Court converted Kwok's case to one under Chapter 7 of the Code pursuant to an order

1673540.1  26884                                5

1  entered on or about February 20, 2019.

2      Sam S. Leslie was thereafter appointed as the Trustee for the Kwok estate and continues to

3  serve in that capacity for the benefit of the estate and its creditors.

4      Kwok scheduled as his primary asset a 100% membership interest in Shorb.

5      The Secret Kwok Note was not disclosed to the Trustee at the time of his appointment or at

6  any point in time until on or about January 12, 2022 (as discussed below).

7      On or about June 4, 2019, the Trustee filed in the Shorb Case a Motion for Order

8  Authorizing and Directing Distribution of Any Surplus to the Kwok Estate (the "Motion for

9  Surplus Funds"). The Motion for Surplus Funds requested an order authorizing and directing the

10  Shorb Trustee to distribute the surplus from the Shorb estate (the "Surplus") at the close of the

11  Shorb Case directly to the Trustee.

12      Pursuant to an order entered on or about July 16, 2019, in the Shorb Case, the Shorb Trustee

13  was authorized and directed to distribute the Surplus in the Shorb estate, at the close of the Shorb

14  Case, directly to the Trustee (the "Distribution Order").

15      On or about September 30, 2019, the Shorb Trustee filed his Notice of Trustee's Final

16  Report and Applications for Compensation and Deadline to Object (the "Shorb Trustee TFR") with

17  the Court. The Shorb Trustee proposed to pay to the Trustee the Surplus of the Shorb estate in the

18  sum of approximately $477,836.54.

19      A hearing on the Shorb Trustee TFR took place on or about November 5, 2019, and the

20  Shorb Trustee TFR was approved at that time. The Shorb Trustee thereafter paid the Trustee

21  $468,508.51 from the Shorb estate.

22      On or about December 23, 2019, the Shorb Trustee filed his final certification that all assets

23  of the Shorb estate had been fully administered, and the Shorb Case was closed.

24      Thereafter, the Trustee resolved the remaining known issues in the Kwok Case and began

25  closing procedures in the Kwok Case, including preparing final tax returns, giving notice to his

26  professionals to file final fee applications, which were filed, and beginning preparation of the

27  Trustee's final report and account (the "Kwok TFR").

28      However, on or about January 12, 2022, before the Trustee had actually finalized and

1673540.1  26884                                6

1    submitted the Kwok TFR to the United States Trustee, the Trustee learned for the first time from

2    Kwok's bankruptcy counsel about the existence of the Secret Kwok Note.

3         Kwok's counsel informed the Trustee that the Secret Kwok Note had not been paid, has

4    value, and that Kwok believes it is an asset of the Kwok estate.  Kwok's counsel provided the

5    Trustee with a copy of the Secret Kwok Note and advised that either he or Kwok would  file an

6    amendment to Kwok's bankruptcy schedule listing the Secret Kwok Note, although to date no

7    amendment has been filed.

8

9    **D.    The Trustee's Adversary Proceeding in the Kwok Bankruptcy Case**

10        With the assistance of counsel, the Trustee quickly determined, in light of the December 11,

11   2017 closing for the Property and 45 day payment term in the Secret Kwok Note, that a claim for

12   breach of contract/note would need to be filed in relation to the Note within 4 years of the breach,

13   i.e., no later than January 25, 2022.

14        As a result of the impending deadline, the Trustee quickly prepared a complaint against the

15   Buyers, which he filed on or about January 19, 2022, commencing an adversary proceeding, which

16   was assigned Adv. No. 2:22-ap-01026-BR, for breach of contract/note, to avoid the sale of the

17   Property, and for turnover of the Property (the "Adversary Proceeding").  A true and correct copy

18   of the first amended complaint in the Adversary Proceeding is attached as Exhibit "2" hereto.

19        The complaint was filed by the Trustee to preserve the estate's known claims against the

20   Buyers in relation to the Secret Kwok Note.  The summons and complaint have not yet been served

21   on the Buyers.

22

23   **E.    The Trustee's Anticipated Surplus in the Kwok Bankruptcy Case**

24        As set forth above, the Trustee is in the process of preparing the Kwok TFR, which

25   currently has a submission date of February 28, 2022.  The Trustee projects, in light of the amount

26   of funds on hand in the estate of $238,981.35 and the known scheduled claims, that the Kwok

27   estate will likely result in a 100% distribution to unsecured creditors and a small surplus

28   distribution to the Debtor, after paying projected administrative claims in full.

1673540.1  26884                                    7

**II.**

**ARGUMENT**

Section 554(a) of the Bankruptcy Code provides that a trustee may abandon any property of the estate that is burdensome to the estate or that is of inconsequential value and benefit to the estate. *See In re Johnston*, 49 F.3d 538, 540 (9th Cir. 1995) (noting that the purpose of abandonment statute is to permit trustee to abandon property that consumes the resources and drains the income of the estate). Upon abandonment, the property so abandoned reverts to the debtor or party with the possessory interest. *See Ohio v. Kovacs*, 469 U.S. 274, 105 S.Ct. 705, 711, n.12 (1985).

Here, as set forth above, barring any unforeseen administrative expenses or priority claims, the Trustee projects, given the amount of cash on hand in the estate and the amount of known claims, that the Trustee likely will be able to make a 100% distribution to creditors and may result in a very small surplus distribution to the Debtor. The Trustee believes that pursuing the Secret Kwok Note and Adversary Proceeding would be burdensome and of inconsequential value and benefit to the estate and its creditors. This is because pursuing the estate's claims in the Adversary Proceeding will certainly increase administrative expenses and reduce the estate's cash available to pay creditors and any surplus. Under these circumstances the Trustee believes that it would be better for creditors for the Trustee to abandon the claims to the Debtor rather than risk creditors receiving less than a 100% distribution. Pursuing the Secret Kwok Note and Adversary Proceeding would only benefit the Debtor at the expense of the estate's creditors.

In addition, due to the unusual circumstances of the Secret Kwok Note, including the Debtor's possible unclean hands relating to the Secret Kwok Note due to his failure to disclose it to the Trustee (or the Shorb Trustee) for nearly three years, the Trustee does not have confidence that he would be successful in pursuing the Buyers for breach of the Secret Kwok Note or in relation to the other claims in the Adversary Proceeding.

Thus, again, the Trustee believes that pursuing the Secret Kwok Note and the Adversary Proceeding would be burdensome and of inconsequential value and benefit to the estate and its

1673540.1  26884

8

1    creditors.  The Secret Kwok Note and the Adversary Proceeding  should be abandoned to the

2    Debtor so that the Debtor may pursue them for his own benefit and at his own expense, if

3    appropriate.

4

5                                                **III.**

6                                         **<u>CONCLUSION</u>**

7           For the foregoing reasons, the Trustee requests that the Court enter an order authorizing him

8    to abandon the Secret Kwok Note and Adversary Proceeding.  The Trustee also requests such

9    further relief as the Court deems just and proper.

10

11   DATED:  January 15, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

12

13                                          By:  _____*/s/ Aaron E. de Leest*_____
                                                 AARON E. DE LEEST
14                                               Attorneys for Sam S. Leslie, Chapter 7 Trustee

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1673540.1  26884                                9

1                                 **DECLARATION OF SAM S. LESLIE**

2        I, Sam S. Leslie, declare and state as follows:

3        1.       I am the Chapter 7 Trustee of the bankruptcy estate of David C. Kwok (the "Debtor"

4 or "Kwok").

5        2.       I have personal knowledge of the facts in this declaration, except as to those matters

6 that are based upon information and belief, which matters I believe to be true.  If called as a

7 witness, I could testify competently to these facts.

8        3.       Kwok is a debtor in a pending Chapter 7 bankruptcy case in the Central District, Los

9 Angeles Division, case no. 2:18-bk-23346-BR.  The primary asset of the Kwok estate is Kwok's

10 100% membership interest in Shorb DCE, LLC (the "Shorb").

11        4.       At the time of my appointment, Shorb was a debtor in its own Chapter 7 bankruptcy

12 case and John J. Menchaca, was the Chapter 7 bankruptcy trustee (the "Shorb Trustee") of the

13 Shorb estate.

14        5.       At the time of my appointment, the Shorb Trustee had a significant amount of cash

15 on hand having sold the primary asset of the Shorb estate -- a parcel of real property commonly

16 known as 910-912 West Shorb Street, Alhambra, California 91803, improved with an 11 unit

17 apartment building (the "Property"), which sale closed on or about December 11, 2017.

18        6.       At the time, the Shorb Trustee anticipated that he would have a surplus estate.

19 Accordingly, I sought and obtained an order in the Shorb case, entered on or about July 16, 2019,

20 authorizing and directing the Shorb Trustee to distribute the surplus in the Shorb estate, at the close

21 of the Shorb case, directly to me as the Trustee of the Kwok estate.

22        7.       After the Shorb Trustee's final report and account was approved, The Shorb Trustee

23 distributed $468,508.51 from the Shorb estate to me as the Trustee of the Kwok estate.

24        8.       Thereafter, having resolved the known issues in the Kwok case, I began preparing

25 the Kwok case for closing, including preparing final tax returns, giving notice to my professionals

26 to file final fee applications, which were filed, and beginning preparation of the my final report and

27 account (the "Kwok TFR").

28

1673540.1  26884                                10

EXHIBIT "5"
Exhibit "A"                         Page 142
                        Page 158

9.   Barring any unforeseen administrative expenses or priority claims, I project. in light of the amount of funds on hand in the estate of $238,981.35 and the known scheduled claims, that that the Kwok estate will likely result in a 100% distribution to unsecured creditors and a very small surplus distribution to the Debtor, after paying projected administrative claims in full.

10.   On or about January 12, 2022, before I had actually finalized and submitted the Kwok TFR to the United States Trustee, (the Kwok TFR currently has a submission date of February 28, 2022), I learned for the first time about the existence of an unscheduled asset.

11.   The unscheduled asset was a written promissory note dated August 31, 2017, in the amount of $150,000.00, between James Quan and Zhong Qiu Li, the buyers of the Property from the Shorb Trustee (the "Buyers"), and payable to Kwok or Elke L. Coffey (Kwok's girlfriend) (the "Secret Kwok Note").  A true and correct copy of the Secret Kwok Note is attached hereto as Exhibit "1."

12.   The Secret Kwok Note appears to relate to the sale of the Property in the Shorb estate.  In fact, the Secret Kwok Note provided that it was valid upon completion of the Buyers' purchase of the Property and further stated that it was due and payable in full 45 days after the close of escrow on the Property – i.e., on January 25, 2018 (45 days after the closing on December 11, 2017).

13.   The Secret Kwok Note did not appear to have been disclosed to the Court by any party in connection with the sale of the Property or at any time during the Shorb Trustee's administration of the Shorb Case.

14.   I am informed and believe that the Secret Kwok Note was not paid by the Buyers, has value, and that Kwok believes it is an asset of the Kwok estate.

15.   I am informed and believe that Kwok or his counsel will be filing an amendment to Kwok's bankruptcy schedule listing the Secret Kwok Note.

16.   With the assistance of my counsel, I quickly determined, in light of the December 11, 2017 closing for the Property and 45 day payment term in the Secret Kwok Note, that a claim for breach of contract/note would need to be filed in relation to the Secret Kwok Note within 4 years of the breach, i.e., no later than January 25, 2022.

1673540.1  26884

11

1      17.     As a result of the impending deadline, I quickly prepared a complaint against the

2 Buyers, which I filed on January 19, 2022, commencing an adversary proceeding, which was

3 assigned Adv. No. 2:22-ap-01026-BR, for breach of contract/note, to avoid the sale of the Property,

4 and for turnover of the Property (the "Adversary Proceeding").

5      18.     I filed the complaint to preserve the estate's known claims against the Buyers in

6 relation to the Secret Kwok Note.  I have not yet served summons and complaint on the Buyers.

7      19.     However, because I project that my estate will likely result in a 100% distribution to

8 creditors and may result in a very small surplus distribution to the Debtor, I believe that pursuing

9 the Secret Kwok Note and Adversary Proceeding would be burdensome and of inconsequential

10 value and benefit to the estate and its creditors.

11      20.     This is because I believe pursuing the estate's claims in the Adversary Proceeding

12 will certainly increase the administrative expenses and reduce the estate's cash available to pay

13 creditors and any surplus.  Under these circumstances, I believe that it is better for creditors to

14 abandon the claims rather than risk creditors receiving less than a 100% distribution.  I also believe

15 that pursuing the Secret Kwok Note and Adversary Proceeding would only benefit the Debtor at

16 the expense of the estate's creditors.

17      21.     In addition, due to the unusual circumstances of the Secret Kwok Note, the Debtor's

18 possible unclean hands from the Debtor's failure to disclose the Secret Kwok Note to the Trustee

19 (or the Shorb Trustee) for nearly three years, I do not have confidence that I would be successful in

20 pursuing the Buyers for breach of the Secret Kwok Note or in relation to the other claims in the

21 Adversary Proceeding.  .

22

23      I declare under penalty of perjury under the laws of the United States of America that the

24 foregoing is true and correct.

25      Executed on January 25, 2022, at Palm Springs, California.

26

27                                  _____

28                                 Sam S. Leslie

1673540.1  26884                     12

## REQUEST FOR JUDICIAL NOTICE

Sam S. Leslie, Chapter 7 Trustee of the bankruptcy estate of David C. Kwok (the "Debtor" or "Kwok"), requests that the Court take judicial notice of the following:

<u>The Shorb Bankruptcy Case</u>

1.      On or about April 4, 2017, Shorb DCE, LLC ("Shorb") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code bearing case no. 2:17-bk-14240-BR (the "Shorb Case").

2.      David C. Kwok ("Kwok" or the "Debtor"), the debtor herein, is the sole 100% member of Shorb.

3.      Pursuant to an order entered by the Court on or about August 30, 2017, the Shorb Case converted to one under Chapter 7.

4.      Thereafter, on August 30, 2017, John J. Menchaca was appointed as the Chapter 7 bankruptcy trustee (the "Shorb Trustee") for the Shorb bankruptcy estate.

5.      The primary asset in the Shorb estate was its 100% ownership interest in real property located at 910-912 West Shorb Street, Alhambra, California 91803, improved with an

6.      11 unit apartment building (the "Property").

7.      On or about September 28, 2017, the Shorb Trustee filed his motion for authority to sell the Property to James Quan and Zhong Qiu Li (the "Buyers"), subject to overbid (the "Sale Motion").

8.      In connection with the Sale Motion, Quan signed a declaration under penalty of perjury, stating in part that:

> 6.      I have not entered into any arrangement that is not disclosed in the Motion or the Purchase Agreement, with any party, relating to the Sale. I have not entered into any agreement with any officer, director, owner, or affiliate of the Debtor regarding the Property other than that which is disclosed in the Purchase Agreement.

9.      The Sale Motion and underlying purchase agreement did not disclose any agreements between the Kwok and the Buyers.

10.     The Buyers were the only bidders on the Property and there were no overbidders at

1673540.1  26884

13

1    the hearing on the Sale Motion.

2        11.    Pursuant to an ordered entered by the Court in the Shorb Case on or about

3    November 13, 2017 (the "Sale Order"), the Shorb Trustee's sale of the Property to the Buyers for

4    $2,450,000.00 (the "Purchase Price") was approved by the Court.

5        12.    The Sale Order contained a finding that "[t]he Buyer [i.e., the Buyers] is a good

6    faith purchaser entitled to the protections under 11 U.S.C. § 363(m)."

7        13.    The Shorb Trustee's sale to the Buyers closed on or about December 11, 2017.

8        14.    The Shorb estate received approximately $1,091,347.03 of net sale proceeds from

9    the sale of the Property.

10       The Kwok Bankruptcy Case

11       15.    On or about November 13, 2018, Kwok commenced an individual bankruptcy case

12   by filing a voluntary petition for relief under Chapter 13.  Kwok did not list the Secret Kwok Note

13   in his schedules.

14       16.    The Court converted Kwok's case to one under Chapter 7 of the Code pursuant to an

15   order entered on or about February 20, 2019.

16       17.    Sam S. Leslie was thereafter appointed as the Trustee for the Kwok estate and

17   continues to serve in that capacity for the benefit of the estate and its creditors.

18       18.    Kwok scheduled as his primary asset a 100% membership interest in Shorb.

19       19.    The Secret Kwok Note was not disclosed to the Trustee at the time of his

20   appointment or at any point in time until on or about January 12, 2022 (as discussed below).

21       20.    On or about June 4, 2019, the Trustee filed in the Shorb Case a Motion for Order

22   Authorizing and Directing Distribution of Any Surplus to the Kwok Estate (the "Motion for

23   Surplus Funds").  The Motion for Surplus Funds requested an order authorizing and directing the

24   Shorb Trustee to distribute the surplus from the Shorb estate (the "Surplus") at the close of the

25   Shorb Case directly to the Trustee.

26       21.    Pursuant to an order entered on or about July 16, 2019, in the Shorb Case, the Shorb

27   Trustee was authorized and directed to distribute the Surplus in the Shorb estate, at the close of the

28   Shorb Case, directly to the Trustee (the "Distribution Order").

1673540.1  26884                                    14

1     22.     On or about September 30, 2019, the Shorb Trustee filed his Notice of Trustee's

2   Final Report and Applications for Compensation and Deadline to Object (the "Shorb Trustee

3   TFR") with the Court.  The Shorb Trustee proposed to pay to the Trustee the Surplus of the Shorb

4   estate in the sum of approximately $477,836.54.

5     23.     A hearing on the Shorb Trustee TFR took place on or about November 5, 2019, and

6   the Shorb Trustee TFR was approved at that time.  The Shorb Trustee thereafter paid the Trustee

7   $468,508.51 from the Shorb estate.

8     24.     On or about December 23, 2019, the Shorb Trustee filed his final certification that

9   all assets of the Shorb estate had been fully administered, and the Shorb Case was closed.

10   <u>The Trustee's Adversary Proceeding</u>

11     25.     The Trustee  filed a complaint against the Buyers on January 19, 2022, commencing

12   an adversary proceeding, which was assigned Adv. No. 2:22-ap-01026-BR, for breach of

13   contract/note, to avoid the sale of the Property, and for turnover of the Property (the "Adversary

14   Proceeding").  A true and correct copy of the first amended complaint in the Adversary Proceeding

15   is attached as Exhibit "2" hereto.

16     26.     The summons and complaint have not yet been served on the Buyers.

17   DATED:  January 15, 2022       DANNING, GILL, ISRAEL & KRASNOFF, LLP

18

19                 By:     */s/ Aaron E. de Leest*

20                     AARON E. DE LEEST
                      Attorneys for Sam S. Leslie, Chapter 7 Trustee

21

22

23

24

25

26

27

28

EXHIBIT "5"
Exhibit "A"      Page 147
         Page 163

# EXHIBIT 1

16

**NOTE**
STRAIGHT NOTE

$150,000.00

Date: August 31, 2017

San Gabriel, California.

ON OR BEFORE _45 days after close of escrow_ For Value Received, I promise to pay to DAVID C. KWOK OR ELKE L. COFFEY or order, at **Los Angelees County**

the principal sum of ONE HUNDRED FIFTY THOUSAND DOLLARS AND **00/100  ($150,000.00),  at no interest and all principal will be due and payable in full on 45 days after the close of escrow on property 910 - 912 W. Shorb Street, Alhambra, CA 91803.**

**This note is validated upon completion of the purchase of property 910 - 912W. Shorb Street, Alhambra. CA 91803.**

Should default be made in payment of interest when due, the whole sum of principal and interest shall become immediately due at the option of the Holder of this Note.  Principal and interest payable in lawful money of the United States.  If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees.

_____

JAMES QUAN

_____

ZHONG QIU LI

# EXHIBIT 2

1   ERIC P. ISRAEL (State Bar No. 132426)
    *eisrael@DanningGill.com*
2   AARON E. DE LEEST (State Bar No. 216832)
    *adeleest@DanningGill.com*
3   DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
4   Los Angeles, California 90067-6006
    Telephone:   (310) 277-0077
5   Facsimile:    (310) 277-5735

6   Attorneys for Plaintiff Sam S. Leslie,
    as Chapter 7 Trustee

7

8                    **UNITED STATES BANKRUPTCY COURT**

9                    **CENTRAL DISTRICT OF CALIFORNIA**

10                       **LOS ANGELES DIVISION**

11

| | |
|---|---|
| 12   In re | Case No. 2:18-bk-23346-BR |
| 13   DAVID C. KWOK, | Chapter 7 |
| 14       Debtor. | |
| 15   SAM S. LESLIE, as Chapter 7 Trustee for the Estate of David C. Kwok, | Adv. No. 2:22-ap-01026-BR |
| 16 | |
| 17       Plaintiff, | **CHAPTER 7 TRUSTEE'S FIRST AMENDED COMPLAINT: (1) FOR BREACH OF CONTRACT; (2) TO AVOID SALE OR, IN THE ALTERNATIVE, FOR DAMAGES UNDER 11 U.S.C. § 363(n); AND (3) FOR TURNOVER** |
| 18       vs. | |
| 19   JAMES QUAN, an individual and ZHONG QIU LI, an individual, | |
| 20       Defendants. | Date:    See Summons |
| 21 | Time:    See Summons |
| 22 | Place:   Courtroom 1668<br>255 E. Temple Street<br>Los Angeles, California 90012 |

23

24          Plaintiff Sam S. Leslie, the Chapter 7 trustee for the bankruptcy estate of David C. Kwok,

25   alleges as follows:

26

27

28

1673237.1  26884                              1

                              EXHIBIT 2

**JURISDICTION**

1.      This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This adversary proceeding arises in and under and relates to the bankruptcy case under Chapter 7 of the Bankruptcy Code (the "Code") entitled *In re David C. Kwok,* Case No. 2:18-bk-23346-BR (the "Bankruptcy Case"), which is presently pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

2.      This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (N) and (O).

3.      This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

4.      The Court can and should enter a final judgment herein.  If and to the extent that the Court determines that it lacks jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings of fact and conclusions of law for consideration by the District Court.

**THE PARTIES**

5.      Plaintiff is Sam S. Leslie, who brings this adversary proceeding solely in his representative capacity as the Chapter 7 trustee the ("Plaintiff," "Trustee" or "Kwok Trustee") serving in the Bankruptcy Case pending for David C. Kwok (the "Debtor").

6.      Plaintiff is informed and believes, and based thereon alleges, that defendant James Quan ("Quan"), was and is an individual who resides in the County of Los Angeles, State of California.

7.      Plaintiff is informed and believes, and based thereon alleges, that defendant Zhong Qiu Li ("Li"), was and is an individual who resides in the County of Los Angeles, State of California.  Quan and Li are, collectively, referred to herein as the "Defendants."

1673237.1  26884

2

## GENERAL ALLEGATIONS

**The Shorb Bankruptcy Case**

8.      On or about April 4, 2017, Shorb DCE, LLC ("Shorb") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code bearing case no. 2:17-bk-14240-BR (the "Shorb Case").

9.      Kwok is the sole 100% member of Shorb.

10.      Pursuant to an order entered by the Court on or about August 30, 2017, the Shorb Case converted to one under Chapter 7.

11.      Thereafter, on August 30, 2017, John J. Menchaca was appointed as the Chapter 7 bankruptcy trustee (the "Shorb Trustee") for the Shorb bankruptcy estate.

12.      The primary asset in the Shorb estate was its 100% ownership interest in real property located at 910-912 West Shorb Street, Alhambra, California 91803, improved with an 11 unit apartment building (the "Property").

13.      On or about September 28, 2017, the Shorb Trustee filed his motion for authority to sell the Property to the Defendants, subject to overbid (the "Sale Motion").

14.      In connection with the Sale Motion, Quan signed a declaration under penalty of perjury, stating in part that:

> 6.      I have not entered into any arrangement that is not disclosed in the Motion or the Purchase Agreement, with any party, relating to the Sale. I have not entered into any agreement with any officer, director, owner, or affiliate of the Debtor regarding the Property other than that which is disclosed in the Purchase Agreement.

15.      The Sale Motion and underlying purchase agreement did not disclose any agreements between the Defendants and Kwok.

16.      The Defendants were the only bidders on the Property and there were no overbidders at the hearing on the Sale Motion.

17.      Pursuant to an ordered entered by the Court in the Shorb Case on or about November 13, 2017 (the "Sale Order"), the Shorb Trustee's sale of the Property to the Defendants for $2,450,000.00 (the "Purchase Price") was approved by the Court.

1673237.1  26884

3

18.     The Sale Order contained a finding that "[t]he Buyer [i.e., the Defendants] is a good faith purchaser entitled to the protections under 11 U.S.C. § 363(m)."

19.     The Shorb Trustee's sale to the Defendants closed on or about December 11, 2017.

20.     The Shorb estate received approximately $1,091,347.03 of net sale proceeds from the sale of the Property.

**The Secret Kwok Note**

21.     On or about August 31, 2017, after the Shorb Trustee's appointment and less than 30 days before the Defendants entered into the Purchase Agreement with the Shorb Trustee, the Defendants signed a written promissory note payable to the Debtor or Elke L. Coffey (Kwok's girlfriend) in the amount of $150,000.00 (the "Secret Kwok Note").  A true and correct copy of the Secret Kwok Note is attached hereto as Exhibit "1."

22.     The Secret Kwok Note states that it was valid upon completion of the Defendants' purchase of the Property.

23.     The Secret Kwok Note further states that it was due and payable in full 45 days after the close of escrow on the Property – i.e., on January 25, 2018 (45 days from the December 11, 2017, sale closing).

24.     The Secret Kwok Note was not disclosed to the Court by any party in connection with the sale of the Property or at any time during the Shorb Trustee's administration of the Shorb Case.

25.     The Defendants did not pay any amount to Kwok or Elke L. Coffey on the Secret Kwok Note.

**The Kwok Bankruptcy Case**

26.     On or about November 13, 2018, Kwok commenced an individual bankruptcy case by filing a voluntary petition for relief under Chapter 13.

27.     Kwok failed to list the Secret Kwok Note in his schedules.

1673237.1  26884

4

22

28.     The Court converted Kwok's case to one under Chapter 7 of the Code pursuant to an order entered on or about February 20, 2019.

29.     Sam S. Leslie was thereafter appointed as the Kwok Trustee for the Kwok estate and continues to serve in that capacity for the benefit of the estate and its creditors.

30.     Kwok scheduled as his primary asset a 100% membership interest in Shorb.

31.     The Secret Kwok Note was not disclosed to the Trustee at the time of his appointment or at any point in time until January 12, 2022 (as discussed below).

32.     On or about June 4, 2019, the Trustee filed in the Shorb Case a Motion for Order Authorizing and Directing Distribution of Any Surplus to the Kwok Estate (the "Motion for Surplus Funds"). The Motion for Surplus Funds requested an order authorizing and directing the Shorb Trustee to distribute the surplus from the Shorb estate (the "Surplus") at the close of the Shorb Case directly to the Trustee.

33.     Pursuant to an order entered on or about July 16, 2019, in the Shorb Case, the Shorb Trustee was authorized and directed to distribute the Surplus in the Shorb estate, at the close of the Shorb Case, directly to the Trustee (the "Distribution Order").

34.     On or about September 30, 2019, the Shorb Trustee filed his Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (the "Shorb Trustee TFR") with the Court. The Shorb Trustee proposed to pay to the Trustee the Surplus of the Shorb estate in the sum of approximately $477,836.54.

35.     A hearing on the Shorb Trustee TFR took place on or about November 5, 2019, and the Shorb Trustee TFR was approved at that time. The Shorb Trustee thereafter paid the Trustee $468,508.51 from the Shorb estate.

36.     On or about December 23, 2019, the Shorb Trustee filed his final certification that all assets of the Shorb estate had been fully administered, and the Shorb Case was closed.

37.     Thereafter, the Trustee resolved the remaining known issues in the Kwok Case and began closing procedures in the Kwok Case, including preparing final tax returns, giving notice to his professionals to file final fee applications, which were filed, and beginning preparation of the Trustee's final report and account (the "Kwok TFR").

1673237.1  26884

5

38.     However, on January 12, 2022, before the Trustee had actually finalized and submitted the Kwok TFR to the United States Trustee, the Trustee learned for the first time from Kwok (through his counsel) about the existence of the Secret Kwok Note.

39.     Kwok (through his counsel) informed the Trustee that the Secret Kwok Note has not been paid, has value, and that he believes it is an asset of the Kwok estate.  Kwok's counsel advises that he is in the process of filing an amendment to his bankruptcy schedule listing the Secret Kwok Note.

**FIRST CLAIM FOR RELIEF**

**(For Breach of Contract)**

**(Against Defendants)**

40.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.     Plaintiff is informed and believes, and based thereon alleges, that Kwok and Defendants entered into a written contract evidenced by the Secret Kwok Note.

42.     Plaintiff is informed and believes, and based thereon alleges, that Kwok did all or substantially all of the things that he was required to do under the Secret Kwok Note.

43.     Plaintiff is informed and believes, and based thereon alleges, that all conditions precedent to Plaintiff's recovery under the Secret Kwok Note have been satisfied.

44.     Plaintiff is informed and believes, and based thereon alleges, that the Defendants defaulted under the terms of the Secret Kwok Note, including without limitation, by their failure to timely pay the Secret Kwok Note in full.

45.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor was harmed by Defendants' failure to pay the Secret Kwok Note in full.

46.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' breach of contract by failing to pay the Secret Kwok Note was a substantial factor in causing the Debtor's harm.

EXHIBIT "5"
Exhibit "A"

47.     Plaintiff is informed and believes, and based thereon alleges, that, as of the date hereof, the outstanding principal balance owed to the Debtor by Defendants is $150,000.00.

48.     Plaintiff is informed and believes, and based thereon alleges that no payments have been paid by Defendants on the Secret Kwok Note and $150,000.00 is still owing thereon.

49.     By reason of the foregoing, Plaintiff is entitled to recover damages from Defendants in the sum of not less than $150,000.00, plus attorneys' fees and interest as allowed by law.

## <u>SECOND CLAIM FOR RELIEF</u>

### (To Avoid Sale -11 U.S.C. § 363(n))

### (Against Defendants)

50.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 49, inclusive, as though fully set forth herein.

51.     Plaintiff is informed and believes, and based thereon alleges, that the right to assert the within claim for relief were assigned to the Kwok Trustee and the Kwok estate as the sole recipient of the Surplus from the Shorb Trustee and the Shorb estate.

52.     Plaintiff is informed and believes, and based thereon, alleges that the sale price for the Property was controlled by an agreement, including but not limited to the Secret Kwok Note, among potential bidders at the sale, which bidders included the Defendants.

53.     Plaintiff is informed and believes, and based thereon alleges that the Defendants entered into an agreement, including but not limited to the Secret Kwok Note, in willful disregard of § 363(n) of the Code.

54.     Plaintiff is informed and believes, and based thereon alleges, that the actions of the Defendants were willful, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of the Defendants according to proof at trial.

55.     By reason of the foregoing, pursuant to § 363(n) of the Code, the Plaintiff may avoid the sale of the Property to the Defendants or, in the alternative, may recover damages from the Defendants in a sum according to proof, which the Plaintiff believes to be not less than $150,000.00, plus interest at the legal rate, costs, attorneys' fees, or expenses incurred in avoiding

1  such sale or recovering such amount.  The Plaintiff is also entitled to recover punitive damages

2  against the Defendants for their willful disregard of § 363(n) of the Code.

3

4  ### THIRD CLAIM FOR RELIEF

5  ### (For Turnover – 11 U.S.C. § 542)

6  ### (Against Defendants)

7  56.    Plaintiff refers to and incorporates herein by reference each and every allegation

8  contained in paragraphs 1 through 55, inclusive, as though fully set forth herein.

9  57.    Plaintiff is informed and believes, and based thereon alleges, that the Property

10  constitutes property of the Debtor's bankruptcy estate.

11  58.    Plaintiff is informed and believes, and based thereon alleges, that the Property can

12  be used, sold or leased by the Trustee.

13  59.    Pursuant to § 542 of the Code, the Trustee is entitled to the turnover of the Property

14  by the Defendants.

15

16  **WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally,

17  as follows:

18

19  ### ON THE FIRST CLAIM FOR RELIEF:

20  1.    For judgment in favor of the Plaintiff and against Defendants in an amount, subject

21  to proof at trial, of not less than $150,000.00, plus interest thereon as provided by law; and

22  2.    For costs and attorneys' fees incurred in collecting on the Secret Kwok Note.

23

24  ### ON THE SECOND CLAIM FOR RELIEF:

25  3.    For judgment in favor of the Plaintiff and against Defendants avoiding the sale of

26  the Property to the Defendants or, in the alternative, recovering damages from the Defendants in an

27  amount, subject to proof at trial, of not less than $150,000.00, plus interest at the legal rate;

28  4.    For costs, reasonable attorneys' fees, and expenses; and

1673237.1  26884                              8

1    5.    For punitive damages.

2

3    **ON THE THIRD CLAIM FOR RELIEF:**

4    6.    For judgment directing the Defendants to turn over possession of the Property to the

5    Trustee.

6

7    **ON ALL CLAIMS FOR RELIEF:**

8    7.    For an award of Plaintiff's reasonable costs; and

9    8.    For such other and further relief as the Court deems just and proper.

10

11    DATED:  January 19, 2022              DANNING, GILL, ISRAEL & KRASNOFF, LLP

12

13                                  By:    _/s/ Aaron E. de Leest_

14                                         AARON E. DE LEEST
                                          Attorneys for Plaintiff Sam S. Leslie,
15                                        as Chapter 7 Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

1673237.1  26884                          9                                    27

# EXHIBIT 1

28

**NOTE**
STRAIGHT NOTE

$150,000.00                                            Date: **August 31, 2017**

San Gabriel, California.

ON OR BEFORE  45 days after close of escrow  For Value Received, I promise to pay to DAVID C. KWOK OR ELKE L.
COFFEY or order, at **Los Angelees County**

the principal sum of ONE HUNDRED FIFTY THOUSAND DOLLARS AND 00/100  **($150,000.00),  at no interest and all
principal will be due and payable in full on 45 days after the close of escrow on property 910 - 912 W. Shorb
Street, Alhambra, CA 91803.**

**This note is validated upon completion of the purchase of property 910 - 912W. Shorb Street, Alhambra. CA
91803.**

Should default be made in payment of interest when due, the whole sum of principal and interest shall become
immediately due at the option of the Holder of this Note.  Principal and interest payable in lawful money of the United
States.  If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees.

_____                    _____
JAMES QUAN                                 ZHONG QIU LI

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  **TRUSTEE'S NOTICE OF MOTION AND MOTION FOR AUTHORITY TO ABANDON ESTATE'S INTEREST IN: (1) AN UNSCHEDULED PROMISSORY NOTE DATED AUGUST 31, 2017; AND (2) AN ADVERSARY PROCEEDING CAPTIONED SAM S. LESLIE, CHAPTER 7 TRUSTEE V. JAMES QUAN AND ZHONG QIU LI, ADV. NO. 2:22-ap-01026-BR; MEMORANDUM OF POINTS AUTHORITIES, DECLARATION OF SAM S. LESLIE; AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  January 25, 2022  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

⊠ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**: On  January 25, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by causing to be placed a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

⊠ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| January 25, 2022 | Gloria Ramos | /s/ Gloria Ramos |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

1673507.1  26884 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION** (if needed):

1. **SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**

Leslie A Cohen on behalf of Creditor Leslie Cohen Law PC
leslie@lesliecohenlaw.com, jaime@lesliecohenlaw.com;olivia@lesliecohenlaw.com

Aaron E DE Leest on behalf of Plaintiff Sam S. Leslie, Chapter 7 Trustee
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Aaron E DE Leest on behalf of Trustee Sam S Leslie (TR)
adeleest@DanningGill.com, danninggill@gmail.com;adeleest@ecf.inforuptcy.com

Joseph C Delmotte on behalf of Interested Party Courtesy NEF
ecfcacb@aldridgepite.com, JCD@ecf.inforuptcy.com;jdelmotte@aldridgepite.com

Arnold L Graff on behalf of Creditor JPMorgan Chase Bank, National Association
agraff@wrightlegal.net, bkudgeneralupdates@wrightlegal.net,jcraig@wrightlegal.net

Eric P Israel on behalf of Attorney Danning Gill Diamond & Kollitz LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Attorney Danning, Gill, Israel & Krasnoff, LLP
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Eric P Israel on behalf of Trustee Sam S Leslie (TR)
eisrael@DanningGill.com, danninggill@gmail.com;eisrael@ecf.inforuptcy.com

Sam S Leslie (TR)
sleslie@trusteeleslie.com, trustee@trusteeleslie.com;C195@ecfcbis.com

Edmond Richard McGuire on behalf of Debtor David C Kwok
ermlawgroupcmecf@gmail.com,R60691@notify.bestcase.com

Anthony J Napolitano on behalf of Creditor Stephen Forde
anapolitano@buchalter.com, docket@buchalter.com;spacheco@buchalter.com

United States Trustee (LA)
ustpregion16.la.ecf@usdoj.gov

Thomas B Ure on behalf of Interested Party Courtesy NEF
tbuesq@aol.com, urelawfirm@jubileebk.net;tom@ecf.courtdrive.com

---

1673507.1  26884 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                           **F 9013-3.1.PROOF.SERVICE**

EXHIBIT "5"                                    Page 163
Exhibit "A"                                    Page 179

**2. SERVED BY U.S. MAIL** - All Creditors

**Debtor**
David C Kwok
1210 S. Gladys Ave
San Gabriel, CA 91776

The Honorable Barry Russell
U.S. Bankruptcy Court
Roybal Federal Building
255 E. Temple Street, Suite 1660
Los Angeles, CA 90012

United States Trustee (LA)
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017-3560

Employment Development Dept.
Bankruptcy Group MIC 92E
P.O. Box 826880
Sacramento, CA 94280-0001

Franchise Tax Board
Bankruptcy Section MS: A-340
P.O. Box 2952
Sacramento, CA 95812-2952

JPMorgan Chase Bank, National
Association
Aldridge Pite, LLP
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-7921

LEA Accountancy
3435 Wilshire blvd,.
Suite 990
Los Angeles, CA 90010-1998

OFFICE OF  FINANCE  CITY OF LOS
ANGELES
200 N SPRING ST RM 101 CITY HALL
LOS ANGELES CA 90012-3224

Los Angeles Division
255 East Temple Street,
Los Angeles, CA 90012-3332

American Express National Bank
c/o Becket and Lee LLP
PO Box 3001
Malvern  PA 19355-0701

Amex
Correspondence/Bankruptcy
Po Box 981540
El Paso, TX 79998-1540

CMRE Financial Services
Attn: Bankruptcy
3075 E Imperial Hwy  Ste 200
Brea, CA 92821-6753

Capital One
Attn: Bankruptcy
Po Box 30285
Salt Lake City, UT 84130-0285

Capital One Bank (USA), N.A.
PO Box 71083
Charlotte, NC  28272-1083

JPMORGAN CHASE BANK  N A
BANKRUPTCY MAIL INTAKE TEAM
700 KANSAS LANE FLOOR 01
MONROE LA 71203-4774

FRANCHISE TAX BOARD
BANKRUPTCY SECTION MS A340
PO BOX 2952
SACRAMENTO CA 95812-2952

Franchise Tax Board
Personal Bankruptcy MS A340
Po Box 2952
Sacramento, CA 95812-2952

INTERNAL REVENUE SERVICE
CENTRALIZED INSOLVENCY
OPERATIONS
PO BOX 7346
PHILADELPHIA PA 19101-7346

Kohls/Capital One
Kohls Credit
Po Box 3120
Milwaukee, WI 53201-3120

LVNV Funding, LLC
Resurgent Capital Services
PO Box 10587
Greenville, SC 29603-0587

Professional Bureau of Collections of Ma
Attn: Bankruptcy
5295 Dtc Parkway
Greenwood Village, CO 80111-2752

Stephen Forde
C/O Menke Law Firm
Bruce Menke
5000 E Spring St., Suite 405
Long Beach, CA 90815-5216

Stephen Forde
c/o Buchalter, a Professional Corp.
1000 Wilshire Blvd., 15th Floor
Los Angeles, CA 90017-2457
Attn: Robert S. Cooper, Esq.

Stephen Forde
1613 Chelsea Road
San Marino, CA 91108-2419

Buchalter, a Professional Corporation
Attn:  Robert Cooper
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730

---

1673507.1  26884 This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

**F 9013-3.1.PROOF.SERVICE**

B1040 (FORM 1040) (12/15)

| **ADVERSARY PROCEEDING COVER SHEET**<br>(Instructions on Reverse) | **ADVERSARY PROCEEDING NUMBER**<br>(Court Use Only) |
|---|---|

| **PLAINTIFFS**<br>SAM S. LESLIE, CHAPTER 7 TRUSTEE | **DEFENDANTS**<br>JAMES QUAN<br>ZHONG QIU LI |
|---|---|

| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br><br>AARON E. DE LEEST, ESQ.   TEL. (310) 277-0077<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 AVENUE OF THE STARS, SUITE 450, L.A., CA 90067 | **ATTORNEYS** (If Known) |
|---|---|

| **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☐ Other<br>☒ Trustee | **PARTY** (Check One Box Only)<br>☐ Debtor          ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor       ☒ Other<br>☐ Trustee |
|---|---|

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

BREACH OF CONTRACT
TO AVOID SALE (11 U.S.C. SECTION 363(n))
FOR TURNOVER (11 U.S.C. SECTION 542)

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☐ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation
    (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa et.seq.
☒ 02-Other (e.g. other actions that would have been brought in state court
    if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought     BREACH OF CONTRACT<br>TO AVOID SALE | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>DAVID C. KWOK | BANKRUPTCY CASE NO.<br>2:18-bk-23346-BR | |
| DISTRICT IN WHICH CASE IS PENDING<br>CENTRAL DISTRICT OF CALIFORNIA | DIVISION OFFICE<br>LOS ANGELES | NAME OF JUDGE<br>HON. BARRY RUSSELL |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY<br>PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ Aaron E. de Leest | | |
| DATE<br><br>January 19, 2022 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br><br>AARON E. DE LEEST | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

1  ERIC P. ISRAEL (State Bar No. 132426)
   *eisrael@DanningGill.com*
2  AARON E. DE LEEST (State Bar No. 216832)
   *adeleest@DanningGill.com*
3  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
4  Los Angeles, California 90067-6006
   Telephone:   (310) 277-0077
5  Facsimile:   (310) 277-5735

6  Attorneys for Plaintiff Sam S. Leslie,
   as Chapter 7 Trustee

7

8              **UNITED STATES BANKRUPTCY COURT**

9              **CENTRAL DISTRICT OF CALIFORNIA**

10                 **LOS ANGELES DIVISION**

11

12 | In re                                        | Case No. 2:18-bk-23346-BR |

13 | DAVID C. KWOK,                               | Chapter 7 |

14 |              Debtor.                          |

15 |                                              |

16 | SAM S. LESLIE, as Chapter 7 Trustee for the  | Adv. No. _____ |
   | Estate of David C. Kwok,                     |

17 |              Plaintiff,                       | **CHAPTER 7 TRUSTEE'S COMPLAINT:** |
                                                    **(1) FOR BREACH OF CONTRACT; (2)**
18 |              vs.                             | **TO AVOID SALE OR, IN THE**
                                                    **ALTERNATIVE, FOR DAMAGES**
19 | JAMES QUAN, an individual and                | **UNDER 11 U.S.C. § 363(n); AND (3) FOR**
   | ZHONG QIU LI, an individual,                 | **TURNOVER**
20 |                                              |
   |              Defendants.                     | Date:   See Summons
21 |                                              | Time:   See Summons
   |                                              | Place:  Courtroom 1668
22 |                                              |         255 E. Temple Street
                                                    |         Los Angeles, California 90012

23

24         Plaintiff Sam S. Leslie, the Chapter 7 trustee for the bankruptcy estate of David C. Kwok,

   alleges as follows:
25

26

27

28

1672744.3  26884                               1

## JURISDICTION

1.    This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b).  This adversary proceeding arises in and under and relates to the bankruptcy case under Chapter 7 of the Bankruptcy Code (the "Code") entitled *In re David C. Kwok,* Case No. 2:18-bk-23346-BR (the "Bankruptcy Case"), which is presently pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

2.    This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (N) and (O).

3.    This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

4.    The Court can and should enter a final judgment herein.  If and to the extent that the Court determines that it lacks jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings of fact and conclusions of law for consideration by the District Court.

## THE PARTIES

5.    Plaintiff is Sam S. Leslie, who brings this adversary proceeding solely in his representative capacity as the Chapter 7 trustee the ("Plaintiff," "Trustee" or "Kwok Trustee") serving in the Bankruptcy Case pending for David C. Kwok (the "Debtor").

6.    Plaintiff is informed and believes, and based thereon alleges, that defendant James Quan ("Quan"), was and is an individual who resides in the County of Los Angeles, State of California.

7.    Plaintiff is informed and believes, and based thereon alleges, that defendant Zhong Qiu Li ("Li"), was and is an individual who resides in the County of Los Angeles, State of California.  Quan and Li are, collectively, referred to herein as the "Defendants."

1672744.3  26884

2

## GENERAL ALLEGATIONS

**The Shorb Bankruptcy Case**

8.     On or about April 4, 2017, Shorb DCE, LLC ("Shorb") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code bearing case no. 2:17-bk-14240-BR (the "Shorb Case").

9.     Kwok is the sole 100% member of Shorb.

10.     Pursuant to an order entered by the Court on or about August 30, 2017, the Shorb Case converted to one under Chapter 7.

11.     Thereafter, on August 30, 2017, John J. Menchaca was appointed as the Chapter 7 bankruptcy trustee (the "Shorb Trustee") for the Shorb bankruptcy estate.

12.     The primary asset in the Shorb estate was its 100% ownership interest in real property located at 910-912 West Shorb Street, Alhambra, California 91803, improved with an 11 unit apartment building (the "Property").

13.     On or about September 28, 2017, the Shorb Trustee filed his motion for authority to sell the Property to the Defendants, subject to overbid (the "Sale Motion").

14.     In connection with the Sale Motion, Quan signed a declaration under penalty of perjury, stating in part that:

> 6.     I have not entered into any arrangement that is not disclosed in the Motion or the Purchase Agreement, with any party, relating to the Sale. I have not entered into any agreement with any officer, director, owner, or affiliate of the Debtor regarding the Property other than that which is disclosed in the Purchase Agreement.

15.     The Sale Motion and underlying purchase agreement did not disclose any agreements between the Defendants and Kwok.

16.     The Defendants were the only bidders on the Property and there were no overbidders at the hearing on the Sale Motion.

17.     Pursuant to an ordered entered by the Court in the Shorb Case on or about November 13, 2017 (the "Sale Order"), the Shorb Trustee's sale of the Property to the Defendants for $2,450,000.00 (the "Purchase Price") was approved by the Court.

1672744.3  26884

3

18.     The Sale Order contained a finding that "[t]he Buyer [i.e., the Defendants] is a good faith purchaser entitled to the protections under 11 U.S.C. § 363(m)."

19.     The Shorb Trustee's sale to the Defendants closed on or about December 11, 2017.

20.     The Shorb estate received approximately $1,091,347.03 of net sale proceeds from the sale of the Property.

**The Secret Kwok Note**

21.     On or about August 31, 2017, after the Shorb Trustee's appointment and less than 30 days before the Defendants entered into the Purchase Agreement with the Shorb Trustee, the Defendants signed a written promissory note payable to the Debtor or Elke L. Coffey (Kwok's girlfriend) in the amount of $150,000.00 (the "Secret Kwok Note").  A true and correct copy of the Secret Kwok Note is attached hereto as Exhibit "1."

22.     The Secret Kwok Note states that it was valid upon completion of the Defendants' purchase of the Property.

23.     The Secret Kwok Note further states that it was due and payable in full 45 days after the close of escrow on the Property – i.e., on January 25, 2018 (45 days from the December 11, 2017, sale closing).

24.     The Secret Kwok Note was not disclosed to the Court by any party in connection with the sale of the Property or at any time during the Shorb Trustee's administration of the Shorb Case.

25.     The Defendants did not pay any amount to Kwok or Elke L. Coffey on the Secret Kwok Note.

**The Kwok Bankruptcy Case**

26.     On or about November 13, 2018, Kwok commenced an individual bankruptcy case by filing a voluntary petition for relief under Chapter 13.

27.     Kwok failed to list the Secret Kwok Note in his schedules.

1672744.3  26884                                                    4

28. The Court converted Kwok's case to one under Chapter 7 of the Code pursuant to an order entered on or about February 20, 2019.

29. Sam S. Leslie was thereafter appointed as the Kwok Trustee for the Kwok estate and continues to serve in that capacity for the benefit of the estate and its creditors.

30. Kwok scheduled as his primary asset a 100% membership interest in Shorb.

31. The Secret Kwok Note was not disclosed to the Trustee at the time of his appointment or at any point in time until January 12, 2022 (as discussed below).

32. On or about June 4, 2019, the Trustee filed in the Shorb Case a Motion for Order Authorizing and Directing Distribution of Any Surplus to the Kwok Estate (the "Motion for Surplus Funds"). The Motion for Surplus Funds requested an order authorizing and directing the Shorb Trustee to distribute the surplus from the Shorb estate (the "Surplus") at the close of the Shorb Case directly to the Trustee.

33. Pursuant to an order entered on or about July 16, 2019, in the Shorb Case, the Shorb Trustee was authorized and directed to distribute the Surplus in the Shorb estate, at the close of the Shorb Case, directly to the Trustee (the "Distribution Order").

34. On or about September 30, 2019, the Shorb Trustee filed his Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (the "Shorb Trustee TFR") with the Court. The Shorb Trustee proposed to pay to the Trustee the Surplus of the Shorb estate in the sum of approximately $477,836.54.

35. A hearing on the Shorb Trustee TFR took place on or about November 5, 2019, and the Shorb Trustee TFR was approved at that time. The Shorb Trustee thereafter paid the Trustee $468,508.51 from the Shorb estate.

36. On or about December 23, 2019, the Shorb Trustee filed his final certification that all assets of the Shorb estate had been fully administered, and the Shorb Case was closed.

37. Thereafter, the Trustee resolved the remaining known issues in the Kwok Case and began closing procedures in the Kwok Case, including preparing final tax returns, giving notice to his professionals to file final fee applications, which were filed, and beginning preparation of the Trustee's final report and account (the "Kwok TFR").

1672744.3  26884

5

38.     However, on January 12, 2022, before the Trustee had actually finalized and submitted the Kwok TFR to the United States Trustee, the Trustee learned for the first time from Kwok (through his counsel) about the existence of the Secret Kwok Note.

39.     Kwok (through his counsel) informed the Trustee that the Secret Kwok Note has not been paid, has value, and that he believes it is an asset of the Kwok estate. Kwok's counsel advises that he is in the process of filing an amendment to his bankruptcy schedule listing the Secret Kwok Note.

## <u>FIRST CLAIM FOR RELIEF</u>

### (For Breach of Contract)

### (Against Defendants)

40.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.     Plaintiff is informed and believes, and based thereon alleges, that Kwok and Defendants entered into a written contract evidenced by the Secret Kwok Note.

42.     Plaintiff is informed and believes, and based thereon alleges, that Kwok did all or substantially all of the things that he was required to do under the Secret Kwok Note.

43.     Plaintiff is informed and believes, and based thereon alleges, that all conditions precedent to Plaintiff's recovery under the Secret Kwok Note have been satisfied.

44.     Plaintiff is informed and believes, and based thereon alleges, that the Defendants defaulted under the terms of the Secret Kwok Note, including without limitation, by their failure to timely pay the Secret Kwok Note in full.

45.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor was harmed by Defendants' failure to pay the Secret Kwok Note in full.

46.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' breach of contract by failing to pay the Secret Kwok Note was a substantial factor in causing the Debtor's harm.

1672744.3  26884

6

47.     Plaintiff is informed and believes, and based thereon alleges, that, as of the date hereof, the outstanding principal balance owed to the Debtor by Defendants is $150,000.00.

48.     Plaintiff is informed and believes, and based thereon alleges that no payments have been paid by Defendants on the Secret Kwok Note and $150,000.00 is still owing thereon.

49.     By reason of the foregoing, Plaintiff is entitled to recover damages from Defendants in the sum of not less than $150,000.00, plus interest as allowed by law.

## SECOND CLAIM FOR RELIEF

### (To Avoid Sale -11 U.S.C. § 363(n))

### (Against Defendants)

50.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 49, inclusive, as though fully set forth herein.

51.     Plaintiff is informed and believes, and based thereon alleges, that the right to assert the within claim for relief were assigned to the Kwok Trustee and the Kwok estate as the sole recipient of the Surplus from the Shorb Trustee and the Shorb estate.

52.     Plaintiff is informed and believes, and based thereon, alleges that the sale price for the Property was controlled by an agreement, including but not limited to the Secret Kwok Note, among potential bidders at the sale, which bidders included the Defendants.

53.     Plaintiff is informed and believes, and based thereon alleges that the Defendants entered into an agreement, including but not limited to the Secret Kwok Note, in willful disregard of § 363(n) of the Code.

54.     Plaintiff is informed and believes, and based thereon alleges, that the actions of the Defendants were willful, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of the Defendants according to proof at trial.

55.     By reason of the foregoing, pursuant to § 363(n) of the Code, the Plaintiff may avoid the sale of the Property to the Defendants or, in the alternative, may recover damages from the Defendants in a sum according to proof, which the Plaintiff believes to be not less than $150,000.00, plus interest at the legal rate, costs, attorneys' fees, or expenses incurred in avoiding

1672744.3  26884                                    7

1   such sale or recovering such amount.  The Plaintiff is also entitled to recover punitive damages

2   against the Defendants for their willful disregard of § 363(n) of the Code.

3

4                           **THIRD CLAIM FOR RELIEF**

5                         **(For Turnover – 11 U.S.C. § 542)**

6                              **(Against Defendants)**

7          56.      Plaintiff refers to and incorporates herein by reference each and every allegation

8   contained in paragraphs 1 through 55, inclusive, as though fully set forth herein.

9          57.      Plaintiff is informed and believes, and based thereon alleges, that the Property

10  constitutes property of the Debtor's bankruptcy estate.

11         58.      Plaintiff is informed and believes, and based thereon alleges, that the Property can

12  be used, sold or leased by the Trustee.

13         59.      Pursuant to § 542 of the Code, the Trustee is entitled to the turnover of the Property

14  by the Defendants.

15

16         **WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally,

17  as follows:

18

19         **ON THE FIRST CLAIM FOR RELIEF:**

20         1.      For judgment in favor of the Plaintiff and against Defendants in an amount, subject

21  to proof at trial, of not less than $150,000.00, plus interest thereon as provided by law.

22

23         **ON THE SECOND CLAIM FOR RELIEF:**

24         2.      For judgment in favor of the Plaintiff and against Defendants avoiding the sale of

25  the Property to the Defendants or, in the alternative, recovering damages from the Defendants in an

26  amount, subject to proof at trial, of not less than $150,000.00, plus interest at the legal rate;

27         3.      For costs, reasonable attorneys' fees, and expenses; and

28         4.      For punitive damages.

1672744.3  26884                                    8

1    **ON THE THIRD CLAIM FOR RELIEF:**

2    5.    For judgment directing the Defendants to turn over possession of the Property to the

3    Trustee.

4

5    **ON ALL CLAIMS FOR RELIEF:**

6    6.    For an award of Plaintiff's reasonable costs; and

7    7.    For such other and further relief as the Court deems just and proper.

8

9    DATED: January 19, 2022                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

10

11                                        By:    /s/ Aaron E. de Leest

12                                            AARON E. DE LEEST
                                            Attorneys for Plaintiff Sam S. Leslie,
13                                            as Chapter 7 Trustee

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1672744.3  26884                            9

# EXHIBIT 1

**NOTE**
STRAIGHT NOTE

**$150,000.00**                                                      **Date:  August 31, 2017**

San Gabriel, California.

ON OR BEFORE  45 days after close of escrow  For Value Received, I promise to pay to DAVID C. KWOK OR ELKE L.
COFFEY or order, at **Los Angelees County**

the principal sum of ONE HUNDRED FIFTY THOUSAND DOLLARS AND **00/100  ($150,000.00),  at no interest and all
principal will be due and payable in full on 45 days after the close of escrow on property 910 - 912 W. Shorb
Street, Alhambra, CA 91803.**

**This note is validated upon completion of the purchase of property 910 - 912W. Shorb Street, Alhambra. CA
91803.**

Should default be made in payment of interest when due, the whole sum of principal and interest shall become
immediately due at the option of the Holder of this Note.  Principal and interest payable in lawful money of the United
States.  If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees.

_____          _____
JAMES QUAN                                                 ZHONG QIU LI

EXHIBIT  1

10

1    ERIC P. ISRAEL (State Bar No. 132426)
    *eisrael@DanningGill.com*
2    AARON E. DE LEEST (State Bar No. 216832)
    *adeleest@DanningGill.com*
3    DANNING, GILL, ISRAEL & KRASNOFF, LLP
    1901 Avenue of the Stars, Suite 450
4    Los Angeles, California 90067-6006
    Telephone:   (310) 277-0077
5    Facsimile:    (310) 277-5735

6    Attorneys for Plaintiff Sam S. Leslie,
    as Chapter 7 Trustee

7

8                **UNITED STATES BANKRUPTCY COURT**

9                **CENTRAL DISTRICT OF CALIFORNIA**

10                **LOS ANGELES DIVISION**

11

12    In re                             Case No. 2:18-bk-23346-BR

13    DAVID C. KWOK,               Chapter 7

14           Debtor.

15

16    SAM S. LESLIE, as Chapter 7 Trustee for the    Adv. No. 2:22-ap-01026-BR
    Estate of David C. Kwok,

17           Plaintiff,             **CHAPTER 7 TRUSTEE'S FIRST**
                                      **AMENDED COMPLAINT: (1) FOR**
18        vs.                      **BREACH OF CONTRACT; (2) TO AVOID**
                                      **SALE OR, IN THE ALTERNATIVE, FOR**
19    JAMES QUAN, an individual and         **DAMAGES UNDER 11 U.S.C. § 363(n);**
    ZHONG QIU LI, an individual,           **AND (3) FOR TURNOVER**

20           Defendants.         Date:      See Summons
                                      Time:      See Summons
21                                       Place:     Courtroom 1668
                                                255 E. Temple Street
22                                                 Los Angeles, California 90012

23

24          Plaintiff Sam S. Leslie, the Chapter 7 trustee for the bankruptcy estate of David C. Kwok,

25    alleges as follows:

26

27

28

**JURISDICTION**

1.     This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This adversary proceeding arises in and under and relates to the bankruptcy case under Chapter 7 of the Bankruptcy Code (the "Code") entitled *In re David C. Kwok,* Case No. 2:18-bk-23346-BR (the "Bankruptcy Case"), which is presently pending before the United States Bankruptcy Court for the Central District of California, Los Angeles Division.

2.     This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (N) and (O).

3.     This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

4.     The Court can and should enter a final judgment herein. If and to the extent that the Court determines that it lacks jurisdiction or authority to enter a final judgment, Plaintiff requests that the Court submit findings of fact and conclusions of law for consideration by the District Court.

**THE PARTIES**

5.     Plaintiff is Sam S. Leslie, who brings this adversary proceeding solely in his representative capacity as the Chapter 7 trustee (the "Plaintiff," "Trustee" or "Kwok Trustee") serving in the Bankruptcy Case pending for David C. Kwok (the "Debtor").

6.     Plaintiff is informed and believes, and based thereon alleges, that defendant James Quan ("Quan"), was and is an individual who resides in the County of Los Angeles, State of California.

7.     Plaintiff is informed and believes, and based thereon alleges, that defendant Zhong Qiu Li ("Li"), was and is an individual who resides in the County of Los Angeles, State of California. Quan and Li are, collectively, referred to herein as the "Defendants."

## GENERAL ALLEGATIONS

**The Shorb Bankruptcy Case**

8.   On or about April 4, 2017, Shorb DCE, LLC ("Shorb") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code bearing case no. 2:17-bk-14240-BR (the "Shorb Case").

9.   Kwok is the sole 100% member of Shorb.

10.   Pursuant to an order entered by the Court on or about August 30, 2017, the Shorb Case converted to one under Chapter 7.

11.   Thereafter, on August 30, 2017, John J. Menchaca was appointed as the Chapter 7 bankruptcy trustee (the "Shorb Trustee") for the Shorb bankruptcy estate.

12.   The primary asset in the Shorb estate was its 100% ownership interest in real property located at 910-912 West Shorb Street, Alhambra, California 91803, improved with an 11 unit apartment building (the "Property").

13.   On or about September 28, 2017, the Shorb Trustee filed his motion for authority to sell the Property to the Defendants, subject to overbid (the "Sale Motion").

14.   In connection with the Sale Motion, Quan signed a declaration under penalty of perjury, stating in part that:

> 6.   I have not entered into any arrangement that is not disclosed in the Motion or the Purchase Agreement, with any party, relating to the Sale. I have not entered into any agreement with any officer, director, owner, or affiliate of the Debtor regarding the Property other than that which is disclosed in the Purchase Agreement.

15.   The Sale Motion and underlying purchase agreement did not disclose any agreements between the Defendants and Kwok.

16.   The Defendants were the only bidders on the Property and there were no overbidders at the hearing on the Sale Motion.

17.   Pursuant to an ordered entered by the Court in the Shorb Case on or about November 13, 2017 (the "Sale Order"), the Shorb Trustee's sale of the Property to the Defendants for $2,450,000.00 (the "Purchase Price") was approved by the Court.

18.     The Sale Order contained a finding that "[t]he Buyer [i.e., the Defendants] is a good faith purchaser entitled to the protections under 11 U.S.C. § 363(m)."

19.     The Shorb Trustee's sale to the Defendants closed on or about December 11, 2017.

20.     The Shorb estate received approximately $1,091,347.03 of net sale proceeds from the sale of the Property.

**The Secret Kwok Note**

21.     On or about August 31, 2017, after the Shorb Trustee's appointment and less than 30 days before the Defendants entered into the Purchase Agreement with the Shorb Trustee, the Defendants signed a written promissory note payable to the Debtor or Elke L. Coffey (Kwok's girlfriend) in the amount of $150,000.00 (the "Secret Kwok Note").  A true and correct copy of the Secret Kwok Note is attached hereto as Exhibit "1."

22.     The Secret Kwok Note states that it was valid upon completion of the Defendants' purchase of the Property.

23.     The Secret Kwok Note further states that it was due and payable in full 45 days after the close of escrow on the Property – i.e., on January 25, 2018 (45 days from the December 11, 2017, sale closing).

24.     The Secret Kwok Note was not disclosed to the Court by any party in connection with the sale of the Property or at any time during the Shorb Trustee's administration of the Shorb Case.

25.     The Defendants did not pay any amount to Kwok or Elke L. Coffey on the Secret Kwok Note.

**The Kwok Bankruptcy Case**

26.     On or about November 13, 2018, Kwok commenced an individual bankruptcy case by filing a voluntary petition for relief under Chapter 13.

27.     Kwok failed to list the Secret Kwok Note in his schedules.

28. The Court converted Kwok's case to one under Chapter 7 of the Code pursuant to an order entered on or about February 20, 2019.

29. Sam S. Leslie was thereafter appointed as the Kwok Trustee for the Kwok estate and continues to serve in that capacity for the benefit of the estate and its creditors.

30. Kwok scheduled as his primary asset a 100% membership interest in Shorb.

31. The Secret Kwok Note was not disclosed to the Trustee at the time of his appointment or at any point in time until January 12, 2022 (as discussed below).

32. On or about June 4, 2019, the Trustee filed in the Shorb Case a Motion for Order Authorizing and Directing Distribution of Any Surplus to the Kwok Estate (the "Motion for Surplus Funds"). The Motion for Surplus Funds requested an order authorizing and directing the Shorb Trustee to distribute the surplus from the Shorb estate (the "Surplus") at the close of the Shorb Case directly to the Trustee.

33. Pursuant to an order entered on or about July 16, 2019, in the Shorb Case, the Shorb Trustee was authorized and directed to distribute the Surplus in the Shorb estate, at the close of the Shorb Case, directly to the Trustee (the "Distribution Order").

34. On or about September 30, 2019, the Shorb Trustee filed his Notice of Trustee's Final Report and Applications for Compensation and Deadline to Object (the "Shorb Trustee TFR") with the Court. The Shorb Trustee proposed to pay to the Trustee the Surplus of the Shorb estate in the sum of approximately $477,836.54.

35. A hearing on the Shorb Trustee TFR took place on or about November 5, 2019, and the Shorb Trustee TFR was approved at that time. The Shorb Trustee thereafter paid the Trustee $468,508.51 from the Shorb estate.

36. On or about December 23, 2019, the Shorb Trustee filed his final certification that all assets of the Shorb estate had been fully administered, and the Shorb Case was closed.

37. Thereafter, the Trustee resolved the remaining known issues in the Kwok Case and began closing procedures in the Kwok Case, including preparing final tax returns, giving notice to his professionals to file final fee applications, which were filed, and beginning preparation of the Trustee's final report and account (the "Kwok TFR").

38.     However, on January 12, 2022, before the Trustee had actually finalized and submitted the Kwok TFR to the United States Trustee, the Trustee learned for the first time from Kwok (through his counsel) about the existence of the Secret Kwok Note.

39.     Kwok (through his counsel) informed the Trustee that the Secret Kwok Note has not been paid, has value, and that he believes it is an asset of the Kwok estate.  Kwok's counsel advises that he is in the process of filing an amendment to his bankruptcy schedule listing the Secret Kwok Note.

## FIRST CLAIM FOR RELIEF

### (For Breach of Contract)

### (Against Defendants)

40.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 39, inclusive, as though fully set forth herein.

41.     Plaintiff is informed and believes, and based thereon alleges, that Kwok and Defendants entered into a written contract evidenced by the Secret Kwok Note.

42.     Plaintiff is informed and believes, and based thereon alleges, that Kwok did all or substantially all of the things that he was required to do under the Secret Kwok Note.

43.     Plaintiff is informed and believes, and based thereon alleges, that all conditions precedent to Plaintiff's recovery under the Secret Kwok Note have been satisfied.

44.     Plaintiff is informed and believes, and based thereon alleges, that the Defendants defaulted under the terms of the Secret Kwok Note, including without limitation, by their failure to timely pay the Secret Kwok Note in full.

45.     Plaintiff is informed and believes, and based thereon alleges, that the Debtor was harmed by Defendants' failure to pay the Secret Kwok Note in full.

46.     Plaintiff is informed and believes, and based thereon alleges, that Defendants' breach of contract by failing to pay the Secret Kwok Note was a substantial factor in causing the Debtor's harm.

47.     Plaintiff is informed and believes, and based thereon alleges, that, as of the date hereof, the outstanding principal balance owed to the Debtor by Defendants is $150,000.00.

48.     Plaintiff is informed and believes, and based thereon alleges that no payments have been paid by Defendants on the Secret Kwok Note and $150,000.00 is still owing thereon.

49.     By reason of the foregoing, Plaintiff is entitled to recover damages from Defendants in the sum of not less than $150,000.00, plus attorneys' fees and interest as allowed by law.

## SECOND CLAIM FOR RELIEF

### (To Avoid Sale -11 U.S.C. § 363(n))

### (Against Defendants)

50.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 49, inclusive, as though fully set forth herein.

51.     Plaintiff is informed and believes, and based thereon alleges, that the right to assert the within claim for relief were assigned to the Kwok Trustee and the Kwok estate as the sole recipient of the Surplus from the Shorb Trustee and the Shorb estate.

52.     Plaintiff is informed and believes, and based thereon, alleges that the sale price for the Property was controlled by an agreement, including but not limited to the Secret Kwok Note, among potential bidders at the sale, which bidders included the Defendants.

53.     Plaintiff is informed and believes, and based thereon alleges that the Defendants entered into an agreement, including but not limited to the Secret Kwok Note, in willful disregard of § 363(n) of the Code.

54.     Plaintiff is informed and believes, and based thereon alleges, that the actions of the Defendants were willful, entitling Plaintiff to punitive damages in an amount appropriate to punish or set an example of the Defendants according to proof at trial.

55.     By reason of the foregoing, pursuant to § 363(n) of the Code, the Plaintiff may avoid the sale of the Property to the Defendants or, in the alternative, may recover damages from the Defendants in a sum according to proof, which the Plaintiff believes to be not less than $150,000.00, plus interest at the legal rate, costs, attorneys' fees, or expenses incurred in avoiding

7

such sale or recovering such amount.  The Plaintiff is also entitled to recover punitive damages
against the Defendants for their willful disregard of § 363(n) of the Code.

## THIRD CLAIM FOR RELIEF

### (For Turnover – 11 U.S.C. § 542)

### (Against Defendants)

56.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 55, inclusive, as though fully set forth herein.

57.     Plaintiff is informed and believes, and based thereon alleges, that the Property constitutes property of the Debtor's bankruptcy estate.

58.     Plaintiff is informed and believes, and based thereon alleges, that the Property can be used, sold or leased by the Trustee.

59.     Pursuant to § 542 of the Code, the Trustee is entitled to the turnover of the Property by the Defendants.

**WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally, as follows:

### ON THE FIRST CLAIM FOR RELIEF:

1.     For judgment in favor of the Plaintiff and against Defendants in an amount, subject to proof at trial, of not less than $150,000.00, plus interest thereon as provided by law; and

2.     For costs and attorneys' fees incurred in collecting on the Secret Kwok Note.

### ON THE SECOND CLAIM FOR RELIEF:

3.     For judgment in favor of the Plaintiff and against Defendants avoiding the sale of the Property to the Defendants or, in the alternative, recovering damages from the Defendants in an amount, subject to proof at trial, of not less than $150,000.00, plus interest at the legal rate;

4.     For costs, reasonable attorneys' fees, and expenses; and

1       5.     For punitive damages.

2

3       **ON THE THIRD CLAIM FOR RELIEF:**

4       6.     For judgment directing the Defendants to turn over possession of the Property to the

5  Trustee.

6

7       **ON ALL CLAIMS FOR RELIEF:**

8       7.     For an award of Plaintiff's reasonable costs; and

9       8.     For such other and further relief as the Court deems just and proper.

10

11  DATED:  January 19, 2022         DANNING, GILL, ISRAEL & KRASNOFF, LLP

12

13               By:     */s/ Aaron E. de Leest*

14                     AARON E. DE LEEST

                         Attorneys for Plaintiff Sam S. Leslie,

15                           as Chapter 7 Trustee

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT "7"

Exhibit "A"

EXHIBIT 1

**NOTE**
STRAIGHT NOTE

$150,000.00

Date: **August 31, 2017**

San Gabriel, California.

ON OR BEFORE__45 days after close of escrow__ For Value Received, I promise to pay to DAVID C. KWOK OR ELKE L. COFFEY or order, at **Los Angelees County**

the principal sum of ONE HUNDRED FIFTY THOUSAND DOLLARS AND 00/100 **($150,000.00),  at no interest and all principal will be due and payable in full on 45 days after the close of escrow on property 910 - 912 W. Shorb Street, Alhambra, CA 91803.**

**This note is validated upon completion of the purchase of property 910 - 912W. Shorb Street, Alhambra. CA 91803.**

Should default be made in payment of interest when due, the whole sum of principal and interest shall become immediately due at the option of the Holder of this Note.  Principal and interest payable in lawful money of the United States.  If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees.

_____
JAMES QUAN

_____
ZHONG QIU LI

EXHIBIT 1

### UNITED STATES BANKRUPTCY COURT

### CENTRAL DISTRICT OF CALIFORNIA

### NOTICE

**RE: CONTINUANCES**:

No continuances will be granted unless a written stipulation signed by all parties is filed at least 48 hours prior to the schedules hearing.  Such stipulation must explain, in detail, the reason for the continuances.  Such stipulation must be in the form of a declaration, signed under penalty of perjury.  No continuance will be granted without good cause.

In addition to filing a written stipulation, the Courtroom Deputy must be notified personally at least 24 hours before the hearing. No continuances will be granted on the day of the hearing. It is the responsibility of all parties to check to see that the Court has been so notified. If there has been no notification, both written and oral, all sides must be ready to proceed with the hearing. Unless the parties have been notified by the clerk that the judge has granted the motion, all parties must appear for the hearing.

**RE: SETTLEMENTS:**

In case of a settlement reached prior to a hearing or trial, every effort should be made to notify the Court at least 48 hours prior to the hearing or trial.

**RE: SANCTIONS FOR FAILURE TO TIMELY PREPARE FOR STATUS AND PRE-TRIAL CONFERENCES:**

Pursuant to Rule 7016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7016-1, failure to timely comply with Rule 7016-1 will result in sanctions of at least $400.00 against any party and/or its counsel, payable to the Clerk of Court, General Fund Account. Additional sanctions may be imposed as deemed appropriate under the circumstances. Timely compliance with Rule 7016-1 includes, but is not limited to, timely filing of status report and pre-trial orders. Subsequent offenses in the same matter will result in escalating sanctions. Sending attorneys to court to appear on matters, about which they are inadequate informed will result in similar sanctions.

BARRY RUSSELL

U.S. BANKRUPTCY JUDGE

# FREE LEGAL HELP

A creditor has sued you in bankruptcy court. You were served with a Summons and Complaint, and you must now file an Answer. If you do not file an Answer on time, the court may enter a default judgment against you. This means that your debt may not be discharged and you will be responsible for paying it back.

## IF YOU CAN NOT AFFORD AN ATTORNEY, FREE LEGAL HELP MAY BE AVAILABLE.

For more information, call:

### Public Counsel's

### Debtor Assistance Project Hotline

### (213) 385-2977, ext. 704



THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

# AYUDA LEGAL GRATUITA

Su acreedor le ha demandado en la corte de bancarrota. Usted recibió la demanda, llamada "Summons" y "Complaint." Usted debe archivar una respuesta a la demanda en la corte. Si no archiva la respuesta a tiempo, la corte puede decidir en su contra. Si eso sucede, la deuda no se descargará en su caso de bancarrota y Usted será responsable por pagar al acreedor.

## SI LE FALTAN RECURSOS PARA CONTRATAR A UN ABOGADO, LLAME A LA LINEA DE AYUDA LEGAL GRATUITA.

Para mas información, llame al:

### Proyecto de Ayuda al Deudor
### de
### Public Counsel

### (213) 385-2977, ext. 704



35TH ANNIVERSARY
THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>Aaron E DE Leest<br>Danning, Gill, Israel & Krasnoff, LLP<br>1901 Avenue of the Stars<br>Suite 450<br>Los Angeles, CA 90067−6006<br><br>310−277−0077<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | FOR COURT USE ONLY |

### UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA − LOS ANGELES

| In re:<br><br> David C Kwok<br><br><br><br>Debtor(s). | CASE NO.:  2:18−bk−23346−BR<br><br>CHAPTER:  7<br><br>ADVERSARY NUMBER: 2:22−ap−01026−BR |
| Sam S. Leslie, Chapter 7 Trustee<br><br><br>Plaintiff(s)<br><br>Versus<br><br>James Quan<br><br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left−hand corner of this page. The deadline to file and serve a written response is **02/22/2022.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

 A status conference in the adversary proceeding commenced by the Complaint has been set for:

| | |
|---|---|
| **Date:** | **March 22, 2022** |
| **Time:** | **10:00 AM** |
| **Hearing Judge:** | **Barry Russell** |
| **Location:** | **255 E Temple St., Crtrm 1668, Los Angeles, CA 90012** |

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                     Page 1                     **F 7004−1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL
CLERK OF COURT**

Date of Issuance of Summons and Notice of Status Conference in Adversary Proceeding: <u>January 20, 2022</u>

By: _____<u>"s/" Stacey Fortier</u>_____

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2          **F 7004−1.SUMMONS.ADV.PROC**

## ATTACHMENT A
### Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| Sam S. Leslie, Chapter 7 Trustee | James Quan<br>Zhong Qiu Li |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

## ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004−1]** and (2) the accompanying pleading(s) entitled:

_____

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005−2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:



☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.



☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____   _____   _____
Date                              Printed Name                         Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                              **F 7004−1.SUMMONS.ADV.PROC**

1  DAVID C. KWOK *in pro per*
   1210 South Gladys Avenue
2  San Gabriel, California 91776

3  Telephone:   (626) 898-2177; (626) 695-3555
   Email: David Kwok<elkelorraine@gmail.com>
4

FILED
MAY 0 9 2022
CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY_____ Deputy Clerk

5

6              **UNITED STATES BANKRUPTCY COURT**

7              **CENTRAL DISTRICT OF CALIFORNIA**

8              **LOS ANGELES DIVISION**

9

| | |
|---|---|
| 10  In re | Case No. 2:18-bk-23346-BR |
| 11  DAVID C. KWOK, | Chapter 7 |
| 12       Debtor. | |
| 13  DAVID C. KWOK, | Adv. No. 2:22-ap-01026-BR |
| 14       Plaintiff, | **CHAPTER 7 PLAINTIFF'S SECOND** |
| 15       vs. | **AMENDED COMPLAINT: (1) FOR BREACH OF CONTRACT; (2) TO AVOID SALE OR, IN THE ALTERNATIVE, FOR** |
| 16  JAMES QUAN, an individual and ZHONG QIU LI, an individual, | **DAMAGES UNDER 11 U.S.C. § 363(n); AND (3) FOR TURNOVER; (4)DAMAGES** |
| 17 | **FOR FINANCIAL ABUSE OF ELDERLY** |
| 18       Defendants. | **PERSON (CA Welf. & Inst. Code §15600 et seq.).** |
| 19 | |
| 20 | Date:    See Summons |
| 21 | Time:    See Summons |
| 22 | Place:   Courtroom 1668 |
|    |          255 E. Temple Street |
|    |          Los Angeles, California 90012 |

23        Plaintiff  DAVID C. KWOK, an individual as  successor to SAM S. LESLIE, the Chapter 7

24  Trustee for the Estate of David C. Kwok (hereinafter referred to as Plaintiff) alleges as follows:

25

26  **JURISDICTION**

27        1.      This Court has jurisdiction over this adversary proceeding pursuant to

28  28 U.S.C. §§ 157(b) and 1334(b).  This adversary proceeding arises in and under and relates

1673237.1  26884                                    1

1    to the bankruptcy case under Chapter 7 of the Bankruptcy Code (the "Code") entitled *In re*

2    *David C. Kwok,* Case No. 2:18-bk-23346-BR (the "Bankruptcy Case"), which is presently pending

3    before the United States Bankruptcy Court for the Central District of California, Los Angeles

4    Division.

5        2.    This action is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (E), (N) and (O).

6        3.    This action is commenced pursuant to Federal Rule of Bankruptcy Procedure 7001.

7        4.    The Court can and should enter a final judgment herein.  If and to the extent that the

8    Court determines that it lacks jurisdiction or authority to enter a final judgment, Plaintiff requests

9    that the Court submit findings of fact and conclusions of law for consideration by the District Court.

10

11    **THE PARTIES**

12        5.    Plaintiff is David C. Kwok an individual and the Debtor, who brings this adversary

13    proceeding as a successor to the Chapter 7 Trustee who is serving in the Bankruptcy Case pending

14    for David C. Kwok (the "Debtor").  This claim on which this adversary proceeding is based was

15    abandoned by the Trustee after initial filing of this adversary action and pursuant to court order in

16    favor of the Plaintiff.

17        6.    Plaintiff is informed and believes, and based thereon alleges, that defendant James

18    Quan ("Quan"), was and is an individual who resides in the County of Los Angeles, State of

19    California.

20        7.    Plaintiff is informed and believes, and based thereon alleges, that defendant Zhong

21    Qiu Li ("Li"), was and is an individual who resides in the County of Los Angeles, State of California.

22    Quan and Li are, collectively, referred to herein as the "Defendants".

23

24

25

26    **GENERAL ALLEGATIONS**

27    **The Shorb Bankruptcy Case**

28        8.    On or about April 4, 2017, Shorb DCE, LLC ("Shorb") filed a voluntary petition for

1673237.1  26884                                        2

1    relief under Chapter 11 of the Bankruptcy Code bearing case no. 2:17-bk-14240-BR (the "Shorb

2    Case").

3        9.     Kwok is the sole 100% member of Shorb.

4        10.     Pursuant to an order entered by the Court on or about August 30, 2017, the Shorb

5    Case converted to one under Chapter 7.

6        11.     Thereafter, on August 30, 2017, John J. Menchaca was appointed as the Chapter 7

7    bankruptcy trustee (the "Shorb Trustee") for the Shorb bankruptcy estate.

8        12.     The primary asset in the Shorb estate was its 100% ownership interest in real property

9    located at 910-912 West Shorb Street, Alhambra, California 91803, improved with an 11unit

10    apartment building (the "Property").

11        13.     On or about September 28, 2017, the Shorb Trustee filed his motion for authority to

12    sell the Property to the Defendants, subject to overbid (the "Sale Motion").

13        14.     In connection with the Sale Motion, Quan signed a declaration under penalty of

14    perjury. A true and correct copy of Quan's declarations attached and labeled Exhibit "1" which states

15    in part that:

16            6.     I have not entered into any arrangement that is not disclosed in
             the Motion or the Purchase Agreement, with any party, relating to the
17              Sale. I have not entered into any agreement with any officer, director,
             owner, or affiliate of the Debtor regarding the Property other than that
18              which is disclosed in the Purchase Agreement.

19        15.     The Sale Motion and underlying purchase agreement did not disclose any agreements

20    between the Defendants and Kwok.

21        16.     The Defendants were the only bidders on the Property and there were no overbidders

22    at the hearing on the Sale Motion.

23        17.     Pursuant to an ordered entered by the Court in the Shorb Case on or about November

24    13, 2017 (the "Sale Order"), the Shorb Trustee's sale of the Property to the Defendants for

25    $2,450,000.00 (the "Purchase Price") was approved by the Court.

26        18.     The Sale Order contained a finding that "[t]he Buyer [i.e., the Defendants] is a good

27    faith purchaser entitled to the protections under 11 U.S.C. § 363(m)."

28        19.     The Shorb Trustee's sale to the Defendants closed on or about December 11, 2017.

1    20.    The Shorb estate received approximately $1,091,347.03 of net sale proceeds from the

2    sale of the Property.

3

4    **The Conduct of the Defendants**

5    21.    From April 6, 2017, the Plaintiff was a debtor-in-possession.  As such the Plaintiff

6    was advised by his attorney that he could arrange a sale on his own regarding the primary asset of

7    the Shorb estate, an apartment building located at 910-912 W. Shorb Street in Alhambra California.

8    22.    Shortly hereafter the Plaintiff listed the property with a broker who was not proactive

9    and placed a sign on the property inviting potential buyers to inquire therein. The broker never

10    showed the property to any potential purchasers.

11    23.    On or about May 22, 2017, Plaintiff suffered a severe heart attack requiring an

12    emergency room visit which resulted in a hospital admission and the Plaintiff receiving a quadruple

13    bypass surgery during the commission.  The Plaintiff was originally released from the hospital

14    approximately June 12, 2017.

15    24.    Approximately 2 weeks after the hospital release of June 12, 2017, after suffering a

16    severe leg infection resulting from the harvesting of a leg vein used in the surgical procedure, the

17    Plaintiff was readmitted for approximately 2 additional weeks for the leg infection..

18    25.    Between the first submission of May 22, 2017 through October 2017, the Plaintiff

19    was in significant pain and disability. The Plaintiff was taking strong antibiotics and painkillers and

20    other medication which were further disabling. These medications included the narcotics Norco and

21    Gabapentin.  The plaintiff was virtually bedridden by the time of the first admission and discharge

22    in approximately June 2017 through October 2017.  During this time the patient was also serviced

23    by various visiting nurses working under the direction of the treating doctors approximately 3 to 4

24    days a week. The Plaintiff could only walk a short distance inside his apartment with the assistance

25    of a walker. He had the further assistance of his domestic partner Elke Coffey who functioned as his

26    24 hour caregiver.

27    26.    During the time of Plaintiff's convalescence, while the Plaintiff was severely disabled,

28    he was contacted directly by the Defendants who expressed an interest in purchasing the property

1673237.1  26884                                              4

1    and who provided the Plaintiff financial advice concerning the sale of the property.  This was all

2    done without the assistance of the nominal real estate broker of the Plaintiff who had been hired by

3    the Plaintiff.  The Defendants advised David that they were very experienced with buying properties

4    like that and they had a very large portfolio of over $30 million in properties.  During this time the

5    Defendants advised the Plaintiff that if he did not do the deal mentioned in paragraph 27 he would

6    get nothing from the Bankruptcy court as the attorneys and trustees would take everything.

7          27.     The Defendants during approximately July through August 2017, convinced the

8    Plaintiff it would be in his best interests to not actively market the property or involve his broker

9    further.  They devised a plan to agree to a purchase of $2,450,000 for the property.  In order to ensure

10    the Plaintiff's cooperation the Defendants offered an additional $150,000 in the form of a note

11    payable at the close of escrow to plaintiff directly.  This referred to as the "Kwok Note" attached and

12    labeled Exhibit 2.  In addition the defendants promised to allow the Plaintiff to keep an existing

13    apartment unit he occupiedin the Shorb property for 2 years or until he gets better.

14          28.     The Plaintiff at the time he met the Defendants in approximately July or early August

15    2017 through approximately the latter part of September 2017, had been under the impression that

16    he was a debtor in possession and could freely enter into transactions concerning the property

17    provided the creditors were paid in full.  He further was unaware of the effort to convert the Shorb

18    Bankruptcy from Chapter 11 debtor-in-possession to a Chapter 7 bankruptcy until the latter part of

19    September 2017.  The plaintiff was advised by the Defendants which Plaintiff believed that there

20    was nothing wrong with the sale transaction negotiated and he trusted the Defendants and believed

21    their misrepresentations that they would honor the Kwok Note and allow the Plaintiff continued

22    possession of the apartment rent-free for at least 2 years and until Plaintiff recovered.  More than

23    acting as buyers, the Defendants who had several meetings with the Plaintiff prior to the issuance of

24    the Kwok Note (Exhibit 2) the original and companion sale agreements.  The plaintiff relied on the

25    representations of the Defendants, placed confidence in their advice, and agreed to cooperate with

26    the Defendants' plans and recommendations regarding the purchase of the Shorb Apartments.

27          29.     Had Plaintiff known the true facts he would not have entered in the agreement to sell

28    the property for $2,450,000 plus the additional $150,000 Kwok Note.  But would have requested the

1673237.1  26884             5

broker take an active role in marketing potential buyers and further requested the broker seek additional offers on a more proactive basis.

30.    On or about August 31, 2017, after the Shorb Trustee's appointment and less than 30 days before the Defendants entered into the Purchase Agreement with the Shorb Trustee, the Defendants signed a written promissory note payable to the Debtor or Elke L. Coffey (Kwok's domestic partner) in the amount of $150,000.00 (the Kwok Note/Exhibit 2).

31.    The Kwok Note states that it was valid upon completion of the Defendants' purchase of the Property.

32.    The Kwok Note further states that it was due and payable in full 45 days after the close of escrow on the Property – i.e., on January 25, 2018 (45 days from the December 11, 2017, sale closing).

33.    The Defendants did not pay any amount to Kwok or Elke L. Coffey on the Kwok Note and refused to honor the oral agreement to allow the Plaintiff to stay in one of the apartment units within the property complex for the additional time period as described above.

34.    After the original escrow was made between the Plaintiff and the Defendants on or about August 31, 2017 in conjunction with the attempted debtor-in-possession sale which was presented to Plaintiff's attorney, the Plaintiff's attorney advised the sale had to go through BK Court process using an escrow service approved by the trustee.  Therefore, the Defendant entered into a separate escrow administered through the Bankruptcy Court under Chapter 7 on the same terms and conditions as the original escrow.  The Plaintiff kept his end of the bargain and did not actively market the property through his broker and allowed the Bankruptcy Sale to proceed without objection.  During this time the Defendants assured the Plaintiff they would keep their end of the bargain.

35.    The Chapter 7 sale was completed on December 11, 2017 with no competitive bids having bee submitted.

36.    After the sale on December 11, 2017, the Defendants took possession of the apartment complex.  The Plaintiff fully cooperated with the Defendants who had made a number of visits at the Shorb property after the sale..  The Plaintiff remained in full possession of his unit unmolested by

1673237.1 26884

6

1    the Defendants until approximately April 22, 2018.

2        37.    On or about April 22, 2018, Defendant Li handed the Plaintiff a 3-day Notice to Quit

3    dated April 22, 2018.   The Plaintiff was shocked and dismayed since he understood from promises

4    of the Defendants he could stay in the apartment for at least 2 years or until he fully recovered as part

5    of the sale arrangement described above made between the Defendants and the Plaintiff.   At this time

6    Plaintiff then asked Defendant Li  about payment of the Kwok Note which had become due recently.

7    Defendant "Li" walked away saying she did not understand anything about it.   At this point Plaintiff

8    realized he had been betrayed by the Defendants who never intended to honor the sale terms promised

9    by the Defendants.

10

11   **The Kwok Bankruptcy Case**

12

13       38.    On or about November 13, 2018, Kwok commenced an individual bankruptcy case

14   by filing a voluntary petition for relief under Chapter 13.

15       39.    The Plaintiff not being aware of the requirement did not originally disclose the Kwok

16   Note in his schedules,

17       40.    The Court converted Kwok's case to one under Chapter 7 of the Code pursuant an to

18   an order entered on or about February 20, 2019.

19       41.    Sam S. Leslie was thereafter appointed as the Kwok Trustee for the Kwok estate and

20   continues to serve in that capacity for the benefit of the estate and its creditors.

21       42.    Kwok scheduled as his primary asset a 100% membership interest in Shorb.

22       43.    The Kwok Note was disclosed to Plaintiff's bankruptcy counsel approximately in

23   November 2021.   On January 12, 2022 upon advice of Plaintiff's bankruptcy counsel, Plaintiff's

24   attorney disclosed the Kwok Note to the trustee prior to closure of the Kwok bankruptcy estate.

25       44.    On or about June 4, 2019, the Trustee filed in the Shorb Case a Motion for Order

26   Authorizing and Directing Distribution of Any Surplus to the Kwok Estate (the "Motion for Surplus

27   Funds").   The Motion for Surplus Funds requested an order authorizing and directing the Shorb

28   Trustee to distribute the surplus from the Shorb estate (the "Surplus") at the close of the Shorb Case

1673237.1  26884                           7

1    directly to the Trustee.

2        45.    Pursuant to an order entered on or about July 16, 2019, in the Shorb Case, the Shorb

3    Trustee was authorized and directed to distribute the Surplus in the Shorb estate, at the close of the

4    Shorb Case, directly to the Trustee (the "Distribution Order").

5        46.    On or about September 30, 2019, the Shorb Trustee filed his Notice of Trustee's Final

6    Report and Applications for Compensation and Deadline to Object (the "Shorb Trustee TFR") with

7    the Court.  The Shorb Trustee proposed to pay to the Trustee the Surplus of the Shorb estate in the

8    sum of approximately $477,836.54.

9        47.    A hearing on the Shorb Trustee TFR took place on or about November 5, 2019, and

10    the Shorb Trustee TFR was approved at that time.  The Shorb Trustee thereafter paid the Trustee

11    $468,508.51 from the Shorb estate.

12        48.    On or about December 23, 2019, the Shorb Trustee filed his final certification that all

13    assets of the Shorb estate had been fully administered, and the Shorb Case was closed.

14        49.    Thereafter, the Trustee resolved the remaining known issues in the Kwok Case and

15    began closing procedures in the Plaintiff's Case, including preparing final tax returns, giving notice

16    to his professionals to file final fee applications, which were filed, and beginning preparation of the

17    Trustee's final report and account (the "Kwok TFR").

18        50.    However, on January 12, 2022, before the Trustee had actually finalized and

19    submitted the Plaintiff's TFR to the United States Trustee, the Trustee learned for the first time from

20    the Plaintiff (through his counsel) about the existence of the Kwok Note.

21        51.    The Plaintiff (through his counsel) informed the Trustee that the Kwok Note has not

22    been paid, has value, and that he believes it is an asset of the Kwok estate.  Kwok's (Plaintiff's)

23    counsel ultimately filed an amendment to his bankruptcy schedule listing the Kwok Note.

24

25                        **FIRST CLAIM FOR RELIEF**

26                        **(For Breach of Contract)**

27                        **(Against Defendants)**

28        52.    Plaintiff refers to and incorporates herein by reference each and every allegation

1673237.1 26884    8

1  contained in paragraphs 1 through 51, inclusive, as though fully set forth herein.

2  53.  Plaintiff is informed and believes, and based thereon alleges, that Kwok and

3  Defendants entered into a written contract evidenced by the Kwok Note.

4  54.  Plaintiff is informed and believes, and based thereon alleges, that Kwok did all or

5  substantially all of the things that he was required to do under the Kwok Note.

6  55.  Plaintiff is informed and believes, and based thereon alleges, that all conditions

7  precedent to Plaintiff's recovery under the Kwok Note have been satisfied.

8  56.  Plaintiff is informed and believes, and based thereon alleges, that the Defendants

9  defaulted under the terms of the  Kwok Note, including without limitation, by their failure to timely

10  pay the Kwok Note in full.

11  57.  Plaintiff is informed and believes, and based thereon alleges, that the Debtor was

12  harmed by Defendants' failure to pay the Kwok Note in full.

13  58.  Plaintiff is informed and believes, and based thereon alleges, that Defendants' breach

14  of contract by failing to pay the Kwok Note was a substantial factor in causing the Debtor's harm.

15  59.  Plaintiff is informed and believes, and based thereon alleges, that, as of the date

16  hereof, the outstanding principal balance owed to the Debtor by Defendants is $150,000.00.

17  60.  Plaintiff is informed and believes, and based thereon alleges that no payments have

18  been paid by Defendants on the Kwok Note and $150,000.00 is still owing thereon.

19  61.  By reason of the foregoing, Plaintiff is entitled to recover damages from Defendants

20  in the sum of not less than $150,000.00, plus attorneys' fees and interest as allowed by law.

21

22  **SECOND CLAIM FOR RELIEF**

23  **(To Avoid Sale -11 U.S.C. § 363(n))**

24  **(Against Defendants)**

25  62.  Plaintiff refers to and incorporates herein by reference each and every allegation

26  contained in paragraphs 1 through 61, inclusive, as though fully set forth herein.

27  63.  Plaintiff is informed and believes, and based thereon alleges, that the right to assert

28  the within claim for relief were assigned to the Kwok Trustee and the Kwok estate as the sole

1673237.1  26884                                   9

1  recipient of the Surplus from the Shorb Trustee and the Shorb estate. This claim has since been

2  abandoned by the Trustee and now is an asset of the Plaintiff.

3      64.    Plaintiff is informed and believes, and based thereon, alleges that the sale price for

4  the Property was controlled by an agreement, including but not limited to the Kwok Note, among

5  potential bidders at the sale, which bidders included the Defendants.

6      65.    Plaintiff is informed and believes, and based thereon alleges that the Defendants

7  entered into an agreement, including but not limited to the Kwok Note, in willful disregard of §

8  363(n) of the Code.

9      66.    Plaintiff is informed and believes, and based thereon alleges, that the actions of the

10  Defendants were willful, entitling Plaintiff to punitive damages in an amount appropriate to punish

11  or set an example of the Defendants according to proof at trial.

12      67.    By reason of the foregoing, pursuant to § 363(n) of the Code, the Plaintiff may avoid

13  the sale of the Property to the Defendants or, in the alternative, may recover damages from the

14  Defendants in a sum according to proof, which the Plaintiff believes to be not less than $1,300,000,

15  plus interest at the legal rate, costs, attorneys' fees, or expenses incurred in avoiding such sale or

16  recovering such amount. The Plaintiff is also entitled to recover punitive damages against the

17  Defendants for their willful disregard of § 363(n) of the Code.

18

19                          **THIRD CLAIM FOR RELIEF**

20                      **(For Turnover – 11 U.S.C. § 542)**

21                          **(Against Defendants)**

22      68.    Plaintiff refers to and incorporates herein by reference each and every allegation

23  contained in paragraphs 1 through 67, inclusive, as though fully set forth herein.

24      69.    Plaintiff is informed and believes, and based thereon alleges, that the Property

25  constitutes property of the Debtor's bankruptcy estate which has now been abandoned by the trustee

26  and belongs to the Plaintiff.

27      70.    Plaintiff is informed and believes, and based thereon alleges, that the Property can be

28  used, sold or leased by the Plaintiff as the successor of the Trustee.

1673237.1  26884                                10

71.     Pursuant to § 542 of the Code, the Defendant is entitled to the turnover of the Property by the Defendants.

### FOURTH CLAIM FOR RELIEF

**(For Financial Elder Abuse )**

**(Against Defendants)**

72.     Plaintiff refers to and incorporates herein by reference each and every allegation contained in paragraphs 1 through 71, inclusive, as though fully set forth herein.

73.     At all times relevant, Plaintiff was over the age of 65.  Moreover, at the time Plaintiff entered into the above-described transactions with the Defendants, he was dependent on 24 hour care provided by his domestic partner Elke Coffey.  Plaintiff was significantly immobilized, in pain and under medication including narcotics for pain relief as stated above which impaired his stamina and mental acuity.  Moreover, plaintiff was dependent on 24 hour care as a result of his impaired physical condition.

74.     Plaintiff trusted and relied upon the advice of the Defendants in structuring the transaction and in the promises they made both oral and written as described above.  Moreover, Defendant Quan is a retired doctor who also gave some medical advice to the Plaintiff while Plaintiff was severely disabled and medicated while Defendants unfairly gained the Plaintiff's confidence as Defendant was negotiating a one-sided transaction which ultimately separated the Plaintiff from virtually all of his assets consisting of the Shorb property.

75.     In doing the acts as described above, Plaintiff suffered financial elder abuse within the meaning of CA Welfare and Institution Code §15610.30, et seq. in that Plaintiff was defrauded by the representations of the Defendants whom he relied on to his detriment.  More than just buyers, the Defendants took Plaintiff into their confidences and provided him financial advice, made promises including the payment of $150,000 outside of escrow directly to the Plaintiff, made promises of extended residency in an apartment of the subject property of the Shorb property rent-free for at least 2 years or until Plaintiffs recovery in exchange for Plaintiff's agreement and nonobjection to the sale of the property for $2,450,000 through the bankruptcy court which was far

1673237.1  26884                                            11

1  below the market value of the property.

2      76.    Plaintiff Quan as a retired medical doctor was acutely aware of Plaintiff's impaired

3  condition and took advantage as well as providing some gratuitous medical advice in addition to

4  financial advice concerning the sale of the property.

5      77.    Had Plaintiff realized the promises and recommendations of the Defendants including

6  the ability and the legitimacy of entering into the Kwok Note, oral promise of extended tenancy in

7  an apartment, and the legality or enforceability of these transactions Plaintiff never would have

8  engaged in the transactions with the Defendants.

9      78.    Plaintiff believes the property of the Shorb estate was worth at least $3,750,000 at the

10  time of sale.  Because of Plaintiff's agreement and nonobjection to the sale as well as Plaintiff's

11  agreement not to look for outside buyers and to facilitate the sale without competition to the extent

12  possible, the Defendants were able to purchase the property for the reduced sum of $2,450,000.  As

13  a result, Plaintiff suffered damages of $1,300,000 which would have been available for distribution

14  in a surplus to the Plaintiff had the property been marketed and advertised effectively.

15      79.    Pursuant to Welfare and Institutions Code §15657.5 plaintiff is entitled to reasonable

16  attorney fees.

17      80.    The Defendant's conduct was willful and predatory and plaintiff is entitled to

18  compensatory/punitive damages according to proof.  Defendants acted with willful malice and

19  subjected Plaintiff who was in a dependent medical state resulting in severe stress and impairment to

20  Plaintiff's compromised health by a forced eviction which was contrary to the promises made to the

21  Plaintiff while he was under both physical and financial stress.  The conduct of the Defendants was

22  callous, fraudulent and with utter disregard to the Plaintiff.

23

24      **WHEREFORE**, Plaintiff prays for judgment against the Defendants, jointly and severally,

25  as follows:

26      <u>**ON THE FIRST CLAIM FOR RELIEF:**</u>

27      1.    For judgment in favor of the Plaintiff and against Defendants in an amount, subject to

28  proof at trial, of not less than $150,000.00 or according to proof, plus interest thereon as provided by

1673237.1  26884                              12

1    by law; and

2      2. For costs and attorneys' fees incurred in collecting on the Kwok Note.

3

4    **ON THE SECOND CLAIM FOR RELIEF:**

5      3. For judgment in favor of the Plaintiff and against Defendants avoiding the sale of the

6    Property to the Defendants or, in the alternative, recovering damages from the Defendants in an

7    amount, subject to proof at trial, of not less than $1,300,000 or according to proof, reasonable

8    attorneys' fees, and expenses; and

9      4. For punitive or exemplary damages according to proof.

10   **ON THE THIRD CLAIM FOR RELIEF:**

11     5. For judgment directing the Defendants to turn over possession of the Property to the

12   Plaintiff.

13   **ON THE FOURTH CLAIM FOR RELIEF:**

14     6. For a judgment and award of compensatory damages of $1,300,000 or according to

15   proof.

16     7. For reasonable attorney fees pursuant to Welfare and Institutions Code §15657.5.

17     8. For exemplary or punitive damages according to proof.

18   **ON ALL CLAIMS FOR RELIEF:**

19     9. For an award of Plaintiff's reasonable costs;

20     10. Statutory interest as allowed by law according to proof; and

21     11. For such other and further relief as the Court deems just and proper.

22

23   DATED: May 4, 2022      David C. Kwok

24

25

26           David C. Kwok

27

28

1673237.1  26884       13

# EXHIBIT  1

Declaration of QUAN

Case 2:22-ap-01026-BR    Doc 18-1    Filed 06/21/22    Entered 06/21/22 12:02:04    Desc
Exhibit A    Page 226 of 237

Case 2:22-ap-01026-BR    Doc 8    Filed 05/09/22    Entered 05/09/22 15:24:34    Desc
Main Document        Page 15 of 19

Case 2:17-bk-14240-BR    Doc 96    Filed 09/28/17    Entered 09/28/17 14:36:40    Desc
Main Document        Page 20 of 81

### DECLARATION OF JAMES QUAN

I, James Quan, declare as follows:

1. I am over the age of eighteen. I have personal knowledge of the information contained herein and if called upon to testify, I could and would competently testify thereto.

2. I make this declaration in support of the "Chapter 7 Trustee's Motion For Order (1) Authorizing Sale Of 910-912 West Shorb Street, Alhambra, California, Free And Clear Of Liens, Claims, And Interests; (2) Approving Purchase And Sale Agreement; (3) Assuming And Assigning Executory Contracts And Leases Relating To The Property; (4) Determining That Buyers Are Good Faith Purchasers; And (5) Waiving The Fourteen (14) Day Stay Prescribed By Rule 6004(h) Of The Federal Rules Of Bankruptcy Procedure" (the "Motion"). Capitalized terms not defined in this declaration have the meaning given them in the Motion.

3. My wife and I desire to purchase the Property, as set forth in the Purchase Agreement. My wife and I have executed the Purchase Agreement, a true and correct copy of which is attached hereto as Exhibit 1.

4. Neither I nor may wife are a relative of any officer, director, owner, or affiliate of the Debtor. Prior to communicating with the Debtor regarding my interest in acquiring the Property, I had never spoken to the Debtor before.

5. I have not communicated with any other prospective or actual bidders in connection with my purchase of the Property. I have not communicated with any party in an effort to prevent other parties from making an offer to acquire the Property.

6. I have not entered into any arrangement that is not disclosed in the Motion or the Purchase Agreement, with any party, relating to the Sale. I have not entered into any agreement with any officer, director, owner, or affiliate of the Debtor regarding the Property other than that which is disclosed in the Purchase Agreement.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Case 2:22-ap-01026-BR   Doc 18-1   Filed 06/21/22   Entered 06/21/22 12:02:04   Desc
Exhibit A   Page 227 of 237

Case 2:22-ap-01026-BR   Doc 8   Filed 05/09/22   Entered 05/09/22 15:24:34   Desc
Main Document   Page 16 of 19

Case 2:17-bk-14240-BR   Doc 96   Filed 09/28/17   Entered 09/28/17 14:36:40   Desc
Main Document   Page 21 of 81

Executed September 28, 2017, at Los Angeles, California.

James Quan

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

SFW\ 2605395.3

19

# EXHIBIT 2

## KWOK Note

Case 2:22-ap-01026-BR   Doc 8   Filed 05/09/22   Entered 05/09/22 15:24:34   Desc
Main Document   Page 18 of 19

Case 2:18-bk-23346-BR   Doc 138   Filed 01/25/22   Entered 01/25/22 14:18:35   Desc
Main Document   Page 17 of 32

NOTE
STRAIGHT NOTE

$150,000.00

Date: August 31, 2017

San Gabriel, California.

ON OR BEFORE  45 days after close of escrow  For Value Received, I promise to pay to DAVID C. KWOK OR ELKE L.
COFFEY or order, at Los Angeles County

the principal sum of ONE HUNDRED FIFTY THOUSAND DOLLARS AND 00/100  ($150,000.00),  at no interest and all
principal will be due and payable in full on 45 days after the close of escrow on property 910 - 912 W. Shorb
Street, Alhambra, CA 91803.

This note is validated upon completion of the purchase of property 910 - 912W. Shorb Street, Alhambra, CA
91803.

Should default be made in payment of interest when due, the whole sum of principal and interest shall become
immediately due at the option of the Holder of this Note.  Principal and interest payable in lawful money of the United
States.  If action be instituted on this note, I promise to pay such sum as the Court may fix as attorney's fees.

_____          _____
JAMES QUAN                                ZHONG QIU LI

EXHIBIT 1

## PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

1822 E. ROUTE 66   Suite A #214

GLendora, CA 91740

A true and correct copy of the foregoing document entitled (specify): Chapter 7 PLAINTIFF's
SECOND AMEDED COMPLAINT

will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (date) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL:**
On (date) May 7, 2022 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

JAMES QUAN                ZHONG QIULI               HON. BARRY RUSSELL
720 RODMAN CIRCLE         720 RODMAN CIRCLE         COURTROOM 1668
Monterey Park, CA 91754   MONTEREY, CA 91754        255 E TEMPLE ST
                          PARK                      LOS ANGELES, CA 90012

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (date) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

May 7, 2022      Douglas R. Holmes            Douglas R Holmes
Date             Printed Name                 Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012

F 9013-3.1.PROOF.SERVICE

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA

## <u>NOTICE</u>

### RE: CONTINUANCES:

No continuances will be granted unless a written stipulation signed by all parties is filed at least 48 hours prior to the schedules hearing. Such stipulation must explain, in detail, the reason for the continuances. Such stipulation must be in the form of a declaration, signed under penalty of perjury. No continuance will be granted without good cause.

In addition to filing a written stipulation, the Courtroom Deputy must be notified personally at least 24 hours before the hearing. No continuances will be granted on the day of the hearing. It is the responsibility of all parties to check to see that the Court has been so notified. If there has been no notification, both written and oral, all sides must be ready to proceed with the hearing. Unless the parties have been notified by the clerk that the judge has granted the motion, all parties must appear for the hearing.

### RE: SETTLEMENTS:

In case of a settlement reached prior to a hearing or trial, every effort should be made to notify the Court at least 48 hours prior to the hearing or trial.

### RE: SANCTIONS FOR FAILURE TO TIMELY PREPARE FOR STATUS AND PRE-TRIAL CONFERENCES:

Pursuant to Rule 7016 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7016-1, failure to timely comply with Rule 7016-1 will result in sanctions of at least $400.00 against any party and/or its counsel, payable to the Clerk of Court, General Fund Account. Additional sanctions may be imposed as deemed appropriate under the circumstances. Timely compliance with Rule 7016-1 includes, but is not limited to, timely filing of status report and pre-trial orders. Subsequent offenses in the same matter will result in escalating sanctions. Sending attorneys to court to appear on matters, about which they are inadequate informed will result in similar sanctions.

_____
BARRY RUSSELL
U.S. BANKRUPTCY JUDGE

# FREE LEGAL HELP

A creditor has sued you in bankruptcy court. You were served with a Summons and Complaint, and you must now file an Answer. If you do not file an Answer on time, the court may enter a default judgment against you. This means that your debt may not be discharged and you will be responsible for paying it back.

## IF YOU CAN NOT AFFORD AN ATTORNEY, FREE LEGAL HELP MAY BE AVAILABLE.

For more information, call:

### Public Counsel's

### Debtor Assistance Project Hotline

### (213) 385-2977, ext. 704



**35TH ANNIVERSARY**

THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

# AYUDA LEGAL GRATUITA

Su acreedor le ha demandado en la corte de bancarrota. Usted recibió la demanda, llamada "Summons" y "Complaint." Usted debe archivar una respuesta a la demanda en la corte. Si no archiva la respuesta a tiempo, la corte puede decidir en su contra. Si eso sucede, la deuda no se descargará en su caso de bancarrota y Usted será responsable por pagar al acreedor.

## SI LE FALTAN RECURSOS PARA CONTRATAR A UN ABOGADO, LLAME A LA LINEA DE AYUDA LEGAL GRATUITA.

Para mas información, llame al:

### Proyecto de Ayuda al Deudor
### de
### Public Counsel

### (213) 385-2977, ext. 704



Public
Counsel
L A W   C E N T E R
35TH ANNIVERSARY
THE PUBLIC INTEREST LAW OFFICE OF THE LOS ANGELES COUNTY AND BEVERLY HILLS BAR ASSOCIATIONS

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| David C Kwok<br>1210 S Gladys Ave<br>San Gabriel, CA 91776<br><br><br><br><br>*Plaintiff or Attorney for Plaintiff* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA – LOS ANGELES**

| In re:<br><br><br>David C Kwok<br><br><br><br>Debtor(s). | CASE NO.:  2:18–bk–23346–BR<br><br>CHAPTER:  7<br><br><br>ADVERSARY NUMBER: 2:22–ap–01026–BR |
|---|---|
| David C Kwok<br><br><br><br>Plaintiff(s)<br>Versus<br>James Quan<br>**(See Attachment A for names of additional defendants)**<br>Defendant(s) | **ANOTHER**<br>**SUMMONS AND NOTICE OF STATUS**<br>**CONFERENCE IN ADVERSARY**<br>**PROCEEDING [LBR 7004–1]** |

TO THE DEFENDANT(S): A Complaint has been filed by the Plaintiff against you. If you wish to defend against the Complaint, you must file with the court a written pleading in response to the Complaint. You must also serve a copy of your written response on the party shown in the upper left–hand corner of this page. The deadline to file and serve a written response is **06/16/2022.** If you do not timely file and serve the response, the court may enter a judgment by default against you for the relief demanded in the Complaint.

A status conference in the adversary proceeding commenced by the Complaint has been set for:

       **Date:**           **July 5, 2022**
       **Time:**           **01:00 PM**
       **Hearing Judge:**   **Barry Russell**
       **Location:**      **255 E Temple St., Crtrm 1668, Los Angeles, CA 90012**

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*          Page 1          **F 7004–1.SUMMONS.ADV.PROC**

**You must comply with LBR 7016−1, which requires you to file a joint status report and to appear at a status conference.** All parties must read and comply with the rule, even if you are representing yourself. You must cooperate with the other parties in the case and file a joint status report with the court and serve it on the appropriate parties at least 14 days before a status conference. A court−approved joint status report form is available on the court's website (LBR form F 7016−1.STATUS.REPORT) with an attachment for additional parties if necessary (LBR form F 7016−1.STATUS.REPORT.ATTACH). If the other parties do not cooperate in filing a joint status report, you still must file with the court a unilateral status report and the accompanying required declaration instead of a joint status report 7 days before the status conference. **The court may fine you or impose other sanctions if you do not file a status report. The court may also fine you or impose other sanctions if you fail to appear at a status conference.**

**KATHLEEN J. CAMPBELL**
**CLERK OF COURT**

Date of Issuance of Alias Summons and Notice of Status Conference in Adversary Proceeding: <u>May 17, 2022</u>

By: <u>     "s/" Stacey Fortier     </u>

Deputy Clerk



This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                    Page 2                    **F 7004−1.SUMMONS.ADV.PROC**

# ATTACHMENT A
Names of plaintiffs and defendants

| Plaintiff(s): | Defendant(s): |
|---|---|
| David C Kwok | James Quan<br>Zhong Qiu Li |

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

# ATTACHMENT A

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:


A true and correct copy of the foregoing document entitled: **SUMMONS AND NOTICE OF STATUS CONFERENCE IN ADVERSARY PROCEEDING [LBR 7004-1]** and (2) the accompanying pleading(s) entitled:

_____

will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*) _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:




☐  Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be completed</u> no later than 24 hours after the document is filed.




☐  Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge <u>will be completed</u> no later than 24 hours after the document is filed.




☐  Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.


_____    _____    _____
Date                                      Printed Name                                                      Signature

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*December 2016*                                                                  **F 7004-1.SUMMONS.ADV.PROC**